MANATT, PHELPS & PHILLIPS, LLP
Ileana M. Hernandez (Bar No. 198906)
IHernandez@manatt.com
Charles E. Weir (Bar No. 211091)
CWeir@manatt.com
Val Bianchi-Demicheli (Bar No. 347028)
VBianchi-demicheli@manatt.com
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

*Attorneys for Plaintiff*
INTUS CARE, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTUS CARE, INC. <br><br> Plaintiff, <br><br> v. <br><br> RTZ ASSOCIATES, INC.; and DOES 1 through 10, <br><br> Defendants. | Case No. 3:24-cv-1132 <br><br> **COMPLAINT FOR:** <br><br> (1) Intentional Interference with Contractual Relations <br> (2) Intentional Interference with Prospective Economic Advantage <br> (3) Negligence per se <br> (4) Unfair Competition, Cal. Bus. & Prof. Code § 17200 *et seq.* <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Intus Care, Inc. ("Intus") alleges the following in support of this complaint for compensatory damages, punitive damages, and injunctive relief against Defendant RTZ Associates, Inc. ("RTZ"):

## INTRODUCTION

1. Intus is a health analytics company that contracts with Program of All-Inclusive Care for the Elderly ("PACE") programs (the "Intus Clients"). Intus synthesizes data from each of the PACE programs' electronic health records that stores its patients' electronic health information, and uses that data to identify risks, visualize trends, and optimize patient care. Intus Clients, who are health care providers, expect their electronic health records to be seamlessly integrated into Intus's software without additional or manual effort on the part of the PACE programs themselves in order to reduce the burden on the Intus Clients' clinical staff and care workers in using Intus's services. Like many PACE programs, Intus Clients capture and store their patients' electronic health data in an electronic health record program operated by RTZ, called PACECare. Intus Clients need Intus to access the electronic health record data that the Intus Clients store on PACECare on a regular and consistent basis.

2. With RTZ's knowledge and consent, Intus obtained the electronic health records data stored on PACECare through a simple file extraction process or interface. However, starting in September of 2022, RTZ refused to provide Intus access to the data on PACECare, and later prohibited Intus Clients from providing access to Intus. RTZ is engaging in information blocking in violation of federal laws and regulations. Accordingly, Intus brings this action to guarantee its ability to access the electronic health record data stored on PACECare so that it can comply with its contractual obligations to Intus Clients, and to enjoin RTZ from further preventing Intus from accessing the electronic health record data.

## PARTIES

3. Intus Care, Inc. is a Delaware corporation with its principal place of business in Providence, Rhode Island.

4. RTZ Associates, Inc. is a California corporation with a principal place of business in Lafayette, California.

5. RTZ is a provider of PACE software, which is a cloud-based electronic health record software specifically developed to support the needs of PACE programs.

6. The true names and capacities of Defendants Does 1 through 10, inclusive, are currently unknown to Intus. Accordingly, Intus sues each and every Doe defendant by such fictitious names. Each Doe defendant, individually and collectively, is responsible in some manner for the unlawful acts alleged herein. Intus will seek leave of this Court to amend this Complaint to reflect the true names and capacities of the Doe defendants when their identities become known.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction based upon 28 U.S.C. § 1332(a) because there is a complete diversity of citizenship between Intus and RTZ and the amount in controversy exceeds $75,000.

8. Venue lies in the United States District Court for the Northern District of California under 28 U.S.C. § 1391(b) because a substantial part of the events that are the subject matter of this lawsuit occurred in this judicial district and, alternatively, because RTZ maintains its principal place of business in this district.

## FACTUAL ALLEGATIONS

**A. Intus Provides Vital Services to Intus Clients**

9. Intus Clients include numerous PACE programs. The PACE program is a critical federal program that helps people meet their health care needs in their own community instead of going to a nursing home or other care facility. Intus Clients provide Medicare and Medicaid benefits that cover care and services for those

1  enrolled, including emergency services, home care, hospital care, laboratory and x-ray services, medical specialty services, nutritional counseling, occupational and physical therapy, prescription drugs, preventative care, and social services.  PACE programs directly provide services primarily in an adult day health center and are supplemented by in-home and referral services in accordance with the patient's needs.

10.     Intus is a healthcare analytics company that closely works with Intus Clients to synthesize financial, clinical and administrative data to identify trends in the PACE members served by the PACE program by integrating the data with electronic health records, claims and accounting software to highlight clinical risks in Intus Clients' elderly patients.

