MANATT, PHELPS & PHILLIPS, LLP
Ileana M. Hernandez (Bar No. 198906)
IHernandez@manatt.com
Charles E. Weir (Bar No. 211091)
CWeir@manatt.com
Val Bianchi-Demicheli (Bar No. 347028)
VBianchi-demicheli@manatt.com
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

SAVAGE LAW PARTNERS, LLP
C. Alexander Chiulli (Admitted Pro Hac Vice)
achiulli@savagelawpartners.com
564 South Water Street
Providence, RI 02903
Telephone: (401) 238-8500
Facsimile: (401) 648-6748

*Attorneys for Plaintiff*
INTUS CARE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTUS CARE, INC.<br><br>       Plaintiff,<br><br>    v.<br><br>RTZ ASSOCIATES, INC.; and DOES 1 through 10,<br><br>       Defendants. | Case No. 4:24-cv-1132-JST<br><br>Assigned to: Hon. Jon S. Tigar<br><br>**PLAINTIFF INTUS CARE, INC.'S OPPOSITION TO DEFENDANT RTZ ASSOCIATES, INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Hearing Date: June 27<br>Hearing Time: 2:00 p.m. |

# TABLE OF CONTENTS

**Page**

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | STATEMENT OF ISSUES | 1 |
| III. | STATEMENT OF FACTS | 2 |
| IV. | ARGUMENT | 2 |
| | a. RTZ Failed to Raise the Its Arguments in the First Motion to Dismiss, and Therefore Waived Them Under Federal Rule of Civil Procedure 12(g)(2) | 2 |
| | b. The FAC's Claim for Intentional Interference With Prospective Economic Advantage Is Not Predicated Only on RTZ's Violations of the Cures Act | 4 |
| | c. An Independently Wrongful Act Need Not Be Privately Actionable | 5 |
| V. | CONCLUSION | 7 |

# TABLE OF AUTHORITIES

Page

## CASES

*Apple Inc. v. Pepper*,
    139 S. Ct. 1514 (2019) ............................................................................................................. 3

*BioResource, Inc. v. U.S. PharmaCo Distribution, Ltd.*,
    2010 WL 3853025 (N.D. Cal. Sept. 29, 2010) ........................................................................ 5

*Bush v. Liberty Life Assurance Co. of Bos.*,
    130 F. Supp. 3d 1320 (N.D. Cal. 2015) ................................................................................... 4

*City of San Jose v. Off. of the Com'r of Baseball*,
    776 F.3d 686 (9th Cir. 2015) ................................................................................................... 5

*City of San Jose v. Off. of Comm'r of Baseball*,
    2013 WL 5609346 (N.D. Cal. Oct. 11, 2013) ......................................................................... 5

*CRST Van Expedited, Inc. v. Werner Enterprises, Inc.*,
    479 F.3d 1099 (9th Cir. 2007) ................................................................................................. 5

*Eastman v. Apple, Inc.*,
    2019 WL 3934805 (N.D. Cal. Aug. 20, 2019) (Tigar, J.) ........................................................ 3

*Edwards v. Arthur Andersen LLP*,
    44 Cal. 4th 937 (2008) ............................................................................................................. 6

*Fed. Agr. Mortg. Corp. v. It's A Jungle Out There, Inc.*,
    2005 WL 3325051 (N.D. Cal. Dec. 7, 2005) .......................................................................... 3

*Green v. ADT, LLC*,
    2016 WL 5339800 (N.D. Cal. Sept. 23, 2016) ........................................................................ 3

*Harris v. Amgen, Inc.*,
    573 F.3d 728 (9th Cir. 2009) ................................................................................................... 7

*In re Anthem, Inc. Data Breach Litig.*,
    2016 WL 3029783 (N.D. Cal. May 27, 2016) ........................................................................ 3

*In re Apple iPhone Antitrust Litig.*,
    846 F.3d 313 (9th Cir. 2017) ................................................................................................... 3

*Korea Supply Co. v. Lockheed Martin Corp.*,
    29 Cal. 4th 1134 (2003) ....................................................................................................... 6, 7

*Lamb v. Phillip Morris, Inc.*,
    915 F.2d 1024 (6th Cir. 1990) ................................................................................................. 6

