United States District Court
Northern District of California

1
2
3
4
5       UNITED STATES DISTRICT COURT
6       NORTHERN DISTRICT OF CALIFORNIA
7
8   INTUS CARE, INC.,                    Case No. 24-cv-01132-JST
9                Plaintiff,
                                         **SCHEDULING ORDER**
10          v.
11  RTZ ASSOCIATES, INC.,
12               Defendant.
13
14      The Court hereby sets the following case deadlines pursuant to Federal Rule of Civil
15  Procedure 16 and Civil Local Rule 16-10:

| Event | Deadline |
|---|---|
| Deadline to add parties or amend the pleadings[1] | July 12, 2024 |
| Mediation deadline | December 13, 2024 |
| Fact discovery cut-off | June 20, 2025 |
| Expert disclosures | July 11, 2025 |
| Expert rebuttal | August 1, 2025 |
| Expert discovery cut-off | August 22, 2025 |
| Dispositive motion hearing deadline | October 9, 2025 |
| Pretrial conference statement due | December 12, 2025 |

---

[1] After this deadline, a party may still seek amendment, but must demonstrate good cause. Fed. R. Civ. P. 16(b)(4).

| Event | Deadline |
|---|---|
| Pretrial conference | December 19, 2025 at 2:00 p.m. |
| Trial | January 12, 2026 at 8:00 a.m. |
| Estimate of trial length (in days) | Eight |

This case will be tried to a jury.

A stipulated proposed protective order, or competing proposed protective orders, are due June 21, 2024.[2]

By June 21, 2024, the parties will inform the Court whether they will participate in private mediation or court-sponsored mediation. If the parties elect private mediation, they must also file a notice not later than July 19, 2024 advising the Court of the identity of the mediator they have selected, and the date and time on which the mediation will occur. A letter that merely states that counsel have agreed on a specific mediator does not comply with this order.

Counsel may not modify these dates without leave of court. The parties shall comply with the Court's standing orders, which are available at https://cand.uscourts.gov/judges/tigar-jon-s-jst/.

The Court has set a dispositive motion deadline which allows enough time for the Court to consider any such motions well in advance of trial. The parties should assume that any subsequent continuance of the dispositive motion deadline, or any enlargement of the dispositive motion briefing schedule beyond that set forth in Civil Local Rule 7-3, will result in a continuance of the pretrial conference and trial dates of equal or greater length.

The Court has largely adopted the dates requested by the parties and expects the parties to adhere to them. The parties must take all necessary steps to conduct discovery, compel discovery, hire counsel, retain experts, and manage their calendars so that they can complete discovery in a

---

[2] If the parties submit competing schedules, the Court will endeavor to choose, in all respects, the single proposal it concludes is most reasonable. *See* Michael Carrell & Richard Bales, *Considering Final Offer Arbitration to Resolve Public Sector Impasses in Times of Concession Bargaining*, 28 Ohio St. J. on Disp. Resol. 1, 20 (2013) ("In baseball arbitration . . . the parties . . . have every incentive to make a reasonable proposal to the arbitrator because the arbitrator will choose the more reasonable offer.").

1  timely manner and appear at trial on the noticed and scheduled dates.  All counsel must arrange
2  their calendars to accommodate these dates, or arrange to substitute or associate in counsel who
3  can.
4      Trial dates set by this Court should be regarded as firm.  Requests for continuance are
5  disfavored.  The Court will not consider any event subsequently scheduled by a party, party-
6  controlled witness, expert or attorney that conflicts with the above trial date as good cause to grant
7  a continuance.  The Court will not consider the pendency of settlement discussions as good cause
8  to grant a continuance.

9  **IT IS SO ORDERED.**

10  Dated:  June 14, 2024

                                                      JON S. TIGAR
                                           United States District Judge