NOSSAMAN LLP
DAVID C. LEE (SBN 193743)
dlee@nossaman.com
50 California Street, 34th Floor
San Francisco, CA 94111
Telephone: 415.398.3600
Facsimile:  415.398.2438

NOSSAMAN LLP
KASIA PENN (SBN 306056)
kpenn@nossaman.com
18101 Von Karman Avenue, Suite 1800
Irvine, CA 92612
Telephone:  949.833.7800
Facsimile:  949.833.7878

Attorneys for Defendant RTZ ASSOCIATES, INC.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA - OAKLAND

| | |
|---|---|
| INTUS CARE, INC.,<br><br>   Plaintiff,<br><br>  vs.<br><br>RTZ ASSOCIATES, INC.; and DOES 1 through 10,<br><br>   Defendants, | Case No:  4:24-cv-01132-JST<br><br>Assigned to: Hon. Jon S. Tigar<br><br>**DEFENDANT RTZ ASSOCIATES, INC.'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL** |

**ANSWER**

Defendant RTZ Associates, Inc. ("Defendant" or "RTZ") hereby answers the First Amended Complaint filed by Plaintiff Intus Care, Inc. ("Plaintiff" or "Intus") in this action on April 2, 2024 (Dkt. No. 25). The First Amended Complaint is referred to hereafter as the "FAC." Except as expressly admitted below, Defendant denies each and every allegation and claim for relief set forth in the FAC.

**INTRODUCTION**

1.     Defendant admits that it owns, develops and license PACECare software to PACE facilities. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies the same.

2.     Defendant denies the allegations in this paragraph.

**PARTIES**

3.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the same.

4.     Defendant admits the allegations in this paragraph.

5.     Defendant admits the allegations in this paragraph.

6.     This paragraph states a conclusion of law to which no response is required.

**JURISDICTION AND VENUE**

7.     This paragraph states a conclusion of law to which no response is required.

8.     This paragraph states a conclusion of law to which no response is required.

**FACTUAL ALLEGATIONS**

**A.  Intus Provides Vital Services to Intus Clients**

9.     Defendant admits that the PACE program is a critical and valuable federal program for adult patients. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies the same.

10.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the same.

11.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the same.

12.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the same.

13.     Defendant admits that various PACE facilities license PACECare.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies the same.

**B.  RTZ denies Intus access to Intus Clients' electronic health data stored on PACECare**

14.     Defendant denies that it consented to Intus "extracting the necessary data" from PACECare between June 2021 and September 2022.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies the same.

15.     Defendant admits that it sought an NDA from Intus and that no NDA was executed between the parties.  Except as otherwise admitted, Defendant denies the remaining allegations in this paragraph.

16.     Defendant denies the allegations in this paragraph.

17.     Defendant admits that it transmitted the correspondence attached as Exhibit 1 to the FAC.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies the same.

18.     Defendant admits that it is protective of its intellectual property.  Except as otherwise admitted, Defendant denies the remaining allegations in this paragraph.

19.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the same.

20.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the same.

ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS
Case No. 3:24-cv-1132-JST
62814660.v2

21.     Defendant admits that it transmitted the correspondence attached as Exhibit 2 to the FAC.  Except as otherwise admitted, Defendant denies the remaining allegations in this paragraph.

22.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the same.

23.     Defendant denies the allegations in this paragraph.

**C.  RTZ's conduct constitutes information blocking in violation of the 21st Century Cures Act and the federal information blocking regulations**

24.     This paragraph states a conclusion of law to which no response is required.

25.     This paragraph states a conclusion of law to which no response is required.

26.     Defendant denies the allegations in this paragraph.

27.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the same.

28.     Defendant admits that Intus filed a complaint with the ONC and was provided a copy of said complaint.  Except as otherwise admitted, Defendant denies the remaining allegations in this paragraph.

**D.  RTZ's Contract Provisions Blocking Intus and Letters to Intus Clients Falsely Claiming Contractual Breaches and Intellectual Property Violations**

29.     Defendant admits that its license agreements prohibit PACE facilities from providing third-party access to PACECare, including Intus.  Except as otherwise admitted, Defendant denies the remaining allegations in this paragraph.

30.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the same.

31.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the same.

32.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the same.

