MANATT, PHELPS & PHILLIPS, LLP
Ileana M. Hernandez (Bar No. 198906)
IHernandez@manatt.com
Charles E. Weir (Bar No. 211091)
CWeir@manatt.com
Val Bianchi-Demicheli (Bar No. 347028)
VBianchi-demicheli@manatt.com
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

SAVAGE LAW PARTNERS, LLP
C. Alexander Chiulli (Admitted Pro Hac Vice)
achiulli@savagelawpartners.com
564 South Water Street
Providence, RI 02903
Telephone: (401) 238-8500
Facsimile: (401) 648-6748

*Attorneys For Plaintiff*
INTUS CARE, INC.

UNITED STATES DISTRICT COURT|

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTUS CARE, INC.<br><br>            Plaintiff,<br><br>       v.<br><br>RTZ ASSOCIATES, INC.; and DOES 1 through 10,<br><br>            Defendants. | Case No. 4:24-cv-1132-JST<br><br>Assigned to: Hon. Jon S. Tigar<br><br>**PLAINTIFF INTUS CARE, INC.'S ANSWER TO COUNTERCLAIMS**<br><br>Complaint filed: February 23, 2024<br><br>Counterclaims filed: June 20, 2024 |

# ANSWER TO COUNTERCLAIMS

Plaintiff Intus Care, Inc. ("Intus"), in accordance with Fed. R. Civ. P. 12, hereby answers the Counterclaims (ECF No. 41) by Defendant RTZ Associates, Inc.'s ("RTZ") as follows:

1. Intus admits that RTZ operates the PACECare software system ("PACECare"). Intus lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1 of the Counterclaims and on this basis denies them.

2. Intus denies the allegations in paragraph 2 of the Counterclaims that describes PACECare as a simple "administrative tool." Intus lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 2 of the Counterclaims and on this basis denies them.

3. Intus admits that RTZ asserts that PACECare is proprietary and confidential but denies the remaining allegations in paragraph 3 of the Counterclaims.

4. Intus admits that RTZ operates PACECare, the content and functionality of which speak for themselves.. Intus lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4 of the Counterclaims and on this basis denies them.

5. Intus lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Counterclaims and on this basis denies them.

6. Intus admits that the data and other information stored on PACECare belong to PACECare users, not RTZ, and that RTZ prohibited Intus from accessing such data on behalf of PACECare users that are clients of Intus. Intus lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6 of the Counterclaims and on this basis denies them.

7. Intus lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Counterclaims and on this basis denies them.

8. Intus admits the allegations in paragraph 8 of the Counterclaims.

- 2 -

PLAINTIFF'S ANSWER TO COUNTERCLAIMS

Case No. 3:24-cv-1132-JST

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

9. Intus admits that it synthesizes data maintained in electronic medical records ("EMR") software programs, such as PACECare, for PACE programs, and that it is not a medical provider licensed to dispense medical advice, but denies the remaining allegations in paragraph 9 of the Counterclaims.

10. Intus denies the allegations in paragraph 10 of the Counterclaims.

11. Intus denies the allegations in paragraph 11 of the Counterclaims.

12. Intus lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Counterclaims and on this basis denies them.

13. Intus denies the allegations in paragraph 13 of the Counterclaims.

14. Intus denies that its access to PACECare was unauthorized. Intus lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 of the Counterclaims and on this basis denies them.

15. Intus denies that it wrongfully used the log-in credentials of authorized users to access PACECare. Intus lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15 of the Counterclaims and on that basis denies them.

16. Intus denies that Intus's access to PACECare was unauthorized but lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Counterclaims and on this basis denies them.

17. Intus denies that Intus's access to PACECare was unauthorized but admits that RTZ presented an NDA to Intus in August 2022. Intus lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17 of the Counterclaims.

18. Intus admits the allegations in paragraph 18 of the Counterclaims.

19. Intus admits that it presented an agreement referred to in paragraph 19 of the Counterclaims as an "Access Agreement," the content of which speaks for itself, to RTZ for its consideration, but denies any allegations that differ from or mischaracterizes the content of the Access Agreement.

