

**ATTORNEYS AT LAW**

50 California Street
34th Floor
San Francisco, CA  94111
T 415.398.3600

David C. Lee
D 415.438.7235
dlee@nossaman.com

*Admitted only in California*

Refer To File # - 503730-0002

August 28, 2024

The Honorable Judge Jon S. Tigar
U.S. District Court, Northern District of California
Oakland Courthouse, Courtroom 6 – 2nd Floor
1301 Clay Street, Oakland, CA 94612

  Re: Intus Care, Inc. v. RTZ Associates, Inc. (Case No. 4:24-cv-01132-JST) Discovery Dispute

Dear Judge Jon S. Tigar:

  Defendant and Counterclaimant RTZ Associates, Inc. ("RTZ") and Plaintiff and Counterdefendant Intus Care, Inc. ("Intus") submit this Joint Letter Brief ("Brief") in accordance with the Part H of the Court's Civil Standing Order to detail their discovery dispute concerning Intus' objections-only responses to eight requests contained in RTZ's Requests for Production of Documents, Set One ("RFP-1") (see **Exhibit A**).

  Before the submission of this Brief, the parties conferred via Zoom on August 13, 2024, in an attempt to avoid judicial intervention.  During that process, the parties were not able to narrow the disputes.

  There are eight requests for production of documents in dispute.  Specifically, in response to Requests Nos. 26, 30, 31, 37, 39, 40, 41, and 43 ("Requests at Issue"), Intus provided objections-only responses.  (See **Exhibit B**, Intus' Objections and Responses to RFP-1 and **Exhibit C**, Intus' Supplemental Objections and Responses to RFP-1).  RTZ contends that Intus' objections are improper and that responsive documents should be produced.  Upon meeting and conferring, Intus stated its intent to stand on its objections.  Thus, judicial intervention is required.

  **A. RTZ's Position**

  As alleged, RTZ has developed and exclusively owns the PACECare software system. PACECare is a cloud-based administrative software solution that is licensed to Program of All-inclusive Care for the Elderly ("PACE") facilities throughout the United States.  PACE facilities provide focused care to elderly patients, and use PACECare as an administrative tool to maintain and organize operations, manage finances, and track key PACE participant data ("PACE Data") that is input into and managed by the software solution.  PACECare is a proprietary and confidential system.  Access to PACECare is restricted only to specific authorized users approved

Honorable Jon S. Tigar
August 28, 2024
Page 2

by RTZ. Each authorized user is issued unique login credentials. Only users with such authorized credentials are permitted access to the system. Licensees are prohibited from granting any third parties access to PACECare without RTZ's consent pursuant to RTZ's License Agreements.

Intus provides data visualization software to PACE programs, and extracts PACE Data to create informational dashboards for its PACE facility customers – some of which are also RTZ customers. It is therefore reliant on accessing the data residing in its customers' PACE administrative software systems – notably here, in PACECare. Intus has never obtained an NDA from RTZ. It is therefore not permitted to access PACECare without RTZ's consent – which it has never received. Despite not having any access rights, RTZ has discovered that Intus nevertheless knowingly accessed PACECare without permission. As alleged in RTZ's Counterclaim, Intus achieved such access in multiple unauthorized fashions including by: (i) improperly using PACE facilities' login credentials (thereby trying to mask Intus' intrusion); and (ii) surreptitiously and without RTZ's knowledge or consent, developing an "automated script" (or bot) to automatically extract PACE Data from its customer's PACECare system, again using its customers' login credentials. (See Dkt 41, at Counterclaim ¶¶ 13-15, 30-44.) In so doing, Intus wrongfully accessed PACECare in covert fashion without an NDA or RTZ's express consent. As further alleged, Intus also used its illicit access to PACECare as an intelligence gathering exercise in an effort to steal elements of the PACECare's interfaces, organization, and functionality in the development of its own competing PACE administration software – which Intus has now publicly admitted it is in the process of creating. Accordingly, the means, methods and frequency of Intus' unauthorized accesses to PACECare is therefore directly at issue in multiple counterclaims alleged in this action and thus clearly the subject of discovery. Inexplicably, Intus stands on its objection-only responses despite admitting the relevance of such requested documents (as addressed below).

The documents sought by the Requests at Issue bear directly on Intus' unauthorized access to PACECare and Intus' development of a competing software. Specifically, RFP No. 40 seeks Intus' logs reflecting its access to RTZ's systems, and RFP No. 41 seeks documents and communications sufficient to establish which login credentials Intus used to access RTZ's systems licensed to PACE facilities. RTZ has specifically alleged that Intus improperly utilized the login credentials of PACE facilities to access PACECare. (Dkt. No 41, ¶ 13). Thus, RFPs Nos. 40 and 41 bear directly on RTZ's counterclaims.

Likewise, Requests Nos. 31, 37, and 39 seek documents directly related to Intus' development of the "automated script" that it covertly developed to automatically extract PACE Data from PACECare. Specifically, RFP No. 31 seeks documents related to the research and development of the automated script. Similarly, RFP Nos. 37 and 39 seek the actual logs of data received via Intus' use of the automated script, as well as a native copy of that script. Such documentation obviously bears directly on RTZ's counterclaims, as well as establishing (i) when the script was developed (i.e., after RTZ expressly informed Intus it had no access rights to PACECare); and (ii) Intus' need to covertly access PACECare to ensure its developed script could actually extract the desired PACE Data (i.e., testing and development).

62948309.v6

Honorable Jon S. Tigar
August 28, 2024
Page 3

Relatedly, RPFs Nos. 26 and 30 seek documents related to Intus' "process that allows a PACE program to consistently access data stored on the System" – the more opaque description of the "automated script" used by Intus' legal counsel in pre-litigation correspondence which is attached as Exhibit 2 to Intus' Amended Complaint (Dkt. No. 25, at Exhibit 2.) As such, by incorporating that correspondence into its own Amended Complaint, Intus has clearly opened the discovery door to that "process."

Lastly, Request No. 43 seeks documents identifying the date when Intus commenced research and development of its electronic medical software program. As is alleged in RTZ's Counterclaim, RTZ contends that Intus is in the process of developing and/or has commenced development of a software program that will compete with PACECare. (Dkt. No 41, ¶¶ 10, 45, 46, 47, 53). Moreover, RTZ has alleged that Intus exploited its unauthorized access to PACECare as a means to accelerate its development of a competing program. (Dkt. No 41, ¶ 45). As such, this Request clearly seeks relevant information.

### 1. Intus Has Conceded That Requests at Issue Are Relevant

Intus has tellingly conceded that the Requests at Issue are relevant. In its original objections, Intus asserted relevancy objections to all requests at issue, except for request No. 37. Upon receiving a meet and confer letter from RTZ, Intus served supplemental responses and objections, which conspicuously omitted any relevancy objections to Request Nos. 26, 30, 31, 39, 40, and 41.[1] (**Exhibit C**). Intus has therefore explicitly conceded the relevance of the requested documents sought by the Requests. Its remaining objections are unavailing particularly given that a protective order has been entered in this action. RTZ is entitled to the documents at issue in these disputed Requests as they are unquestionably relevant to the issues in dispute.

As such, this remains a disputed issue, and RTZ seeks an order directing Intus to produce documents responsive to requests Nos. 26, 30, 31, 37, 39, 40, and 41, by a date certain, i.e. within 21 days.

### B. Intus's Position:

#### a. Background

Intus is a health analytics company that contracts with PACE programs (the "Intus Clients"). Intus synthesizes data from each of the PACE programs' electronic health records that stores its patients' electronic health information, and uses that data to identify risks, visualize trends, and optimize patient care. (Dkt. No. 25, ¶ 1.) Intus Clients, who are health care providers, expect their electronic health records to be seamlessly integrated into Intus's software without additional or manual effort on the part of the PACE programs themselves in order to reduce the burden on the Intus Clients' clinical staff and care workers in using Intus's services. (*Id.*) Intus Clients need Intus to access the important electronic health record data that the Intus Clients store on PACECare on a regular and consistent basis. (*Id.*)

---

[1] Intus' supplemental responses did not include a supplemental response to RFP No. 43.

Honorable Jon S. Tigar
August 28, 2024
Page 4

     With RTZ's knowledge and consent, Intus obtained electronic health records data stored on PACECare through a simple file extraction process or interface. (Dkt. No. 25, ¶¶ 2, 14.) However, starting in September of 2022, RTZ refused to provide Intus access to the data on PACECare, and later prohibited Intus Clients from providing access to Intus. (Dkt. No. 25, ¶ 2, 15.) Prior to filing this lawsuit against RTZ, Intus Care spent more than a year attempting to address concerns raised by RTZ on its access to the electronic health records data documented by the Intus Clients and stored on PACECare. (Dkt. No. 25, ¶¶ 2, 15.) Intus attempted to negotiate in good faith and repeatedly expressed its willingness to sign an appropriate Non-Disclosure Agreement to address concerns about RTZ's intellectual property, provided RTZ information relating to how and what it was accessing from PACECare, and proposed alternative methods of accessing Intus Clients' data on PACECare. (Dkt. No. 25, ¶¶ 15-22.) In response, RTZ refused to cooperative and continued to engage in information blocking in violation of federal laws and regulations in an effort to destroy Intus's business while creating a product that competes with Intus's analytics products. (Dkt. No. 25, ¶¶16-23.)

          b. **<u>Deficiencies with Disputed Requests</u>**

     As reflected in **Exhibit C**, Intus responded and agreed to produce documents responsive to a majority of RTZ's RFP-1. It objected to Requests Nos. 26, 30, 31, 37, 39, 40, 41, and 43 on the basis that the requests were primarily vague and ambiguous, overly broad, and unduly burdensome. At this time, Intus has produced multiple documents and is in the process of reviewing thousands of additional documents that may be responsive to both the requests it has already agreed to produce and potentially some of the requests that are at issue in this dispute.

     The disputed requests as drafted are incredibly vague and overbroad, reflect a completely inefficient and burdensome means to obtain the information RTZ may be seeking, and/or relate to information RTZ already has in its possession. For example, RFP Nos. 26, 30, 31, and 39 relate to the development and use of the "automated script" to access data stored on PACECare, and a native copy of the automated script. RTZ already has the information it likely seeks as reflected in October and December 2022 emails between Intus's and RTZ's counsel that Intus has produced to RTZ in this case (Bates Nos. Intus000023-24, Intus000030-35, Intus000832-833 and Intus000866). Specifically, in a December 30, 2022 email, Intus's counsel provided RTZ's counsel a data map and identified the path and fields that would be accessed from the "front end" of PACECare as well as how an automated script would provide such access. If RTZ needs any further information on the development and use of the automated script, Intus is willing to respond to a tailored interrogatory.

     According to RTZ's representation above, RFP No. 37 seeks the "actual logs of data received via Intus'[s] use of that automated script." Essentially, RTZ is seeking all data accessed from PACECare through an automated script since 2020 to the present, which constitutes significant amounts of data that RTZ already possesses in its own system. This is a completely

Honorable Jon S. Tigar
August 28, 2024
Page 5

unreasonable and an unduly burdensome request for which RTZ has failed to offer any legitimate reason why it would need such documents.

RFP Nos. 40 and 41 appear to be requesting logs reflecting Intus's access to or log-in credentials used to access RTZ systems from January 1, 2018 to the present. Such requests are incredibly broad and would require Intus to produce confidential usernames and passwords that belong to third parties. It would be more efficient to request this information by way of an interrogatory. Further, Intus has already identified in its initial disclosures and agreed to produce documents that will identify Intus Clients who have been impacted by RTZ's illegal conduct. *See* **Exhibit C**, Responses to RFP Nos. 16-21. RTZ is aware of when users access PACECare and the credentials used by Intus Clients to access PACECare. These requests are simply intended to harass and force Intus to spend considerable resources locating information RTZ already possesses.

Finally, Request No. 43 seeks documents identifying *the date* when Intus commenced the research and development of an electronic medical software program. Without acknowledging that RTZ's allegations are even true, the requested information can be obtained by way of an interrogatory.

As reflected in its Answer and Affirmative Defenses to the Counterclaims (Dkt. 48), Intus disputes the allegations in RTZ's Counterclaims. It recognizes that the disputed requests may relate to some of the allegations in the Counterclaims. Intus has and will continue to comply with its obligations to produce requested categories of relevant documents in this case, but requests that RTZ engage in a good faith effort to specifically identify the information it needs prior to mediation, instead of insisting on extremely broad and vague categories of documents that may contain information RTZ already has and/or that will take months for Intus to gather, review, and produce.

        Sincerely,

        /s/ David C. Lee
        David C. Lee
        Nossaman LLP

        /s/ Ileana Hernandez
        Ileana Hernandez
        Manatt, Phelps & Phillips, LLP

DCL:kp1