MANATT, PHELPS & PHILLIPS, LLP
Charles E. Weir (Bar No. 211091)
CWeir@manatt.com
Andrew Beshai (Bar No. 308030)
ABeshai@manatt.com
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

*Attorneys for Plaintiff*
INTUSCARE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTUSCARE INC., <br><br> Plaintiff, <br><br> v. <br><br> RTZ ASSOCIATES, INC.; and DOES 1 through 10, <br><br> Defendants. | Case No. 4:24-cv-1132-JST <br><br> Assigned to: Hon. Jon S. Tigar <br><br> **PLAINTIFF INTUSCARE INC.'S OPPOSITION TO EVIDENTIARY OBJECTONS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT** <br><br> Date: June 26, 2025 <br> Time: 2:00 p.m. <br> Courtroom: 6 <br><br> Complaint Filed: February 23, 2024 <br> Amended Complaint Filed: April 2, 2024 <br> Counterclaims Filed: June 20, 2024 |

## I. INTRODUCTION

RTZ Associates Inc.'s ("RTZ") objections to the Declaration of Charles Weir ("Weir Declaration") in support of IntusCare Inc.'s ("Intus") Motion for Partial Summary Judgment ("Motion") fail for several reasons. RTZ objects to four exhibits and one paragraph in the Weir Declaration. As set forth below, these objections are meritless, and the Court should overrule the objections. Alternatively, even if the Court sustains the objections, such a ruling does not affect the disposition of the Motion because none of the challenged evidence pertains to a material disputed issue of fact.

## II. RTZ's Objections to Exhibits 1, 2, and 3 Are Moot and Meritless

Exhibits 1-3 to the Weir Declaration are true and correct copies of three webpages. Exhibit 1 is a copy of the Office of the National Coordinator for Health Information Technology's ("ONC") Certified Health IT Product List website, listing RTZ as being ONC-ACB Certified. Exhibits 2 and 3 are copies of RTZ's own website, on which RTZ represented PACECare as an "ONC-ATBC certified Electronic Health Record," and stated that PACECare provides "certified lab interfaces" and "certified e-prescribe interfaces." The designation in Exhibit 1 and the representations in Exhibits 2 and 3 demonstrate that RTZ is an "Actor" subject to the information blocking regulations under 45 CFR §171.102. RTZ objects to these exhibits as lacking authentication and argues, without any authority or explanation, that these "records should have been the subject of a request for judicial notice." This argument fails for two reasons.

First, RTZ's objections are moot. The only legal proposition for which these exhibits were introduced was to demonstrate that RTZ is an Actor under the Cures Act. That point is undisputed. RTZ has conceded that it is an Actor subject to the Cures Act by failing to respond to this argument in its Opposition. "[F]ailure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue." *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011); *Kroeger v. Vertex Aerospace LLC*, No. CV 20-3030-JFW(AGRX), 2020 WL 3546086, at *8 (C.D. Cal. June 30, 2020) (holding that a party conceded argument by failing to address it in the

opposition brief and collecting cases holding the same).

Second, RTZ's objections are meritless. Federal Rule of Evidence 901(a), which governs authentication, "generally sets a 'low bar' to admissibility." *United States v. Nelson*, 533 F. Supp. 3d 779, 800 (N.D. Cal. 2021). A proponent may authenticate evidence through "[t]estimony that an item is what it is claimed to be." Fed. R. Evid. 901(b)(1). "[I]t is sufficient under Rule 901 of the Federal Rules of Evidence for Defense Counsel to authenticate the document by attesting to the authenticity and providing the URL along with the date accessed." *Heiting v. Taro Pharms. USA, Inc.*, 728 F. Supp. 3d 1112, 1119 (C.D. Cal. 2024). And that is exactly what the Weir Declaration does for Exhibits 1-3. Additionally, Exhibit 1 comes from a government website, and is therefore self-authenticating under Rule 902(5). *See Haines v. Home Depot U.S.A., Inc.*, No. 1:10-CV-01763-SKO, 2012 WL 1143648, at *8 (E.D. Cal. Apr. 4, 2012) ("Federal courts consider records from government websites to be self-authenticating under Rule 902(5).").

### III. RTZ's Objection to Exhibit 9 Is Meritless

Exhibit 9 to the Weir Declaration is a true and correct copy of an email from an Intus client terminating its contract with Intus after being threatened by RTZ with a breach of contract action if it continued working with Intus. RTZ objects to this exhibit as not properly authenticated and hearsay. These objections are meritless.

First, the email is properly authenticated. As explained, authentication "generally sets a 'low bar' to admissibility." *Nelson*, 533 F. Supp. 3d at 800. Exhibit 9 was produced in discovery, as evidenced by the bates stamp, and counsel has sufficient familiarity with the document to attest to its authenticity.

Next, the email from the Intus client is not hearsay because it relays the client's then-existing state of mind, which is an exception under Fed. R. Evid. 803(3); namely, it shows that the client was concerned about the consequences of continuing to do business with Intus.

Finally, the objection is moot. The only citation to Exhibit 9 is to support UMF # 7. UMF # 7 is not disputed by RTZ. Moreover, even if the Court sustains this objection, beyond Exhibit 9, there is other undisputed evidence that RTZ prohibited Intus' clients from granting Intus access to

PACECare (*see* Exhibits 5-8 to the Weir Declaration) and that due to RTZ's information blocking practices, Intus has been completely locked out of access to PACECare and has had contracts terminated (*see* Declaration of Robbie Felton in support of Intus' Motion for Partial Summary Judgment ¶ 16). RTZ has not objected to or challenged Exhibits 5-8 to the Weir Declaration or paragraph 16 of the Felton Declaration—all of which attest to RTZ's information blocking conduct and its harmful consequences. Therefore, even if the Court sustains the objection to Exhibit 9, there are other unchallenged sources of evidence proving the same undisputed fact.

### IV.     RTZ's Objection to Paragraph 11 Is Irrelevant and Meritless

Paragraph 11 of the Weir Declaration states, "Intus is not accessing RTZ's intellectual property and has provided RTZ with all of the information it needs to confirm that, including the automated scripts Intus ran to secure the necessary information from the Intus Clients, and dates of Intus' logins to PACECare for the Intus Clients." RTZ objects that this paragraph is impermissible opinion testimony and that the declarant has not demonstrated personal knowledge. This objection is meritless. Alternatively, even if this Court sustains the objection, the facts in paragraph 11 do not affect the outcome of Intus' Motion. The facts were provided only as background, and RTZ does not even raise a claim regarding its intellectual property in its Opposition.

RTZ's objection is meritless because the declarant, who is counsel for Intus, has personal knowledge about the information that Intus provided to RTZ in discovery, such as the automated scripts and dates of logins. The "requirement of personal knowledge imposes only a 'minimal' burden on a witness." *Strong v. Valdez Fine Foods*, 724 F.3d 1042, 1045 (9th Cir. 2013) Additionally, "witnesses may relate their opinions or conclusions of what they observed," such as the documents produced to RTZ and the significance of those documents. *U.S. v. Skeet*, 665 F.2d 983, 985 (9th Cir. 1982). RTZ does not even claim that Intus was accessing its intellectual property or contest that it has the information available to it to determine if it was.

Even if the Court sustains this objection, there is no effect on the outcome of Intus' Motion. The content in paragraph 11, whether Intus was accessing RTZ's intellectual property, is not a material fact. *See Bangkok Broad. & T.V. Co. v. IPTV Corp.*, 742 F. Supp. 2d 1101, 1109 (C.D.

Cal. 2010) ("A 'material' fact is one that could affect the outcome of the case under the governing substantive law."). Only triable issues of *material* fact will defeat summary judgment. *See* Fed. R. Civ. P. 56(a). There is nothing in the Cures Act—which is the only statute at issue in Intus' Motion—that allows an entity to block access based on unsubstantiated fear for its intellectual property. And RTZ has not argued otherwise. Therefore, whether Intus accessed RTZ's intellectual property (it did not) is completely inapposite to the information blocking claim at issue. For that reason, even if the Court disregards the content of paragraph 11, it does not affect the outcome of the Motion.

## V. **CONCLUSION**

The Court should overrule RTZ's objections, or, alternatively, disregard the objections as moot or irrelevant to the outcome of Intus' Motion for Partial Summary Judgment.

Dated: May 9, 2025

MANATT, PHELPS & PHILLIPS, LLP

By: /s/ C. Weir
Charles E. Weir
Andrew Beshai
*Attorneys for Plaintiff*
INTUSCARE, INC.