UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTUS CARE, INC., <br>     Plaintiff, <br> v. <br> RTZ ASSOCIATES, INC., <br>     Defendant. | Case No. 24-cv-01132-JST <br><br> **ORDER REQUIRING ADDITIONAL INFORMATION RE: STIPULATION TO CONTINUE TRIAL AND PRETRIAL DATES** <br><br> Re: ECF No. 86 |

Before the Court is the parties' stipulation to continue trial and pretrial dates. ECF No. 86. The Court denied the parties' prior stipulated request to continue those dates on grounds that the request "fail[ed] to demonstrate good cause." ECF No. 83. Both requests rest on similar grounds, except the renewed request also includes a list of "conflicting trial dates of trial counsel." ECF No. 86 at 2; *compare* ECF No. 82 at 2 *with* ECF No. 86 at 2 (both asserting that a trial continuance would "[a]ccommodate witness schedules for multiple depositions, including depositions requiring cross-country travel," and "[p]rovide additional time for the parties to resolve outstanding discovery issues, thereby reducing the need for judicial intervention").

The Court set the trial and pretrial dates on June 14, 2024.[1] ECF No. 40. The Court's scheduling order explained:

> The Court has largely adopted the dates requested by the parties and expects the parties to adhere to them. The parties must take all necessary steps to conduct discovery, compel discovery, hire counsel, retain experts, and manage their calendars so that they can complete discovery in a timely manner and appear at trial on the

---

[1] The Court has also previously granted two stipulated requests to enlarge discovery deadlines. ECF Nos. 73, 81.

> noticed and scheduled dates. All counsel must arrange their calendars to accommodate these dates, or arrange to substitute or associate in counsel who can.
>
> Trial dates set by this Court should be regarded as firm. Requests for continuance are disfavored. *The Court will not consider any event subsequently scheduled by a party, party-controlled witness, expert or attorney that conflicts with the above trial date as good cause to grant a continuance.* The Court will not consider the pendency of settlement discussions as good cause to grant a continuance.

*Id.* at 2–3 (emphasis added).

The parties' stipulation lists trial counsel's other trial dates but does not state whether those dates were "subsequently scheduled." *Id.* at 3. Accordingly, by September 24, 2025, the parties shall file a joint statement setting forth the dates on which the listed trial dates were scheduled. The Court will take those dates into account in determining whether the parties have presented good cause to continue the dates in this case.

In any event, the Court is unlikely to reset the dispositive motion hearing deadline because Intus has already filed a motion for partial summary judgment, ECF No. 56, and, on August 5, 2025, the parties represented to the Court that they did not "anticipate bringing any additional dispositive motions," ECF No. 80 at 2.

**IT IS SO ORDERED.**

Dated: September 17, 2025

JON S. TIGAR
United States District Judge