UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTUS CARE, INC., <br><br> Plaintiff, <br><br> v. <br><br> RTZ ASSOCIATES, INC., <br><br> Defendant. | Case No. 24-cv-01132-JST (AGT) <br><br> **DISCOVERY ORDER** <br><br> Re: Dkt. No. 92 |

  RTZ must respond to Intus's Interrogatory No. 1. RTZ must identify all "PACE entities" that have used RTZ/CollabriOS software between 2021 and the present, and "include the date [each] customer began using RTZ/CollabriOS software and, if applicable, the date it ceased using RTZ/CollabriOS software." ROG 1, Dkt. 92 at 9.

  RTZ and Intus both sell software to medical facilities that participate in Medicare's Programs of All-Inclusive Care for the Elderly ("PACE entities"). As alleged, PACE entities use RTZ's software to store their patients' electronic health records. Dkt. 25, FAC ¶ 13. Intus then "synthesizes data" from those records and uses the data to "optimize patient care." *Id.* ¶ 1. Intus alleges that, through several means, RTZ has frustrated Intus's ability to efficiently access the electronic health records. RTZ's actions have disrupted Intus's contractual and prospective relationships with PACE entities, Intus says. *Id.* ¶¶ 38, 46.

  ROG 1 seeks a list of RTZ's current and former PACE clients. The list is relevant to

damages. Intus maintains that each of RTZ's clients is potentially a lost business opportunity. Dkt. 92 at 2. Not only is the list relevant, but RTZ hasn't suggested that producing it would be burdensome. RTZ states that "dozens of PACE facilities" use its software. *Id.* at 3. "Dozens" is indefinite, but its use suggests less than 100, and perhaps less than 50. RTZ hasn't suggested that compiling a list of this size, and including the dates when customers started and stopped using RTZ's software, will be difficult or time consuming.

RTZ insists that Intus's damages theory, if based on the contention that each PACE client of RTZ's is potentially a lost business opportunity, is speculative. RTZ may make that argument at trial, but the scope of discovery is fairly broad. RTZ's client list is relevant to damages, won't be overly burdensome to produce, and isn't clearly disproportional to the needs of the case. The Court orders RTZ to produce the client list, in response to Intus's ROG 1, by March 3, 2026.

**IT IS SO ORDERED.**

Dated: February 19, 2026

Alex G. Tse
United States Magistrate Judge