MANATT, PHELPS & PHILLIPS, LLP
Charles E. Weir (Bar No. 211091)
CWeir@manatt.com
Andrew Beshai (Bar No. 308030)
ABeshai@manatt.com
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

*Attorneys for Plaintiff*
INTUSCARE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTUSCARE INC., | Case No. 4:24-cv-1132-JST |
| Plaintiff, | Assigned to: Hon. Jon S. Tigar |
| v. | **DECLARATION OF ANDREW BESHAI IN SUPPORT OF PLAINTIFF INTUSCARE INC.'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |
| RTZ ASSOCIATES, INC.; and DOES 1 through 10, | |
| Defendants. | Date: May 21, 2026<br>Time: 2:00 p.m.<br>Courtroom: 6 |
| | *Filed concurrently with: 1) Notice of Motion and Motion for Leave; 2) [Proposed] Order* |
| | Complaint Filed: February 23, 2024<br>Amended Complaint Filed: April 2, 2024<br>Counterclaims Filed: June 20, 2024 |

Manatt, Phelps &
Phillips, LLP
Attorneys at Law
Los Angeles

DECLARATION OF ANDREW BESHAI IN SUPPORT OF PLAINTIFF INTUSCARE INC.'S MOTION FOR
LEAVE TO FILE SECOND AMENDED COMPLAINT

404608625.v1

## DECLARATION OF ANDREW BESHAI

I, Andrew Beshai, declare as follows:

1.     I am an attorney licensed to practice before this Court and counsel of record for Plaintiff IntusCare Inc. ("Intus") in this action. I have personal knowledge of the matters stated herein or have learned them through my involvement in this case, and if called as a witness, I could and would competently testify thereto.

2.     In discovery, counsel for Intus deposed Michael Zawadski, RTZ's former Chief Executive Officer. A true and correct copy of the relevant deposition testimony of Mr. Zawadski is attached hereto as **Exhibit A**.

3.     Counsel for Intus also deposed Melanie Martinez, an RTZ employee who has worked for the company since approximately 2012. A true and correct copy of the relevant deposition testimony of Ms. Martinez is attached hereto as **Exhibit B**.

4.     Intus sought to stipulate with RTZ to amend the complaint to add Collabrios as a defendant based on successor liability. RTZ refused to stipulate. Attached hereto as **Exhibit C** are true and correct copies of correspondence between counsel for Intus and counsel for RTZ.

5.     Intus propounded discovery on Collabrios as the successor to RTZ. On February 23, 2026, RTZ served written responses and objections to Intus's discovery requests. In those responses, RTZ objected to every request directed to Collabrios or RTZ as Collabrios's successor, asserting that RTZ could not respond on behalf of Collabrios because "Collabrios Health LLC is not a party to this action and is a separate legal entity from [RTZ]." True and correct copies of RTZ's relevant discovery responses are attached hereto as **Exhibit D**.

6.     A copy of the proposed Second Amended Complaint is attached as **Exhibit E**.

//

//

//

//

//

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 18th day of March, 2026, at Los Angeles, California.


/s/ Andrew Beshai
Andrew Beshai

DECLARATION OF ANDREW BESHAI IN SUPPORT OF PLAINTIFF INTUSCARE INC.'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

404608625.v1

# Exhibit A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

_____
                                  )
INTUSCARE INC.,                   )
                                  )
          Plaintiff,              )
                                  )
vs.                               ) No. 4:24-cv-1132-JST
                                  )
RTZ ASSOCIATES, INC.; and         )
DOES 1 through 10,                )
                                  )
          Defendants.             )
_____)

VIDEOTAPED DEPOSITION OF MICHAEL ZAWADSKI

San Francisco, California

Monday, February 23, 2026

Volume I

Reported by:
CATHERINE A. NOLASCO, RMR, CRR, BS
CSR No. 8239
Job No. CA 7889273

PAGES 1 - 205

Page 1

had -- it's a SaaS-provided product, so it has regular updates.

Q   And do you have a -- could you give me an estimate of how many PACE programs there are in the country?

A   It's a moving target because there are so many that are going through.  You know, I always think of it about 150, but it's probably closer to 200 today.

Q   Yeah.  And I was thinking it was actually even more than that, but ...

A   I think you get into a question of counting programs and sites, which can be very different.

Q   And --

A   And you get into state budgets, that are not looking good, so it might be different again.

Q   Also fair enough.

So, again, we're still pre-Collabrios time.

How many PACE programs were using the PACECare system in the -- I guess it was called the 2023 time period?

A   I don't remember the exact number at that point in time, but let's say -- it's going to sound

Page 26

like a big range.  We're adding very quickly -- between 25 and 50 at that point in time.

Q   Okay.  All right.  So now -- we kind of talked about some of the whys and what RTZ is.

So the Collabrios transaction.  So what happened to RTZ Associates, Inc., the entity, in connection with the Collabrios transaction?

A   If you're talking about the corporate formation and transformation, I will tell you this is why I stopped being a lawyer and stopped listening and relied on Cooley to figure out that answer.

Q   So as you sit here, you don't know, one way or the other, whether RTZ Associates, Inc., was merged into the entity that's called Collabrios or whether there was some sort of -- or the deal structure was different?

A   The deal structure was complicated, and I would refer to them in terms of why and how.

Q   Okay.  Does -- do you know if the entity RTZ Associates, Inc., continues to exist in a stand-alone form?

A   I do not.

Q   So it is my understanding that Collabrios is kind of a combination of three different

Page 27

companies or three different buckets.

First of all, is that -- is my understanding correct?

A   What are the three buckets that you think it is?  And -- and -- I will tell you, I'm not sure I understand the answer they came up with.  It was something that legal counsel, for strategy and tax planning and other things, that I just wasn't a part of, probably has a better understanding of.

Q   So, for example, there's some part of Collabrios that -- there was another project -- or another product referred to as PACELogic.

Are you familiar with that product?

A   I'm familiar with that product.

And I think you're referencing the transaction that had to do with buying the assets from Tabula Rasa, which took place not as part of the same transaction --

Q   Oh, okay.

A   -- where RTZ Associates was bought.  It took place approximately 30 to 45 days later.

Q   Got it.  I was assuming all of those came together.  So that is --

A   No.

Q   -- not the case.

Page 28

A   And -- and I was informed, rather than led, when that actually took place.

Q   Okay.

Okay.  So the -- so let's set the Tabula Rasa asset acquisition to the side.

A   Sure.

Q   What do you know about the corporate creation of Collabrios that you can tell me?

A   Just that it was the subject of intense debate between McGuireWoods, who represented HP, and Cooley, who represented RTZ Associates, and it took a couple steps.  And that's really as far as I understood.

The goal was, obviously, something that legal counsel understood, and both came to some sort of resolution of what was fair for both parties.

Q   Okay.  So, like, the -- do you know, one way or the other, currently where liabilities associated with RTZ currently reside?

MR. LEE:  I'm going to object to the extent that it calls for speculation, lacks foundation, and seeks a legal conclusion.

If --

THE WITNESS:  Well --

MR. LEE:  -- you can answer.

Page 29

8 (Pages 26 - 29)

# Exhibit B

*** UNCERTIFIED DRAFT COPY - DO NOT CITE ***

ROUGH DRAFT TESTIMONY OF

MELANIE MARTINEZ

TAKEN ON MARCH 6, 2026

...........................................

NOTICE: THESE DRAFT PAGE/LINE NUMBERS WILL

NOT MATCH THE FINAL TRANSCRIPT.

DO NOT PREPARE VIDEO CUTS OR TRIAL CITES

FROM THIS DRAFT VERSION.

IF YOU NEED AN EXPEDITED FINAL CERTIFIED TRANSCRIPT,

PLEASE CONTACT THE COURT REPORTER.

A.    Yes.

Q.    So something changed, right?

A.    Yes.

Q.    Okay.  And in your own words and to the best of your knowledge, what changed?

A.    We combined some companies and created a new company.  I honestly don't know.  That's all I know.

Q.    Okay.  That's fine.  And this is not a test and I know you're not a mergers and acquisitions lawyer. But because you're on employee, you're on the ground, so to your knowledge RTZ combined with some other companies and created Collabrios, is that right?

A.    I don't know.  We are called Collabrios now. I signed new paperwork under Collabrios, so I don't know what that means.  I have no idea.

Q.    You signed new employment paperwork under Collabrios?

A.    Yes.

Q.    Okay.  Is your email account @Colabrios.whatever?

A.    Yes.

Q.    In your day to day, do you interact with

anybody who had an RTZ account?

A.   No.

Q.   You've been there at Collabrios for over a year, correct?

A.   Yes.

Q.   So you received a W2 for 2025, at least?

A.   Theoretically, although I haven't seen it yet.

Q.   Thank you receive one for 2024?

A.   Yes.

Q.   Did it say Collabrios?

A.   I don't remember.

Q.   Sorry, Melanie.  Let me just finish the question and then I will get your answer.

It sound like you don't remember, but let me just ask it.  Do you recall if it said Collabrios in the W-2 form for 2024?

A.   I do not remember.

Q.   Okay.  Before the transition from RTZ to Collabrios, what was your role at RTZ?

A.   I don't really know how to answer that because

6

I didn't really have one specific role.  We all just

assisted where needed.  So implementation but also account management, QA.  I mean, yeah.  I don't know what my role was, my title was.  I don't remember.

Q.  When did you start at RTZ?

A.  2012.

Q.  So you were there from 2012 until this merger you described?

A.  Yes.

Q.  Do you recall when the merger was?

A.  I believe it was January of 2025.

Q.  Between 2012 and January 2025, would you say that what you just described for me about having multiple roles, that remained consistent throughout the entire 13 years?

A.  Yes.

Q.  You mentioned three different roles.  You said implementation manager, account manager and QA.

A.  Those were the tasks I was doing that would fall under those roles, yes.

Q.  Could we walk through those?  I don't need the nitty-gritty granular every day, but generally what those entailed?

And let's start with implementation manager. . If we had a new client that was going to use the system,

7

# Exhibit C

**From:** Weir, Charles
**To:** David C. Lee
**Subject:** RE: Intus
**Date:** Tuesday, February 24, 2026 4:40:00 PM
**Attachments:** image003.png
image001.png
image002.png
image004.png

David,

Given the discovery responses we received and testimony from Michael yesterday, we need to make sure that there are no issues with the entity. It appears that Collabrios is the successor to RTZ. Please confirm. Also please confirm that your client does not object to notifying the Court about updating the status of the corporate entities.

Thanks,

**Charles Weir**
Partner

**Manatt, Phelps & Phillips,** LLP
2049 Century Park East
Suite 1700
Los Angeles, CA 90067
**D** (310) 312-4280 **F** (310) 312-4224
CWeir@manatt.com

**manatt.com**

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply email and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

**From:** Weir, Charles
**Sent:** Saturday, January 31, 2026 11:44 AM
**To:** 'David C. Lee' <dlee@nossaman.com>
**Subject:** RE: Intus

David,

I may have missed it, but I don't think I received a response to this email. Hopefully, we can get this resolved and the issue will be moot, but we do need to make sure that we have the correct corporate entity as a party.

Thanks,

**Charles Weir**
Partner

**Manatt, Phelps & Phillips,** LLP
2049 Century Park East
Suite 1700
Los Angeles, CA 90067
**D** (310) 312-4280 **F** (310) 312-4224
CWeir@manatt.com

**manatt.com**

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply email and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

**From:** Weir, Charles
**Sent:** Friday, January 23, 2026 10:37 AM
**To:** 'David C. Lee' <dlee@nossaman.com>
**Subject:** RE: Intus

David,

One other loose end if we can't get this resolved. It has been our understanding that Collabrios is the successor to RTZ. Can we agree to change the defendant to Collabrios?

Thanks,

**Charles Weir**
Partner

**Manatt, Phelps & Phillips,** LLP
2049 Century Park East
Suite 1700
Los Angeles, CA 90067
**D** (310) 312-4280 **F** (310) 312-4224
CWeir@manatt.com

**manatt.com**

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply email and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

**From:** Weir, Charles
**Sent:** Tuesday, January 20, 2026 4:06 PM
**To:** 'David C. Lee' <dlee@nossaman.com>
**Subject:** RE: Intus

We are hoping to resolve this. We didn't think any depositions were necessary to reach a resolution and would still prefer to resolve matters without further depositions to save on costs. But, since Collabrios wanted at least one more deposition, we felt we need to get at least get Mike Z scheduled. Given the time we have left, I think Andrew is just trying to get things scheduled in case we don't resolve things.

**Charles Weir**
Partner

**Manatt, Phelps & Phillips,** LLP
2049 Century Park East
Suite 1700
Los Angeles, CA 90067
**D** (310) 312-4280 **F** (310) 312-4224
CWeir@manatt.com

**manatt.com**

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use

of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply email and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

**From:** David C. Lee <dlee@nossaman.com>
**Sent:** Tuesday, January 20, 2026 2:58 PM
**To:** Weir, Charles <CWeir@manatt.com>
**Subject:** FW: Intus

**[EXTERNAL] Please do not reply, click links, or open attachments unless you recognize the source of this message and know the content is safe.**

Charles:  Andrew's email below is expanding the Collabrios depos you are now seeking.  I need to understand whether we are abandoning our prior strategy of scheduling Rothberg and Zawadski depos and then huddling for settlement discussions or instead are just moving forward with full-blown discovery with an expectation of trial. I need to know asap so that we can meaningfully adjust course.  Thanks.

David

**David C. Lee**
NOSSAMAN LLP
T 415.398.3600  F 415.398.2438
D 415.438.7235

  SUBSCRIBE TO E-ALERTS
nossaman.com

PLEASE NOTE: The information in this e-mail message is confidential. It may also be attorney-client privileged and/or protected from disclosure as attorney work product. If you have received this e-mail message in error or are not the intended recipient, you may not use, copy, nor disclose to anyone this message or any information contained in it. Please notify the sender by reply e-mail and delete the message. Thank you.

**From:** Beshai, Andrew <ABeshai@manatt.com>
**Sent:** Tuesday, January 20, 2026 2:40 PM
**To:** David C. Lee <dlee@nossaman.com>; Kasia Penn <kpenn@nossaman.com>
**Cc:** Weir, Charles <CWeir@manatt.com>
**Subject:** [External] RE: Intus

Hi David,

As we've shared with you, we need the documents that are the subject of our latest meet-and-confer before we depose Zawadski. You responded today that we can expect an answer by this Friday.

In the interest of moving things along, we can commit to a date the week of February 9 for Zawadski, so please send us his availability for an in-person deposition in Los Angeles that week. If we do not have the documents we need by the time of Zawadski's deposition, we reserve the right to depose him with what we currently have and then set an additional segment of time to depose him with the new documents.

We would also like dates for Kevin Lathrop and Melanie Martinez after February 9. As for Rothberg, we'll send you his availability in the coming days.

Thanks,

Andrew

**From:** David C. Lee <dlee@nossaman.com>
**Sent:** Thursday, January 15, 2026 9:06 AM
**To:** Beshai, Andrew <ABeshai@manatt.com>; Kasia Penn <kpenn@nossaman.com>
**Cc:** Weir, Charles <CWeir@manatt.com>
**Subject:** RE: Intus

[EXTERNAL] Please do not reply, click links, or open attachments unless you recognize the source of this message and know the content is safe.

Hi.  Just following up again.  Please let me know about Alex Rothberg and Michael Zawadski.  Thanks.

**David C. Lee**
NOSSAMAN LLP
T 415.398.3600  F 415.398.2438
D 415.438.7235

   SUBSCRIBE TO E-ALERTS
nossaman.com

PLEASE NOTE: The information in this e-mail message is confidential. It may also be attorney-client privileged and/or protected from disclosure as attorney work product. If you have received this e-mail message in error or are not the intended recipient, you may not use, copy, nor disclose to anyone this message or any information contained in it. Please notify the sender by reply e-mail and delete the message. Thank you.

**From:** David C. Lee
**Sent:** Friday, January 9, 2026 10:25 AM
**To:** Beshai, Andrew <ABeshai@manatt.com>; Kasia Penn <kpenn@nossaman.com>
**Cc:** Weir, Charles <CWeir@manatt.com>
**Subject:** RE: Intus

Andrew/Charles?

**David C. Lee**
NOSSAMAN LLP
T 415.398.3600  F 415.398.2438
D 415.438.7235

   SUBSCRIBE TO E-ALERTS
nossaman.com

PLEASE NOTE: The information in this e-mail message is confidential. It may also be attorney-client privileged and/or protected from disclosure as attorney work product. If you have received this e-mail message in error or are not the intended recipient, you may not use, copy, nor disclose to anyone this message or any information contained in it. Please notify the sender by reply e-mail and delete the message. Thank you.

**From:** David C. Lee
**Sent:** Tuesday, January 6, 2026 8:52 AM
**To:** Beshai, Andrew <ABeshai@manatt.com>; Kasia Penn <kpenn@nossaman.com>
**Cc:** Weir, Charles <CWeir@manatt.com>
**Subject:** RE: Intus

Andrew:  Mike Zawadski has availability the week of January 26.  Please propose some dates.  Also, Charles and I discussed Alex's depo in MA.  Can you please get me dates of his availability?  Thanks.

David

**David C. Lee**
NOSSAMAN LLP
T 415.398.3600  F 415.398.2438
D 415.438.7235

   SUBSCRIBE TO E-ALERTS
nossaman.com

PLEASE NOTE: The information in this e-mail message is confidential. It may also be attorney-client privileged and/or protected from disclosure as attorney work product. If you have received this e-mail message in error or are not the intended recipient, you may not use, copy, nor disclose to anyone this message or any information contained in it. Please notify the sender by reply e-mail and delete the message. Thank you.

---

**From:** Beshai, Andrew <ABeshai@manatt.com>
**Sent:** Friday, December 19, 2025 9:02 AM
**To:** David C. Lee <dlee@nossaman.com>; Kasia Penn <kpenn@nossaman.com>
**Cc:** Weir, Charles <CWeir@manatt.com>
**Subject:** [External] RE: Intus

Thanks David.

---

**From:** David C. Lee <dlee@nossaman.com>
**Sent:** Friday, December 19, 2025 9:01 AM
**To:** Beshai, Andrew <ABeshai@manatt.com>; Kasia Penn <kpenn@nossaman.com>
**Cc:** Weir, Charles <CWeir@manatt.com>
**Subject:** RE: Intus

**[EXTERNAL] Please do not reply, click links, or open attachments unless you recognize the source of this message and know the content is safe.**

---

Charles and I are supposed to be talking about that potentially today.

**David C. Lee**
NOSSAMAN LLP
T 415.398.3600  F 415.398.2438
D 415.438.7235

   SUBSCRIBE TO E-ALERTS
nossaman.com

PLEASE NOTE: The information in this e-mail message is confidential. It may also be attorney-client privileged and/or protected from disclosure as attorney work product. If you have received this e-mail message in error or are not the intended recipient, you may not use, copy, nor disclose to anyone this message or any information contained in it. Please notify the sender by reply e-mail and delete the message. Thank you.

---

**From:** Beshai, Andrew <ABeshai@manatt.com>
**Sent:** Friday, December 19, 2025 9:00 AM

**To:** Kasia Penn <kpenn@nossaman.com>; David C. Lee <dlee@nossaman.com>
**Cc:** Weir, Charles <CWeir@manatt.com>
**Subject:** [External] Intus

Kasia and David,

We have not heard back from you as to a deposition date for Alex Rothberg, and 12/22 is no longer available. Please let us know if 1/5 remotely is acceptable for Rothberg.

Also, we would like a few dates for Zawadski the weeks of 1/19 and 1/26.

Finally, please provide an update on the latest discovery production. As we discussed, we need the documents with at least a few weeks in advance of Zawadski's deposition.

Thanks,

**Andrew Beshai**
*(He/Him/His)*
Associate

**Manatt, Phelps & Phillips,** LLP
2049 Century Park East
Suite 1700
Los Angeles, CA 90067
**D** (310) 231-5304 **F**
ABeshai@manatt.com

**manatt.com**

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply email and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

# Exhibit D

NOSSAMAN LLP
DAVID C. LEE (SBN 193743)
dlee@nossaman.com
50 California Street, 34th Floor
San Francisco, CA 94111
Telephone: 415.398.3600
Facsimile:  415.398.2438

NOSSAMAN LLP
KASIA PENN (SBN 306056)
kpenn@nossaman.com
18101 Von Karman Avenue, Suite 1800
Irvine, CA 92612
Telephone:  949.833.7800
Facsimile:  949.833.7878

Attorneys for Defendant RTZ ASSOCIATES, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTUS CARE, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>RTZ ASSOCIATES, INC.; and DOES 1 through 10,<br><br>Defendants, | Case No: 4:24-cv-01132-JST<br><br>Assigned to: Hon. Jon S. Tigar<br><br>**DEFENDANT RTZ ASSOCIATES, INC.'S RESPONSE TO PLAINTIFF INTUS CARE INC.'S REQUESTS FOR PRODUCTION, SET ONE, TO COLLABRIOS HEALTH LLC**<br><br>Complaint Filed: February 23, 2024<br>Amended Complaint Filed: April 2, 2024<br>Counterclaims Filed: June 20, 2024 |

Case No. 4:24-cv-01132-JST

DEFENDANT RTZ ASSOCIATES, INC.'S RESPONSE TO PLAINTIFF INTUS CARE INC.'S REQUESTS FOR PRODUCTION, SET ONE, TO COLLABRIOS HEALTH LLC

70001817.v4

PROPOUNDING PARTY:    INTUS CARE, INC.

RESPONDING PARTY:      RTZ ASSOCIATES, INC.

SET NO.:                        ONE

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant RTZ Associates, Inc. (hereinafter "Responding Party") hereby responds and objects to the Requests for Production of Documents, Set One, propounded by Plaintiff Intus Care, Inc. to Collabrios Health LLC as follows:

**PRELIMINARY STATEMENT**

Each response is subject to any and all objections as to competency, relevancy, materiality, propriety and admissibility, and any and all objections and grounds that would require the exclusion of any statement or material herein, if any request were asked of, or any statement or material contained herein were made by, witnesses present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial.

The responses below reflect the current state of Responding Party's knowledge, understanding, and belief with respect to the matters about which inquiry is made based upon its discovery and investigation to date.  Responding Party's discovery and investigation is not yet complete and is continuing as of the date of these responses.  Responding Party anticipates that, as this action proceeds, it may discover additional facts and information and, without obligating itself to do so, Responding Party reserves the right to continue its discovery and to modify or supplement its responses herein with such facts, documents, and information as it reasonably may discover.

These responses are made without prejudice to Responding Party's right to present at trial such additional evidence as may be hereafter discovered or evaluated.

This Preliminary Statement is incorporated in its entirety into each and every response set forth herein below.

**GENERAL OBJECTIONS**

Responding Party's response to each and every request is subject to these General Objections to avoid the duplication and repetition of stating them in each response.  A General

70001817.v4

Objection may be specifically referred to in a response to certain of the requests for the purpose of clarity. However, the failure to specifically incorporate a General Objection in any response should not be construed as a waiver of the General Objection with respect to that response.

1. Responding Party objects to each and every request to the extent it seeks documents that are not relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence.

These foregoing General Objections are incorporated into each of the following responses. Subject to and without waiving any of its General Objections or applicable privileges or its right to amend and supplement this response, Responding Party responds as follows:

**RESPONSE TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All COMMUNICATIONS between YOU and any PERSON RELATING TO INTUS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Responding Party objects to this Request on the ground that it incorrectly assumes that Responding Party can respond on behalf of Collabrios Health LLC. Collabrios Health LLC is not a party to this action and is a separate legal entity from Responding Party. The Request therefore seeks impermissible discovery on a non-party under FRCP Rule 34.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS, including contracts, exchanged between YOU and any user of PACELOGIC that mentions limiting access in any way to PACELOGIC or data stored on PACELOGIC by INTUS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Responding Party objects to this Request on the ground that it incorrectly assumes that Responding Party can respond on behalf of Collabrios Health LLC. Collabrios Health LLC is not a party to this action and is a separate legal entity from Responding Party. The Request therefore seeks impermissible discovery on a non-party under FRCP Rule 34.

**REQUEST FOR PRODUCTION NO. 3:**

All COMMUNICATIONS between YOU and Community LIFE.

70001817.v4

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Responding Party objects to this Request on the ground that it incorrectly assumes that Responding Party can respond on behalf of Collabrios Health LLC. Collabrios Health LLC is not a party to this action and is a separate legal entity from Responding Party. The Request therefore seeks impermissible discovery on a non-party under FRCP Rule 34.

**REQUEST FOR PRODUCTION NO. 4:**

All COMMUNICATIONS between YOU and PACE Place.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Responding Party objects to this Request on the ground that it incorrectly assumes that Responding Party can respond on behalf of Collabrios Health LLC. Collabrios Health LLC is not a party to this action and is a separate legal entity from Responding Party. The Request therefore seeks impermissible discovery on a non-party under FRCP Rule 34.

**REQUEST FOR PRODUCTION NO. 5:**

All COMMUNICATIONS between YOU and EveryAge.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Responding Party objects to this Request on the ground that it incorrectly assumes that Responding Party can respond on behalf of Collabrios Health LLC. Collabrios Health LLC is not a party to this action and is a separate legal entity from Responding Party. The Request therefore seeks impermissible discovery on a non-party under FRCP Rule 34.

**REQUEST FOR PRODUCTION NO. 6:**

All COMMUNICATIONS between YOU and PACE North.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Responding Party objects to this Request on the ground that it incorrectly assumes that Responding Party can respond on behalf of Collabrios Health LLC. Collabrios Health LLC is not a party to this action and is a separate legal entity from Responding Party. The Request therefore seeks impermissible discovery on a non-party under FRCP Rule 34.

**REQUEST FOR PRODUCTION NO. 7:**

All COMMUNICATIONS between YOU and PACE of the Triad.

70001817.v4

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Responding Party objects to this Request on the ground that it incorrectly assumes that Responding Party can respond on behalf of Collabrios Health LLC. Collabrios Health LLC is not a party to this action and is a separate legal entity from Responding Party. The Request therefore seeks impermissible discovery on a non-party under FRCP Rule 34.

**REQUEST FOR PRODUCTION NO. 8:**

All COMMUNICATIONS between YOU and OSC PACE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Responding Party objects to this Request on the ground that it incorrectly assumes that Responding Party can respond on behalf of Collabrios Health LLC. Collabrios Health LLC is not a party to this action and is a separate legal entity from Responding Party. The Request therefore seeks impermissible discovery on a non-party under FRCP Rule 34.

**REQUEST FOR PRODUCTION NO. 9:**

All COMMUNICATIONS between YOU and Mountain Empire PACE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Responding Party objects to this Request on the ground that it incorrectly assumes that Responding Party can respond on behalf of Collabrios Health LLC. Collabrios Health LLC is not a party to this action and is a separate legal entity from Responding Party. The Request therefore seeks impermissible discovery on a non-party under FRCP Rule 34.

**REQUEST FOR PRODUCTION NO. 10:**

All COMMUNICATIONS between YOU and Innovative Integrated Health Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Responding Party objects to this Request on the ground that it incorrectly assumes that Responding Party can respond on behalf of Collabrios Health LLC. Collabrios Health LLC is not a party to this action and is a separate legal entity from Responding Party. The Request therefore seeks impermissible discovery on a non-party under FRCP Rule 34.

**REQUEST FOR PRODUCTION NO. 11:**

All COMMUNICATIONS between YOU and Bienvivir.

DEFENDANT RTZ ASSOCIATES, INC.'S RESPONSE TO PLAINTIFF INTUS CARE INC.'S REQUESTS FOR PRODUCTION, SET ONE, TO COLLABRIOS HEALTH LLC

70001817.v4

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Responding Party objects to this Request on the ground that it incorrectly assumes that Responding Party can respond on behalf of Collabrios Health LLC. Collabrios Health LLC is not a party to this action and is a separate legal entity from Responding Party. The Request therefore seeks impermissible discovery on a non-party under FRCP Rule 34.

**REQUEST FOR PRODUCTION NO. 12:**

All COMMUNICATIONS between YOU and Lutheran Services of New Jersey.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Responding Party objects to this Request on the ground that it incorrectly assumes that Responding Party can respond on behalf of Collabrios Health LLC. Collabrios Health LLC is not a party to this action and is a separate legal entity from Responding Party. The Request therefore seeks impermissible discovery on a non-party under FRCP Rule 34.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS exchanged between YOU and Community LIFE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Responding Party objects to this Request on the ground that it incorrectly assumes that Responding Party can respond on behalf of Collabrios Health LLC. Collabrios Health LLC is not a party to this action and is a separate legal entity from Responding Party. The Request therefore seeks impermissible discovery on a non-party under FRCP Rule 34.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS exchanged between YOU and PACE Place.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Responding Party objects to this Request on the ground that it incorrectly assumes that Responding Party can respond on behalf of Collabrios Health LLC. Collabrios Health LLC is not a party to this action and is a separate legal entity from Responding Party. The Request therefore seeks impermissible discovery on a non-party under FRCP Rule 34.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS exchanged between YOU and EveryAge.

Case No. 4:24-cv-01132-JST

DEFENDANT RTZ ASSOCIATES, INC.'S RESPONSE TO PLAINTIFF INTUS CARE INC.'S REQUESTS FOR PRODUCTION, SET ONE, TO COLLABRIOS HEALTH LLC

70001817.v4

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Responding Party objects to this Request on the ground that it incorrectly assumes that Responding Party can respond on behalf of Collabrios Health LLC. Collabrios Health LLC is not a party to this action and is a separate legal entity from Responding Party. The Request therefore seeks impermissible discovery on a non-party under FRCP Rule 34.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS exchanged between YOU and PACE North.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Responding Party objects to this Request on the ground that it incorrectly assumes that Responding Party can respond on behalf of Collabrios Health LLC. Collabrios Health LLC is not a party to this action and is a separate legal entity from Responding Party. The Request therefore seeks impermissible discovery on a non-party under FRCP Rule 34.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS exchanged between YOU and PACE of the Triad.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Responding Party objects to this Request on the ground that it incorrectly assumes that Responding Party can respond on behalf of Collabrios Health LLC. Collabrios Health LLC is not a party to this action and is a separate legal entity from Responding Party. The Request therefore seeks impermissible discovery on a non-party under FRCP Rule 34.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS between YOU and OSC PACE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Responding Party objects to this Request on the ground that it incorrectly assumes that Responding Party can respond on behalf of Collabrios Health LLC. Collabrios Health LLC is not a party to this action and is a separate legal entity from Responding Party. The Request therefore seeks impermissible discovery on a non-party under FRCP Rule 34.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS between YOU and Mountain Empire PACE.

DEFENDANT RTZ ASSOCIATES, INC.'S RESPONSE TO PLAINTIFF INTUS CARE INC.'S REQUESTS FOR PRODUCTION, SET ONE, TO COLLABRIOS HEALTH LLC
70001817.v4

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Responding Party objects to this Request on the ground that it incorrectly assumes that Responding Party can respond on behalf of Collabrios Health LLC. Collabrios Health LLC is not a party to this action and is a separate legal entity from Responding Party. The Request therefore seeks impermissible discovery on a non-party under FRCP Rule 34.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS between YOU and Innovative Integrated Health, Inc..

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Responding Party objects to this Request on the ground that it incorrectly assumes that Responding Party can respond on behalf of Collabrios Health LLC. Collabrios Health LLC is not a party to this action and is a separate legal entity from Responding Party. The Request therefore seeks impermissible discovery on a non-party under FRCP Rule 34.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS between YOU and Bienvivir.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Responding Party objects to this Request on the ground that it incorrectly assumes that Responding Party can respond on behalf of Collabrios Health LLC. Collabrios Health LLC is not a party to this action and is a separate legal entity from Responding Party. The Request therefore seeks impermissible discovery on a non-party under FRCP Rule 34.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS between YOU and Lutheran Services of New Jersey.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Responding Party objects to this Request on the ground that it incorrectly assumes that Responding Party can respond on behalf of Collabrios Health LLC. Collabrios Health LLC is not a party to this action and is a separate legal entity from Responding Party. The Request therefore seeks impermissible discovery on a non-party under FRCP Rule 34.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS RELATED TO the TRIPARTY AGREEMENT.

DEFENDANT RTZ ASSOCIATES, INC.'S RESPONSE TO PLAINTIFF INTUS CARE INC.'S REQUESTS FOR PRODUCTION, SET ONE, TO COLLABRIOS HEALTH LLC

70001817.v4

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Responding Party objects to this Request on the ground that it incorrectly assumes that Responding Party can respond on behalf of Collabrios Health LLC. Collabrios Health LLC is not a party to this action and is a separate legal entity from Responding Party. The Request therefore seeks impermissible discovery on a non-party under FRCP Rule 34.

**REQUEST FOR PRODUCTION NO. 24:**

All COMMUNICATIONS RELATED TO the TRIPARTY AGREEMENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Responding Party objects to this Request on the ground that it incorrectly assumes that Responding Party can respond on behalf of Collabrios Health LLC. Collabrios Health LLC is not a party to this action and is a separate legal entity from Responding Party. The Request therefore seeks impermissible discovery on a non-party under FRCP Rule 34.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS RELATING TO any actions taken to block INTUS's access to PACELOGIC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Responding Party objects to this Request on the ground that it incorrectly assumes that Responding Party can respond on behalf of Collabrios Health LLC. Collabrios Health LLC is not a party to this action and is a separate legal entity from Responding Party. The Request therefore seeks impermissible discovery on a non-party under FRCP Rule 34.

**REQUEST FOR PRODUCTION NO. 26:**

All COMMUNICATIONS RELATING TO any actions taken to block INTUS's access to PACELOGIC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Responding Party objects to this Request on the ground that it incorrectly assumes that Responding Party can respond on behalf of Collabrios Health LLC. Collabrios Health LLC is not a party to this action and is a separate legal entity from Responding Party. The Request therefore seeks impermissible discovery on a non-party under FRCP Rule 34.

DEFENDANT RTZ ASSOCIATES, INC.'S RESPONSE TO PLAINTIFF INTUS CARE INC.'S REQUESTS FOR PRODUCTION, SET ONE, TO COLLABRIOS HEALTH LLC

70001817.v4

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS and COMMUNICATIONS RELATING TO the DATA LICENSE AGREEMENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Responding Party objects to this Request on the ground that it incorrectly assumes that Responding Party can respond on behalf of Collabrios Health LLC. Collabrios Health LLC is not a party to this action and is a separate legal entity from Responding Party. The Request therefore seeks impermissible discovery on a non-party under FRCP Rule 34.

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS RELATING TO the reasons COLLABRIOS blocked INTUS's access to PACELOGIC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Responding Party objects to this Request on the ground that it incorrectly assumes that Responding Party can respond on behalf of Collabrios Health LLC. Collabrios Health LLC is not a party to this action and is a separate legal entity from Responding Party. The Request therefore seeks impermissible discovery on a non-party under FRCP Rule 34.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS and COMMUNICATIONS RELATING TO the reasons COLLABRIOS blocked INTUS's access to PACELOGIC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Responding Party objects to this Request on the ground that it incorrectly assumes that Responding Party can respond on behalf of Collabrios Health LLC. Collabrios Health LLC is not a party to this action and is a separate legal entity from Responding Party. The Request therefore seeks impermissible discovery on a non-party under FRCP Rule 34.

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS and COMMUNICATIONS CONCERNING COLLABRIOS's role in blocking INTUS's access to PACELOGIC.

Case No. 4:24-cv-01132-JST

70001817.v4

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Responding Party objects to this Request on the ground that it incorrectly assumes that Responding Party can respond on behalf of Collabrios Health LLC. Collabrios Health LLC is not a party to this action and is a separate legal entity from Responding Party. The Request therefore seeks impermissible discovery on a non-party under FRCP Rule 34.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS and COMMUNICATIONS RELATED TO costs incurred by COLLABRIOS in investigating, monitoring, or responding to PACELOGIC access by INTUS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Responding Party objects to this Request on the ground that it incorrectly assumes that Responding Party can respond on behalf of Collabrios Health LLC. Collabrios Health LLC is not a party to this action and is a separate legal entity from Responding Party. The Request therefore seeks impermissible discovery on a non-party under FRCP Rule 34.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS and COMMUNICATIONS RELATED TO any system strain inhibiting the use of PACELOGIC as a result of INTUS's access.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Responding Party objects to this Request on the ground that it incorrectly assumes that Responding Party can respond on behalf of Collabrios Health LLC. Collabrios Health LLC is not a party to this action and is a separate legal entity from Responding Party. The Request therefore seeks impermissible discovery on a non-party under FRCP Rule 34.

**REQUEST FOR PRODUCTION NO. 26(stet):**

All DOCUMENTS and COMMUNICATIONS RELATED TO any purported profits to INTUS from the data extracted from PACELOGIC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Responding Party objects to this Request on the ground that it incorrectly assumes that Responding Party can respond on behalf of Collabrios Health LLC. Collabrios Health LLC is not

DEFENDANT RTZ ASSOCIATES, INC.'S RESPONSE TO PLAINTIFF INTUS CARE INC.'S REQUESTS FOR PRODUCTION, SET ONE, TO COLLABRIOS HEALTH LLC

70001817.v4

a party to this action and is a separate legal entity from Responding Party. The Request therefore seeks impermissible discovery on a non-party under FRCP Rule 34.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS identifying all PACE entities that used PACELOGIC from 2021 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Responding Party objects to this Request on the ground that it incorrectly assumes that Responding Party can respond on behalf of Collabrios Health LLC. Collabrios Health LLC is not a party to this action and is a separate legal entity from Responding Party. The Request therefore seeks impermissible discovery on a non-party under FRCP Rule 34.

Dated:  February 23, 2026

NOSSAMAN LLP
DAVID C. LEE
KASIA PENN


By:  /s/ *David C. Lee*
     David C. Lee

Attorneys for Defendant RTZ ASSOCIATES, INC.

DEFENDANT RTZ ASSOCIATES, INC.'S RESPONSE TO PLAINTIFF INTUS CARE INC.'S REQUESTS FOR PRODUCTION, SET ONE, TO COLLABRIOS HEALTH LLC

70001817.v4

**PROOF OF SERVICE**

The undersigned declares:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and am not a party to the within action; my business address is c/o Nossaman LLP, 777 S. Figueroa Street, 34th Floor, Los Angeles, CA 90027.

On February 23, 2026, I served the foregoing **DEFENDANT RTZ ASSOCIATES, INC.'S RESPONSE TO PLAINTIFF INTUS CARE INC.'S REQUESTS FOR PRODUCTION, SET ONE, TO COLLABRIOS HEALTH LLC** on parties to the within action as follows:

☐  (By U.S. Mail)  On the same date, at my said place of business, Copy enclosed in a sealed envelope, addressed as shown on the attached service list  was placed for collection and mailing following the usual business practice of my said employer.  I am readily familiar with my said employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service, and, pursuant to that practice, the correspondence would be deposited with the United States Postal Service, with postage thereon fully prepaid, on the same date at Los Angeles, California.

☐  (By Overnight Service)  I served a true and correct copy by overnight delivery service for delivery on the next business day.  Each copy was enclosed in an envelope or package designated by the express service carrier; deposited in a facility regularly maintained by the express service carrier or delivered to a courier or driver authorized to receive documents on its behalf; with delivery fees paid or provided for; addressed as shown on the accompanying service list.

☑  (By Electronic Service)  Pursuant to California Rules of Court, rules 2.251, from service email address: mwiman@nossaman.com, by emailing true and correct copies to the persons at the electronic notification address(es) shown on the accompanying service list.

☐  (By Electronic Service) Pursuant to California Rules of Court, rules 2.251, by submitting an electronic version of the document(s) to a court-approved third-party e-filing vendor, I caused the document(s) to be e-served to the person(s) listed on the attached service list.

Executed on February 23, 2026.

☑  (FEDERAL)  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ Marlene Wiman
Marlene Wiman

-1 -
PROOF OF SERVICE

70001817.v4

**SERVICE LIST**
*Intus Care, Inc. v. RTZ Associates, Inc.*
*USDC Northern District Case No. 4:24-cv-01132-JST*

| | |
|---|---|
| MANATT, PHELPS & PHILLIPS, LLP<br>Charles E. Weir<br>Andrew Beshai<br>2049 Century Park East, Suite 1700<br>Los Angeles, CA 90067<br>Telephone: (310) 312-4000<br>Facsimile: (310) 312-4224<br>cweir@manatt.com<br>abeshai@manatt.com | *Attorneys for Plaintiff INTUS CARE, INC.* |
| SAVAGE LAW PARTNERS, LLP<br>C. Alexander Chiulli<br>564 South Water Street<br>Providence, RI 02903<br>Telephone: (401) 238-8500<br>Facsimile: (401) 648-6748<br>achiulli@savagelawpartners.com | *Attorneys for Plaintiff INTUS CARE, INC.* |

PROOF OF SERVICE
70001817.v4

# Exhibit E

MANATT, PHELPS & PHILLIPS, LLP
Charles E. Weir (Bar No. 211091)
CWeir@manatt.com
Andrew Beshai (Bar No. 308030)
ABeshai@manatt.com
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

*Attorneys for Plaintiff*
INTUSCARE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTUS CARE, INC., | Case No. 4:24-cv-1132-JST |
| Plaintiff, | **SECOND AMENDED COMPLAINT FOR:** |
| v. | (1) Intentional Interference with Contractual Relations |
| RTZ ASSOCIATES, INC.; COLLABRIOS HEALTH, LLC, and DOES 1 through 10, | (2) Intentional Interference with Prospective Economic Advantage |
| Defendants. | (3) Unfair Competition, Cal. Bus. & Prof. Code § 17200 et seq. |
| | **DEMAND FOR JURY TRIAL** |

MANATT,
PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

SECOND AMENDED COMPLAINT

Plaintiff Intus Care, Inc. ("Intus") alleges the following in support of this complaint for compensatory damages, punitive damages, and injunctive relief against Defendants RTZ Associates, Inc. ("RTZ") and Collabrios Health, LLC ("Collabrios") (collectively, "Defendants"):

## INTRODUCTION

1.      Intus is a health analytics company that contracts with Program of All-Inclusive Care for the Elderly ("PACE") programs (the "Intus Clients"). Intus synthesizes data from each of the PACE programs' electronic health records that stores its patients' electronic health information, and uses that data to identify risks, visualize trends, and optimize patient care. Intus Clients, who are health care providers, expect their electronic health records to be seamlessly integrated into Intus's software without additional or manual effort on the part of the PACE programs themselves in order to reduce the burden on the Intus Clients' clinical staff and care workers in using Intus's services. Like many PACE programs, Intus Clients capture and store their patients' electronic health data in an electronic health record program called PACECare that was operated by RTZ until October 2024 and that is now operated by Collabrios. Intus Clients need Intus to access the electronic health record data that the Intus Clients store on PACECare on a regular and consistent basis.

2.      With RTZ's knowledge and consent, Intus obtained the electronic health records data stored on PACECare through a simple file extraction process or interface. However, starting in September of 2022, RTZ refused to provide Intus access to the data on PACECare, and later prohibited Intus Clients from providing access to Intus. Collabrios succeeded RTZ in October 2024 and is now the entity that operates PACECare. RTZ and Collabrios are engaging in information blocking in violation of federal laws and regulations. Accordingly, Intus brings this action to guarantee its ability to access the electronic health record data stored on PACECare so that it can comply with its contractual obligations to Intus Clients, and to enjoin Defendants from further preventing Intus from accessing the electronic health record data.

## PARTIES

3.      Intus Care, Inc. is a Delaware corporation with its principal place of business in Providence, Rhode Island.

4.      At the time the complaint was filed, RTZ Associates, Inc. was a California corporation with a principal place of business in Lafayette, California.

SECOND AMENDED COMPLAINT

MANATT,
PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

5.     Collabrios Health, LLC is a Delaware limited liability company.

6.     Defendants are providers of PACE software, which is a cloud-based electronic health record software specifically developed to support the needs of PACE programs.

7.     The true names and capacities of Defendants Does 1 through 10, inclusive, are currently unknown to Intus. Accordingly, Intus sues each and every Doe defendant by such fictitious names. Each Doe defendant, individually and collectively, is responsible in some manner for the unlawful acts alleged herein. Intus will seek leave of this Court to amend this Complaint to reflect the true names and capacities of the Doe defendants when their identities become known.

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction based upon 28 U.S.C. § 1332(a) because there is a complete diversity of citizenship between Intus and RTZ and the amount in controversy exceeds $75,000. Diversity jurisdiction "is determined (and must exist) as of the time the complaint is filed," and "[o]nce jurisdiction attaches, a party cannot thereafter, by its own change of citizenship, destroy diversity." *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131–32 (9th Cir. 2002). This Court also has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because it involves claims arising under federal law, including claims for violations of the 21st Century Cures Act and its implementing regulations (42 U.S.C. § 300jj et seq., and 45 CFR §171.101 et seq.).

9.     Venue lies in the United States District Court for the Northern District of California under 28 U.S.C. § 1391(b) because a substantial part of the events that are the subject matter of this lawsuit occurred in this judicial district and, alternatively, because RTZ maintains its principal place of business in this district.

## FACTUAL ALLEGATIONS

### A.     Intus Provides Vital Services to Intus Clients

10.     Intus Clients include numerous PACE programs. The PACE program is a critical federal program that helps people meet their health care needs in their own community instead of going to a nursing home or other care facility. Intus Clients provide Medicare and Medicaid benefits that cover care and services for those enrolled, including emergency services, home care, hospital care, laboratory and x-

- 2 -                    SECOND AMENDED COMPLAINT

MANATT,
PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

ray services, medical specialty services, nutritional counseling, occupational and physical therapy, prescription drugs, preventative care, and social services. PACE programs directly provide services primarily in an adult day health center and are supplemented by in-home and referral services in accordance with the patient's needs.

11.    Intus is a healthcare analytics company that closely works with Intus Clients to synthesize financial, clinical and administrative data to identify trends in the PACE members served by the PACE program by integrating the data with electronic health records, claims and accounting software to highlight clinical risks in Intus Clients' elderly patients.

12.    By synthesizing data from its Intus Clients, Intus predicts patients at high risk for hospitalizations, readmissions, and the onset of chronic diseases, seeks to reduce overall expenditures through early patient risk detention, and improves organizational performance through trend analysis and best practice identification. This enables Intus Clients to perform better care coordination and targeted care and services to its patients. In order to perform these and other tasks, Intus must have direct access to Intus Clients' electronic health records that store their patients' electronic health information.

13.    Health care providers all use an electronic health records system that stores heath records and data. Such systems are often referred to as EHR or EMR systems. These systems are required for each health provider to operate and treat patients, and it can be difficult and expensive for a health care provider to change their EHR system.

14.    Many Intus Clients store their patients' electronic health data in an electronic health record program called PACECare, which is operated by Defendants. As detailed herein, Defendants operate the only EHR system that is engaged in conduct to block Intus Clients from accessing their own data so that they can work with Intus to improve care for their patients.

**B.    Defendants deny Intus access to Intus Clients' electronic health data stored on PACECare**

15.    In approximately June 2021, Intus contacted Defendants requesting access to the electronic health records data documented by the Intus Clients and stored on PACECare. All Intus Clients wanted and consented to Intus having access to the Intus Clients' data stored on PACECare. Intus sought this data

- 3 -                SECOND AMENDED COMPLAINT

MANATT,
PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

via a "Secure File Transfer Protocol," which would enable Intus to extract the electronic health records data via data files without actually accessing PACECare's software. With Defendants' knowledge and consent, Intus obtained the electronic health records data by extracting the necessary data from approximately June 2021 to September 2022.

16.     In September of 2022, over a year after Intus's initial request for such access, and based upon the view that Intus is a competitor, Defendants suddenly demanded that Intus sign a Non-Disclosure Agreement ("NDA") as a condition of access to the data. While there was no basis for Defendants to demand an NDA as a condition of Intus receiving access to the data of the Intus Clients, Intus attempted to work with Defendants to assuage their concerns.

17.     Unfortunately, the draft NDA prepared by Defendants was incomplete, and inaccurately reflected the relationship of the parties. Among other missing elements, the NDA did not grant access to PACECare, which was the primary point of the NDA. In response, Intus suggested changes to the NDA to properly reflect the nature of the agreement, and proposed an access agreement that would have granted access to PACECare.

18.     Defendants responded to the proposal by sending Intus cease and desist letters, stating that, in the absence of an executed NDA, Intus had "no rights or permission to access RTZ's software product." Attached as Exhibit 1 are the September 14, 2022 and September 28, 2022 cease and desist letters from Defendants.  Defendants did not provide an alternative method of access to its data. Shortly thereafter, an Defendants executive sent Intus an email stating that Defendants did not intend to engage in any further discussions.

19.     Defendants expressed concerns that their intellectual property would be compromised if Intus were to obtain access to PACECare without executing the NDA first. Intus initially believed that Defendants were operating in good faith, and simply did not understand that Intus was not seeking access to Defendants' intellectual property. As such, Intus repeatedly stated to Defendants in numerous phone calls and email exchanges that what Intus wanted, and is entitled to, is a single file of Intus Clients' data. Intus reiterated its willingness to sign an NDA that accurately reflected the arrangement between the parties, and shared a further revised NDA that contained additional (yet unnecessary and redundant)

MANATT,
PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

safeguards for RTZ's intellectual property. RTZ repeatedly denied Intus's request.

20. From September 2022 to March 2023, Intus continued to initiate discussions with Defendants in an attempt to reach a mutually beneficial agreement that would allow Intus to extract the Intus Clients' data from PACECare without manual effort by Intus Clients. In each instance, Defendants refused to cooperate with Intus.

21. Finally, in December 2023, an Intus Client made Intus aware of a provision in the Intus Client's contract with Defendants, which prohibited Intus Clients from providing Intus with direct access to the PACECare system for any data extractions. The Intus Client was told that Intus could only be provided with standard files from a data export, requiring Intus Clients to go through the administrative burden and time-consuming process of manually downloading the data and then sending it to Intus.

22. After the commencement of the present lawsuit, Defendants' counsel sent additional correspondence to Intus, reiterating Defendants' position that it will not allow Intus to access the data on behalf of the Intus Clients. Attached as Exhibit 2 are these additional letters from RTZ's counsel, dated March 12, 2024 and March 26, 2024.

23. Intus has long suspected that Defendants' illegal and anti-competitive conduct was driven by Defendants' desire to create a product that competes with Intus's analytics products. Since the initiation of this lawsuit, Defendants' intent has been confirmed. It announced a competing analytics product in March 2024.

24. It is now clear that Defendants' anti-competitive and illegal conduct was and is designed to destroy Intus's business.

**C. Defendants' conduct constitutes information blocking in violation of the 21st Century Cures Act and the federal information blocking regulations**

25. The 21st Century Cures Act was designed to accelerate medical product development, promote interoperability, and support patients. The Act created rules to promote interoperability, prevent information blocking, and ensure various actors in the healthcare IT industry and patients can access electronic health information. Under these rules, health IT developers of certified health IT (e.g. electronic health record vendors), health information exchanges, and health care providers are prohibited from

- 5 -                    SECOND AMENDED COMPLAINT

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

interfering with or discouraging access to, exchange of, or use of electronic health information. Further, the United States Department of Health and Human Services, Office of the National Coordinator for Health Information Technology ("ONC") implemented information blocking regulations to avert the use of "practices that increase the cost, complexity, or other burden associated with accessing, exchanging, or using electronic health information." 84 F.3d Reg. 7424, 7516. Violating the information blocking rules under the 21st Century Cures Act can result in fines of up to $1 million per violation.

26.    Defendants are considered a "health information network or health information exchange"[1] pursuant to 45 CFR §171.102, and thus an "actor" subject to the federal information blocking regulations. Defendants externally market that PACECare provides "[c]ertified lab interfaces (e.g. Quest, Sunquest)" and "[c]ertified e-prescribe interfaces (e.g. CareKinesis, Surescripts)." See https://paccare.com/. Defendants are facilitating access to and exchange of data between and among, at minimum, these entities (i.e. Quest, Sunquest, CareKinesis, and Surescripts) and PACE programs.

27.    Defendants' unjustified and erroneous refusal to grant Intus access to the data it seeks from PACECare constitutes an action that interferes with access, exchange, or use of electronic health information, and such action does not fall into any exceptions to the information blocking rules. See 45 CFR §171.103.

28.    Intus Clients seek Intus's assistance to analyze data and use it to help them effectively coordinate, manage, and improve patient care for PACE program beneficiaries. Defendants' refusal to allow Intus direct access to the data significantly delays and impedes Intus's access and increases the costs, complexity, and burden associated with Intus's use of this data on behalf of Intus Clients.

---

[1] An entity is a health information network or health information exchange if it "determines, controls, or requires the use of any technology or services for access, exchange, or use of electronic health information: (1) Among more than two unaffiliated individuals or entities (other than the individual or entity to which this definition might apply) that are enabled to exchange with each other; and (2) That is for a treatment, payment, or health care operations purpose, as such terms are defined in 45 CFR § 164.501 regardless of whether such individuals or entities are subject to the requirements of 45 CFR parts 160 and 164." The ONC has stated that the definition of a health information network or health information exchange may include a broad range of organizations, such as, without limitation, a range of "organizations, entities, or arrangements that enable EHI to be accessed, exchanged, or used between or among particular types of parties or for particular purposes." 84 Fed. Re. 7424, 7513. And the ONC has further explained that an organization or entity may qualify as an health information network or health information exchange even if it "facilitate[s] or enable[s] the access, exchange, or use of EHI' only "for a limited scope of participants and purposes." *Id*.

SECOND AMENDED COMPLAINT

MANATT,
PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

29.     In light of Defendants' violation of the 21st Century Cures Act and the federal information blocking regulations, Intus submitted a complaint to the ONC on February 7, 2024. Intus provided Defendants a courtesy copy of the complaint it submitted to the ONC and another opportunity to remediate the situation, but Defendants continue to violate the law.

**D.    Defendants' Contract Provisions Blocking Intus and Letters to Intus Clients Falsely Claiming Contractual Breaches and Intellectual Property Violations**

30.     Since at least early 2024, Defendants have begun inserting provisions in their agreements with Intus Clients, prohibiting Intus Clients from providing Intus with access to their data stored on the PACECare system.

31.     In at least one instance, Defendants sent a cease-and-desist letter to an Intus Client, threatening the Intus Client with consequences related to a "breach of contract," and requesting that the Intus Client stop granting access to any employee of Intus to its data stored on the PACECare system. The letter also stated that Defendants deactivated any accounts of Intus employees who had previously been granted access. Consequently, that Intus Client has reluctantly terminated its contractual relationship with Intus because Defendants were its only EMR option, and Defendants' threat made it clear that the Intus Client could be left without an EMR if it refused to comply with Defendants' demands.

32.     Upon information and belief, Defendants have been sending and/or are about to send similar letters to other Intus Clients, falsely claiming contractual breaches by the Intus Clients, falsely claiming intellectual property violations by Intus, and misrepresenting what the Intus Clients are allowed to do with their own data.

33.     Intus Clients cannot operate without an EMR system, and Defendants are leveraging their position as EMR provider to force Intus Clients to terminate their contractual relationships with Intus, and to force prospective clients not to contract with Intus.

## FIRST CLAIM FOR RELIEF

### (Intentional Interference with Contractual Relations)

34.     Intus repeats and realleges all prior allegations of this complaint.

35.     On or around November 2020 through June 2022, Intus entered into contracts with Intus

- 7 -                              SECOND AMENDED COMPLAINT

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

Clients to synthesize data from each of the Intus Clients' electronic health records that stores its patients electronic health information, and analyze that data to help Intus Clients effectively coordinate, manage, and improve care for PACE program patients.

36. Defendants are not parties to the contracts between Intus and the Intus Clients.

37. Defendants knew that Intus and Intus Clients had entered into these contracts because Intus communicated to RTZ the existence of these contracts. Intus also communicated to Defendants its need to access Intus Clients' health data stored on PACECare in order to perform its contractual obligations under the contracts. Defendants were and remain aware of the damaging nature of their actions. Thus, Defendants' misconduct is wanton, willful, or at least engaged in with reckless disregard for its damaging nature.

38. Since about September of 2022 to the present day, Defendants have intentionally been interfering with the contractual relationships between Intus and the Intus Clients by unlawfully refusing to allow Intus direct access to the data. Defendants' refusal to provide access significantly delays and increases the costs, complexity, and burden associated with Intus's use of this data on behalf of Intus Clients.

39. Defendants' actions were designed to interfere with the contracts between Intus and the Intus Clients or to otherwise disrupt the contractual relationships between Intus and the Intus Clients

40. Defendants' actions have actually interfered with the contracts between Intus and the Intus clients, and disrupted the contractual relationships between them. Defendants' actions have resulted and continue to result in delays and inefficiencies in Intus's performance of its contractual obligations, and have forced Intus to engage in costly and time-consuming solutions. This situation caused and continues to cause problems with many of the Intus Clients. Among other manifestations of these problems are:

- because Intus was unable to access the data stored by Defendants, an Intus Client terminated its contractual relationship with Intus;

- at least one Intus Client, who had no other EMR option than Defendants, has terminated its contractual relationship with Intus after receiving a threatening letter from Defendants, which stated that the Intus Client was in breach of its contract with Defendants for

- 8 -                    SECOND AMENDED COMPLAINT

allowing Intus to access its data;

- at least one Intus Client ceased all payments to Intus and requested that Intus pause its performance indefinitely until it could secure access to data stored with Defendants;

- multiple Intus Clients, including one of Intus's biggest clients, stopped paying Intus's services for multiple months because of the issues caused by Defendants;

- multiple Intus Clients may not move forward with further contracting with Intus.

41.    But for Defendants' interference, Intus would have performed its obligations under its contracts with the Intus Clients, without delays, inefficiencies, and costly workaround solutions. But for Defendants' interference, the contractual relationships between Intus and the Intus clients would not have been damaged.

42.    As a direct and proximate result of Defendants' tortious conduct, Intus has suffered and will continue to suffer economic losses resulting from the interference with the contractual relationships between Intus and the Intus Clients as well as other damages, in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF

### (Intentional Interference with Prospective Economic Advantage)

43.    Intus repeats and realleges all prior allegations of this complaint.

43.    A prospective economic relationship existed between Intus and the Intus Clients with the probability of future economic benefit to Intus, including but not limited to opportunities to renew and expand existing contracts, enter into new contract with existing Intus Clients, and attract new Intus Clients

44.    Defendants had knowledge and were aware of the prospective economic relationships between Intus and the Intus Clients because Intus communicated to Defendants the existence of its contractual and other economic relationships with the Intus Clients and its need to access health data stored on PACECare to further these relationships. Defendants were and remain aware of the damaging nature of its actions. Thus, Defendants' conduct is wanton, willful, or at least engaged in with reckless disregard for its damaging nature.

45.    Defendants intentionally prohibited Intus access to the data documented by the Intus

- 9 -                     SECOND AMENDED COMPLAINT

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

Clients and stored on PACECare to disrupt the prospective relationships between Intus and the Intus Clients and hamper the prospects of future renewal and expansion of the contractual relationships between Intus and the Intus Clients.

46.     Through the conduct described above, Defendants actually disrupted the prospective relationships between Intus and the Intus Clients, and damaged the prospects for the expansion of such relationships. Among other things, Defendants' actions have resulted and continue to result in delays and inefficiencies in Intus's performance of its contractual obligations, and have forced Intus to engage in costly and time-consuming solutions. This situation caused and continues to cause problems with many of the Intus Clients, and has tarnished Intus's reputation in the marketplace. Among other manifestations of these problems are:

- because Intus have been unable to access the data stored by Defendants, multiple Intus Clients may not move forward with further contracting with Intus;

- at least one Intus Client ceased all payments to Intus and requested that Intus pause its performance indefinitely until it could secure access of data stored with Defendants;

- multiple prospective clients have expressed concern about Intus being unable to access the data stored by Defendants, and have then refused to contract with Intus on that basis.

47.     As a direct and proximate result of Defendants' actions, Intus was forced to discount or not charge for its services for several months.

48.     As a direct and proximate result of Defendants' tortious conduct, Intus has suffered and will to continue to suffer economic and reputational damages, including but not limited to decreased opportunities to renew and expand existing contracts, enter into new contract with existing Intus Clients, and attract new Intus Clients.

49.     As a direct and proximate result of Defendants' actions, Intus is entitled to recover compensatory and punitive damages, in an amount to be determined at trial.

**THIRD CLAIM FOR RELIEF**

**(Unfair Competition in Violation of California Business & Professions Code § 17200 et seq.)**

50.     Intus repeats and realleges all prior allegations of this complaint.

MANATT,
PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

51.     Intus synthesizes data from each of the Intus Clients' electronic health records that stores its patients' electronic health information, and uses that data to identify risks, visualize trends, and optimize the care of patients that Intus Clients serve. The Intus Clients rely on Intus's assistance to help them effectively coordinate, manage, and improve the care of their elderly patients.

52.     Defendants' business is to provide PACE software, which is a cloud-based electronic health record software specifically developed to support the needs of PACE programs.

53.     Defendants refused and continue to refuse Intus to access Intus Clients' health data on PACECare. Defendants have now even begun inserting provisions in its agreements that Intus Clients are precluded from providing Intus with direct access to the PACECare system for any data extractions.

54.     Defendants' refusal to allow Intus to access Intus Clients' health data on PACECare is ongoing, and has been continuous since at least September of 2022.

55.     Defendants' continued refusal to allow Intus to access the Intus Clients' health data on PACECare is occurring in the course and as part of Defendants' business and business practices.

56.     Defendants' continued refusal to allow Intus to access Intus Clients' health data on PACECare violates the spirit and letter of the 21st Century Cures Act and the Public Health Services Act, including but not limited to 42 U.S.C. 300jj-52, and its implementing regulations, which prohibit information blocking by, inter alia, a health information technology developer, exchange, or network.

57.     Indeed, the information blocking regulations were specifically intended to protect app developers, technology companies, registries, information exchanges, and other private entities active in the healthcare IT industry that require access to electronic health data in the course of their business. Intus falls squarely into this category.

58.     Defendants' continued refusal to allow Intus to access Intus Clients' health data on PACECare also violates California common law as alleged above with respect to intentional interference with contractual relations and prospective economic advantage.

59.     Defendants' refusal to provide Intus access to the Intus Clients' data from PACECare constitutes unlawful business acts or practices in violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq.

- 11 -                    SECOND AMENDED COMPLAINT

MANATT,
PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

60.    Defendants are now a competitor of Intus.

61.    Upon information and belief, Defendants engaged and continue to engage in actions meant to preclude Intus Clients from doing business with Intus. This behavior includes but is not limited to falsely claiming that Intus Clients and prospective consumers are not allowed to access their own data stored by Defendants because of underlying contractual and intellectual property issues.

62.    Defendants' actions constitute a continuing pattern of unscrupulous business practices, including but not limited to Defendants leveraging their EHR position in the marketplace to damage Intus's analytics business, and misrepresenting intellectual property and contractual issues to Intus Clients to discourage them from contracting with Intus

63.    Defendants' actions harm Intus Clients, prospective consumers, and the PACEelectronic health record data market in general because they diminish consumers' choices with respect to providers of and services related to health data storage and analytics.

64.    Intus Clients and prospective consumers who wish to utilize Defendants' and Intus's services cannot reasonably avoid the harm caused by Defendants because the services and/or products offered by Intus are unique.

65.    Defendants' actions are in no manner beneficial to Intus Clients, prospective consumers, or competition in general. Rather, Defendants' actions are only beneficial to Defendants.

66.    Defendants' actions are also directly injurious to Intus, who is losing clients as a result of Defendants' illegal and anti-competitive conduct.

67.    As such, Defendants' actions and injuries to Intus, Intus Clients, and consumers of electronic health data stored on PACECare significantly threaten competition in the electronic health care data storage and analytics market.

68.    Thus, in addition to violating the letter and spirit of the Century Cures Act, the Public Health Services Act, and California common law, Defendants' actions also violate the policy and spirit of state and federal antitrust law, including the California Unfair Competition Law, which is meant to protect consumers, competitors, and competition in general.

69.    Consequently, Defendants' actions described above constitute unfair business acts or

- 12 -                    SECOND AMENDED COMPLAINT

MANATT,
PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

practices in violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq.

70.     Defendants' refusal to allow Intus direct access to the data hampered Intus's ability to assist Intus Clients and increased the costs, complexity, and burden associated with Intus's use of the data on behalf of Intus Clients. As a direct and proximate result of Defendants' conduct, Intus has suffered irreparable harm to its business. Unless Defendants are restrained from its actions, Intus will continue to be irreparably harmed. Among other harms directly and proximately caused by Defendants, Intus has lost existing Intus Clients and has had difficulties securing new opportunities as a result of Defendants' misrepresentations and conduct described herein.

71.     Intus communicated with Defendants about the improper and unlawful nature of Defendants' refusal to let Intus access PACECare data and the harms that Defendants' conduct caused and continues to cause to Intus. Defendants were and remain aware of the unlawful and harmful nature of its actions. Thus, Defendants' misconduct is wanton, willful, or at least engaged in with reckless disregard for its harmful and unlawful nature.

72.     Intus has no adequate remedy at law to compensate it for the continued and irreparable harm it will suffer if Defendants' alleged acts are allowed to continue. As a direct and proximate result of Defendants' conduct, Intus is entitled to restitution and injunctive relief.

**PRAYER FOR RELIEF**

WHEREFORE, Intus demands judgment against Defendants as follows:

A.     An Order enjoining Defendants from denying access to the electronic health record data documented by the Intus Clients and stored on PACECare.

B.     An award of compensatory and consequential damages;

C.     An award of punitive damages;

D.     An award of its reasonable attorneys' fees and costs;

E.     An award of prejudgment and post judgment interest at the rate provided by 28 U.S.C. § 1961; and

F.     Such additional relief as may be just and proper.

MANATT,
PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

Dated:  March 18, 2026                          MANATT, PHELPS & PHILLIPS, LLP


                                        By:    */s/ Charles E. Weir*
                                               Charles E. Weir

                                               *Attorneys for Plaintiff*
                                               INTUS CARE, INC.

SECOND AMENDED COMPLAINT

MANATT,
PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

## JURY DEMAND

Plaintiff Intus Care, Inc. requests a trial by jury in this matter.

Dated:  March 18, 2026                                    MANATT, PHELPS & PHILLIPS, LLP

By:     */s/ Charles E. Weir*
        Charles E. Weir

        *Attorneys for Plaintiff*
        INTUS CARE, INC.

- 15 -                     SECOND AMENDED COMPLAINT

MANATT,
PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES