MANATT, PHELPS & PHILLIPS, LLP
Charles E. Weir (Bar No. 211091)
CWeir@manatt.com
Andrew Beshai (Bar No. 308030)
ABeshai@manatt.com
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

*Attorneys for Plaintiff*
INTUSCARE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTUSCARE INC., | Case No. 4:24-cv-1132-JST |
| Plaintiff, | Assigned to: Hon. Jon S. Tigar |
| v. | **PLAINTIFF INTUSCARE INC.'S NOTICE OF MOTION AND MOTION TO MODIFY THE COURT'S SCHEDULING ORDER AND FOR LEAVE TO FILE SECOND AMENDED COMPLAINT TO ADD DEFENDANT COLLABRIOS HEALTH, LLC** |
| RTZ ASSOCIATES, INC.; and DOES 1 through 10, | |
| Defendants. | Date: May 28, 2026<br>Time: 2:00 p.m.<br>Courtroom: 6 |
| | *Filed concurrently with: 1) Declaration of Andrew Beshai in Support of Motion; 2) [Proposed] Order* |
| | Complaint Filed: February 23, 2024<br>Amended Complaint Filed: April 2, 2024<br>Counterclaims Filed: June 20, 2024 |

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

PLAINTIFF INTUSCARE INC.'S NOTICE OF MOTION AND MOTION TO MODIFY THE COURT'S
SCHEDULING ORDER AND FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

404618753.v2

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on May 28, 2026 at 2:00 p.m., or as soon thereafter as this matter may be heard in Courtroom 6, located at 1301 Clay Street, Oakland, California 94612, Plaintiff IntusCare Inc. will and hereby does move to modify the Court's scheduling order and for leave to file a Second Amended Complaint, in the above captioned matter.

The Proposed Second Amended Complaint seeks to add an additional defendant, Collabrios Health, LLC, the successor entity to current defendant RTZ Associates, Inc.

Dated: March 23, 2026                                  MANATT, PHELPS & PHILLIPS, LLP


                                                       By: /s/ *Charles E. Weir*
                                                           Charles E. Weir
                                                           Andrew Beshai
                                                           Attorneys for Plaintiff
                                                           INTUSCARE INC.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

PLAINTIFF INTUSCARE INC.'S NOTICE OF MOTION AND MOTION TO MODIFY THE COURT'S
SCHEDULING ORDER AND FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

404618753.v2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff IntusCare Inc. ("Intus") seeks leave to file a Second Amended Complaint to add Collabrios Health, LLC ("Collabrios")—the successor to current defendant RTZ Associates, Inc. ("RTZ")—as a defendant in this action. The proposed amendment will not add any new claims or necessitate any new discovery. Nor will the proposed amendment alter any of the existing case deadlines in this case. The changes in the proposed Second Amended Complaint are minor and simply reflect the addition of Collabrios as a successor entity to RTZ.

As alleged in the operative First Amended Complaint, Intus provides critical healthcare analytics services to its clients. In order to provide these services, Intus requires access to the electronic medical records ("EMR") platforms on which Intus's clients' healthcare data is stored. Since September 2022, RTZ has blocked Intus from accessing Intus's clients' data on RTZ's EMR, PACECare, resulting in this current lawsuit. While this lawsuit was pending, RTZ combined with two other entities to create Collabrios. The EMR platform at issue in the case—PACECare—is now owned and operated by Collabrios and the conduct giving rise to this litigation continues.

Based on Collabrios's own press releases and the deposition testimony of RTZ's former Chief Executive Officer, Michael Zawadski, Collabrios has purchased RTZ and now runs its operations, including operations related to the EMR at issue here. One of RTZ's long-tenured employees who has been with the company for over a decade, Melanie Martinez, testified in her deposition that as of January 1, 2025, she signed new employment paperwork with Collabrios. She also stated that her email accounts were transitioned over from RTZ to Collabrios domain names and that she no longer interacts with anyone who has an RTZ domain name at work.

Despite the undisputable fact that Collabrios has succeeded RTZ, RTZ has refused to stipulate to add Collabrios so that the successor entity is named as a defendant in this case. Quite the opposite, after not responding to Intus's counsel regarding the Collabrios naming issue, RTZ recently made it clear that it is seeking to use some sort of corporate shell game in this case. On February 23, 2026, in response to discovery requests, RTZ argued for the first time that it cannot

- 2 -

PLAINTIFF INTUSCARE INC.'S NOTICE OF MOTION AND MOTION TO MODIFY THE COURT'S SCHEDULING ORDER AND FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

404618753.v2

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

respond on behalf of Collabrios because "Collabrios Health LLC is not a party to this action and is a separate legal entity from [RTZ]." In short, RTZ has taken the position that the company to which it was sold, to which its operations have transitioned, to which PACECare (the EMR system at the heart of this case) transitioned, with which the conduct of blocking Intus from use of PACECare has continued, and with which its employees have signed new employment contracts is not its successor and also somehow not part of this case.

Rule 15(a)(2) provides that the Court should freely grant leave to amend "when justice so requires," and this policy is applied with extreme liberality. Justice requires amendment here, and none of the Rule 15 factors counsel otherwise. First, this motion is timely, as RTZ's refusal to acknowledge Collabrios as its successor for amendment purposes arose recently in connection with discovery responses and deposition testimony. Second, the motion is brought in good faith and amendment will not expand the case; amendment here merely accomplishes minor revisions to the complaint to reflect that Collabrios is RTZ's successor and that Collabrios is continuing the conduct of its predecessor, RTZ, namely blocking Intus from access to healthcare information stored on Collabrios/RTZ's PACECare electronic medical records platform. Third, the amendment is not futile, as "it has long been held that 'corporations cannot escape liability by a mere change of name or a shift of assets when and where it is shown that the new corporation is, in reality, but a continuation of the old.'" *Pool v. F. Hoffman-La Roche, Ltd.*, 386 F. Supp. 3d 1202, 1213 (N.D. Cal. 2019) (citation omitted). Finally, there is no prejudice to RTZ or Collabrios, as the amendment will not affect any case deadlines or require any additional discovery. Indeed, the executives of the defendant that were deposed are executives of Collabrios.

Accordingly, Intus respectfully requests that the Court modify its scheduling order and grant Intus leave to file the Second Amended Complaint.

## II.    FACTUAL BACKGROUND

Intus provides critical healthcare analytics services to its clients. Intus's clients are healthcare providers that operate Medicare's Program of All-Inclusive Care for the Elderly, commonly referred to as "PACE" (the "Intus Clients"). PACE is a Medicare program that allows

- 3 -

Manatt, Phelps &
Phillips, LLP
Attorneys at Law
Los Angeles

PLAINTIFF INTUSCARE INC.'S NOTICE OF MOTION AND MOTION TO MODIFY THE COURT'S
SCHEDULING ORDER AND FOR LEAVE TO FILE SECOND AMENDED COMPLAINT
404618753.v2

older adults with disabilities to live in their communities rather than in nursing homes or other institutional settings. Recognizing PACE programs' need to better utilize data, Intus built a product that ingests data from its clients' clinical, administrative, and financial sources to provide analytics that help clients predict negative patient events and better coordinate care. To provide these services, Intus needs access to its clients' data that resides on RTZ's electronic medical records ("EMR") platform, called PACECare.

The operative complaint, the First Amended Complaint ("FAC"), alleges violations of the Cures Act and intentional interference claims against RTZ because of its information-blocking misconduct. (Dkt. 25 ¶¶ 33-72.) Since September 2022 RTZ has been blocking Intus from accessing Intus Clients' data on PACECare. (Dkt. 25 ¶ 15.) In October 2024, while this case was pending, RTZ joined forces with two other entities to form a new entity, Collabrios Health, LLC. *See AHP Announces the Formation of CollabriOS Health: A Leading Provider of Integrated Technology Infrastructure Solutions for PACE Programs*, PR Newswire (Oct. 10, 2024), https://www.prnewswire.com/news-releases/ahp-announces-the-formation-of-collabrios-health-a-leading-provider-of-integrated-technology-infrastructure-solutions-for-pace-programs-302273477.html.

Until January 2026, Collabrios's CEO was Michael Zawadski. Mr. Zawadski was RTZ's CEO before the merger and the executive that led RTZ's unlawful efforts to harm Intus via information blocking. In his deposition, Mr. Zawadski confirmed at his February 23, 2026 deposition that "RTZ Associates was bought" by Collabrios in October 2024. (Declaration of Andrew Beshai ("Beshai Decl."), Ex. A at 28:20.) Melanie Martinez, an Implementation Manager who has been with RTZ since 2012, echoed Mr. Zawadski in her deposition, explaining that the company transitioned from RTZ to Collabrios by January 2025. Specifically, she testified that in January 2025, she signed new employment paperwork with Collabrios, her email account is a Collabrios domain name, and she no longer interacts with anyone who has an RTZ domain name. (*Id.*, Ex. B at 5-7.)

Based on testimony from two former RTZ-now-Collabrios employees, including the former

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 4 -

PLAINTIFF INTUSCARE INC.'S NOTICE OF MOTION AND MOTION TO MODIFY THE COURT'S SCHEDULING ORDER AND FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

404618753.v2

CEO of RTZ who transitioned the company to Collabrios, RTZ has been purchased by, and its operations have been completely transitioned to, Collabrios. In light of this, Intus has asked RTZ numerous times to stipulate to amend the complaint to add Collabrios as a defendant. (*Id.*, Ex. C.) RTZ has refused. (*Id.*) Indeed, when Intus propounded discovery on Collabrios as the successor to RTZ, RTZ objected on February 23, 2026 to every single RFP "on the ground that it incorrectly assumes that [RTZ] can respond on behalf of Collabrios Health LLC. Collabrios Health LLC is not a party to this action and is a separate legal entity from [RTZ]." (*Id.*, Ex. D.) In short, RTZ has taken the position that the company to which it was sold, to which its operations have transitioned, and with which its employees have signed new employment contracts is not its successor.

The question of naming the proper party here is not merely hypothetical. Intus had operated under the assumption that Collabrios was the successor to RTZ because, for all intents and purposes, Collabrios had taken over employees and operations of RTZ, including the EMR at issue here, PACECare. Furthermore, Mr. Zawadski continued in his role as CEO from RTZ into Collabrios. Accordingly, Intus served discovery on Collabrios and was met with the objections discussed above. Recently, Magistrate Judge Tse ruled that because Collabrios is not a party, Intus was not entitled to discovery from Collabrios. (*See* Dkt. 97.) Intus, therefore, brings this motion and seeks to amend to avoid further tactics by RTZ to evade responsibility—and ultimately liability—by hiding behind the corporate shell of Collabrios.

### III.    LEGAL STANDARD

Rule 15(a)(2) governs amendment of pleadings after the period for amendment as of right has passed. It provides that, when a motion for leave to amend is filed prior to the case management deadline to amend pleadings, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of

- 5 -

Manatt, Phelps & Phillips, LLP
Attorneys at Law
Los Angeles

PLAINTIFF INTUSCARE INC.'S NOTICE OF MOTION AND MOTION TO MODIFY THE COURT'S SCHEDULING ORDER AND FOR LEAVE TO FILE SECOND AMENDED COMPLAINT
404618753.v2

amendment.'" *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). When courts weigh the factors as to whether to grant leave to amend under Rule 15(a), "[t]he consideration of prejudice to the opposing party [] carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original).

## IV.   ARGUMENT

### A.   Good Cause Exists to Modify the Court's Schedule and Allow Amendment Under Rule 16

Under Federal Rule of Civil Procedure 16, "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "[T]he focus of the [Rule 16] inquiry is upon the moving party's reasons for seeking modification." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The district court may allow a post-deadline amendment if the deadline could not reasonably have been met despite the diligence of the moving party." *Eckert Cold Storage, Inc. v. Behl*, 943 F. Supp. 1230, 1233 (E.D. Cal. 1996).

Here, the Court's scheduling order set a July 12, 2024 deadline to add parties or amend the pleadings. The developments that have necessitated this motion for leave to amend to add Collabrios as a successor defendant all post-date the Court's deadline to add parties or amend. In October 2024, Collabrios acquired RTZ and took over its operations, its employees, and its EMR at issue here, PACECare. Subsequent to this development, Intus made several attempts to stipulate with RTZ to name Collabrios as the successor entity. (Beshai Decl., Ex. C.) Not only did RTZ repeatedly ignore Intus's requests, but on February 23, 2026, RTZ took the position—for the first time since the merger—that Collabrios is not its successor, "is not a party to this action[,] and is a separate legal entity from [RTZ]." (*Id.*, Ex. D.) In light of Collabrios's own press releases and deposition testimony from former RTZ employees about how RTZ's operations have transitioned to Collabrios, *see infra* Section IV.B, Intus was surprised to receive such a response. Intus brought

- 6 -

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

PLAINTIFF INTUSCARE INC.'S NOTICE OF MOTION AND MOTION TO MODIFY THE COURT'S SCHEDULING ORDER AND FOR LEAVE TO FILE SECOND AMENDED COMPLAINT
404618753.v2

this motion seeking to modify the scheduling order and asking for leave to amend shortly after learning of RTZ's position on successor liability.

Prior to the Court's July 2024 deadline, Intus could not possibly have foreseen that Collabrios would acquire RTZ and take over its operations. Intus also could not have foreseen that after acquiring RTZ and announcing Collabrios as the successor to RTZ and its operations, that RTZ/Collabrios would take positions contrary to these announcements and the testimony of its own witnesses. Indeed, Intus was unaware that RTZ/Collabrios would play what amounts to nothing more than a corporate shell game. Compounding matters further, Mr. Zawadski, who served as both RTZ's and Collabrios's CEO, testified that he doesn't understand the deal structure and does not know whether RTZ continues to exist in a standalone corporate form after the merger. (Beshai Decl., Ex. A at 27:3-23.) If the former CEO of both merging entities does not know that RTZ's corporate form is, then Intus, as an outsider to the transaction, certainly had no reason to know anything other than what Collabrios touted in the press—that it had acquired RTZ. It was not until February 23, 2026, in response to discovery requests, RTZ took the above position that Collabrios is not the successor to RTZ. *See Ross v. AT&T Mobility, LLC*, No. 19-CV-06669-JST, 2020 WL 9848733, at *3 (N.D. Cal. Dec. 18, 2020) (finding good cause where the plaintiff did not learn of new claims until defendant insisted that it would challenge any amended complaint adding new defendants or new claims, which "caused [plaintiff] to investigate [defendant's] relationship with third-party call centers further," leading to discovery of facts necessitating amendment).

Intus's request to modify the scheduling order will not cause any prejudice to RTZ. *Johnson*, 975 F.2d at 609 (explaining that the focus of the Rule 16 inquiry is on the party's reasons for seeking modification but that "the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion"). Intus will not propound any new discovery or take any new depositions, and the existing case schedule will proceed as currently set with trial slated to start on June 29, 2026. Indeed, the executives and employees that Intus has deposed and will depose all work for Collabrios. Moreover, Collabrios is the successor of RTZ and is represented by the same counsel. There is also no prejudice to RTZ or Collabrios because this Court

- 7 -

PLAINTIFF INTUSCARE INC.'S NOTICE OF MOTION AND MOTION TO MODIFY THE COURT'S SCHEDULING ORDER AND FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

404618753.v2

"may amend a judgment to add a successor corporation if that successor corporation is the 'mere continuation' of the original judgment debtor." *Reno-Tahoe Specialty, Inc. v. Mungchi, Inc.*, 468 F. Supp. 3d 1236, 1240 (C.D. Cal. 2020).[1]

In sum, good cause exists to modify the scheduling order. The purpose of Rule 16 is "to allow the district court to manage its calendar and to facilitate more efficient disposition of cases by settlement or by trial." *Eckert*, 943 F. Supp. at 1233. Modifying the schedule here to allow amendment will not disrupt the progress of this case, as all case deadlines will remain intact. As explained below, the amendment is sought to ensure that Collabrios, as RTZ's successor, does not evade liability through a corporate shell game.

### B. Amendment Is Proper Under Rule 15

This Court must "freely grant" Intus's motion to amend its complaint to include Collabrios, as there is no evidence of "undue delay, bad faith... undue prejudice, [or] futility of amendment." *Sonoma Cnty. Ass'n of Retired Emps.*, 708 F.3d at 1117.

*First*, Intus's request is timely. It was not until February 23, 2026—less than a month ago—that RTZ first took the position that Collabrios is not its successor, "is not a party to this action[,] and is a separate legal entity from [RTZ]." (Beshai Decl., Ex. D.) Prior to this response from RTZ, Intus had attempted to stipulate with RTZ to add Collabrios as a defendant. Given that Collabrios's own press releases and deposition testimony from RTZ, now Collabrios, employees Intus had believed that RTZ would, in good faith, stipulate to add Collabrios as a defendant. After all, not only had Collabrios touted its acquisition of RTZ, but testimony from its former CEO and a long-time RTZ-turned-Collabrios employee left no question that RTZ's operations—and its responsibility over PACECare—had been effectively transitioned to Collabrios in every conceivable way. Intus was quite surprised, then, when it learned that not only was RTZ refusing to stipulate to amendment but actually went one step further and, on February 23, 2026, took the position that Collabrios is not a proper defendant. Intus promptly brought this motion without

---

[1] Intus's position is that Collabrios is liable for any judgment entered against RTZ as RTZ's successor, and, if necessary, Intus would move to amend any such judgment. In the interest of judicial economy and to avoid unnecessary motion practice in the event of a judgment, Intus is moving to amend and resolve this issue now.

- 8 -

404618753.v2

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

delay. *See Optrics Inc. v. Barracuda Networks Inc.*, No. 17-CV-04977-RS, 2020 WL 8680000, at *3 (N.D. Cal. June 11, 2020) (three weeks following discovery of new facts is not undue delay).

*Second,* Intus brings this request in good faith. The proposed amendment will not expand the case, nor will it add any new claims; rather, it merely accomplishes minor revisions to the complaint to reflect that Collabrios is RTZ's successor and that the same obstructive practices have continued under RTZ's successor. (Beshai Decl., Ex. E.) In other words, this amendment simply ensures that the parties responsible for this illegal conduct are properly before the Court.

*Third*, the proposed amendment is not futile. A proposed amendment is futile only if no set of facts could support the claim, which is plainly not the case here. *See Miller v. Rykoff-Sexton Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (*overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). "Denial of leave to amend on this ground is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Carranza v. City of San Pablo*, No. 4:20-CV-08443-SBA, 2022 WL 110647, at *4 (N.D. Cal. Jan. 12, 2022). Intus has alleged sufficient facts demonstrating that Collabrios has succeeded RTZ for all purposes material to this action. Successor liability attaches if "the transaction amounts to a consolidation or merger of the successor and the predecessor," or "if the successor is a mere continuation of the predecessor." *Chang v. Cashman*, 723 F.Supp.3d 772, 783 n.13 (N.D. Cal. 2024) (quoting *CenterPoint Energy, Inc. v. Super. Ct.*, 157 Cal. App. 4th 1101, 1120)). "[I]t has long been held that 'corporations cannot escape liability by a mere change of name or a shift of assets when and where it is shown that the new corporation is, in reality, but a continuation of the old.'" *Pool*, 386 F. Supp. 3d at 1213 (citation omitted). Collabrios announced publicly that it had acquired RTZ. Mr. Zawadski, whose tenure as RTZ's CEO continued once Collabrios took over, confirmed the acquisition in his deposition. And Ms. Martinez, who had been with RTZ for over a decade and transitioned to Collabrios, stated in her deposition that there is nothing left of RTZ—no emails, no employees, no operations. Amendment to add Collabrios as a successor defendant is not futile.

*Finally*, the proposed amendment will not prejudice RTZ or Collabrios. *See Portland*

- 9 -

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

PLAINTIFF INTUSCARE INC.'S NOTICE OF MOTION AND MOTION TO MODIFY THE COURT'S SCHEDULING ORDER AND FOR LEAVE TO FILE SECOND AMENDED COMPLAINT
404618753.v2

*Eng'g., Inc. v. ATG Pharma Inc.*, No. 3:19-CV-02010-AC, 2020 WL 5437731, at *5 (D. Or. Sept. 10, 2020) (no prejudice to existing defendant where newly added parties were "closely intertwined" with existing defendant). Adding Collabrios as a defendant will not prejudice either RTZ or Collabrios. *See also supra* Section IV.A.

## V.    CONCLUSION

For the foregoing reasons, this Court should grant Intus's motion to modify the Court's scheduling order and for leave to file a Second Amended Complaint.

Dated: March 23, 2026                                MANATT, PHELPS & PHILLIPS, LLP


By: /s/ *Charles E. Weir*
    Charles E. Weir
    Andrew Beshai
    Attorneys for Plaintiff
    INTUSCARE INC.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

PLAINTIFF INTUSCARE INC.'S NOTICE OF MOTION AND MOTION TO MODIFY THE COURT'S SCHEDULING ORDER AND FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

404618753.v2