NOSSAMAN LLP
DAVID C. LEE (SBN 193743)
dlee@nossaman.com
50 California Street, 34th Floor
San Francisco, CA 94111
Telephone: 415.398.3600
Facsimile:  415.398.2438

NOSSAMAN LLP
KASIA PENN (SBN 306056)
kpenn@nossaman.com
18101 Von Karman Avenue, Suite 1800
Irvine, CA 92612
Telephone: 949.833.7800
Facsimile:  949.833.7878

Attorneys for Defendant and Counter-claimant
RTZ ASSOCIATES, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTUS CARE, INC.,<br><br>          Plaintiff,<br><br>     vs.<br><br>RTZ ASSOCIATES, INC.; and DOES 1 through 10,<br><br>          Defendants, | Case No:     4:24-cv-01132-JST<br><br>Assigned to: Hon. Jon S. Tigar<br><br>**DEFENDANT AND COUNTER-CLAIMANT RTZ ASSOCIATES, INC.'S OPPOSITION TO INTUSCARE INC.'S MOTION TO MODIFY THE COURT'S SCHEDULING ORDER AND FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>[Filed concurrently with Declaration of David C. Lee] |
| RTZ ASSOCIATES, INC.,<br><br>          Counter-claimant,<br><br>     vs.<br><br>INTUS CARE, INC.,<br><br>          Counter-defendant. | Date:     May 28, 2026<br>Time:     2:00 p.m.<br>Courtroom: 6 |

Case No. 4:24-cv-01132-JST

DEFENDANT & COUNTER-CLAIMANT RTZ ASSOCIATES, INC'S OPPOSITION TO INTUSCARE INC.'S MOTION TO MODIFY SCHEDULING ORDER AND FOR LEAVE TO FILE SAC

70191967.v1

**TABLE OF CONTENTS**

I.     INTRODUCTION ...............................................................................................................1

II.    ARGUMENT....................................................................................................................1

    1.    Intus Fails to Demonstrate Diligence Under Rule 16's Good Cause Standard. .....................................................................................................................1

        A.    Intus Was Not Diligent in Assisting the Court in Creating a Workable Rule 16 Order as Intus Previously Elected Not to Extend the Deadline to Amend Pleadings. ...................................................3

        B.    There Was Nothing Intus Could Not Have Reasonably Foreseen or Anticipated as Intus Has Known of Collabrios for About 1.5 Years Before Filing This Motion................................................4

        C.    Intus Was Not Diligent in Seeking Amendment of the Rule 16 Order Because Intus Waited Approximately 1.5 Years to File Its Motion.......................................................................................................5

    2.    The Proposed Amendment Would Cause Substantial Prejudice to RTZ and Collabrios. .................................................................................................7

        A.    Collabrios Would Be Severely Prejudiced by Such Late Addition Which in Turn Would Prejudice RTZ. ........................................7

        B.    Intus Cannot Avoid Prejudice by Asserting No New Discovery Is Needed as Adding a Defendant Requires Reopening Discovery and Delaying Proceedings. ..........................................................10

    3.    The Prejudice to RTZ and Collabrios Substantially Weighs Against Amendment...................................................................................................12

III.    CONCLUSION...............................................................................................................12

DEFENDANT & COUNTER-CLAIMANT RTZ ASSOCIATES, INC'S OPPOSITION TO INTUSCARE INC.'S MOTION TO MODIFY SCHEDULING ORDER AND FOR LEAVE TO FILE SAC

70191967.v1

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AmerisourceBergen Corp. v. Dialysist W., Inc.*,
　465 F.3d 946 (9th Cir. 2006) ...................................................................................................6

*Chang v. Cashman*,
　723 F. Supp. 3d 772 (N.D. Cal. 2024) ....................................................................................7

*Clear-View Technologies, Inc. v. Rasnick*,
　No. 13-cv-02744-BLF, 2014 WL 4370809 (N.D. Cal. Sept. 3, 2014) .....................................2

*Coleman v. Quaker Oats Co.*,
　232 F.3d 1271 (9th Cir. 2000) ...............................................................................................11

*Elite Semiconductor, Inc. v. Anchor Semiconductor, Inc.*,
　No. 5:20-cv-06846-EJD, 2023 WL 8188844 (N.D. Cal. Nov. 27, 2023)......................2, 4, 5, 7

*Eminence Cap., LLC v. Aspeon, Inc.*,
　316 F.3d 1048 (9th Cir. 2003) ...............................................................................................12

*Global Solutions, LLC v. MD Marketing, LLC*,
　No. CV 07-489-S-EJL-CWD, 2010 WL 1410579 (D. Idaho Apr. 1, 2010).........................6, 10

*Jackson v. Laureate, Inc.*,
　186 F.R.D. 605 (E.D. Cal. 1999) ......................................................................................1, 2, 4

*Johnson v. Mammoth Recreations, Inc.*,
　975 F.2d 604 (9th Cir. 1992) ...................................................................................................2

*McNally v. Eye Dog Found. for the Blind, Inc.*,
　No. 1:09-CV-01184, 2010 WL 4723073 (E.D. Cal. Nov. 15, 2010)......................................10

*Quinones v. UnitedHealth Grp. Inc.*,
　No. CV 14-00497 LEK-RLP, 2016 WL 11593667 (D. Haw. Aug. 10, 2016) .........................3

*Robinson v. Twin Falls Highway Dist.*,
　233 F.R.D. 670 (D. Idaho 2006) ..........................................................................................6, 7

*Romero v. Los Angeles Cnty.*,
　No. 2:21-CV-03972-SPG-JEM, 2023 WL 6193034 (C.D. Cal. Mar. 6, 2023) ........................6

*Shorter v. Cnty. of Los Angeles*,
　No. CV 21-3347-CJC (KK), 2022 WL 3636687 (C.D. Cal. July 12, 2022) ............................8

Case No. 4:24-cv-01132-JST

DEFENDANT & COUNTER-CLAIMANT RTZ ASSOCIATES, INC'S OPPOSITION TO INTUSCARE INC.'S MOTION TO MODIFY SCHEDULING ORDER AND FOR LEAVE TO FILE SAC

70191967.v1

*Solomon v. North American Life & Cas. Ins. Co.*,
    151 F.3d 1132 (9th Cir. 1998) ............................................................................................11

*Texaco, Inc. v. Ponsoldt*,
    939 F.2d 794 (9th Cir. 1991) ..............................................................................................11

*Valenzuela v. Ford Motor Co.*,
    No. 10-CV-156-TUC-RCC, 2011 WL 13092975 (D. Ariz. Sept. 27, 2011) ............................3

**Other Authorities**

Fed. R. Civ. P. 16...............................................................................................................1, 2

    Case No. 4:24-cv-01132-JST

DEFENDANT & COUNTER-CLAIMANT RTZ ASSOCIATES, INC'S OPPOSITION TO INTUSCARE INC.'S
MOTION TO MODIFY SCHEDULING ORDER AND FOR LEAVE TO FILE SAC

70191967.v1

## I.     INTRODUCTION

Plaintiff Intus Care, Inc. ("Intus") asks this Court to add a new defendant weeks before trial and well after the close of discovery, despite having known of that entity's existence for over seventeen months and having multiple opportunities to seek amendment. Defendant RTZ Associates, Inc. ("RTZ") respectfully opposes this Motion.

Nearly two years after the Court's July 12, 2024 deadline to add parties or amend the pleadings (*see* Dkt. 40 [June 14, 2024 Scheduling Order]), Intus makes a last-ditch attempt to add Collabrios Health LLC ("Collabrios") as a defendant. But Intus' own Motion and Proposed Second Amended Complaint ("Proposed SAC") reveal this delay is inexcusable as Intus has known of Collabrios' acquisition of RTZ assets via public press releases since at least October 2024. *See* Mot. at 2:16, 4:10, 6:20-25, 8:18; Dkt. 100-1 [Declaration of Andrew Beshai (Beshai Decl.)] ¶ 6, Ex. E [Proposed SAC] ¶¶ 1-2. Despite this knowledge, Intus failed to act with any diligence, opting not to add Collabrios as a party until now, after the close of fact discovery and on the eve of trial. Intus' request is not only untimely but prejudicial, effectively asking the Court to strip Collabrios of its right to pre-trial discovery and force it directly to trial. Given that Intus now belatedly seeks to assert that Collabrios is the legal successor-in-interest to RTZ for purposes of any potential liability, RTZ is likewise prejudiced by this tactic. Intus' Motion should be denied because Intus cannot establish good cause or diligence as required by Rule 16 to modify the scheduling order, and the proposed amendment would cause substantial prejudice to both RTZ and Collabrios and disrupt the orderly progression of this case.

## II.     ARGUMENT

### 1.     Intus Fails to Demonstrate Diligence Under Rule 16's Good Cause Standard.

As this Court has already observed, Federal Rule of Civil Procedure 16 governs Intus' right to amend at this late stage, not Rule 15. "[A] motion seeking to amend pleadings is governed first by Rule 16(b), and only secondarily by Rule 15(a)." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999). Rule 16(b)(4) provides that a scheduling order may be amended only "for

DEFENDANT & COUNTER-CLAIMANT RTZ ASSOCIATES, INC'S OPPOSITION TO INTUSCARE INC.'S MOTION TO MODIFY SCHEDULING ORDER AND FOR LEAVE TO FILE SAC

70191967.v1

good cause."[1] Fed. R. Civ. P. 16(b)(4). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

"To demonstrate diligence under Rule 16's 'good cause' standard, the movant may be required to show the following: (1) that she was diligent in assisting the Court in creating a workable Rule 16 order; (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that she was diligent in seeking amendment of the Rule 16 order, once it became apparent that she could not comply with the order." *Jackson*, 186 F.R.D. at 608 (internal citations omitted); *Clear-View Technologies, Inc. v. Rasnick*, No. 13-cv-02744-BLF, 2014 WL 4370809, at *2 (N.D. Cal. Sept. 3, 2014); *Elite Semiconductor, Inc. v. Anchor Semiconductor, Inc.*, No. 5:20-cv-06846-EJD, 2023 WL 8188844, at *3 (N.D. Cal. Nov. 27, 2023).

Here, Intus' Motion fails to attempt any showing of diligence, *because Intus simply cannot*. Intus fails on all three prongs of the diligence inquiry. Most notably, for nearly two years since the Scheduling Order and at least a year and a half after learning of Collabrios, Intus never made any effort to amend the scheduling order to extend the deadline to amend pleadings.

Instead, Intus' Motion blames RTZ for its lack of diligence, somehow arguing that this Motion is brought now with good cause because "[p]rior to the Court's July 2024 deadline, Intus could not possibly have foreseen that Collabrios would acquire RTZ…and RTZ/Collabrios would take positions contrary to these announcements…" *See* Mot. at 7:3-7. Not so. First, Intus had years to act and seek to amend but failed to do so. Second, as detailed below, RTZ and Collabrios always

---

[1] The Court's Scheduling Order noted this standard as well. *See* Dkt. 40 n.1 ("After this deadline, a party may still seek amendment, but must demonstrate good cause.").

DEFENDANT & COUNTER-CLAIMANT RTZ ASSOCIATES, INC'S OPPOSITION TO INTUSCARE INC.'S MOTION TO MODIFY SCHEDULING ORDER AND FOR LEAVE TO FILE SAC

70191967.v1

have been, and remain, separate companies. Intus has no one to blame but itself for its lack of diligence, and thus the Court should deny the Motion.

> ### A. Intus Was Not Diligent in Assisting the Court in Creating a Workable Rule 16 Order as Intus Previously Elected Not to Extend the Deadline to Amend Pleadings.

Intus cannot satisfy the first requirement of the diligence inquiry. Intus admits that it knew of Collabrios' October 2024 acquisition through the public press release. *See* Mot. at 4:10-16 (citing *AHP Announces the Formation of CollabriOS Health: A Leading Provider of Integrated Technology Infrastructure Solutions for PACE Programs*, PR Newswire (Oct. 10, 2024), https://www.prnewswire.com/news-releases/ahp-announces-the-formation-of-collabrios-health-a-leading-provider-of-integrated-technology-infrastructure-solutions-for-pace-programs-302273477.html). Yet, Intus chose not to undertake any efforts to add Collabrios as a party, not even requesting an extension of the deadline to amend pleadings. This inaction is the very definition of a lack of diligence. Indeed, in the middle of 2025, nearly a year after the acquisition, the parties stipulated to amend the Scheduling Order. *See* Dkt. 86 [Joint Stipulation to Continue Trial and Pretrial Dates]. While Intus sought to extend almost every other deadline, ***Intus, having the knowledge of Collabrios, elected not to seek to continue the deadline to amend pleadings***. *See id.* Consequently, the September 30, 2025 Amended Scheduling Order does not include any mention or extension of the deadline to amend the pleadings. *See* Dkt. 91 [September 30, 2025 Amended Scheduling Order].

Intus' delay and failure to act demonstrates Intus' lack of diligence. These actions, or lack thereof, are fatal to Intus' Motion. *See, e.g.*, *Valenzuela v. Ford Motor Co.*, No. 10-CV-156-TUC-RCC, 2011 WL 13092975, at *3 (D. Ariz. Sept. 27, 2011) (holding that plaintiff was not diligent and therefore no good cause found to amend pleadings under Rule 16 ***when the parties had already moved for extensions of the original scheduling order, "and Plaintiff never sought an extension of the deadline to amend pleadings."***) (emphasis added); *Quinones v. UnitedHealth Grp. Inc.*, No. CV 14-00497 LEK-RLP, 2016 WL 11593667, at *2 (D. Haw. Aug. 10, 2016) (finding plaintiff was not diligent in seeking to continue the deadline to amend pleadings as ***the parties had agreed***

DEFENDANT & COUNTER-CLAIMANT RTZ ASSOCIATES, INC'S OPPOSITION TO INTUSCARE INC.'S MOTION TO MODIFY SCHEDULING ORDER AND FOR LEAVE TO FILE SAC

70191967.v1

*to amend the scheduling order but plaintiff did not request an extension of the deadline to amend pleadings*) (emphasis added); *see also Elite Semiconductor, Inc.*, 2023 WL 8188844, at *3 (finding plaintiff was not diligent after *knowing of potential additional parties existence and then not indicating that it needed an extension of deadline to add parties*) (emphasis added).

> B.    *There Was Nothing Intus Could Not Have Reasonably Foreseen or Anticipated as Intus Has Known of Collabrios for About 1.5 Years Before Filing This Motion.*

Intus likewise cannot satisfy the second requirement of the diligence inquiry. Intus' Motion rests primarily on the arguments that (1) Intus could not have reasonably foreseen or anticipated that the RTZ and Collabrios entities could continue to exist separately, and (2) the resulting delay of bringing this Motion is justified because Intus only recently discovered a month ago that RTZ would not acknowledge Collabrios as its successor or stipulate to adding Collabrios as a defendant. These arguments are unavailing.

First, Intus' inability to foresee that RTZ would not stipulate to adding Collabrios as a defendant not only reveals a lack of diligence but is wholly irrelevant to the good cause or diligence inquiry. The second prong of the diligence inquiry focuses on what Intus "could not have been reasonably foreseen or anticipated *at the time of the Rule 16 scheduling conference*"—*not how opposing counsel would respond over a year later*. *See Jackson*, 186 F.R.D. at 608 (emphasis added). Although the initial Scheduling Order was issued in June 2024 before the Collabrios press release in October 2024, Intus still chose to not do anything about Collabrios for over a year until January 2026 when Intus – for the first time – raised the issue and sought to stipulate with RTZ. The diligence standard required Intus to have moved to amend promptly after the October 2024 press release rather than wait over a year and then blame RTZ's refusal to stipulate as a justification for its own delays. Nonetheless, at the time of amending the Rule 16 scheduling order in mid-2025, Intus knew of Collabrios and could have (and should have) reasonably foreseen the need to name Collabrios as a potential defendant, yet *Intus again elected not to do so*. *See* Dkt. 86.

Second, Intus' allegation that RTZ is playing a "corporate shell game" lacks any basis. *Intus* filed this lawsuit against RTZ. As explained to and acknowledged by Magistrate Judge Tse

DEFENDANT & COUNTER-CLAIMANT RTZ ASSOCIATES, INC'S OPPOSITION TO INTUSCARE INC.'S MOTION TO MODIFY SCHEDULING ORDER AND FOR LEAVE TO FILE SAC

70191967.v1

(when Intus unsuccessfully sought to compel Collabrios to respond to written discovery, despite being a non-party) (*see* Dkt. 97), RTZ still exists as a separate legal entity from Collabrios—something Intus' legal counsel could easily have discovered through Secretary of State entity searches. *See* Declaration of David C. Lee [Lee Decl.] ¶ 2, Exs. 1-2. Thus, when confronted with demands that RTZ stipulate to the inclusion of Collabrios as a successor-in-interest, RTZ simply maintained its legal position that it and Collabrios are separate legal entities, which (again) was acknowledged by Magistrate Judge Tse. *See* Dkt. 97 [Discovery Order] ("Even though Collabrios acquired RTZ's equity in 2024…Collabrios is a non-party."). Maintaining a legal position is not gamesmanship. Intus should not be allowed to amend its complaint because it could not supposedly foresee, and now does not like, RTZ's legitimate positions. *See Elite Semiconductor, Inc.*, 2023 WL 8188844, at *3 (finding plaintiff was not diligent and could not point finger at defendant's "tactics" because defendant's representations were made after plaintiff "first expressed an intent to substitute [a party]…which was *already* after the relevant deadline had lapsed") (emphasis in original).

Finally, Intus cannot claim surprise at RTZ's position when Intus itself acknowledged that Collabrios and RTZ are separate legal entities. The correspondence attached to Intus' own Motion shows Intus asking RTZ to confirm "that Collabrios is the successor to RTZ" and to "agree to change the defendant to Collabrios." Beshai Decl. ¶ 4, Ex. C. These requests from Intus acknowledge the corporate separateness of the two entities. At a minimum, such requests should have prompted Intus to engage in basic investigation—or discovery—about the corporate distinction between RTZ and Collabrios. Intus opted not to do so and allowed the fact discovery deadline to pass. Therefore, Intus is simply unable to show any diligent efforts on its behalf, and Intus' efforts to claim it could not have reasonably foreseen or anticipated the events over the past two months are unavailing and disingenuous.

### C. Intus Was Not Diligent in Seeking Amendment of the Rule 16 Order Because Intus Waited Approximately 1.5 Years to File Its Motion.

Intus also cannot satisfy the third requirement of the diligence inquiry. Even assuming the October 2024 announcement was the first instance Intus learned of Collabrios, Intus delayed filing

- 5 -                                        Case No. 4:24-cv-01132-JST
DEFENDANT & COUNTER-CLAIMANT RTZ ASSOCIATES, INC'S OPPOSITION TO INTUSCARE INC.'S MOTION TO MODIFY SCHEDULING ORDER AND FOR LEAVE TO FILE SAC
70191967.v1

this Motion for seventeen months until March 2026. This delay far exceeds the periods courts have found unreasonable for purposes of establishing good cause under Rule 16. Courts have found delays of at least eight months from discovering relevant facts and seeking leave to amend to be unreasonable and insufficient as a basis for amending the scheduling order. *See, e.g.*, *Romero v. Los Angeles Cnty.*, No. 2:21-CV-03972-SPG-JEM, 2023 WL 6193034, at *8 (C.D. Cal. Mar. 6, 2023) (filing motion seeking leave to amend <u>one year</u> after discovery of names of potential defendants was not good cause for amending scheduling order); *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) ("We have held that an <u>eight month</u> delay between the time of obtaining a relevant fact and seeking a leave to amend is unreasonable.") (emphasis added); *Global Solutions, LLC v. MD Marketing, LLC*, No. CV 07-489-S-EJL-CWD, 2010 WL 1410579, at *3 (D. Idaho Apr. 1, 2010) (denying plaintiff's motion to add defendants after finding that the motion was filed <u>ten months</u> after the deadline to amend pleadings and after the close of fact discovery); *Robinson v. Twin Falls Highway Dist.*, 233 F.R.D. 670, 673 (D. Idaho 2006) (filing motion to amend to add defendant <u>seven months</u> after deadline fails to show good cause when plaintiff knew of possible defendant).

Even if Intus claims it did not learn of Collabrios in October 2024, Intus' knowledge of Collabrios indisputably existed as early as February 2025. Documents produced in this action reflect Intus leadership's awareness of Collabrios in February 2025. *See* Intus 004137.[2] Then, two months afterwards in April 2025, Intus directly referenced the Collabrios acquisition in its motion for partial summary judgment. *See* Dkt. 56. But soon thereafter, when the parties were stipulating to amend the Scheduling Order, Intus did not seek to extend the deadline to add parties. *See* Dkt. 86. Thus, while Intus certainly learned of Collabrios no later than February 2025, Intus' only action was to make a passing reference to Collabrios in its motion for partial summary judgment—and nothing else until now.

---

[2] This document is not attached to this Opposition as Intus designated the document as Highly Confidential – Attorneys' Eyes Only, but RTZ can provide this document to the Court upon request.

DEFENDANT & COUNTER-CLAIMANT RTZ ASSOCIATES, INC'S OPPOSITION TO INTUSCARE INC.'S MOTION TO MODIFY SCHEDULING ORDER AND FOR LEAVE TO FILE SAC

70191967.v1

Based upon the document productions, the thirteen-month delay still exceeds the amount of delay courts have found to be unreasonable, not to mention that it has also been nearly two years since the deadline to amend the pleadings. Regardless, although Intus claims to have acted in "good faith," the record is clear that Intus did not act at all, other than to first raise this issue in January 2026. This undermines any claim of diligence. If Intus truly believed Collabrios needed to be added as a defendant, it could have and should have initiated those discussions shortly after the October 2024 press release, or in February 2025, or in April 2025, not wait a year. Intus' delay and lack of diligence are simply inexcusable. *See Elite Semiconductor, Inc.*, 2023 WL 8188844, at *3 (finding plaintiff was not diligent for filing motion within two months of discovering "new information" because plaintiff had known of potential party for over a year and did not request an extension of deadline to add parties).

Because Intus fails to satisfy all three requirements of the diligence standard, Intus' Motion should be denied.

**2.     The Proposed Amendment Would Cause Substantial Prejudice to RTZ and Collabrios.**

Even if Intus could satisfy all three diligence prongs (which it cannot), the Motion should still be denied based upon the prejudice such amendment would cause to both RTZ and Collabrios. Courts also consider prejudice in their Rule 16 analysis, whether as a factor under Rule 16 or under the subsequent Rule 15 analysis. *See Chang v. Cashman*, 723 F. Supp. 3d 772 (N.D. Cal. 2024) ("If a party can establish good cause under Rule 16, courts then apply Rule 15(a) factors, with prejudice being the most important consideration."); *Robinson v. Twin Falls Highway Dist.*, 233 F.R.D. 670, 673 (D. Idaho 2006) ("While a finding of prejudice is not required under Rule 16(b), it is an added consideration in the Court's decision to deny the Motion to Amend Complaint."). Here, substantial prejudice supports denial of the Motion.

*A.   Collabrios Would Be Severely Prejudiced by Such Late Addition Which in Turn Would Prejudice RTZ.*

"[A]mending a complaint to add a party poses an especially acute threat of prejudice to the entering party…and the primary concern is 'that the party to be added has received ample

DEFENDANT & COUNTER-CLAIMANT RTZ ASSOCIATES, INC'S OPPOSITION TO INTUSCARE INC.'S MOTION TO MODIFY SCHEDULING ORDER AND FOR LEAVE TO FILE SAC
70191967.v1

opportunity to pursue and preserve the facts relevant to various avenues of defense...'" *Shorter v. Cnty. of Los Angeles*, No. CV 21-3347-CJC (KK), 2022 WL 3636687, at \*5 (C.D. Cal. July 12, 2022) (internal citations omitted) (denying late motion for leave to amend to add defendants filed after discovery cutoff even though plaintiff argued claims remain virtually unchanged because it would require re-opening discovery and thus prejudice opposing parties).

Here, Intus contends that "adding Collabrios as a defendant will not prejudice either RTZ or Collabrios" because Intus "will not propound any new discovery or take any new depositions." These contentions entirely disregard Collabrios' independent right, if added as a defendant, to conduct discovery in its own defense. While Intus claims the amendment merely adds a "successor entity" and will not expand the case, that assertion ignores the obvious: ***the fact of "successorship" is disputable in any event and therefore implicates the need for discovery by both Collabrios and RTZ***. Regardless, Collabrios would nonetheless be entitled to its own opportunity to defend itself, including the right to conduct discovery, depose witnesses, and file dispositive motions. Thus, the addition of Collabrios would necessitate the re-opening of discovery, further prejudicing RTZ.

Intus also argues there is no prejudice because "the executives and employees that Intus has deposed and will depose all work for Collabrios." Mot. at 7:25-26. However, this actually supports a finding of prejudice towards Collabrios and RTZ. If Collabrios employees are the relevant witnesses, Collabrios should have the opportunity to designate its own witnesses and conduct discovery relevant to its own liability, not just rely on depositions taken when Collabrios was not a party. But fact discovery has closed, and resetting the calendar to re-open discovery would be prejudicial to RTZ. More to the point, Intus' Motion takes liberties in characterizing the testimony of multiple witnesses.

Michael Zawadski, the former CEO of RTZ who Intus describes as having "transitioned the company to Collabrios," repeatedly testified that he does not understand the corporate deal structure and does not know whether RTZ continues to exist as a standalone entity. When asked about the Collabrios transaction, Mr. Zawadski stated, "If you're talking about the corporate formation and transformation, I will tell you this is why I stopped being a lawyer and stopped listening and relied on Cooley to figure out that answer." Beshai Decl. ¶ 2, Ex. A [Excerpts of

DEFENDANT & COUNTER-CLAIMANT RTZ ASSOCIATES, INC'S OPPOSITION TO INTUSCARE INC.'S MOTION TO MODIFY SCHEDULING ORDER AND FOR LEAVE TO FILE SAC

70191967.v1

Deposition of Michael Zawadski] at 27:8-12. Mr. Zawadski further testified that "[t]he deal structure was complicated" and that he would "refer to [counsel] in terms of why and how." *Id.* at 27:18-19. When asked directly whether he knows if RTZ continues to exist in standalone form, Mr. Zawadski answered, "I do not." *Id.* at 27:20-23. And when asked where liabilities associated with RTZ currently reside, Mr. Zawadski answered, "I don't really think I have any clear understanding of where exactly it lands in there." Lee Decl. ¶ 3, Ex. 3 [Additional Excerpts of Deposition of Michael Zawadski] at 29:17-30:4. This testimony does not "confirm" successor liability—it confirms only that the corporate structure is complicated and that even the former CEO does not understand it.

Melanie Martinez's testimony is equally unhelpful to Intus' position. Intus claims that Ms. Martinez "stated in her deposition that there is nothing left of RTZ—no emails, no employees, no operations." Ms. Martinez made no such statement. When asked about the relationship between RTZ and Collabrios, Ms. Martinez responded, "We combined some companies and created a new company. I honestly don't know. That's all I know." Lee Decl. ¶ 4, Ex. 4 [Additional Excerpts of Deposition of Melanie Martinez] at 8:17-20. When Intus' counsel asked whether "RTZ combined with some other companies and created Collabrios," Ms. Martinez answered, "I don't know. We are called Collabrios now. I signed new paperwork under Collabrios, so I don't know what that means. I have no idea." Beshai Decl. ¶ 3, Ex. B [Excerpts of Deposition of Melanie Martinez]. And when counsel asserted that "RTZ became Collabrios in October 2024," Ms. Martinez answered simply, "I don't know." Lee Decl. ¶ 4, Ex. 4 at 8:4-8. Far from establishing that RTZ has ceased to exist or that Collabrios is its successor, the deposition testimony demonstrates only that the witnesses—both former RTZ employees—have no knowledge of the corporate relationship between the two entities. Intus cannot manufacture a basis for successor liability by mischaracterizing testimony from witnesses who expressly disclaimed any such knowledge. The addition of Collabrios as a defendant would inherently require resetting the calendar for additional discovery and depositions, which consequently will prejudice RTZ.

More problematically, the relief sought by Intus would have the net effect of forcing Collabrios to go to trial on June 29, 2026, without any ability to conduct discovery, file any

DEFENDANT & COUNTER-CLAIMANT RTZ ASSOCIATES, INC'S OPPOSITION TO INTUSCARE INC.'S MOTION TO MODIFY SCHEDULING ORDER AND FOR LEAVE TO FILE SAC

70191967.v1

dispositive motions, or otherwise adequately defend itself—activities that would invariably and indisputably impact RTZ's own discovery needs. Such practice would be severely prejudicial to both RTZ and Collabrios and is thus disallowed. *See McNally v. Eye Dog Found. for the Blind, Inc.*, No. 1:09-CV-01184, 2010 WL 4723073, at \*7 (E.D. Cal. Nov. 15, 2010) ("Defendants' proposed amendment to join parties is highly prejudicial to the nonmoving parties. The parties to be joined will have virtually no time to conduct discovery, file any pretrial motions, or otherwise adequately defend their case. Those parties will be expected to go to trial, under the now modified schedule... The Court finds this shortened time to be substantially prejudicial to those parties.").

### B. Intus Cannot Avoid Prejudice by Asserting No New Discovery Is Needed as Adding a Defendant Requires Reopening Discovery and Delaying Proceedings.

Contrary to Intus' assertions that the amendment "will not add any new claims or necessitate any new discovery," the reality is that adding a new defendant at this late stage would necessarily require reopening discovery. The distinction and separateness of the RTZ and Collabrios entities has already been spelled out in this case, and Intus is simply trying to get a second bite at the apple. RTZ has already explained in detail to Intus that "RTZ and Collabrios are separate legal entities," "RTZ has not merged with Collabrios and continues to run its own operations," and "Collabrios acquired 100 percent of the equity of RTZ, but it did not take on any of RTZ's liabilities." *See* Dkt. 95 [Joint Letter Brief]; *see also* Lee Decl. ¶ 2, Exs. 1-2. Magistrate Judge Tse subsequently acknowledged that Collabrios is not a party to this action, recognizing the corporate separateness of RTZ and Collabrios. *See* Dkt. 97. Thus, Collabrios, if added as a defendant, would be entitled to conduct its own discovery, including written discovery and depositions, and file dispositive motions to adequately prepare its defense. The case calendar would effectively need to restart for purposes of the new defendant. Granting a request to file a late motion to amend parties and "reopening discovery with resulting delay in the proceedings supports a finding of prejudice from a delayed motion to amend." *Global Solutions, LLC*, 2010 WL 1410579, at \*3.

DEFENDANT & COUNTER-CLAIMANT RTZ ASSOCIATES, INC'S OPPOSITION TO INTUSCARE INC.'S MOTION TO MODIFY SCHEDULING ORDER AND FOR LEAVE TO FILE SAC

70191967.v1

Moreover, while Intus characterizes the proposed amendment as a "minor revision" to add a successor entity, the Proposed SAC does more than that as it expands the scope of this litigation by adding new conduct. The Proposed SAC seeks to hold Collabrios directly liable for conduct occurring after the October 2024 acquisition and, more importantly, after the filing of the Complaint and the First Amended Complaint in this action. The Proposed SAC alleges that "Collabrios succeeded RTZ in October 2024 and is now the entity that operates PACECare" and that "RTZ *and Collabrios* are engaging in information blocking in violation of federal laws and regulations." *See* Beshai Decl. ¶ 6, Ex. E ¶ 2 (emphasis added). This is not simply substituting a party name. Intus is alleging independent wrongdoing by Collabrios that invokes a right for Collabrios to mount its own defense and conduct its own discovery into these allegations—allegations that implicate post-acquisition conduct not addressed in Intus' prior complaints.

This consequential delay prejudices RTZ as well, which has been diligently preparing its defense against Intus in accordance with the Amended Scheduling Order. Courts have denied late requests for leave to amend by recognizing that the non-moving parties would suffer substantial prejudice to the degree they would be required to engage in substantial new discovery and have little time to perform such discovery. *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798–99 (9th Cir. 1991) (affirming denial of leave to amend where defendant would have been unreasonably prejudiced by addition of new claims only four months before trial). Here, fact discovery has closed, and trial is scheduled to begin in approximately three months. RTZ has been diligently preparing for trial and is prepared to proceed as shaped by the existing complaint and counterclaim, and Intus' lack of diligence cannot be reason to further delay this trial, particularly when the addition of a new party will require additional discovery. *See, e.g.*, *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000) ("[A] need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint."); *Solomon v. North American Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (affirming denial of a motion to amend filed on the "eve of the discovery deadline" and the district court's conclusion that amendment would cause undue delay and prejudice because it "would have required re-opening discovery, thus delaying the proceedings").

DEFENDANT & COUNTER-CLAIMANT RTZ ASSOCIATES, INC'S OPPOSITION TO INTUSCARE INC.'S MOTION TO MODIFY SCHEDULING ORDER AND FOR LEAVE TO FILE SAC

70191967.v1

**3.    The Prejudice to RTZ and Collabrios Substantially Weighs Against Amendment.**

Even if Intus could establish good cause under Rule 16, the Court should deny leave to amend under Rule 15(a) because the prejudice to RTZ and Collabrios substantially outweighs any interest Intus has in adding Collabrios at this late juncture. As the Ninth Circuit has explained, "[t]he consideration of prejudice to the opposing party [] carries the greatest weight" among the Rule 15(a) factors. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

The substantial prejudice to Collabrios described above, combined with Intus' lack of diligence in seeking amendment, warrants denial of the Motion. Intus had ample opportunity to seek amendment dating back to October 2024 when the Collabrios acquisition was announced via press release, February 2025 based on document productions showing Intus' knowledge of Collabrios, and April 2025 when Intus referenced Collabrios in its summary judgment motion. However, despite this repeated knowledge, when the parties were stipulating to amend the Scheduling Order, *Intus elected to do nothing, not even seek extension of the deadline to amend pleadings*. *See* Dkt. 86. Intus has waited nearly two years until now, after fact discovery closed and just weeks before trial, to seek to extend the deadline to amend pleadings. This delay, coupled with the severe prejudice that would result from adding a new defendant at this late stage, should be grounds for denial of the Motion.

## III.    CONCLUSION

For the foregoing reasons, RTZ respectfully requests that the Court deny Intus' Motion to Modify the Court's Scheduling Order and for Leave to File Second Amended Complaint.

Dated:  April 6, 2026

NOSSAMAN LLP
DAVID C. LEE
KASIA PENN

By: _____
        David C. Lee

Attorneys for Defendant and Counterclaimant
RTZ ASSOCIATES, INC.

DEFENDANT & COUNTER-CLAIMANT RTZ ASSOCIATES, INC'S OPPOSITION TO INTUSCARE INC.'S MOTION TO MODIFY SCHEDULING ORDER AND FOR LEAVE TO FILE SAC

70191967.v1