11.     By synthesizing data from its Intus Clients, Intus predicts patients at high risk for hospitalizations, readmissions, and the onset of chronic diseases, seeks to reduce overall expenditures through early patient risk detention, and improves organizational performance through trend analysis and best practice identification. This enables Intus Clients to perform better care coordination and targeted care and services to its patients.  In order to perform these and other tasks, Intus must have direct access to Intus Clients' electronic health records that store their patients' electronic health information.

12.     Intus Clients store their patients' electronic health data in an electronic health record program called PACECare, which is operated by RTZ.

**B.  RTZ denies Intus access to Intus Clients' electronic health data stored on PACECare**

13.     In approximately June 2021, Intus contacted RTZ requesting access to the electronic health records data documented by the Intus Clients and stored on PACECare.  All Intus Clients wanted and consented to Intus having access to the Intus Clients' data stored on PACECare.  Intus sought this data via a "Secure File Transfer Protocol," which would enable Intus to extract the electronic health records

1  data via data files without actually accessing PACECare's software.  With RTZ's
2  knowledge and consent, Intus obtained the electronic health records data by
3  extracting the necessary data from approximately June 2021 to September 2022.

4        14.    In September of 2022, over a year after Intus's initial request for such
5  access, and based upon the view that Intus is a competitor, RTZ suddenly demanded
6  that Intus sign a Non-Disclosure Agreement ("NDA") as a condition of access to the
7  data. While there was no basis for RTZ to demand an NDA as a condition of Intus
8  receiving access to the data of the Intus Clients, Intus attempted to work with RTZ
9  to assuage their concerns.

10        15.    Unfortunately, the draft NDA prepared by RTZ was incomplete, and
11  inaccurately reflected the relationship of the parties. Among other missing elements,
12  the NDA did not grant access to PACECare, which was the primary point of the
13  NDA.  In response, Intus suggested changes to the NDA to properly reflect the nature
14  of the agreement, and proposed an access agreement that would have granted access
15  to PACECare.

16        16.    RTZ responded to the proposal by sending Intus a cease and desist letter,
17  stating that, in the absence of an executed NDA, Intus had "no rights or permission
18  to access RTZ's software product."  Attached as **Exhibit 1** is the September 14, 2022
19  and September 28, 2022 cease and desist letters from RTZ.  RTZ did not provide an
20  alternative method of access to its data. Shortly thereafter, an RTZ executive sent
21  Intus an email stating that RTZ did not intend to engage in any further discussions.

22        17.    RTZ expressed concerns that its intellectual property would be
23  compromised if Intus were to obtain access to PACECare without executing the NDA
24  first.  Intus initially believed that RTZ was operating in good faith, and simply did
25  not understand that Intus was not seeking access to RTZ's intellectual property.  As
26  such, Intus repeatedly stated to RTZ in numerous phone calls and email exchanges
27  that what Intus wanted, and is entitled to, is a single file of Intus Clients' data.  Intus
28  reiterated its willingness to sign an NDA that accurately reflected the arrangement

between the parties, and shared a further revised NDA that contained additional (yet unnecessary and redundant) safeguards for RTZ's intellectual property. RTZ repeatedly denied Intus's request.

18. From September 2022 to March 2023, Intus continued to initiate discussions with RTZ in an attempt to reach a mutually beneficial agreement that would allow Intus to extract the Intus Clients' data from PACECare without manual effort by Intus Clients. In each instance, RTZ refused to cooperate with Intus.

19. Finally, in December 2023, an Intus Client made Intus aware of a provision in the Intus Client's contract with RTZ, which prohibited Intus Clients from providing Intus with direct access to the PACECare system for any data extractions. The Intus Client was told that Intus could only be provided with standard files from a data export, requiring Intus Clients to go through the administrative burden and time-consuming process of manually downloading the data and then sending it to Intus.

20. While Intus and RTZ are not currently competitors, it is now clear that RTZ's conduct was and is designed to destroy Intus's business.

C. **RTZ's conduct constitutes information blocking in violation of the 21st Century Cures Act and the federal information blocking regulations**

21. The 21st Century Cures Act was designed to accelerate medical product development, promote interoperability, and support patients. The Act created rules to promote interoperability, prevent information blocking, and ensure various actors in the healthcare IT industry and patients can access electronic health information. Under these rules, health IT developers of certified health IT (e.g. electronic health record vendors), health information exchanges, and health care providers are prohibited from interfering with or discouraging access to, exchange of, or use of electronic health information. Further, the United States Department of Health and Human Services, Office of the National Coordinator for Health Information Technology ("ONC") implemented information blocking regulations to avert the use

of "practices that increase the cost, complexity, or other burden associated with accessing, exchanging, or using electronic health information." 84 F.3d Reg. 7424, 7516. Violating the information blocking rules under the 21st Century Cures Act can result in fines of up to $1 million per violation.

22. RTZ is considered a "health information network or health information exchange"[1] pursuant to 45 CFR §171.102, and thus an "actor" subject to the federal information blocking regulations.[2] RTZ externally markets that PACECare provides "[c]ertified lab interfaces (e.g. Quest, Sunquest)" and "[c]ertified e-prescribe interfaces (e.g. CareKinesis, Surescripts)." *See* https://paccare.com/. RTZ is facilitating access to and exchange of data between and among, at minimum, these entities (i.e. Quest, Sunquest, CareKinesis, and Surescripts) and PACE programs.

23. RTZ's unjustified and erroneous refusal to grant Intus access to the data it seeks from PACECare constitutes an action that interferes with access, exchange, or use of electronic health information, and such action does not fall into any exceptions to the information blocking rules. *See* 45 CFR §171.103.

24. Intus Clients seek Intus's assistance to analyze data and use it to help them effectively coordinate, manage, and improve patient care for PACE program beneficiaries. RTZ's refusal to allow Intus direct access to the data significantly

---

[1] An entity is a health information network or health information exchange if it "determines, controls, or requires the use of any technology or services for access, exchange, or use of electronic health information: (1) Among more than two unaffiliated individuals or entities (other than the individual or entity to which this definition might apply) that are enabled to exchange with each other; and (2) That is for a treatment, payment, or health care operations purpose, as such terms are defined in 45 CFR § 164.501 regardless of whether such individuals or entities are subject to the requirements of 45 CFR parts 160 and 164." The ONC has stated that the definition of a health information network or health information exchange may include a broad range of organizations, such as, without limitation, a range of "organizations, entities, or arrangements that enable EHI to be accessed, exchanged, or used between or among particular types of parties or for particular purposes." 84 Fed. Re. 7424, 7513. And the ONC has further explained that an organization or entity may qualify as an health information network or health information exchange even if it "facilitate[s] or enable[s] the access, exchange, or use of EHI' only "for a limited scope of participants and purposes." *Id*.

[2] RTZ has represented that it is an "ONC-ATBC certified Electronic Health Record," which would make it an "actor" subject to the federal information blocking regulations under 45 CFR §171.102. *See* https://paccare.com/

delays and impedes Intus's access and increases the costs, complexity, and burden associated with Intus's use of this data on behalf of Intus Clients.

25. In light of RTZ's violation of the 21st Century Cures Act and the federal information blocking regulations, Intus submitted a complaint to the ONC on February 7, 2024. Intus provided RTZ a courtesy copy of the complaint it submitted to the ONC and another opportunity to remediate the situation, but RTZ continues to violate the law.

## FIRST CLAIM FOR RELIEF

### (Intentional Interference with Contractual Relations)

26. Intus repeats and realleges all prior allegations of this complaint.

27. On or around November 2020 through June 2022, Intus entered into contracts with Intus Clients to synthesize data from each of the Intus Clients' electronic health records that stores its patients electronic health information, and analyze that data to help Intus Clients effectively coordinate, manage, and improve care for PACE program patients.

28. RTZ is not a party to the contracts between Intus and the Intus Clients.

29. RTZ knew that Intus and Intus Clients had entered into these contracts because Intus communicated to RTZ the existence of these contracts. Intus also communicated to RTZ its need to access Intus Clients' health data stored on PACECare in order to perform its contractual obligations under the contracts. RTZ was and remains aware of the damaging nature of its actions. Thus, RTZ's misconduct is wanton, willful, or at least engaged in with reckless disregard for its damaging nature.

30. Since about September of 2022 to the present day, RTZ has intentionally been interfering with the contractual relationships between Intus and the Intus Clients by unlawfully refusing to allow Intus direct access to the data. RTZ's refusal to provide access significantly delays and increases the costs, complexity, and burden associated with Intus's use of this data on behalf of Intus Clients.

31. RTZ's actions were designed to interfere with the contracts between Intus and the Intus Clients or to otherwise disrupt the contractual relationships between Intus and the Intus Clients

32. RTZ's actions have actually interfered with the contracts between Intus and the Intus clients, and disrupted the contractual relationships between them. RTZ's actions have resulted and continue to result in delays and inefficiencies in Intus's performance of its contractual obligations, and have forced Intus to engage in costly and time-consuming solutions. This situation caused and continues to cause problems with many of the Intus Clients. Among other manifestations of these problems are:

- because Intus was unable to access the data stored by RTZ, an Intus Client terminated its contractual relationship with Intus;
- at least one Intus Client ceased all payments to Intus and requested that Intus pause its performance indefinitely until it could secure access to data stored with RTZ;
- multiple Intus Clients, including one of Intus's biggest clients, stopped paying Intus's services for multiple months because of the issues caused by RTZ;
- multiple Intus Clients may not move forward with further contracting with Intus.

33. But for RTZ's interference, Intus would have performed its obligations under its contracts with the Intus Clients, without delays, inefficiencies, and costly workaround solutions. But for RTZ's interference, the contractual relationships between Intus and the Intus clients would not have been damaged.

34. As a direct and proximate result of RTZ's tortious conduct, Intus has suffered and will continue to suffer economic losses resulting from the interference with the contractual relationships between Intus and the Intus Clients as well as other damages, in an amount to be determined at trial.

**SECOND CLAIM FOR RELIEF**

**(Intentional Interference with Prospective Economic Advantage)**

35. Intus repeats and realleges all prior allegations of this complaint.

36. A prospective economic relationship existed between Intus and the Intus Clients with the probability of future economic benefit to Intus, including but not limited to opportunities to renew and expand existing contracts, enter into new contract with existing Intus Clients, and attract new Intus Clients

37. RTZ had knowledge and was aware of the prospective economic relationships between Intus and the Intus Clients because Intus communicated to RTZ the existence of its contractual and other economic relationships with the Intus Clients and its need to access health data stored on PACECare to further these relationships. RTZ was and remains aware of the damaging nature of its actions. Thus, RTZ's conduct is wanton, willful, or at least engaged in with reckless disregard for its damaging nature.

38. RTZ intentionally prohibited Intus access to the data documented by the Intus Clients and stored on PACECare to disrupt the prospective relationships between Intus and the Intus Clients and hamper the prospects of future renewal and expansion of the contractual relationships between Intus and the Intus Clients.

39. Through the conduct described above, RTZ actually disrupted the prospective relationships between Intus and the Intus Clients, and damaged the prospects for the expansion of such relationships. Among other things, RTZ's actions have resulted and continue to result in delays and inefficiencies in Intus's performance of its contractual obligations, and have forced Intus to engage in costly and time-consuming solutions. This situation caused and continues to cause problems with many of the Intus Clients, and has tarnished Intus's reputation in the marketplace. Among other manifestations of these problems are:

- because Intus have been unable to access the data stored by RTZ, multiple Intus Clients may not move forward with further contracting

with Intus;

- at least one Intus Client ceased all payments to Intus and requested that Intus pause its performance indefinitely until it could secure access of data stored with RTZ;

- multiple prospective clients have expressed concern about Intus being unable to access the data stored by RTZ, and have then refused to contract with Intus on that basis.

40. As a direct and proximate result of RTZ's actions, Intus was forced to discount or not charge for its services for several months.

41. As a direct and proximate result of RTZ's tortious conduct, Intus has suffered and will to continue to suffer economic and reputational damages, including but not limited to decreased opportunities to renew and expand existing contracts, enter into new contract with existing Intus Clients, and attract new Intus Clients.

42. As a direct and proximate result of RTZ's actions, Intus is entitled to recover compensatory and punitive damages, in an amount to be determined at trial.

### THIRD CLAIM FOR RELIEF
**(Negligence Per Se)**

43. Intus repeats and realleges all prior allegations of this complaint.

44. Intus is allowed to plead in the alternative, and thus pleads negligence per se in the alternative to intentional wrongdoing by RTZ.

45. By engaging in the conduct described above, RTZ violated and continues to violate the 21st Century Cures Act and section 3022(a)(1) of the Public Health Service Act (42 U.S.C. 300jj-52) and its implementing regulations, which prohibit information blocking by, *inter alia*, a health information technology developer, exchange, or network.

46. RTZ's continuing and improper information blocking, since at least September of 2022, directly and proximately caused and continues to cause Intus damages in the form of increased costs of performance of Intus's contracts with the

1  Intus Clients, including but not limited to increased data extraction expenses, increased costs and burden associated with data use, lost business profits from existing and prospective contractual relationships with, the Intus Clients and prospective clients, and loss of Intus's investments in its technology and business.

47. The anti-information-blocking provisions were specifically intended to protect app developers, technology companies, registries, information exchanges, and other private entities active in the healthcare IT industry that require access to electronic health data in the course of their business. Intus falls squarely into this category.

48. The anti-information-blocking provisions were enacted to protect the investments of private and public entities in the nation's health IT infrastructure from improper information blocking by various competitors and other actors in the healthcare industry. Injuries to Intus's investments, including but not limited to Intus's investments in its software and business, are precisely the type of injuries that the anti-information-blocking provisions were enacted to protect against.

49. As a direct and proximate result of RTZ's actions, Intus is entitled to recover compensatory and punitive damages, in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF

**(Unfair Competition in Violation of California Business & Professions Code § 17200 *et seq.*)**

50. Intus repeats and realleges all prior allegations of this complaint.

51. Intus synthesizes data from each of the Intus Clients' electronic health records that stores its patients' electronic health information, and uses that data to identify risks, visualize trends, and optimize the care of patients that Intus Clients serve. The Intus Clients rely on Intus's assistance to help them effectively coordinate, manage, and improve the care of their elderly patients.

52. RTZ's business is to provide PACE software, which is a cloud-based electronic health record software specifically developed to support the needs of

Manatt, Phelps & Phillips, LLP
Attorneys at Law
Los Angeles

PACE programs.

53. RTZ refused and continues to refuse Intus to access Intus Clients' health data on PACECare. RTZ has now even began inserting provisions in its agreements that Intus Clients are precluded from providing Intus with direct access to the PACECare system for any data extractions.

54. RTZ's refusal to allow Intus to access Intus Clients' health data on PACECare is ongoing, and has been continuous since at least September of 2022.

55. RTZ's continued refusal to allow Intus to access the Intus Clients' health data on PACECare is occurring in the course and as part of RTZ's business and business practices.

56. RTZ's continued refusal to allow Intus to access Intus Clients' health data on PACECare violates the spirit and letter of the 21st Century Cures Act and the Public Health Services Act, including but not limited to 42 U.S.C. 300jj-52, and its implementing regulations.

57. RTZ's refusal to provide Intus access to the Intus Clients' data from PACECare constitutes unlawful business acts or practices in violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*.

58. RTZ's refusal to allow Intus direct access to the data hampered Intus's ability to assist Intus Clients and increased the costs, complexity, and burden associated with Intus's use of the data on behalf of Intus Clients. As a direct and proximate result of RTZ's conduct, Intus has suffered irreparable harm to its business and its ability to attract additional Intus Clients. Unless RTZ is restrained from its actions, Intus will continue to be irreparably harmed. Among other harms directly and proximately caused by RTZ, Intus has lost existing Intus Clients, was unable to renew contracts with certain existing Intus Clients, missed opportunities to attract new Intus Clients, had to engage in inefficient and costly extraction of data, suffered reputational harm, and had to not charge or discount rates for its services for multiple months.

59. Intus communicated with RTZ about the improper and unlawful nature of RTZ's refusal to let Intus access PACECare data and the harms that RTZ's conduct caused and continues to cause to Intus. RTZ was and remains aware of the unlawful and harmful nature of its actions. Thus, RTZ's misconduct is wanton, willful, or at least engaged in with reckless disregard for its harmful and unlawful nature.

60. Intus has no adequate remedy at law to compensate it for the continued and irreparable harm it will suffer if RTZ's alleged acts are allowed to continue. As a direct and proximate result of RTZ's conduct, Intus is entitled to restitution and injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Intus demands judgment against RTZ as follows:

A. An Order enjoining RTZ from denying access to the electronic health record data documented by the Intus Clients and stored on PACECare.

B. An award of compensatory and consequential damages;

C. An award of punitive damages;

D. An award of its reasonable attorneys' fees and costs;

E. An award of prejudgment and post judgment interest at the rate provided by 28 U.S.C. § 1961; and

F. Such additional relief as may be just and proper.

Dated:       February 23, 2024          MANATT, PHELPS & PHILLIPS, LLP


By: /s/ Ileana M. Hernandez
Ileana M. Hernandez
Charles E. Weir
Val Bianchi-Demicheli

*Attorneys for Plaintiff*
INTUS CARE, INC.

## **JURY DEMAND**

Plaintiff Intus Care, Inc. requests a trial by jury in this matter.

Dated: February 23, 2024

MANATT, PHELPS & PHILLIPS, LLP

By: /s/ Charles E. Weir
Ileana M. Hernandez
Charles E. Weir
Val Bianchi-Demicheli

*Attorneys for Plaintiff*
INTUS CARE, INC.

COMPLAINT