*LLE One, LLC v. Facebook Inc.*,
    2019 WL 13201973 (N.D. Cal. Apr. 25, 2019) ....................................................................... 3

# TABLE OF AUTHORITIES
(continued)

**Page**

*Northstar Fin. Advisors Inc. v. Schwab Invs.*,
   135 F. Supp. 3d 1059 (N.D. Cal. 2015), aff'd in part, rev'd in part and remanded, 904
   F.3d 821 (9th Cir. 2018), and aff'd in part, rev'd in part and remanded, 904 F.3d 821
   (9th Cir. 2018) ................................................................................................................... 3

*Romo v. Wells Fargo Bank, N.A.*,
   2016 WL 3523779 (N.D. Cal. June 28, 2016) ................................................................... 3

*Shoaga v. Maersk, Inc.*,
   2008 WL 4615445 (N.D. Cal. Oct. 17, 2008) .................................................................... 6

*Sky Billiards, Inc. v. WolVol, Inc.*,
   2016 WL 7479428 (C.D. Cal. July 11, 2016) .................................................................... 5

*Tye v. Cnty. of Orange*,
   2020 WL 2372994 (C.D. Cal. Jan. 14, 2020), 2020 WL 2374941 (C.D. Cal. Feb. 12,
   2020) .................................................................................................................................. 5

## STATUTES

Cures Act .................................................................................................................................. *passim*

Foreign Corrupt Practices Act ............................................................................................................ 6

## OTHER AUTHORITIES

Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1388 (3d ed.
   2024) .................................................................................................................................. 3

## RULES

Federal Rule of Civil Procedure 12(g) ............................................................................................... 1

Federal Rule of Civil Procedure 12(g)(2) ..................................................................................... 2, 3

## I. INTRODUCTION

RTZ Associates, Inc. ("RTZ") brings a second motion to dismiss (the "Second Motion" or "Mot.") attacking only one of three claims in Plaintiff Intus Care, Inc.'s ("Intus") First Amended Complaint ("FAC"). The Second Motion lacks merit and is a waste of the parties' and Court's resources. Even if the arguments in the Second Motion were correct (which they are not), they do not resolve or even narrow the case in any relevant way. Moreover, not only does the Second Motion accomplish nothing from a practical standpoint, but the arguments are also misplaced. RTZ waived the arguments in the Second Motion, simply misstates the allegations in the complaint, and is wrong on the law. The Second Motion should be denied.

The Second Motion follows RTZ's initial Motion to Dismiss (the "First Motion"). In the First Motion, RTZ sought dismissal of the unfair competition and negligence per se claims. To reflect additional wrongdoing by RTZ and address the issues raised in the First Motion, Intus filed the FAC on April 2, 2024. This should have ended the pleading challenges, and the case should be moving forward. But intent on delaying the adjudication of the case, RTZ filed the Second Motion attacking the claim for intentional interference with prospective economic advantage – a claim that it did not move against in the First Motion. By failing to attack the pleading of the claim in the First Motion, RTZ has waived the right to do so now under FRCP 12(g).

In addition to being a delay tactic, RTZ's partial motion to dismiss also fails on the merits. The sole substantive argument that RTZ makes is that a claim for intentional interference with prospective economic advantage cannot be based upon a violation of the Cures Act because the Cures Act does not confer a private right of action. But the FAC does not premise this claim solely on the Cures Act. In addition, a claim for intentional interference with prospective economic advantage need not be predicated upon the violation of a statute that confers a private right of action. The claim is properly pled. The Second Motion should be denied.

## II. STATEMENT OF ISSUES

A. Does Rule of Civil Procedure 12(g) warrant the denial of RTZ's Motion?

B. Is the FAC's claim for intentional interference with prospective economic advantage premised solely upon RTZ's underlying violation of the Cures Act?

      C.      Does the independently wrongful act requirement of intentional interference with prospective economic advantage require that the underlying violation be privately actionable?

## III. STATEMENT OF FACTS

Intus is a healthcare analytics company that synthesizes financial, clinical, and administrative data on behalf of the Intus Clients. FAC ¶¶ 9-11. Many Intus Clients and potential Intus Clients store their data in an electronic health record program called PACECare. *Id.* ¶¶ 12-13. RTZ owns PACECare. RTZ has been using PACECare to engage in information blocking by not allowing Intus to access the Intus Clients' data stored on PACECare. *See id.* ¶ 13. Specifically, RTZ has made unreasonable demands and sabotaged negotiations with respect to access to the data, and sent cease-and-desist letters to Intus and the Intus Clients that wrongfully claim Intus Clients cannot share their data with Intus. *See id.* ¶¶ 14-19, 21. In addition, RTZ has been inserting clauses in its contracts with the Intus Clients that prevent the latter from providing Intus access to the data. *Id.* ¶¶ 20, 29. In at least one instance, RTZ sent a cease-and-desist letter to an Intus Client, wrongfully threatening the Intus Client and thereby causing it to terminate its contractual relationship with Intus out of fear that it would lose access to medical records stored on PACECare. *Id.* ¶ 30. Among other misrepresentations in the letter, RTZ falsely claimed a breach of contract by the Intus Client and intellectual property violations by Intus. *See id.* Upon information and belief, RTZ intends to or has been sending similar letters to other Intus Clients. *Id.* ¶ 31. RTZ's conduct is motivated by RTZ's desire to force Intus out of the PACE data analytics business. *See id.* ¶¶ 32, 60.

## IV. ARGUMENT

### a. RTZ Failed to Raise the Its Arguments in the First Motion to Dismiss, and Therefore Waived Them Under Federal Rule of Civil Procedure 12(g)(2).

Federal Rule of Civil Procedure 12(g)(2) provides that "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." This Court has construed Rule 12(g)(2) as prohibiting parties from raising arguments in a motion to dismiss an amended pleading when the argument could have been raised in a motion to dismiss a previous iteration of that pleading.

*Eastman v. Apple, Inc.*, 2019 WL 3934805, at *2 (N.D. Cal. Aug. 20, 2019) (Tigar, J.) (stating that "the weight of authority in this district and the clear implication of recent Ninth Circuit case law" command that Rule 12(g)(2) applies to motions to dismiss an amended complaint, and precludes arguments that could have been but were not raised in a motion to dismiss a previous iteration of that complaint) (citing *In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 316-20 (9th Cir. 2017), aff'd sub nom. *Apple Inc. v. Pepper*, 139 S. Ct. 1514 (2019)); *LLE One, LLC v. Facebook Inc.*, 2019 WL 13201973, at *2 (N.D. Cal. Apr. 25, 2019) ("courts have reasoned that Rule 12(g)(2) precludes defendants from moving to dismiss successive iterations of complaints with previously available but unused arguments [. . . .] [t]he filing of an amended complaint does not revive the right to argue by motion 'defenses that were available but were not asserted in a timely fashion prior to the amendment of the pleading.' (quoting Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1388 (3d ed. 2024)); *Green v. ADT, LLC*, 2016 WL 5339800, at *6 (N.D. Cal. Sept. 23, 2016) ("courts in this district have precluded defendants from raising previously available but unmade arguments in motions to dismiss after a complaint is amended" (collecting cases); *Fed. Agr. Mortg. Corp. v. It's A Jungle Out There, Inc.*, 2005 WL 3325051, at *5 (N.D. Cal. Dec. 7, 2005) (same); *Northstar Fin. Advisors Inc. v. Schwab Invs.*, 135 F. Supp. 3d 1059, 1070 (N.D. Cal. 2015), aff'd in part, rev'd in part and remanded, 904 F.3d 821 (9th Cir. 2018), and aff'd in part, rev'd in part and remanded, 904 F.3d 821 (9th Cir. 2018) (ruling that argument made in motion to dismiss second amended complaint but not in motion to dismiss third amended complaint could not be made on motion to dismiss fourth amended complaint); *Romo v. Wells Fargo Bank, N.A.*, 2016 WL 3523779, at *2 (N.D. Cal. June 28, 2016) (party could not assert argument in motion to dismiss amended pleading because that argument did not appear in motion to dismiss the original pleading); *In re Anthem, Inc. Data Breach Litig.*, 2016 WL 3029783, at *44 (N.D. Cal. May 27, 2016) (same).

Here, the FAC's claim for intentional interference with prospective economic advantage is premised upon largely the same allegations as in the original complaint. *Compare* FAC ¶¶ 42-49, *with* Comp. ¶¶ 35-42. As such, the FAC's allegations pertaining to intentional interference with prospective economic advantage contain nothing new that would justify RTZ raising its 12(b)(6) failure-to-state-a-claim argument in its Second Motion, but not the First Motion. Moreover, it

1  cannot be disputed that the sole argument RTZ relies upon in its Second Motion – that the Cures
2  Act does not contain a private right of action and thus cannot support the claim – could have been
3  made in connection with the First Motion. Yet, RTZ entirely failed to move to dismiss that claim
4  in its First Motion or raise the argument that the intentional interference with prospective economic
5  advantage claim fails because the Cures Act lacks a private right of action. In sum, because the
6  allegations were essentially identical, RTZ could and should have raised its argument in its prior
7  motion. RTZ therefore waived its argument. The Court should deny RTZ's Motion on that basis
8  alone. *Bush v. Liberty Life Assurance Co. of Bos.*, 130 F. Supp. 3d 1320, 1326 (N.D. Cal. 2015)
9  (denying motion to dismiss because the defendant failed to raise its argument against a prior
10 iteration of the complaint, which raised identical issues).

           **b.     The FAC's Claim for Intentional Interference With Prospective Economic
                    Advantage Is Not Predicated Only on RTZ's Violations of the Cures Act.**

13         RTZ contends that the FAC's claim for intentional interference with prospective economic
14 advantage is entirely predicated on RTZ's violation of the Cures Act. Mot. at 8, 12-22 (premising
15 the entire argument on the erroneous assumption that "Intus has based its interference claim on an
16 alleged violation of federal law, i.e., the Cures Act."). RTZ then argues that since the Cures Act has
17 no private right of action, the "independently wrongful" element of the intentional interference with
18 economic advantage claim cannot be met. Mot. at 11-12, 21-22. As discussed below, RTZ is wrong
19 on the law, but it is also wrong in its description of the FAC.
20         RTZ's Motion entirely ignores that the FAC predicates its claim for intentional interference
21 with prospective economic advantage upon multiple wrongs by RTZ. Indeed, the FAC incorporates
22 and realleges paragraphs 1 to 41 in its second claim for relief. FAC ¶ 42. In those paragraphs, the
23 FAC alleges: that RTZ made misrepresentations to Intus Clients and prospective Intus Clients about
24 intellectual property rights and what those clients can do with their data (*id*. ¶¶ 29-31); that RTZ
25 engages in anti-competitive conduct (*id*. ¶¶ 22-23); that RTZ has sent at least one letter to an Intus
26 Client, falsely representing that the Intus Client was breaching its contract with RTZ, and
27 threatening the Intus Client (*id*. ¶¶ 20-21); and that RTZ has intentionally interfered with
28 contractual relations between Intus and Intus Clients (*id*. ¶¶ 33-41). The Motion entirely ignores

Manatt, Phelps &
Phillips, LLP
Attorneys at Law
Los Angeles

- 4 -                                          OPPOSITION TO MOTION TO DISMISS

402908303.1

and fails to address these allegations. Further, the wrongs described by these allegations are independently actionable, as evidenced by the FAC's claims for intentional interference with contractual relations and unfair competition, which the Motion does not allege are deficient in any manner.

Because RTZ ignores relevant allegations in the FAC, the Court should deny the Motion. *See Tye v. Cnty. of Orange*, 2020 WL 2372994, at *23 (C.D. Cal. Jan. 14, 2020), 2020 WL 2374941 (C.D. Cal. Feb. 12, 2020) (denying motion to dismiss on the basis that it ignores allegations ). The wrongs detailed above are more than sufficient to support the "independently wrongful" element of Intus's intentional interference with prospective economic advantage claim. *BioResource, Inc. v. U.S. PharmaCo Distribution, Ltd.*, 2010 WL 3853025, at *3 (N.D. Cal. Sept. 29, 2010) ("misrepresentation can constitute independently wrongful conduct to support a claim for intentional interference with prospective economic advantage"); *Sky Billiards, Inc. v. WolVol, Inc.*, 2016 WL 7479428, at *4 (C.D. Cal. July 11, 2016) (allegations of misrepresentations to a third party that plaintiff infringed upon defendant's intellectual property rights fulfilled the "independently wrongful act" prong for intentional interference with prospective economic advantage); *CRST Van Expedited, Inc. v. Werner Enterprises, Inc.*, 479 F.3d 1099, 1110-11 (9th Cir. 2007) (violation of the California Unfair Competition law can constitute independently wrongful act under a claim for intentional interference with prospective economic advantage); *City of San Jose v. Off. of Comm'r of Baseball*, 2013 WL 5609346, at *15 (N.D. Cal. Oct. 11, 2013), aff'd sub nom. *City of San Jose v. Off. of the Com'r of Baseball*, 776 F.3d 686 (9th Cir. 2015) ("The alleged tortious interference with contract is an independently unlawful act sufficient to support the [plaintiff]'s tortious interference with prospective economic advantage claim, although the claims may be duplicative."). Accordingly, Intus's claim is properly pled with or without the Cures Act violations.

### c. An Independently Wrongful Act Need Not Be Privately Actionable.

RTZ's argument that a claim for intentional interference with prospective economic advantage requires pleading an independently wrongful act that is privately actionable is misguided. Mot. at 11-12, 21-22. The California Supreme Court has held that "[i]n order to prove

a claim for intentional interference with prospective economic advantage, a plaintiff has the burden of proving five elements: (1) an economic relationship between plaintiff and a third party, with the probability of future economic benefit to the plaintiff; (2) defendant's knowledge of the relationship; (3) an intentional act by the defendant, designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the defendant's wrongful act, including an intentional act by the defendant that is designed to disrupt the relationship between the plaintiff and a third party." *Edwards v. Arthur Andersen LLP*, 44 Cal. 4th 937, 944 (2008). California courts have interpreted the third element as requiring independently wrongful conduct by the defendant, defined as conduct that is "unlawful," i.e., "proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1159 (2003).

Here, the Cures Act is a statute and therefore readily satisfies this requirement. RTZ, however, argues that this third element also requires that the independently wrongful act be "independently actionable," and goes on to contend that RTZ's Cures Act violations do not confer Intus a private right of action, and, thus, are not "independently actionable." *See* Mot. at 11-12. This argument is unavailing because RTZ conflates "independently actionable" with privately actionable. As the Motion itself details, "the statutory structure of the Cures Act clearly provides for a formal and structured complaint and enforcement process to be handled by the OIG and Office of the National Coordinator for Health Information Technology[.]" *Id.* at 17 (emphasis removed). Therefore, the Motion itself acknowledges that the Cures Act is independently actionable.

*Korea Supply Co.*, 29 Cal. 4th at 1159 is also instructive. The California Supreme Court found that the independent wrongfulness requirement was satisfied because the conduct at issue violated the Foreign Corrupt Practices Act. Yet, this and other courts have held that the Foreign Corrupt Practices Act does not confer a private right of action. *See, e.g.*, *Shoaga v. Maersk, Inc.*, 2008 WL 4615445, at *4 (N.D. Cal. Oct. 17, 2008) ("[t]here are no private rights of action for violation of the FCPA"); *Lamb v. Phillip Morris, Inc.*, 915 F.2d 1024, 1024 (6th Cir. 1990) ("no private right of action is available under the Foreign Corrupt Practices Act"). As such, while California courts have construed the third element of the tort to require an independently wrongful

1  act, such act need not be privately actionable.[1]

2  In sum, even if the FAC's claim for intentional interference with prospective economic advantage were entirely predicated upon the Cures Act – and it is not – that claim would nonetheless survive RTZ's Motion.

## V. CONCLUSION

For the reasons set forth herein, RTZ's Motion should be denied in its entirety. To the extent the Court believes there are any defects in the FAC's second claim for relief, it should provide leave to amend. *See Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009) (citation and quotation marks omitted) ("Dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment.").

Dated: April 30, 2024                                    MANATT, PHELPS & PHILLIPS, LLP

By: /s/ Ileana M. Hernandez
Ileana M. Hernandez
Charles E. Weir
Val Bianchi-Demicheli

*Attorneys for Plaintiff*
INTUS CARE, INC.

Dated: April 30, 2024                                    SAVAGE LAW PARTNERS, LLP

By: /s/ C. Alexander Chiulli
C. Alexander Chiulli

*Attorneys for Plaintiff*
INTUS CARE, INC.

---

[1] *Accord Korea Supply Co.* 29 Cal. 4th at 1163 (an independently wrongful act need not even be directed at the plaintiff, but can be tortious with respect to (i.e., actionable by) a third party).