1

**FIRST CLAIM FOR RELIEF**

2

**(Intentional Interference with Contractual Relations)**

3      33.    Defendant realleges and incorporates by reference as though fully set forth herein

4    its responses to each and every allegation set forth in the preceding paragraphs.

5      34.    Defendant lacks knowledge or information sufficient to form a belief about the

6    truth of the allegations in this paragraph and therefore denies the same.

7      35.    Defendant admits the allegations in this paragraph.

8      36.    Defendant admits that Intus has entered into contracts with various PACE

9    facilities and that it has communicated with Intus.  Except as otherwise admitted, Defendant

10    denies the remaining allegations in this paragraph.

11      37.    Defendant denies the allegations in this paragraph.

12      38.    Defendant denies the allegations in this paragraph.

13      39.    Defendant denies the allegations in this paragraph.

14      40.    Defendant denies the allegations in this paragraph.

15      41.    Defendant denies the allegations in this paragraph.

16

**SECOND CLAIM FOR RELIEF**

17

**(Intentional Interference with Prospective Economic Advantage)**

18      42.    Defendant realleges and incorporates by reference as though fully set forth herein

19    its responses to each and every allegation set forth in the preceding paragraphs.

20      43.    Defendant lacks knowledge or information sufficient to form a belief about the

21    truth of the allegations in this paragraph and therefore denies the same.

22      44.    Defendant denies the allegations in this paragraph.

23      45.    Defendant denies the allegations in this paragraph.

24      46.    Defendant denies the allegations in this paragraph.

25      47.    Defendant denies the allegations in this paragraph.

26      48.    Defendant denies the allegations in this paragraph.

27      49.    Defendant denies the allegations in this paragraph.

28

ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS
Case No. 3:24-cv-1132-JST

62814660.v2

**THIRD CLAIM FOR RELIEF**

**(Unfair Competition in Violation of California Business & Professions Code § 17200 *et seq.*)**

50.     Defendant realleges and incorporates by reference as though fully set forth herein its responses to each and every allegation set forth in the preceding paragraphs.

51.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the same.

52.     Defendant admits that it owns, develops and license PACECare software to PACE facilities.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies the same.

53.     Defendant admits that its license agreements prohibit PACE facilities from providing third-party access to PACECare, including Intus, and that Intus does not have Defendant's consent to access PACECare.  Except as otherwise admitted, Defendant denies the remaining allegations in this paragraph.

54.     Defendant admits that Intus has not had Defendant's consent to access PACECare since "at least September of 2022."  Except as otherwise admitted, Defendant denies the remaining allegations in this paragraph.

55.     Defendant admits that Intus has not had Defendant's consent to access PACECare.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies the same.

56.     Defendant denies the allegations in this paragraph.

57.     This paragraph states a conclusion of law to which no response is required.

58.     Defendant denies the allegations in this paragraph.

59.     Defendant denies the allegations in this paragraph.

60.     Defendant admits the allegations in this paragraph.

61.     Defendant denies the allegations in this paragraph.

62.     Defendant denies the allegations in this paragraph.

63.     Defendant denies the allegations in this paragraph.

64. Defendant denies the allegations in this paragraph.

65. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the same.

66. Defendant denies the allegations in this paragraph.

67. Defendant denies the allegations in this paragraph.

68. Defendant denies the allegations in this paragraph.

69. Defendant denies the allegations in this paragraph.

70. Defendant denies the allegations in this paragraph.

71. Defendant admits that it and Intus have communicated.  Except as otherwise admitted, Defendant denies the remaining allegations in this paragraph.

72. Defendant denies the allegations in this paragraph.

## AFFIRMATIVE DEFENSES

Defendant sets forth its defenses and affirmative defenses.  Each defense and affirmative defense is asserted as to all causes of action against it.  By setting forth these defenses and affirmative defenses, Defendant does not assume the burden of proving any fact, issue, or element of a claim where such burden properly belongs to Intus.  Defendant also reserves the right to allege additional defenses and affirmative defenses as they become known or as they evolve during litigation, and to bring additional counterclaims if so appropriate.

## FIRST AFFIRMATIVE DEFENSE

Intus fails to state a claim and/or sufficient facts upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Intus's claims are barred, in whole or in part, by the doctrines of waiver, acquiescence, estoppel and/or consent.

## THIRD AFFIRMATIVE DEFENSE

Intus's claims are frivolous and brought for an improper purpose.

## FOURTH AFFIRMATIVE DEFENSE

Intus's claims are barred by the doctrine of unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

Intus's purported counts are barred or otherwise limited to the extent that it has failed to mitigate or avoid the purported damages alleged.

**SIXTH AFFIRMATIVE DEFENSE**

Intus's claims are barred, in whole or in part, by the doctrine of competition privilege.

**SEVENTH AFFIRMATIVE DEFENSE**

One or more of Intus's claims are barred by the applicable statutes of limitations and/or the equitable doctrine of laches.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant has insufficient knowledge or information upon which to form a belief about whether there may be as yet unstated affirmative defenses available, and therefore expressly (i) reserve the right to supplement its Answer, defenses and all other pleadings; and (ii) reserves the right to (a) assert any and all defenses under any applicable law if discovery shows that such defenses would be appropriate, and (b) assert any further counterclaims, cross-claims, and third-party claims when and if they become appropriate in this action.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant RTZ prays for judgment as follows:

1.  Dismissal of the entire FAC with prejudice;

2.  Granting Defendant RTZ its reasonable costs, expenses, and attorney's fees; and

3.  Awarding Defendant RTZ such other and further relief as this Court deems equitable and proper.

**COUNTERCLAIMS**

Defendant and Counterclaimant RTZ ("RTZ") hereby asserts counterclaims against Plaintiff and Counterdefendant Intus Care, Inc. ("Intus"), as alleged below.

ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS
Case No. 3:24-cv-1132-JST
62814660.v2

1      1.      RTZ developed and exclusively owns the PACECare software system. PACECare is a cloud-based administrative software solution that is licensed to PACE facilities throughout the United States.

2.      Licensees of PACECare (i.e., PACE facilities) use the system as an administrative tool to maintain and organize operations, manage finances, and track key PACE participant data ("PACE Data") that is input into and managed by the software solution.

3.      PACECare is a proprietary and confidential system.  Access to PACECare is restricted only to specific authorized users approved by RTZ.  Each such authorized user is issued unique log-in credentials.  Only users with such authorized credentials are permitted access to the system.

4.      Data input into and stored within the PACECare system is organized and maintained by RTZ through its cloud-based storage consisting of numerous servers.  The PACE facility licensees (via their authorized users) access the PACECare system using an internet connection in combination with a web browser.  PACECare users, once connected to the cloud-based system, have access to the software's operations, functionality, and stored data.

5.      RTZ licenses its software system to PACE facilities via a PACECare Agreement which permits the contracting PACE facility to access and use the PACECare product.  That Agreement specifically provides that RTZ is the exclusive owner of all aspects of the PACECare system, including but not limited to the source code, system logic and functionality, screen layout and design, and associated reports, forms and documents.

6.      The PACECare Agreement acknowledges that the licensed PACE facilities own the data and information which they enter into the PACECare system.  However, the PACECare Agreement expressly prohibits PACE facilities from providing system access to PACECare to any third-party without RTZ's consent, particularly as to competitors.  This is due to the proprietary nature of the PACECare system, including its industry-leading logic, functionality, interfaces, and data presentation features.  Therefore, while a PACE facility is free to use and

ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS
Case No. 3:24-cv-1132-JST
62814660.v2

provide its inter-data to others as needed, it cannot grant a third-party (i.e., such as Intus) access to PACECare to retrieve such data without RTZ's express consent.

7.      To the extent a third-party seeks access to PACECare, RTZ has historically required the execution of its standard nondisclosure agreement ("NDA") to do so.

8.      Intus introduced itself to RTZ on March 15, 2022 when its CEO, Robbie Felton, sent an introductory email to RTZ's CEO, Michael Zawadski.

9.      On information and belief, Intus is a company that provides data visualization software to PACE programs, and specifically ingests data aggregated in electronic medical record ("EMR") software programs, such as PACECare, to create informational dashboards for PACE facilities.  Intus is not a medical provider.  Nor is it licensed to dispense medical advice.

10.     Intus is a competitor to RTZ.  On information and belief, Intus is in the process of developing and/or has commenced development of an EMR software product that will compete with RTZ's PACECare product.

11.     Intus has never been an authorized user of RTZ's PACECare product, and Intus has never been issued log-in credentials to access the PACECare system.

12.     In or around August 2022, RTZ learned that Intus had wrongfully accessed RTZ's PACECare system without RTZ's consent.

13.     On information and belief, Intus engaged in surreptitious means to access PACECare, including but not limited to, utilizing without RTZ's authorization the log-in credentials of its PACE facility customers.  By wrongfully using such log-in credentials, Intus was able to mask its access to the PACECare system by posing as an authorized user of the system.

14.     As a result of Intus's unauthorized access to PACECare, RTZ was forced to incur costs and resources to investigate, monitor and address PACECare access activities.  It further dedicated time and labor to conducting such investigations and taking measures to prevent unauthorized access by Intus.

15.    By wrongfully using the log-in credentials of authorized users to access PACECare, Intus's access resulted in more users of the system than were authorized and licensed. Such extraneous use therefore increased usage of the entire system invariably resulting in system strain and impacting system efficiency.

16.    In the process of investigating Intus's unauthorized access to PACECare, RTZ discovered that Intus had created or caused to be created unique log-in credentials through its PACE facility customer's PACECare accounts. RTZ was forced to dedicate time and resources to addressing and invalidating such improper log-in credentials.

17.    Upon discovering Intus's unauthorized access to PACECare, RTZ communicated with Intus directly and informed it that an NDA was required to access PACECare. RTZ presented its standard NDA to Intus in August 2022.

18.    Intus never executed RTZ's proposed NDA. In fact, Intus never executed any NDA with respect to any access to PACECare.

19.    Instead, on September 13, 2022, Intus presented an entirely different "Access Agreement" to RTZ for its consideration.

20.    Intus's Access Agreement proposed a 3-year initial term, with automatic renewing 1-year terms. It further would have permitted termination only based on incurable "material[] breaches." It further would have provided that even if the Access Agreement was terminated, Intus would "have and retain the right and license to use and access PACECare for as long as required to meet and pre-existing contractual obligations of Intus Care that are dependent upon Intus Care access to PACECare." Such terms were unacceptable to RTZ. The proposed Access Agreement contained other terms and conditions that RTZ likewise found unacceptable under the circumstances.

21.    RTZ rejected Intus's proposed Access Agreement.

22.    On September 14, 2022, and with no NDA in place, RTZ transmitted a letter to Intus demanding that it cease and desist from any unauthorized access to PACECare. (See Exhibit 1 to Intus's Amended Complaint, Doc. #25.)

ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS

23.     On September 28, 2022, RTZ sent a follow-up letter to Intus further demanding that Intus cease and desist from disparaging RTZ in communications with the parties' mutual customers.  (See Exhibit 1 to Intus's Amended Complaint, Doc. #25.)  Discussions between the parties ensued.

24.     On October 13, 2022, Intus presented a proposed Data License Agreement to RTZ.  Among other problematic provisions, the proposed agreement would have required RTZ to develop and to integrate a "Launch Intus Care" button directly into its PACECare system – a system upgrade and requirement that RTZ was simply unwilling to accept.  Again, discussions between the parties ensued.  From October through March 2023, the parties continued to negotiate for an agreeable form of NDA that would have permitted Intus to access PACECare.  No NDA was executed, because the parties failed to reach an agreement.

25.     Beginning in or around June 2023, the nature of the discussions changed.  Rather than seeking an NDA (or access to PACECare), Intus instead focused its attention on a potential acquisition of RTZ.  Although the parties explored such a transaction, no agreement was ever reached.  Communications between the parties ceased in or around August 2023.

26.     Since August 2023, RTZ has discovered significant wrongdoing by Intus.  In addition to wrongfully using the log-in credentials of its PACE facility customers to secretly access PACECare without authorization, RTZ also discovered that Intus made false and misleading statements to PACE facilities in an effort to gain access to PACECare without RTZ's knowledge or consent.

27.     Specifically, on or around February 14, 2024, Intus falsely represented to at least one PACE facility (Community PACE) that Intus was within the "corporate umbrella" of Tabula Rasa Health Care ("TRHC"), a competitor to RTZ.  Notwithstanding its status as a competitor, RTZ had previously entered into various NDAs with TRHC given that both companies provided select services to common PACE facility customers.  By virtue of its NDAs with RTZ, TRHC had rights to access the PACECare systems licensed to certain PACE facilities.

ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS
62814660.v2

28.     On information and belief, in or around February 2024, Intus falsely represented to Community PACE that because Intus was within TRHC's corporate umbrella, it therefore enjoyed the same PACECare access rights as TRHC as permitted by the NDA between TRHC and RTZ.

29.     In fact, Intus is not and never has been within the corporate umbrella of TRHC. Its statements to the contrary were false.  Nonetheless, Intus made such misrepresentations to at least one PACE facility in an effort to circumvent RTZ's NDA requirements to access PACECare.

30.     RTZ has also learned that in further efforts to access PACECare without RTZ's consent or knowledge, Intus amended at least some of its contracts with its PACE facility customers that are licensed PACECare users to include a Data Integration Addendum ("Addendum").  That Addendum purported to authorize the downloading of electronic health records from the PACE facility's PACECare system through use of an "automated data integration process."  The Addendum – apparently drafted by Intus – included a purported representation and warranty by the PACE facility that it had the "authority, ability, and right to use an automated script by and through its log-in credentials solely to download the EHR Data from [its PACECare system] and that its use of the automated script and/or such use and/or access of the [PACECare system] and/or EHR Data is by its election and does not violate and/or breach any state law, statute, regulation, rule, contract and/or agreement to which the Client is subject and/or a party."  (See Exhibit 1 (Data Integration Addendum) attached hereto.)

31.     On information and belief, Intus required those PACE facility customers using PACECare to execute the Addendum.  This requirement was imposed despite the fact that those PACE facilities licensing PACECare were contractually prohibited from providing account credentials or other forms of access to PACECare to any third-party, including Intus.

32.     Intus never informed RTZ about its Addendum.

33.     Moreover, Intus had actual knowledge that common PACE facility customers of RTZ and Intus in fact had no "authority, ability, and right to use an automated script by and

through its log-in credentials solely to download the EHR Data from [its PACECare system] and that its use of the automated script and/or such use and/or access of the [PACECare system] and/or EHR Data is by its election and does not violate and/or breach any state law, statute, regulation, rule, contract and/or agreement to which the Client is subject and/or a party" as set forth in the Addendum.

34.    On information and belief, Intus first developed the Addendum and started requiring its execution after RTZ had specifically withheld its consent to granting Intus access to PACECare absent an executed NDA.  Accordingly, Intus's development of its automated script referenced in the Addendum (the "Script")– which preceded the use of the Addendum – occurred after Intus had been specifically told by RTZ that it was not authorized to access PACECare.

35.    Intus never sought RTZ's consent to access PACECare for purposes of developing the Script.

36.    Intus never received RTZ's consent to access PACECare for purposes of developing the Script.

37.    Intus developed the Script without the knowledge of RTZ.

38.    Intus developed the Script without the consent of RTZ.

39.    Intus's development of the Script was dependent on Intus's access to PACECare.

40.    Intus's Script has been installed and/or implemented for at least one PACE facility that licenses PACECare, without RTZ's consent or authorization.

41.    Upon information and belief, Intus's Script has been installed and/or implemented for more than one PACE facility that licenses PACECare, all without RTZ's consent or authorization.

42.    On information and belief, the Script improperly utilizes the PACECare log-in credentials of one or more authorized users of the PACE facility licensed to use PACECare. Such log-in credentials are required for the Script to access and extract the PACE Data stored in PACECare.  Intus is not and has never been a licensed user of PACECare.  It further has never obtained its own authorized log-in credentials to access PACECare.

43.     Intus developed the Script to access PACECare without RTZ's knowledge and consent.

44.     Using the Script, Intus has repeatedly and wrongfully accessed PACECare to download PACE Data from PACECare from multiple PACE facility customers who were licensed to use PACECare.

45.     On information and belief, because Intus is in the process of developing and/or has commenced development of its own EMR system, it has engaged in the unauthorized access of competing EMR systems, including PACECare, to unfairly and improperly obtain competitive intelligence.  Specifically, through its unauthorized access of PACECare, Intus achieved two goals: (i) it can extract PACE Data to fulfill its data synthesis/dashboard services to common PACE facility customers; and (ii) it exploits such access to view and assess the PACECare system to accelerate its own EMR system research and development efforts.  By accessing PACECare without authorization, Intus exploited the wrongful access to investigate and learn about the functionality, operability, layout, interfaces, data presentation and report-generating capabilities of the PACECare system.  In so doing, Intus used such unauthorized access to expedite and refine its own development of a competing EMR system.

46.     Intus's exploitive and improper access to competing EMR systems is an apparent pattern.  On information and belief, Intus has developed automated scripts to run on multiple EMR systems resulting in system strain which inhibits practitioners' use of the PACE tools and/or increases costs, including but not limited to, hosting fees.

47.     Intus has therefore used unfair and improper practices in its efforts to develop a competing EMR system, including but not limited to, falsely representing its corporate affiliation to customers in an effort to surreptitiously access PACECare, repeatedly accessing PACECare without RTZ's authorization or consent through the use of unauthorized log-in credentials, and covertly developing an automated script and installing it to access data on the PACECare system without the knowledge or consent of RTZ.

/ / /

ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS
Case No. 3:24-cv-1132-JST
62814660.v2

**FIRST CLAIM FOR RELIEF**

**(Violation of the California Computer Data Access and Fraud Act (Cal. Pen. Code § 502))**

48.     RTZ realleges and incorporates by reference as though fully set forth herein each and every allegation set forth in the preceding paragraphs.

49.     California Penal Code section 502 (the California Computer Data Access and Fraud Act or "CDAFA") provides, "[f]or purposes of bringing a civil or criminal action under this section, a person who causes, by any means, the access of a computer, computer system, or computer network in one jurisdiction from another jurisdiction is deemed to have personally accessed the computer, computer system, or computer network in each jurisdiction."

50.     Section 502(e) permits a civil claim for compensatory damages, injunctive relief, or other equitable relief to the "owner or lessee of the computer, computer system, computer network, computer program, or data who suffers damage or loss by reason of a violation" of the CDAFA.

51.     RTZ's PACECare system is a "Computer System" as defined within section 502 (a)(5) of the CDAFA.

52.     RTZ is the owner and/or lessee of the PACECare cloud-based storage computer system consisting of numerous servers.

53.     Intus knowingly accessed RTZ's PACECare system without authorization to obtain and use valuable data stored within PACECare.  Intus did so by intentionally and fraudulently utilizing the log-in credentials of authorized users to access PACECare, extract data by virtue of that illicit access, and then use such data for purposes of providing charged services to its PACE facility customers.  Moreover, through its unauthorized accesses to PACECare, Intus used such unauthorized accesses to mine other valuable data from the PACECare system (specifically, the functionality, operability, layout, interfaces, data presentation and report-generating capabilities), to expedite and refine its own development of a competing EMR system.

62814660.v2

54.     Intus further covertly developed an automated script to access PACECare and the data stored on RTZ's protected computers without RTZ's knowledge or consent.  Intus never informed RTZ that it was developing and installing the automated script.  On information and belief, Intus developed its automated script despite having knowledge of RTZ's refusal to permit Intus access to PACECare without an executed NDA.  On information and belief, Intus's automated script fraudulently utilizes the log-in credentials of Intus's PACE facility customers thereby masking Intus's access to PACECare to avoid detection by RTZ.

55.     Intus's conduct violates Section 502, including but not limited to sections (c)(1), (c)(2), (c)(3) and (c)(7) which makes it unlawful to knowingly and without permission: (i) use a computer system to wrongfully obtain data; (ii) make use of data from a computer system; (iii) use computer services (as defined in Section 502(a)(4)); and (iv) access a computer system.

56.     As a direct and proximate result of the violations of Section 502, Intus has unjustly profited from the data extracted from PACECare.  In addition, RTZ has suffered damage or loss in an amount to be proven at trial, including but not limited to, strain and load on RTZ's computer system and costs and resources to investigate, monitor and address PACECare access activities.  With regard to such violations, RTZ is also entitled to injunctive and other equitable relief pursuant to Section 502(e)(1).

57.     Intus's conduct was willful and manifests oppression, fraud and malice.  As a result, RTZ is entitled to exemplary damages pursuant to section 502(e)(4) of the California Penal Code and section 3294 of the California Civil Code.

### SECOND CLAIM FOR RELIEF
### (Violation of the Computer Fraud and Abuse Act (18 U.S.C. § 1030))

58.     RTZ realleges and incorporates by reference as though fully set forth herein each and every allegation set forth in the preceding paragraphs.

59.     The federal Computer Fraud and Abuse Act ("CFAA") authorizes a private cause of action against defendants who "knowingly and with intent to defraud accesse[d] a protected computer without authorization, or exceed[ed] authorized access, and by means of such conduct further[ed] the intended fraud and obtain[ed] anything of value…"  (18 U.S.C. § 1030(a)(4).)

60.    The CFAA further establishes liability where a defendant "intentionally access[ed] a protected computer without authorization, and as a result of such conduct, cause[d] damage and loss."  (18 U.S.C. § 1030(a)(5)(C).)

61.    The PACECare cloud-based system, including the servers owned and/or leased by RTZ to store and organize the inputted confidential PACE Data, are "protected computer[s]" within the scope of 18 U.S.C. § 1030(e)(2) in that RTZ uses them in interstate commerce and communications, including the Internet.

62.    Intus knowingly and with intent to defraud accessed RTZ's PACECare system without authorization to obtain and use valuable data stored within PACECare.  Intus did so by intentionally and fraudulently utilizing the log-in credentials of authorized users to access PACECare, extract data by virtue of that illicit access, and then use such data for purposes of providing charged services to its PACE facility customers.  Moreover, Intus used such unauthorized accesses to PACECare to mine other valuable data from the PACECare system (specifically, the functionality, operability, layout, interfaces, data presentation and report-generating capabilities), to expedite and refine its own development of a competing EMR system.

63.    Intus further covertly developed an automated script to access PACECare and the data stored on RTZ's protected computers without RTZ's knowledge or consent.  Intus never informed RTZ that it was developing and installing the automated script.  On information and belief, Intus developed its automated script despite having knowledge of RTZ's refusal to permit Intus access to PACECare without an executed NDA.  On information and belief, Intus's automated script fraudulently utilizes the log-in credentials of Intus's PACE facility customers thereby masking Intus's access to PACECare to avoid detection by RTZ.

64.    On information and belief, Intus further made material misrepresentations to its PACE facility customers to improperly gain access to PACECare.  Specifically, on or around February 14, 2024, RTZ was informed that Intus falsely represented to Community PACE (a common PACE facility customer of RTZ and Intus) that it was part of the "corporate umbrella"

ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS
Case No. 3:24-cv-1132-JST
62814660.v2

of TRHC, and thus was entitled to the same PACECare access granted to TRHC by RTZ (via an executed NDA). On information and belief, Intus is not and never has been within TRHC's corporate umbrella. Accordingly, its statements to Community PACE were false and intended to fraudulently gain access to PACECare.

65.    By virtue of its conduct as alleged herein, Intus also intentionally accessed RTZ's protected computer without authorization in violation of 18 U.S.C. § 1030(a)(5)(C).

66.    By this unauthorized and intentional conduct in violation of 18 U.S.C. § 1030, Intus has obtained something of value (i.e., PACE Data and PACECare logic, layout and functionality information) and/or proximately caused damages and loss to RTZ in excess of $5,000 in a one-year period.

67.    Pursuant to 18 U.S.C. § 1030(g), RTZ is entitled to compensatory damages and injunctive, declaratory and/or other equitable relief.

### THIRD CLAIM FOR RELIEF
### (Trespass to Chattels)

68.    RTZ realleges and incorporates by reference as though fully set forth herein each and every allegation set forth in the preceding paragraphs.

69.    It is a violation of California's common law cause of action for trespass to chattels when a "(1) defendant intentionally and without authorization interfered with plaintiff's possessory interest in the computer system; and (2) defendant's unauthorized use proximately resulted in damage to plaintiff." *eBay, Inc. v. Bidder's Edge, Inc.*, 100 F. Supp. 2d 1058, 1069-70 (N.D. Cal. 2000). "Damage" includes when the trespass has impaired the condition, quality, usefulness, or value of the personal property.

70.    Intus impaired the condition, quality, usefulness, and value of RTZ's personal property by wrongfully accessing and extracting data from PACECare, as set forth above.

71.    Intus acted intentionally by deliberately accessing and extracting data from PACECare, despite having prior knowledge that it was not authorized to do so. At no point did RTZ ever authorize Intus to access PACECare and/or extract the data therein, and Intus resorted

to deception in order to bypass RTZ's password protections and wrongfully gain access to PACECare and perform data extractions.

72.    RTZ has suffered actual damages as a result of Intus's trespass to chattels in an amount to be determined at trial.  RTZ seeks compensatory damages, as well as injunctive, declaratory and/or other equitable relief.

73.    Intus's conduct was willful and manifests oppressions, fraud and malice.  As a result, RTZ is entitled to exemplary damages pursuant to section 3294 of the California Civil Code.

### FOURTH CLAIM FOR RELIEF
**(Unfair Competition in Violation of California Business & Professions Code § 17200 *et seq.*)**

74.    RTZ realleges and incorporates by reference as though fully set forth herein each and every allegation set forth in the preceding paragraphs.

75.    California Business & Professions Code section 17200, *et seq.*, prohibits acts of unfair competition, including unlawful, unfair and fraudulent business acts and practices.

76.    As alleged herein, Intus's conduct violates the CFAA, the CDAFA, and also constitutes trespass to chattels.  Moreover, as alleged herein, Intus made false representations of fact concerning its corporate affiliations as a means to wrongfully obtain access to PACECare.

77.    Intus further improperly and unfairly developed and used an automated script to access PACECare and the data stored on RTZ's protected computers without RTZ's knowledge or consent.

78.    On information and belief, Intus further used its unauthorized access to PACECare to improperly accelerate its own research and development of a competing EMR system.

79.    Intus's conduct, as alleged herein, therefore violates the rights of RTZ and constitutes unlawful, unfair and/or fraudulent business practices within the meaning of Cal. Bus. & Prof. Code sections 17200, *et seq.*

ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS
Case No. 3:24-cv-1132-JST

62814660.v2

80. As a direct and proximate result of its conduct, Intus has caused damages to RTZ for which restitution is required, and RTZ is also entitled to declaratory, injunctive and/or other equitable relief.

## FOURTH CLAIM FOR RELIEF
### (Inducing Breach of Contract)

81. RTZ realleges and incorporates by reference as though fully set forth herein each and every allegation set forth in the preceding paragraphs.

82. RTZ entered into valid PACECare Agreements with PACE facilities that contained access limitation provisions that expressly prohibit PACE facilities from providing account credentials or other forms of system access to PACECare to any third-party without RTZ's consent.

83. On information and belief, Intus had knowledge of those PACECare Agreements.

84. On information and belief, Intus has intentionally induced PACE facility customers to breach their PACECare Agreements by sharing their log-in credentials to PACECare with Intus.

85. PACE facility customers breached their PACECare Agreements with RTZ by providing Intus with their log-in credentials to access PACECare.

86. RTZ has never consented to Intus accessing PACECare by using log-in credentials of PACE facility customers.

87. On information and belief, Intus used PACE facility customers' log-in credentials to secretly gain access to PACECare.

88. As a direct and proximate result, RTZ has suffered and will continue to suffer damages and harm.

89. RTZ is entitled to compensatory damages, injunctive relief, declaratory relief, and/or other equitable relief.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaimant RTZ prays for judgment as follows:

4. Judgment in RTZ's favor;

- 21 -

5. Actual and consequential damages to be proven at trial;

6. Punitive damages;

7. Restitution and unjust enrichment against RTZ;

8. For declaratory, injunctive and equitable relief as appropriate, including an injunction barring Intus's continued unauthorized access to RTZ's PACECare system, including through its use of the automated script;

9. Dismissal of Intus's claims with prejudice;

10. Costs of suit herein, including reasonable attorney's fees;

11. Pre- and post-judgment interest;

12. An award of any such other and further relief as this Court deems equitable and proper.

Dated:  June 20, 2024                    NOSSAMAN LLP


By:  /s/ David C. Lee
        David C. Lee
        Kasia Penn

Attorneys for Defendant RTZ ASSOCIATES, INC.

1

## JURY DEMAND

2      Counterclaimant RTZ demands a trial by jury on all issues presented in its Counterclaims

3  that are properly triable by jury.

4

5  Dated:  June 20, 2024                    NOSSAMAN LLP

6

7                                  By: /s/ David C. Lee

                                         David C. Lee
8                                        Kasia Penn
                                  Attorneys for Defendant RTZ ASSOCIATES, INC.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS
Case No. 3:24-cv-1132-JST

62814660.v2