20. Intus admits that it proposed an agreement referred to in paragraph 20 of the Counterclaims as the "Access Agreement," the content of which speaks for itself, but denies any allegations that differ from or mischaracterizes the content of the Access Agreement. Intus lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20 of the Counterclaims and on this basis denies them.

21. Intus admits the allegations in paragraph 21 of the Counterclaims.

22. Intus admits that RTZ transmitted a letter, the content of which speaks for itself, dated September 14, 2022, to Intus as alleged in paragraph 22 of the Counterclaims.

23. Intus admits that RTZ sent a letter, the content of which speaks for itself, dated September 22, 2022 to Intus, as alleged in paragraph 23 of the Counterclaims.

24. Intus admits that it transmitted to RTZ an agreement referred to in paragraph 24 of the Counterclaims as the "Data License Agreement," the content of which speaks for itself, but denies any allegations that differ from or mischaracterizes the content of the Data License Agreement. Intus also admits that the parties continued to negotiate an NDA and no NDA was executed, but denies the remaining allegations in paragraph 24 of the Counterclaims.

25. Intus denies the allegations in paragraph 25 of the Counterclaims. Intus alleges that the disclosure of discussions referenced in paragraph 25 of the Counterclaims violates a nondisclosure agreement between the parties.

26. Intus denies the allegations in paragraph 26 of the Counterclaims.

27. Intus denies that it represented to Community PACE that it was affiliated with Tabula Rasa Health Care. As to the remaining allegations in paragraph 27 of the Counterclaims, Intus lacks knowledge or information sufficient to form a belief as to the truth of those allegations and on this basis denies them.

28. Intus denies the allegations in paragraph 28 of the Counterclaims.

29. Intus admits that is not affiliated with Tabula Rasa Heath Care. Intus denies the remaining allegations in paragraph 29 of the Counterclaims.

30. Intus admits that it entered into one or more agreements referred to in paragraph 30 of the Counterclaims as the "Data Integration Addendum," the content of which speaks for itself, but denies any allegations that differ from or mischaracterizes the content of the Data Integration Addendum. Intus lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 30 of the Counterclaims.

31. Intus denies that it required its clients using PACECare to execute the Addendum. As to the remaining allegations in paragraph 31 of the Counterclaims, Intus lacks knowledge or information sufficient to form a belief as to the truth and on that basis denies them.

32. Intus admits the allegations in paragraph 32 of the Counterclaims.

33. Intus denies the allegations in paragraph 33 of the Counterclaims.

34. Intus admits that it developed its automated script. Intus denies the remaining allegations in paragraph 33 of the Counterclaim.

35. Intus denies the allegations in paragraph 35 of the Counterclaims.

36. Intus denies the allegations in paragraph 36 of the Counterclaims.

37. Intus lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Counterclaims and on this basis denies them.

38. Intus denies the allegations in paragraph 38 of the Counterclaims.

39. Intus denies the allegations in paragraph 39 of the Counterclaims.

40. Intus denies the allegations in paragraph 40 of the Counterclaims.

41. Intus denies the allegations in paragraph 41 of the Counterclaims.

42. Intus denies the allegations in paragraph 42 of the Counterclaims.

43. Intus denies the allegations in paragraph 43 of the Counterclaims.

44. Intus denies the allegations in paragraph 44 of the Counterclaims.

45. Intus denies the allegations in paragraph 45 of the Counterclaims.

46. Intus denies the allegations in paragraph 46 of the Counterclaims.

47. Intus denies the allegations in paragraph 47 of the Counterclaims.

/ / /

## FIRST CLAIM FOR RELIEF

**(Violation of the California Computer Data Access and Fraud Act (Cal. Pen. Code § 502))**

48. Responding to paragraph 48 of the Counterclaims, Intus incorporates by reference its responses to all prior allegations as if fully stated herein.

49. The allegations in paragraph 49 of the Counterclaims, in whole or in part, reflect legal conclusions and citations to legal authority which speak for themselves and, therefore, no response is required. To the extent a response is deemed required, Intus denies that it has violated any law.

50. The allegations in paragraph 50 of the Counterclaims, in whole or in part, reflect legal conclusions and citations to legal authority which speak for themselves and, therefore, no response is required. To the extent a response is deemed required, Intus denies that it has violated any law.

51. The allegations in paragraph 51 of the Counterclaims, in whole or in part, reflect legal conclusions and citations to legal authority which speak for themselves and, therefore, no response is required. To the extent a response is deemed required, Intus denies the allegations.

52. Intus lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Counterclaims and on this basis denies them.

53. Intus denies the allegations in paragraph 53 of the Counterclaims.

54. Intus denies the allegations in paragraph 54 of the Counterclaims.

55. Intus denies the allegations in paragraph 55 of the Counterclaims.

56. Intus denies the allegations in paragraph 56 of the Counterclaims.

57. Intus denies the allegations in paragraph 57 of the Counterclaims.

## SECOND CLAIM FOR RELIEF

**(Violation of the Computer Fraud and Abuse Act (18 U.S.C. § 1030))**

58. Responding to paragraph 58 of the Counterclaims, Intus incorporates by reference its responses to all prior allegations as if fully stated herein.

59. The allegations in paragraph 59 of the Counterclaims, in whole or in part, reflect legal conclusions and citations to legal authority which speak for themselves and, therefore, no response is required. To the extent a response is deemed required, Intus denies the allegations.

60. The allegations in paragraph 60 of the Counterclaims in whole or in part, reflect legal conclusions and citations to legal authority which speak for themselves and, therefore, no response is required. To the extent a response is deemed required, Intus denies the allegations.

61. Intus admits that PACECare is a cloud-based system but denies the remaining allegations in paragraph 61 of the Counterclaims.

62. Intus denies the allegations in paragraph 62 of the Counterclaims.

63. Intus denies the allegations in paragraph 63 of the Counterclaims.

64. Intus admits that Intus is not affiliated with Tabula Rasa Health Care but denies the remaining allegations in paragraph 64 of the Counterclaims.

65. Intus denies the allegations in paragraph 65 of the Counterclaims.

66. Intus denies the allegations in paragraph 66 of the Counterclaims.

67. Intus denies the allegations in paragraph 67 of the Counterclaims.

### THIRD CLAIM FOR RELIEF

### (Trespass to Chattels)

68. Responding to paragraph 68 of the Counterclaims, Intus incorporates by reference its responses to all prior allegations as if fully stated herein.

69. The allegations in paragraph 69 of the Counterclaims, in whole or in part, reflect legal conclusions and citations to legal authority which speak for themselves and, therefore, no response is required. To the extent a response is deemed required, Intus denies the allegations.

70. Intus denies the allegations in paragraph 70 of the Counterclaims.

71. Intus denies the allegations in paragraph 71 of the Counterclaims.

72. Intus denies the allegations in paragraph 72 of the Counterclaims.

73. Intus denies the allegations in paragraph 73 of the Counterclaims.

/ / /

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

## FOURTH CLAIM FOR RELIEF

## (Unfair Competition in Violation of California Business & Professions Code § 17200 *et seq.*)

74. Responding to paragraph 74 of the Counterclaims, Intus incorporates by reference its responses to all prior allegations as if fully stated herein.

75. The allegations in paragraph 75 of the Counterclaims, in whole or in part, reflect legal conclusions and citations to legal authority which speak for themselves and, therefore, no response is required. To the extent a response is deemed required, Intus denies the allegations.

76. Intus denies the allegations in paragraph 76 of the Counterclaims.

77. Intus denies the allegations in paragraph 77 of the Counterclaims.

78. Intus denies the allegations in paragraph 78 of the Counterclaims.

79. Intus denies the allegations in paragraph 79 of the Counterclaims.

80. Intus denies the allegations in paragraph 80 of the Counterclaims.

## FIFTH CLAIM FOR RELIEF[1]

## (Unfair Competition in Violation of California Business & Professions Code § 17200 *et seq.*)

81. Responding to paragraph 81 of the Counterclaims, Intus incorporates by reference its responses to all prior allegations as if fully stated herein.

82. Intus lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 of the Counterclaims and on this basis denies them.

83. Intus denies the allegations in paragraph 83 of the Counterclaims.

84. Intus denies the allegations in paragraph 84 of the Counterclaims.

85. Intus denies the allegations in paragraph 85 of the Counterclaims..

86. Intus lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86 of the Counterclaims and on this basis denies them.

87. Intus denies the allegations in paragraph 87 of the Counterclaims.

---

[1] The Counterclaims refer to this claim as "Fourth Claim for Relief," which appears to be an error.

88. Intus denies the allegations in paragraph 88 of the Counterclaims.

89. Intus denies the allegations in paragraph 89 of the Counterclaims.

**RESPONSE TO PRAYER FOR RELIEF**

Intus denies each allegation set forth in the "Prayer for Relief" section of RTZ's Counterclaims, and specifically denies that RTZ is entitled to any of the damages or other relief requested in the Counterclaims.

**AFFIRMATIVE DEFENSES**

By alleging defenses herein, Intus intends no alteration of any burden of proof or burden of going forward with the evidence that otherwise exists with respect to any particular issue at law or in equity. All defenses are pled in the alternative and do not constitute an admission either of liability, or as to whether RTZ is entitled to any relief whatsoever. Further, Intus reserves the right to supplement the below affirmative defenses, including, without limitation, as a result of new information obtained through discovery.

**FIRST AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

RTZ's claims are barred, in whole or in part, by the doctrine of unclean hands, including based on RTZ's wrongdoing as alleged in the Amended Complaint.

**SECOND AFFIRMATIVE DEFENSE**

**(*In Pari Delicto*)**

RTZ's claims are barred, in whole or in part, by the doctrine of *in pari delicto*, including based on RTZ's wrongdoing as alleged in the Amended Complaint.

**THIRD AFFIRMATIVE DEFENSE**

**(Legitimate Reason)**

RTZ's claims are barred, in whole or in part, because any alleged acts or omissions of Intus that gave rise to RTZ's purported claims were and are justified by a legitimate necessity, including but not limited to the business necessity of avoiding breaching contracts with clients,

- 9 -
PLAINTIFF'S ANSWER TO COUNTERCLAIMS AND AFFIRMATIVE DEFENSES
Case No. 3:24-cv-1132-JST

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

guaranteeing access to clients' medical data as allowed by applicable law, as well as other legitimate reasons.

**FOURTH AFFIRMATIVE DEFENSE**

**(Fault of Others)**

RTZ's claims are barred, in whole or in part, because RTZ's damages, if any, were proximately caused and/or contributed to by the acts, omissions, negligence, and/or intentional misconduct of RTZ and third parties, including but not limited to RTZ's agents. Intus reserves the right to bring claims against any and all third parties for indemnity and contribution as well as any other appropriate claims.

**FIFTH AFFIRMATIVE DEFENSE**

**(No Standing)**

RTZ's claims are barred, in whole or in part, because RTZ lacks standing to bring the claims because it has no cognizable injury under Article III.

**SIXTH AFFIRMATIVE DEFENSE**

**(No Punitive Damages)**

RTZ's claim for punitive damages is barred because RTZ has not alleged and cannot establish the conditions precedent for recovery of punitive damages, including that any action or omission by Intus was "willful and manifest[ed] oppression[], fraud and malice."

**SEVENTH AFFIRMATIVE DEFENSE**

**(Compliance with Applicable Laws)**

RTZ's claims are barred, in whole or in part, because Intus has acted in compliance with all applicable laws, statutes, and regulations, including but not limited to the 21st Century Cures Act.

/ / /

/ / /

/ / /

/ / /

**EIGHTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

At all times relevant to the matters alleged in the Counterclaims, Intus acted in good faith, reasonably and without any actual or constructive knowledge of any alleged breach of any legal duty owed to RTZ, or any other alleged wrong done to RTZ.

**NINTH AFFIRMATIVE DEFENSE**

**(Waiver)**

RTZ engaged in conduct, including but not limited to the conduct alleged in the Amended Complaint, which constitutes a waiver of its rights, if any such exist, that it alleges were violated. By reason of this waiver, Intus is excused from the liability alleged in the Counterclaims.

**TENTH AFFIRMATIVE DEFENSE**

**(Equitable Estoppel)**

The Counterclaims are barred by reason of actions, omissions, representations and/or courses of conduct engaged in by RTZ or other authorized third parties, including but not limited to their participation in the actions described in the Amended Complaint, by which Intus was led to rely to its detriment, thereby barring under the doctrine of equitable estoppel any causes of action asserted by RTZ.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Unjust Enrichment)**

RTZ's claims are barred, in whole or in part, because RTZ would be unjustly enriched if it recovered from Intus any of the damages alleged in the Counterclaims.

**TWELFTH AFFIRMATIVE DEFENSE**

**(RTZ's Intentional Acts)**

RTZ's claims are barred, in whole or in part, because any injury or damage sustained by it, if indeed it suffered any injury or damages at all, as alleged or otherwise, was caused and enhanced by RTZ's own intentional acts or the acts of its authorized agent(s), including but not limited to its conduct as alleged in the Amended Complaint.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

The Counterclaims fail to set forth facts sufficient to state or constitute any claim against Intus and fail to state facts sufficient to entitle RTZ to the relief sought, or any relief whatsoever, from Intus. Further, Intus contends RTZ will be unable to establish such facts as necessary to satisfy RTZ's burden of proof as to the claims asserted.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Consent)**

By reason of the conduct of RTZ, including but not limited to the conduct alleged in the Amended Complaint, RTZ acquiesced and/or consented to Intus's conduct alleged in the Counterclaims.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

RTZ is not entitled to relief because, if RTZ has been damaged, which Intus denies, RTZ has failed to mitigate all or part of its damages.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

RTZ's counterclaims are, in their totality or in part, time barred by the applicable statute of limitations and/or laches.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Fifth Amendment Due Process)**

To the extent that any liability, including but not limited to punitive, treble, statutory and/or consequential damages, is applied upon Intus in circumstances that Intus could not have reasonably avoided and/or damages that would be grossly disproportional to any actual harm caused by the activity in question, such liability would violate the Due Process Clause of the Fifth Amendment to the United States Constitution.

/ / /

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Eighth Amendment Excessive Fines)

To the extent liability, including but not limited to punitive, treble, statutory and/or consequential damages is applied against Intus to impose liability that would be grossly disproportional to any actual harm allegedly caused by the activity in question, such liability would violate the Eighth Amendment to the United States Constitution, which prohibits excessive fines.

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Injunctive Relief)

RTZ has failed to state facts that would entitle it to obtain injunctive relief because, among other reasons, there is no threat of immediate and/or continuing harm, and therefore RTZ lacks standing to pursue this relief and/or such relief is not available as a matter of law.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Reservation of Defenses and Other Rights)

Intus may have additional defenses that cannot articulated due to the generality of the Counterclaims, the absence of documents, and/or the early stage of this litigation. Accordingly, Intus reserves the right to assert other separate and additional defenses as claims are particularized and after discovery of the matters alleged in the Counterclaims are concluded.

## **PRAYER FOR RELIEF**

WHEREFORE, Intus prays for entry of judgment in its favor and against RTZ as follows:

1. That RTZ take nothing by way of its Counterclaims;
2. That the Counterclaims be dismissed with prejudice;
3. That Intus be awarded its costs incurred in this action;
4. That Intus be awarded its attorneys' fees incurred in this action as allowed by law; and
5. For such other an further relief as the Court deems just and proper.

Dated: July 25, 2024

MANATT, PHELPS & PHILLIPS, LLP

By: */s/ Ileana M. Hernandez*
Ileana M. Hernandez
Charles E. Weir
Val Bianchi-Demicheli

*Attorneys for Plaintiff*
INTUS CARE, INC.

Dated: July 25, 2024

SAVAGE LAW PARTNERS, LLP

By: */s/ Alexander Chiulli*
Alexander Chiulli

*Attorneys for Plaintiff*
INTUS CARE, INC.

- 14 -
PLAINTIFF'S ANSWER TO COUNTERCLAIMS AND AFFIRMATIVE DEFENSES
Case No. 3:24-cv-1132-JST

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES