

**ATTORNEYS AT LAW**

50 California Street
34th Floor
San Francisco, CA  94111
T 415.398.3600

David C. Lee
D 415.438.7235
dlee@nossaman.com

*Admitted only in California*

Refer To File # - 503730-0002

April 6, 2026

The Honorable Judge Alex G. Tse
United States Magistrate Judge
San Francisco Courthouse, Courtroom A – 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

>    Re:    Intus Care, Inc. v. RTZ Associates, Inc. (Case No. 4:24-cv-01132-JST) Discovery
>           Dispute

Dear Judge Alex G. Tse:

Defendant/Counterclaimant RTZ Associates, Inc. ("RTZ") and Plaintiff/Counterdefendant IntusCare Inc. ("Intus") submit this Joint Letter Brief pursuant to Section VII(B) of Your Honor's Civil Standing Order concerning Intus's objections, refusals, and unilateral narrowing in response to RTZ's timely served discovery requests.  The dispute encompasses Intus's refusal to produce: (1) CareHub-related revenues (RFP No. 91); (2) communications between Intus and PACE customers about CareHub (RFP Nos. 93, 95, 97, 99, 101, 102, 104, 106, 108, 110, and 112); and (3) communications between Intus and PACE customers about RTZ, Collabrios (who Intus is seeking to add as a defendant in this case), PACECare and PACELogic (RFP Nos. 92, 94, 96, 100, 103, 105, 107, 109, 111, 113) (collectively "Disputed Requests").  The parties met and conferred by Teams on March 19, 2026, but were unable to resolve or narrow the remaining issues set forth below.  RTZ therefore seeks a ruling directing Intus to produce all documents responsive to the Disputed Requests.  Intus opposes such a ruling.

**A. Counterclaimant RTZ's Position:**
   **1. RTZ's Core Counterclaims and this Court's Prior Order Regarding CareHub-Related Materials (Dkt 96).**

The core of RTZ's counterclaims is that Intus obtained unauthorized access to RTZ's PACECare system and used that access to accelerate development of a competing product, CareHub. (See Dkt 41, at Counterclaim ¶¶ 10, 13-15, 30-47, 53.)  RTZ further alleges Intus used its access to PACECare to observe functionality, operability, layout, interfaces, data presentation and reporting to expedite development of a competing system, CareHub. (Dkt. No 41, ¶ 62).  On March 17, 2026, this Court issued an Order in connection with a separate Letter Brief (Dkt. 96).  That Order (Dkt. 96), correctly recognized that RTZ's counterclaim (Dkt. 41) alleges that Intus improperly accessed RTZ's PACECare software "to mine other valuable data from the PACECare system…to expedite and refine its own development of a competing [electronic medical record] system."  (Dkt. 96, citing to Dkt. 41 (RTZ's Counterclaim).)  The Court further acknowledged that Intus's competing electronic medical record is CareHub.  (Id.)  The Court further concluded,

Honorable Alex G. Tse
April 6, 2026
Page 2

"[a]nd because CareHub is one of the fruits of Intus's alleged unauthorized access of PACECare, CareHub's development, functionality, and use are relevant to damages" and that "CareHub is still relevant to damages for RTZ's unauthorized-access claims." (Id.)

### 2. The Requests and Meet and Confer Process

On February 6, 2026, prior to the close of discovery, RTZ served its Requests for Production of Documents (Set 4), many Requests of which seek CareHub-related materials. (See **Exhibit A**, RTZ's Requests for Production, Set Four). On March 9, 2026, prior to the close of discovery, Intus served its responses, which largely consist of objection-only responses. (*See* **Exhibit B**, Intus' Objections and Responses to RTZ's Requests for Production, Set Four).

The parties met and conferred on March 19, 2026. RTZ had hoped that given the Court's prior Order determining that "CareHub is still relevant to damages for RTZ's unauthorized-access claims" (Dkt. 96), Intus would revisit its objection-only responses to the Disputed Requests. Instead, Intus's counsel stated its intention to prepare a table delineating its objections to each of the Disputed Requests. Intus transmitted its table on March 24, but omitted any discussion of the Disputed Requests (addressing only Set 3 RFPs – not at issue here). (See **Exhibit C**.) On March 27th, RTZ contacted Intus, stated that its table omitted any reference to the Disputed Requests, and inquired whether Intus intended to stand on its objection-only responses. (See **Exhibit D** (email between counsel).) On March 30th, Intus finally responded stating that for **all** Disputed Requests, it only intends to produce: "*presentations, pitch decks, screen shots, and marketing materials showing the interface, use, functionality, features, operability, and capabilities of CareHub and how CareHub was marketed.*" (See Exh. D.) This self-imposed limitation rests on Intus's determination that RTZ has "*not articulated a theory of relevance to entitle you to the overbroad requests you seek*" and that such Requests are not "proportional" to the needs of the case. (See Exh. D.) For the reasons stated below, Intus's positions are unreasonable.

### 2. Intus's CareHub Revenues [RFP Nos. 91]

RFP. No. 91 seeks Intus's revenues earned from PACE customers using CareHub (between January 1, 2024 to the present). As this Court has already acknowledged, CareHub-related damages are relevant, and CareHub revenues obviously go to the heart of such damages. (Dkt. 96.) The requested information therefore is proportional to the needs of RTZ's counterclaim. Revenue information is not burdensome to produce and presumably is readily accessible through Intus's accounting department. Moreover, as reflected in Exh. D, Intus has not raised any objections to this Request in meet and confer other than relevance and proportionality, which have no merit. (See Exh. D, relating to RFP Set 4.) Such information should be produced.

### 3. CareHub-Related Requests [Nos. 93, 95, 97, 99, 101, 102, 104, 106, 108, 110, and 112].

These RFPs all seek documents and communications between Intus and specific PACE facilities (notably customers of RTZ) referencing "CareHub" (the customers being Bienvivir, Northland PACE, Hope PACE, PACE CNY, Lutheran Social Ministries of New Jersey, Cal Optima, High Desert PACE, Colorado PACE, One Senior Care, and BoldAge). As alleged, Intus used unauthorized access to PACECare to accelerate development of CareHub and its entry into the PACE industry EHR market. More to the point, Intus, after bringing CareHub to market on an accelerated timeframe, contacted RTZ's customer base to pitch them on CareHub (despite those

70179878.v3

Honorable Alex G. Tse
April 6, 2026
Page 3

customers using PACECare).  The requested communications therefore bear directly on Intus's promotion of CareHub, including its development, operations, features and availability, as well as the timing of when Intus started marketing CareHub to prospective customers (i.e., RTZ's then-current clients).  Such information is clearly relevant to how Intus promoted the functionality and operability of CareHub and likewise bears on RTZ's alleged claims and potential damages.  It is therefore clearly proportional to the needs of RTZ's counterclaims and damages.  Intus's assertion that it will only produce "*presentations, pitch decks, screen shots, and marketing materials*" in response to these Requests (see Exh. D) is unreasonable and arbitrarily limited.

As reflected in Exhibit D, the only objections Intus stands on is that the Disputed Requests are not relevant and proportional to the needs of the case.  As stated above, that is incorrect.  Moreover, although not addressed in Exhibit D, Intus's other objections are likewise without merit.  RTZ's Requests are not burdensome or oppressive given that they are specific to communications with identified PACE facilities within a short timeframe (i.e., January 1, 2024 to the present).  The Requests are also unambiguously specific as to the information sought (i.e., communications with identified PACE organizations).  Finally, and importantly, this Court has already determined that communications between Intus and any RTZ customer are relevant.  (See Dkt. 96, as it pertains to Request No. 78.)  Intus should be compelled to produce all responsive documents within 10 days.

### 4. Communications with PACE Facilities About RTZ, PACECare, Collabrios and PACELogic [RFP Nos. 92, 94, 96, 100, 103, 105, 107, 109, 111, 113].

RFPs Nos. 92, 94, 96, 100, 103, 105, 107, 109, 111, 113 likewise seek documents and communications between Intus and the same PACE customers identified above in Section A.3.  However, these Requests seek all communications that specifically reference "RTZ, [Collabrios], PACECare, and/or PACE Logic."  Initially, Intus's responses stated its intent to only produce documents and communications, "*relating to RTZ or Collabrios blocking access to their EHR/EMR systems*."  (See Exh. B.)  However, as reflected in Exhibit D, Intus is now taking the position that it only intends to produce "*presentations, pitch decks, screen shots, and marketing materials showing the interface, use, functionality, features, operability, and capabilities of CareHub and how CareHub was marketed.*"  (Exh. D.)

Regardless, Intus's intended limited production is (again) unreasonable.  The requested communications are patently discoverable because they concern Intus's interactions with RTZ's customers about PACECare and/or PACELogic (another EHR software that RTZ has managed and serviced since January 2025).[1]  RTZ is entitled to discover how and why Intus is communicating with RTZ's customers about PACECare and PACELogic.  As reflected in Exhibit D, the only objections Intus stands on are that the Disputed Requests are not relevant or proportional to the needs of the case.  As stated above, that is incorrect.  For the same reasons addressed above in Section A.3, RTZ's Requests are not burdensome, oppressive, or vague.  And Intus's meet and confer fails to address any of these objections in any event (see Exh. D).  Also, this Court has already determined that communications between Intus and any RTZ customer are relevant.  (See Dkt. 96, as it pertains to Request No. 78.)  Intus should be compelled to produce all responsive documents within 10 days.

---

[1] It is indisputable that PACELogic is at issue in this case.  Hundreds of documents produced by both Intus and RTZ reference PACELogic.  Indeed, witnesses for Intus have testified about how Intus's data analytics software specifically integrates with PACELogic.

Honorable Alex G. Tse
April 6, 2026
Page 4

### B.  Plaintiff and Counterdefendant Intus' Position:

The crux of RTZ's CareHub allegations is simple. According to RTZ, Intus allegedly accessed PACECare without authorization to develop its own competing EMR, CareHub, purportedly modeled on PACECare's features and functionality. In RTZ's own words in this letter brief, Intus allegedly accessed PACECare "to observe functionality, operability, layout, interfaces, data presentation and reporting." This is the only theory of relevance RTZ has articulated to date, and based on that representation, this Court ruled that RTZ's requests pertaining to CareHub's "development, functionality, and use are relevant to damages." But the Court did not delve into each request at issue to address Intus' burden and proportionality objections. Rather, the Court recognized that relevance is just the starting point of the analysis and, therefore, asked the parties to work together to meaningfully discuss Intus' scope objections. RTZ has refused to engage in good faith and, instead, now wages lawfare under a tortured reading of this Court's order.

### 1.  RTZ's Request for CareHub Revenue (RFP No. 91) Seeks Material That Is Disproportionate to All of Its Counterclaims

Because none of RTZ's counterclaims allow for lost profits as recoverable damages, RTZ's request for revenue Intus earned from CareHub is disproportionate to the needs of the case.

The two anti-hacking statutes under which RTZ has brought claims allow for damages related to harm to a computer system itself (e.g., system strain, physical harm to a server, etc.)—not attenuated lost profits stemming from data allegedly obtained from hacking activity. "[T]he CFAA is 'an anti-hacking statute,' not 'an expansive misappropriation statute.' The statute's 'loss' definition—with its references to damage assessments, data restoration, and interruption of service—clearly limits its focus to harms caused by computer intrusions, not general injuries unrelated to the hacking itself." *Andrews v. Sirius XM Radio Inc.*, 932 F.3d 1253, 1263 (9th Cir. 2019) (quoting *United States v. Nosal*, 676 F.3d 854, 857 (9th Cir. 2012) (en banc)). Likewise, "CDAFA's private right of action contemplates some damage to the computer system, network, program, or data contained on that computer, as opposed to data generated by a plaintiff while engaging with a defendant's website." *Heiting v. Taro Pharms. USA, Inc.*, 709 F. Supp. 3d 1007, 1021 (C.D. Cal. 2023). And RTZ's remaining counterclaims offer no help. *See Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003) (only restitution, not damages, available to remedy a UCL claim); *WhatsApp Inc. v. NSO Grp. Techs. Ltd.*, 472 F. Supp. 3d 649, 685 (N.D. Cal. 2020), aff'd on other grounds, 17 F.4th 930 (9th Cir. 2021) (trespass to chattels claim does not allow for consequential economic harm damages). And RTZ's inducing breach of contract claim does not claim any damages stemming from the actual contract allegedly breached.

### 2.  RTZ's Request for Communications with PACE Entities Related to CareHub (Nos. 93, 95, 97, 99, 101, 102, 104, 106, 108, 110, and 112).

As explained in Intus' portion of the concurrently filed letter brief relating to RTZ's Set Three RFPs, Intus has explained—repeatedly—that it is willing to produce the material RTZ needs to prove its counterclaims related to CareHub but will object to unnecessary or wasteful discovery. Indeed, on April 3, 2026, Intus produced over 200 pages representing CareHub material, pitch decks, and releases containing detailed descriptions of the functionality, operability, capabilities, interface, use, and development of CareHub. Intus also produced a list of

70179878.v3

Honorable Alex G. Tse
April 6, 2026
Page 5

existing CareHub clients and screenshots of the CareHub interface so RTZ could see exactly what the CareHub EMR looks like—after all, the crux of RTZ's counterclaims is that Intus allegedly developed CareHub based on the design features and functionality of PACECare. "[T]he purpose of the presently codified proportionality principle is to permit discovery of that which is needed to prove a claim or defense, ***but eliminate unnecessary or wasteful discovery***." *Crystal Lakes v. Bath & Body Works, LLC*, No. 2:16-CV-2989-MCE-GGH, 2018 WL 533915, at *1 (E.D. Cal. Jan. 23, 2018), *order clarified sub nom. Lakes v. Bath & Body Works LLC*, No. 2:16-CV-2989 MCE GGH, 2018 WL 1071335 (E.D. Cal. Feb. 23, 2018) (emphasis added).

Without even attempting to engage in a proportionality or breadth discussion—as this Court required in its March 17 order—RTZ asserts that it is entitled to all communications between Intus and PACE entities related to CareHub without limitation. Intus has explained that it is willing to "discuss[] search terms with [RTZ] reflecting" documents relating to the interface or functionality of PACECare or mentioning either RTZ or PACECare, but it will stand on its proportionality and breadth objection until RTZ decides it will comply with the Court's order and engage in good faith. (*See* Exh. C.)

### 3. RTZ's Request for Communications Related to PACELogic Are Overbroad and Not Proportional to the Needs of the Case and Its Letter Brief On This Issue Is Not Timely

PACELogic is another EMR provider that was operated by a non-party called Tabula Rasa Health Care (TRHC) until January 2025 when TRHC and RTZ, along with a third entity, merged to form Collabrios. The discovery requests related to communications about PACELogic are irrelevant, overbroad, and disproportional to the needs of the case. RTZ has not alleged that Intus engaged in any wrongful conduct involving PACELogic, nor has it explained why it would be entitled to communications involving an unrelated non-party. The mere fact that "documents produced by both Intus and RTZ reference PACELogic" or "Intus's data analytics software specifically integrates with PACELogic," does not entitle RTZ to communications related to PACELogic. By that reasoning, RTZ would be entitled to all communications related to any unrelated non-party company managing an EMR that appears in discovery or with which Intus has a relationship regardless of proportionality or relevance. It is not disputed that Intus has been able to secure data from other EMR systems. It has only been RTZ that has taken steps to block such access. To ask for every document and communication with unrelated EMR providers on this issue is disproportionate to the needs of the case as it would require a review and production of potentially thousands of pages of material.

This letter brief is also untimely. Unlike the CareHub-related requests, which were raised prior to the March 9, 2026 discovery cutoff, the PACELogic requests (RFP Nos. 92, 94, 96, 100, 103, 105, 107, 109, 111, 113) were never raised until this letter brief—almost a month after the discovery cutoff. "Where the Court has set separate deadlines for fact and expert discovery, no motions related to fact discovery may be filed more than 7 days after the fact discovery cut-off . . . ." N.D. Cal. Local Rule 37-3.

Honorable Alex G. Tse
April 6, 2026
Page 6

Sincerely,

NOSSAMAN LLP

/s/ Kasia Penn
    Kasia Penn
Attorneys for Counterclaimant RTZ Associates, Inc.


MANATT, PHELPS & PHILLIPS, LLP

/s/ Charles Weir
    Charles Weir
Attorneys for Counterdefendant Intus Care, Inc.

70179878.v3

# EXHIBIT A

NOSSAMAN LLP
DAVID C. LEE (SBN 193743)
dlee@nossaman.com
50 California Street, 34th Floor
San Francisco, CA 94111
Telephone: 415.398.3600
Facsimile: 415.398.2438

NOSSAMAN LLP
KASIA PENN (SBN 306056)
kpenn@nossaman.com
18101 Von Karman Avenue, Suite 1800
Irvine, CA 92612
Telephone: 949.833.7800
Facsimile: 949.833.7878

Attorneys for Defendant RTZ ASSOCIATES, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTUS CARE, INC., <br><br> Plaintiff, <br><br> vs. <br><br> RTZ ASSOCIATES, INC.; and DOES 1 through 10, <br><br> Defendants, | Case No: 4:24-cv-01132-JST <br><br> Assigned to: Hon. Jon S. Tigar <br><br> **RTZ ASSOCIATES, INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS TO INTUS CARE, INC., SET FOUR** <br><br> Complaint Filed: February 23, 2024 <br> Amended Complaint Filed: April 2, 2024 <br> Counterclaims Filed: June 20, 2024 |

**PROPOUNDING PARTY: RTZ ASSOCIATES, INC.**

**RESPONDING PARTY:    INTUS CARE, INC.**

**SET NO.:                         FOUR**

70023217.v1

TO PLAINTIFF INTUS CARE, INC. AND THEIR ATTORNEYS OF RECORD:

Pursuant to Federal Rules of Civil Procedure ("FRCP"), Rule 34, et seq., Defendant RTZ Associates, Inc. ("Propounding Party" or "RTZ") hereby requests that Plaintiff Intus Care, Inc. ("Responding Party") produce and permit Propounding Party to inspect and copy the documents described below. Propounding Party requests that Responding Party make these documents available within thirty (30) days of the date of service of this request at the office of Nossaman LLP, 50 California Street, 34th Floor, San Francisco, California 94111.

**DEFINITIONS**

For purposes of these Requests for Production of Documents (Set Four), the specially defined terms and phrases shall have the following meanings, whether capitalized or not:

1. "YOU" and/or "YOUR" shall refer to Responding Party, as well as any other persons or entities acting on YOUR behalf, including but not limited to any attorneys, accountants, employees, representatives, agents or servants.

2. FAC shall refer to the Amended Complaint (Dkt. 25) filed in this action on April 2, 2024.

3. "DOCUMENT(S)" is used in its broad sense to encompass all "documents" and "tangible things" subject to a request for production under FRCP 34, and includes, but is not limited to, all writings, recordings and photographs encompassed by Rule 1001 of the Federal Rules of Evidence, as well as all written, printed, typed, computerized (including e-mail), electronically stored information and electronic media, and any other media from which information can be derived and any other graphic matter of any kind or nature, however produced or reproduced, whether or not sent or received, private or confidential, final or draft, including drafts and duplicates bearing notations or marks not found on the original, or which otherwise differ from the original.

4. "RELATING TO" shall mean, in whole or in part, evidencing, alluding to, characterizing, disclosing, constituting, containing, concerning, embodying, reflecting, describing, analyzing, identifying, stating, referring to, dealing with, mentioning, summarizing, or in any way pertaining to.

RTZ ASSOCIATES, INC.'S RFP TO INTUS CARE, INC., SET FOUR
70023217.v1

5.        "COMMUNICATION(S)" is used in a comprehensive sense, and shall mean and include every conceivable manner or means of disclosure, transfer or exchange of oral or written information (in the form of facts, ideas, inquiries or otherwise) between one or more persons or entities including, but not limited to, writings, documents, inter-and intra-office memoranda, correspondence, meetings, conferences, conversations, and/or agreements, whether face-to-face, by telephone, by mail, by telecopier, by telex, by computer or otherwise.

6.        The terms "and, " "and/or," and "or" shall, whenever used herein, be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests all documents that might otherwise be construed to be outside of their scope.

7.        The plural of any word used in this request for production includes the singular and the singular includes the plural.  The masculine gender of any word used herein includes the feminine, and the feminine includes the masculine.  The past tense of a word used herein includes the present tense, and the present tense includes the past tense.

8.        The terms "all" and "each" shall, whenever used herein, be construed as meaning either all or each as necessary to bring within the scope of these requests all documents that might otherwise be construed to be outside their scope.  The term "any" shall, whenever used herein, mean "any and all."

## INSTRUCTIONS

You are requested to produce (a) all requested DOCUMENTS in your possession, custody, or control, as well as all requested DOCUMENTS that are reasonably available to you; and (b) all requested DOCUMENTS in the possession, custody or control of your attorneys, accountants, bookkeepers, or agents, as well as all requested DOCUMENTS that are reasonably available to your attorneys, accountants, bookkeepers, or agents.

In the event you are able to produce only some of the DOCUMENTS called for in any of the requests below, produce all DOCUMENTS you are able to, identify those DOCUMENTS that you are unable or decline to produce, and state with respect to each such DOCUMENT whether it will not be produced because:

You claim it is privileged;

RTZ ASSOCIATES, INC.'S RFP TO INTUS CARE, INC., SET FOUR
70023217.v1

It once existed but you can no longer locate it; or

It has been destroyed.

Please identify and list all DOCUMENTS called for by these Requests for Production but withheld on the grounds of attorney-client privilege, attorney work product doctrine, or on any other privilege, and specify in writing the grounds for non-production. Please ensure that all the withheld DOCUMENTS are numbered, held separately, and retained intact pending a ruling by the Court on the claimed privilege. With the exceptions of your communications with your attorneys of record in this ACTION, please identify each withheld DOCUMENT in a privilege log by:

Author(s) and recipient(s), including the titles of such persons;

Date of the DOCUMENT;

Number of pages, attachments and appendices;

The name of each person who had access to or custody of the DOCUMENT;

Title of the DOCUMENT and general description of the nature and subject matter of the DOCUMENT;

Subject matter and nature of privilege claimed; and

Present custodian(s) of the DOCUMENT.

If you cannot produce any given DOCUMENT in full after exercising due diligence to secure the information, so state and produce the DOCUMENT to the greatest extent possible, specifying the reason for your inability to produce the remainder and stating whatever information or knowledge you have concerning the DOCUMENT not produced.

If any requested DOCUMENT or portion(s) thereof have been destroyed or otherwise disposed of, or custody of such DOCUMENT or portion(s) thereof has been transferred to any person other than you, please provide a statement setting forth as to each such DOCUMENT:

Name(s) and job title(s) of the author(s) of the DOCUMENT;

Name(s) and job title(s) of person(s) to whom the DOCUMENT was shown or given;

Date on which the DOCUMENT was created;

- 4 -

Subject matter of the DOCUMENT;

Number of pages, including attachments and appendices, in the DOCUMENT;

Names of all persons to whom the DOCUMENT was distributed, shown, or explained;

Date on which the DOCUMENT was received by you;

Date on which the DOCUMENT was transferred to any person other than you;

The last known person(s) having custody or possession of the DOCUMENT;

Date and manner of destruction or other disposition of the DOCUMENT;

The reason for destruction or other disposition of the DOCUMENT; and

Persons destroying or disposing of the DOCUMENT.

In producing responsive DOCUMENTS, provide sequential numbering on the DOCUMENTS in such manner as to avoid obscuring any information contained on any DOCUMENT.

You are requested to produce the original of the requested DOCUMENTS and any copies in which there appears any marking which does not appear on the original.

You are requested to identify which DOCUMENTS or items are being produced in response to which demand.

If you object to a portion of the request, please produce all DOCUMENTS, including metadata, called for by that portion of the request to which you do not object, state the basis for your objection, and identify those DOCUMENTS that are not being produced because of the objection.

For each DOCUMENT, a metadata load file shall be produced with a ".DAT" file extension that conforms to industry standard "Concordance" format. The load file shall include all fields identified in Appendix A. The metadata load file (DAT) shall be in UTF-8 encoding format and with the following delimiters: ASCII 254 (QUOTE/FIELD ENCLOSURE), ASCII 20 (FIELD SEPARATOR) and ASCII 174 (NEW LINE).

RTZ ASSOCIATES, INC.'S RFP TO INTUS CARE, INC., SET FOUR

70023217.v1

Images shall be accompanied by an image load file with a ".OPT" file extension that conforms to industry standard "Opticon" format. The image load file (OPT) shall contain the production number (or "Image Key"), relative file path, document breaks, and page counts.

DOCUMENTS are to be produced as they are kept in the ordinary course of business. You shall make best efforts to collect and produce ESI without modifying native file metadata. The original folder structure where a DOCUMENT was located should be maintained. If preserving original metadata is not feasible for certain native files, you will so advise the Propounding Party.

Common system files and application executable files shall be excluded from ESI by using a commercially reasonable hash identification process that relies on the industry standard National Software Reference Library ("NSRL") NIST hash set list.

Only a single copy of a responsive DOCUMENT family shall be produced. Every reasonable effort shall be made to de-duplicate responsive ESI (based on MD5 or SHA-1 hash values at the document level) across custodians, so long as a field is populated identifying all custodians who possessed a copy of the DOCUMENT family, as well as all file or e-mail folder paths where the DOCUMENT family was located. If the file or e-mail folder paths cannot be ascertained, you shall advise the Propounding Party.

If the volume of potentially responsive DOCUMENTS requires the use of search terms to reduce the number of DOCUMENTS to be reviewed, a proposed list of search terms shall be provided to the Propounding Party prior to review and production. Any usage of such search terms will be agreed by parties through negotiations in good faith.

Excel, PowerPoint, video, audio, and other non-readily imaged file types shall be produced in their native format, with an image placeholder indicating that the document was produced in native format. Native format means and refers to the form in which electronically stored information is ordinarily maintained on your electronic devices, together with all metadata (including, but not limited to, dates of creation and transmittal, author, recipients (to, cc, bcc), revisions, and file history).

70023217.v1

Parent-child relationships (such as those associated between emails and attachments) will be preserved for all natively produced and hard copy DOCUMENTS, with child document produced consecutively after the parent DOCUMENT.

Hardcopy (or paper) DOCUMENTS will be scanned at 300 Dots Per Inch ("DPI") resolution in single-page TIFF Group 4 format (for black & white pages) or single-page JPEG format (for color pages), and will reflect, without visual degradation, the full and complete information contained on the original DOCUMENT.

Hardcopy DOCUMENTS will be scanned, capturing physical breaks or logically unitized.

All production DOCUMENT images will be produced at 300 DPI resolution in single-page TIFF Group 4 format (for black & white pages) or single-page JPEG format (for color pages).

Each page of an imaged DOCUMENT shall be electronically endorsed and named with the unique Bates Number of the page of DOCUMENT, followed by the extension ".TIF" (for black & white pages) or ".JPG" (for color pages). Native DOCUMENTS shall be named with the original file extension and the Bates Number for the DOCUMENT, and any designation allowed under any Stipulated Protective Order.

OCR and/or extracted text files shall be produced using UTF-8 encoding and reflecting the full text that has been electronically extracted from the original files. These text files shall be named with the unique Bates Number of the first page of the corresponding DOCUMENT followed by the ".TXT" extension.

Non-English language characters will be preserved from the point of collection to production. The process of extracting text from original files and production of TXT files will be done in a manner that preserves non-English text, such as Chinese (Traditional or Simplified), Japanese, Korean, Cyrillic, Arabic, or other languages.

Productions shall be provided on an external hard drive, internet-based secure file transfer, or such other readily accessible computer or electronic media as the parties may hereafter agree upon.

RTZ ASSOCIATES, INC.'S RFP TO INTUS CARE, INC., SET FOUR

70023217.v1

All production media shall be encrypted, either via hardware-based encryption (e.g., a hard drive with a built-in keypad) or via software encryption (VeraCrypt, BitLocker, or Zip file encrypted in AES-256) using a strong password. Decryption passwords for production media shall be provided to receiving parties via a separate e-mail, sent apart from the media itself.

As used herein, the singular shall be read to encompass the plural, and the masculine to encompass the feminine, "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Requests to Produce Documents all information which might otherwise be construed to be outside its scope; the words "each" and "any" shall be interpreted to mean "each and every."

These Requests for Production are deemed to be continuing so as to require the filing of supplemental responses and the production of additional information pursuant to FRCP, FRE and other applicable authority. You are required to produce to Propounding Party such additional DOCUMENTS, and/or provide Propounding Party with such additional information, as they become available.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 90:**

All DOCUMENTS sufficient to establish total revenues YOU have received from "Intus Clients" using PACECare for "synthesiz[ing] financial, clinical and administrative data to identify trends in the PACE members served by the PACE program by integrating the data with electronic health records, claims and accounting software to highlight clinical risks in Intus Clients' elderly patients" (as those terms and phrases are used in Paragraph 10 of YOUR Amended Complaint [Doc. 25]) from January 1 2021 to the present.

**REQUEST FOR PRODUCTION NO. 90:**

All DOCUMENTS sufficient to establish total revenues YOU have received from "Intus Clients" using PACELogic for "synthesiz[ing] financial, clinical and administrative data to identify trends in the PACE members served by the PACE program by integrating the data with electronic health records, claims and accounting software to highlight clinical risks in Intus Clients' elderly patients" (as those terms and phrases are used in Paragraph 10 of YOUR

Amended Complaint [Doc. 25]) from January 1 2021 to the present.

**REQUEST FOR PRODUCTION NO. 91:**

All DOCUMENTS sufficient to establish total revenues YOU have received from "PACE programs" (as that term is used in Paragraph 1 of YOUR Amended Complaint [Doc. 25]) using CAREHUB from January 1 2024 to the present.

**REQUEST FOR PRODUCTION NO. 92:**

All DOCUMENTS and COMMUNICATIONS between YOU and Bienvivir referencing and/or RELATING TO RTZ, Collabrios Health LLC, PACECare and/or PACELogic between January 1, 2024 and the present.

**REQUEST FOR PRODUCTION NO. 93:**

All DOCUMENTS and COMMUNICATIONS between YOU and Bienvivir referencing CAREHUB between January 1, 2024 and the present.

**REQUEST FOR PRODUCTION NO. 94:**

All DOCUMENTS and COMMUNICATIONS between YOU and Northland PACE referencing and/or RELATING TO RTZ, Collabrios Health LLC, PACECare and/or PACELogic between January 1, 2024 and the present.

**REQUEST FOR PRODUCTION NO. 95:**

All DOCUMENTS and COMMUNICATIONS between YOU and Northland PACE referencing CAREHUB between January 1, 2024 and the present.

**REQUEST FOR PRODUCTION NO. 96:**

All DOCUMENTS and COMMUNICATIONS between YOU and Hope PACE referencing and/or RELATING TO RTZ, Collabrios Health LLC, PACECare and/or PACELogic between January 1, 2024 and the present.

**REQUEST FOR PRODUCTION NO. 97:**

All DOCUMENTS and COMMUNICATIONS between YOU and Hope PACE referencing CAREHUB between January 1, 2024 and the present.

**REQUEST FOR PRODUCTION NO. 98:**

All DOCUMENTS and COMMUNICATIONS between YOU and Bienvivir referencing

and/or RELATING TO RTZ, Collabrios Health LLC, PACECare and/or PACELogic between January 1, 2024 and the present.

**REQUEST FOR PRODUCTION NO. 99:**

All DOCUMENTS and COMMUNICATIONS between YOU and PACE CNY referencing CAREHUB between January 1, 2024 and the present.

**REQUEST FOR PRODUCTION NO. 100:**

All DOCUMENTS and COMMUNICATIONS between YOU and PACE CNY referencing and/or RELATING TO RTZ, Collabrios Health LLC, PACECare and/or PACELogic between January 1, 2024 and the present.

**REQUEST FOR PRODUCTION NO. 101:**

All DOCUMENTS and COMMUNICATIONS between YOU and Bienvivir referencing CAREHUB between January 1, 2024 and the present.

**REQUEST FOR PRODUCTION NO. 103:**

All DOCUMENTS and COMMUNICATIONS between YOU and Lutheran Social Ministries of New Jersey referencing and/or RELATING TO RTZ, Collabrios Health LLC, PACECare and/or PACELogic between January 1, 2024 and the present.

**REQUEST FOR PRODUCTION NO. 102:**

All DOCUMENTS and COMMUNICATIONS between YOU and Lutheran Social Ministries of New Jersey referencing CAREHUB between January 1, 2024 and the present.

**REQUEST FOR PRODUCTION NO. 103:**

All DOCUMENTS and COMMUNICATIONS between YOU and Lutheran Services of New Jersey referencing and/or RELATING TO RTZ, Collabrios Health LLC, PACECare and/or PACELogic between January 1, 2024 and the present.

**REQUEST FOR PRODUCTION NO. 104:**

All DOCUMENTS and COMMUNICATIONS between YOU and Lutheran Services of New Jersey referencing CAREHUB between January 1, 2024 and the present.

**REQUEST FOR PRODUCTION NO. 105:**

All DOCUMENTS and COMMUNICATIONS between YOU and Cal Optima

70023217.v1

referencing and/or RELATING TO RTZ, Collabrios Health LLC, PACECare and/or PACELogic between January 1, 2024 and the present.

**REQUEST FOR PRODUCTION NO. 106:**

All DOCUMENTS and COMMUNICATIONS between YOU and Cal Optima referencing CAREHUB between January 1, 2024 and the present.

**REQUEST FOR PRODUCTION NO. 107:**

All DOCUMENTS and COMMUNICATIONS between YOU and High Desert PACE referencing and/or RELATING TO RTZ, Collabrios Health LLC, PACECare and/or PACELogic between January 1, 2024 and the present.

**REQUEST FOR PRODUCTION NO. 108:**

All DOCUMENTS and COMMUNICATIONS between YOU and High Desert PACE referencing CAREHUB between January 1, 2024 and the present.

**REQUEST FOR PRODUCTION NO. 109:**

All DOCUMENTS and COMMUNICATIONS between YOU and Colorado PACE referencing and/or RELATING TO RTZ, Collabrios Health LLC, PACECare and/or PACELogic between January 1, 2024 and the present.

**REQUEST FOR PRODUCTION NO. 110:**

All DOCUMENTS and COMMUNICATIONS between YOU and Colorado PACE referencing CAREHUB between January 1, 2024 and the present.

**REQUEST FOR PRODUCTION NO. 111:**

All DOCUMENTS and COMMUNICATIONS between YOU and One Senior Care referencing and/or RELATING TO RTZ, Collabrios Health LLC, PACECare and/or PACELogic between January 1, 2024 and the present.

**REQUEST FOR PRODUCTION NO. 112:**

All DOCUMENTS and COMMUNICATIONS between YOU and BoldAge referencing CAREHUB between January 1, 2024 and the present.

**REQUEST FOR PRODUCTION NO. 113:**

All DOCUMENTS and COMMUNICATIONS between YOU and BoldAge referencing

70023217.v1

and/or RELATING TO RTZ, Collabrios Health LLC, PACECare and/or PACELogic between January 1, 2024 and the present.

**REQUEST FOR PRODUCTION NO. 114:**

All DOCUMENTS sufficient to establish the IP addresses YOU used to access PACECare from January 1, 2021 to the present.

**REQUEST FOR PRODUCTION NO. 115:**

All DOCUMENTS sufficient to establish which "PACE programs" (as that term is used in Paragraph 1 of YOUR Amended Complaint [Doc. 25]) using PACECare YOU accessed using YOUR IP address/es from January 1, 2021 to the present.

**REQUEST FOR PRODUCTION NO. 116:**

All DOCUMENTS sufficient to establish the dates YOU accessed each "PACE program['s]" (as that term is used in Paragraph 1 of YOUR Amended Complaint [Doc. 25]) PACECare system using YOUR IP address/es from January 1, 2021 to the present.

**REQUEST FOR PRODUCTION NO. 117:**

All DOCUMENTS sufficient to establish the identity of each of YOUR employees who used YOUR IP address/es to access PACECare from January 1, 2021 to the present.

**REQUEST FOR PRODUCTION NO. 118:**

All DOCUMENTS sufficient to establish the IP address/es Robbie Felton used to access PACECare between January 1, 2021 to the present.

**REQUEST FOR PRODUCTION NO. 119:**

All DOCUMENTS sufficient to establish the IP address/es Alex Rothberg used to access PACECare between January 1, 2021 to the present.

**REQUEST FOR PRODUCTION NO. 120:**

All DOCUMENTS sufficient to establish the IP address/es Evan Walters used to access PACECare between January 1, 2021 to the present.

**REQUEST FOR PRODUCTION NO. 121:**

All DOCUMENTS sufficient to establish the IP address/es Laura Ferrara used to access PACECare between January 1, 2021 to the present.

RTZ ASSOCIATES, INC.'S RFP TO INTUS CARE, INC., SET FOUR
70023217.v1

**REQUEST FOR PRODUCTION NO. 122:**

All DOCUMENTS sufficient to establish the IP address/es Evan Jackson used to access PACECare between January 1, 2021 to the present.

**REQUEST FOR PRODUCTION NO. 123:**

All DOCUMENTS sufficient to establish the IP address/es YOUR employees used to access PACECare between January 1, 2021 to the present.


Dated:  February 6, 2026                    NOSSAMAN LLP
                                            DAVID C. LEE
                                            KASIA PENN


                                            By:  /s/ *David C. Lee*
                                                    David C. Lee

                                            Attorneys for Defendant RTZ ASSOCIATES, INC.

- 13 -
RTZ ASSOCIATES, INC.'S RFP TO INTUS CARE, INC., SET FOUR

70023217.v1

**PROOF OF SERVICE**

The undersigned declares:

I am employed in the County of Orange, State of California.  I am over the age of 18 and am not a party to the within action; my business address is c/o Nossaman LLP, 777 S. Figueroa Street, 34th Floor, Los Angeles, CA  90017.

On February 6, 2026, I served the foregoing **RTZ ASSOCIATES, INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS TO INTUS CARE, INC., SET FOUR** on parties to the within action as follows:

☐    (By U.S. Mail)  On the same date, at my said place of business, Copy enclosed in a sealed envelope, addressed as shown on the attached service list  was placed for collection and mailing following the usual business practice of my said employer.  I am readily familiar with my said employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service, and, pursuant to that practice, the correspondence would be deposited with the United States Postal Service, with postage thereon fully prepaid, on the same date at Los Angeles, California.

☐    (By Overnight Service)  I served a true and correct copy by overnight delivery service for delivery on the next business day.  Each copy was enclosed in an envelope or package designated by the express service carrier; deposited in a facility regularly maintained by the express service carrier or delivered to a courier or driver authorized to receive documents on its behalf; with delivery fees paid or provided for; addressed as shown on the accompanying service list.

☑    (By Electronic Service)  Pursuant to California Rules of Court, rules 2.251, from service email address:  mwiman@nossaman.com, by emailing true and correct copies to the persons at the electronic notification address(es) shown on the accompanying service list.

☐    (By Electronic Service) Pursuant to California Rules of Court, rules 2.251, by submitting an electronic version of the document(s) to a court-approved third-party e-filing vendor, I caused the document(s) to be e-served to the person(s) listed on the attached service list.

Executed on February 4, 2026.

☑    (FEDERAL)  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ Marlene Wiman
Marlene Wiman

- 1 -
PROOF OF SERVICE

70023217.v1

**SERVICE LIST**
*Intus Care, Inc. v. RTZ Associates, Inc.*
*USDC Northern District Case No. 4:24-cv-01132-JST*

| | |
|---|---|
| MANATT, PHELPS & PHILLIPS, LLP<br>Charles E. Weir<br>Andrew Beshai<br>2049 Century Park East, Suite 1700<br>Los Angeles, CA 90067<br>Telephone: (310) 312-4000<br>Facsimile: (310) 312-4224<br>cweir@manatt.com<br>abeshai@manatt.com | *Attorneys for Plaintiff INTUS CARE, INC.* |
| SAVAGE LAW PARTNERS, LLP<br>C. Alexander Chiulli<br>564 South Water Street<br>Providence, RI 02903<br>Telephone: (401) 238-8500<br>Facsimile: (401) 648-6748<br>achiulli@savagelawpartners.com | *Attorneys for Plaintiff INTUS CARE, INC.* |

PROOF OF SERVICE
70023217.v1

# EXHIBIT B

MANATT, PHELPS & PHILLIPS, LLP
CHARLES E. WEIR (Bar No. 211091)
E-mail: CWeir@manatt.com
ANDREW BESHAI (Bar No. 308030)
E-mail: ABeshai@manatt.com
2049 Century Park East
Suite 1700
Los Angeles, California  90067
Telephone:    310.312.4000
Facsimile:     310.312.4224

Attorneys for Plaintiff
INTUSCARE INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTUSCARE INC., | Case No. 4:24-cv-01132-JST |
| Plaintiff, | Assigned to: Hon. Jon S. Tigar |
| v. | **INTUSCARE INC.'S RESPONSES AND OBJECTIONS TO RTZ ASSOCIATES, INC.'S REQUESTS FOR PRODUCTION, SET FOUR** |
| RTZ ASSOCIATES, INC.; and DOES 1 through 10, | |
| Defendants. | Complaint Filed:   February 23, 2024<br>Amended Complaint Filed: April 2, 2024<br>Counterclaims Filed: June 20, 2024 |

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

PROPOUNDING PARTY:          RTZ ASSOCIATES, INC.

RESPONDING PARTY:           INTUSCARE INC.

SET NO.:                    FOUR

Plaintiff IntusCare Inc. ("Intus") hereby responds to Defendant RTZ Associates, Inc.'s ("RTZ") fourth set of requests for production of documents (the "Requests") as follows:

## PRELIMINARY STATEMENT

Intus has not completed its investigation of the facts related to this case, has not fully completed its discovery in this action, and has not completed its preparation for trial. All of the responses contained herein are based only on such information and documents that are presently available and specifically known to Intus, and Intus discloses only those facts of which it is presently aware. These responses are based upon the current state of Intus' pre-trial preparation and the documents that it has reviewed to date. Intus anticipates that its continuing discovery and investigation will reveal facts and/or documents not presently known to it, or facts and/or documents whose significance is not presently known to it, upon which Intus may rely at trial. Thus, the responses contained herein are given without prejudice to Intus' right to augment these responses at a later date.

Each response is given subject to all appropriate objections (including, but not limited to, objections concerning competency, materiality, propriety, authenticity, and admissibility), which would require the exclusion of any statement contained or referenced herein, if it were made or presented by a witness present and testifying in Court. All such objections and grounds are therefore reserved and may be interposed at the time of trial.

Except for facts explicitly admitted herein, no admission of any nature whatsoever is to be implied or inferred. All responses must be construed as given on the basis of present recollection. Nothing herein should be construed as an admission by Intus regarding the admissibility or relevance of any fact, or the relevance, truth, or accuracy of any characterization or statement of any kind contained in RTZ's Requests.

/ / /

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

INTUSCARE INC.'S RESPONSES AND OBJECTIONS
TO RTZ ASSOCIATES, INC.'S REQUESTS FOR PRODUCTION, SET FOUR

404543643.3

## GENERAL OBJECTIONS

1.      Intus submits these responses subject to all objections ordinarily available if such statements are offered in court. All such objections are hereby expressly reserved and may be interposed at the time of trial or at any other time. No response or objection to any of the Requests herein should be taken as an admission by Intus of the existence of any fact set forth or assumed by the Requests, or that such response or objection constitutes admissible evidence. No response to any of the requests is intended to be, nor shall any response be construed as, a waiver by Intus of all or any part of any objection to any Request.

2.      Intus has made an effort to respond to each of the Requests as Intus understands and interprets it. Accordingly, without assuming any obligation to do so, and without waiving any objection, Intus reserves the right to amend or supplement any response as additional facts are discovered or ascertained. The following responses are based upon facts which Intus has ascertained as of the date of the response, and does not preclude Intus from later relying upon facts discovered pursuant to further investigation or discovery which may be conducted after the date of this response.

3.      Intus objects to the definition of "YOU" and/or "YOUR" on the grounds that it: (a) is vague and ambiguous since it includes unidentified "attorneys, accountants, employees, representatives, agents, or servants"; (b) seeks information that is protected from disclosure by the attorney-client privilege to the extent it includes Intus' attorneys; and (c) is overbroad and would include documents that unrelated to this case and outside the scope of permitted discovery.

4.      Intus objects to RTZ's instructions on producing responsive documents, including but not limited to page 5 lines 17-25 of the Instructions, as vague, ambiguous and unduly burdensome.

Intus specifically incorporates each of the foregoing General Objections into each and every response to the Requests. Subject to and without waiving these general objections, and the specific objections set forth below, Intus responds as follows:

- 3 -

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

404543643.3

## RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 90:**

All DOCUMENTS sufficient to establish total revenues YOU have received from "Intus Clients" using PACECare for "synthesiz[ing] financial, clinical and administrative data to identify trends in the PACE members served by the PACE program by integrating the data with electronic health records, claims and accounting software to highlight clinical risks in Intus Clients' elderly patients" (as those terms and phrases are used in Paragraph 10 of YOUR Amended Complaint [Doc. 25]) from January 1 2021 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

In addition to its General Objections, Intus specifically objects to this Request on the grounds that it is overly broad, including as to scope and time, and fails to identify the documents sought with reasonable particularity. The request also contains a false predicate. Intus is not using PaceCare for "synthesiz[ing] financial, clinical and administrative data to identify trends in the PACE members served by the PACE program by integrating the data with electronic health records, claims and accounting software to highlight clinical risks in Intus Clients' elderly patients." Rather, Intus is using data that belongs to the Intus Clients along with its own products for that work. Subject to those objections, Responding Party responds as follows: Since the request contains a false predicate, there are no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 91:**

All DOCUMENTS sufficient to establish total revenues YOU have received from "PACE programs" (as that term is used in Paragraph 1 of YOUR Amended Complaint [Doc. 25]) using CAREHUB from January 1, 2024 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

In addition to its General Objections, Intus objects to this Request on the grounds that it is not relevant to any party's claim or defense, and it is not proportional to the needs of the case; RTZ's primary allegations are that Intus accessed PACECare without authorization, causing system strain and requiring RTZ to expend resources to investigate and monitor Intus' access.

- 4 -

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

Intus further objects to this Request on the grounds that it is overly broad and unduly burdensome and harassing, including as to scope and time, and fails to identify the documents sought with reasonable particularity.

**REQUEST FOR PRODUCTION NO. 92:**

All DOCUMENTS and COMMUNICATIONS between YOU and Bienvivir referencing and/or RELATING TO RTZ, Collabrios Health LLC, PACECare and/or PACELogic between January 1, 2024 and the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

In addition to its General Objections, Intus specifically objects to this Request on the grounds that it is overly broad and unduly burdensome and harassing, including as to scope and time, and fails to identify the documents sought with reasonable particularity. Intus further objects to this Request on the grounds that it is duplicative of other Requests. Intus further objects to this Request on the grounds that parts of the request are not relevant to any party's claim or defense, and it is not proportional to the needs of the case. Intus is willing to meet and confer on narrowing this request.

Subject to and without waiving the foregoing objections, Responding Party will produce all non-privileged documents and communications in its possession, custody, or control relating to RTZ or Collabrios blocking access to their EHR/EMR systems.

**REQUEST FOR PRODUCTION NO. 93:**

All DOCUMENTS and COMMUNICATIONS between YOU and Bienvivir referencing CAREHUB between January 1, 2024 and the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

In addition to its General Objections, Intus objects to this Request on the grounds that it is not relevant to any party's claim or defense, and it is not proportional to the needs of the case; RTZ's primary allegations are that Intus accessed PACECare without authorization, causing system strain and requiring RTZ to expend resources to investigate and monitor Intus' access. Intus further objects to this Request on the grounds that it is overly broad and unduly burdensome

- 5 -

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

INTUSCARE INC.'S RESPONSES AND OBJECTIONS
TO RTZ ASSOCIATES, INC.'S REQUESTS FOR PRODUCTION, SET FOUR
404543643.3

and harassing, including as to scope and time, and fails to identify the documents sought with reasonable particularity.

**REQUEST FOR PRODUCTION NO. 94:**

All DOCUMENTS and COMMUNICATIONS between YOU and Northland PACE referencing and/or RELATING TO RTZ, Collabrios Health LLC, PACECare and/or PACELogic between January 1, 2024 and the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

In addition to its General Objections, Intus specifically objects to this Request on the grounds that it is overly broad and unduly burdensome and harassing, including as to scope and time, and fails to identify the documents sought with reasonable particularity. Intus further objects to this Request on the grounds that it is duplicative of other Requests. Intus further objects to this Request on the grounds that parts of the request are not relevant to any party's claim or defense, and it is not proportional to the needs of the case. Intus is willing to meet and confer on narrowing this request.

Subject to and without waiving the foregoing objections, Responding Party will produce all non-privileged documents and communications in its possession, custody, or control relating to RTZ or Collabrios blocking access to their EHR/EMR systems.

**REQUEST FOR PRODUCTION NO. 95:**

All DOCUMENTS and COMMUNICATIONS between YOU and Northland PACE referencing CAREHUB between January 1, 2024 and the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

In addition to its General Objections, Intus objects to this Request on the grounds that it is not relevant to any party's claim or defense, and it is not proportional to the needs of the case; RTZ's primary allegations are that Intus accessed PACECare without authorization, causing system strain and requiring RTZ to expend resources to investigate and monitor Intus' access. Intus further objects to this Request on the grounds that it is overly broad and unduly burdensome and harassing, including as to scope and time, and fails to identify the documents sought with

- 6 -

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

INTUSCARE INC.'S RESPONSES AND OBJECTIONS
TO RTZ ASSOCIATES, INC.'S REQUESTS FOR PRODUCTION, SET FOUR

404543643.3

reasonable particularity.

**REQUEST FOR PRODUCTION NO. 96:**

All DOCUMENTS and COMMUNICATIONS between YOU and Hope PACE referencing and/or RELATING TO RTZ, Collabrios Health LLC, PACECare and/or PACELogic between January 1, 2024 and the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

In addition to its General Objections, Intus specifically objects to this Request on the grounds that it is overly broad and unduly burdensome and harassing, including as to scope and time, and fails to identify the documents sought with reasonable particularity. Intus further objects to this Request on the grounds that it is duplicative of other Requests. Intus further objects to this Request on the grounds that parts of the request are not relevant to any party's claim or defense, and it is not proportional to the needs of the case. Intus is willing to meet and confer on narrowing this request.

Subject to and without waiving the foregoing objections, Responding Party will produce all non-privileged documents and communications in its possession, custody, or control relating to RTZ or Collabrios blocking access to their EHR/EMR systems.

**REQUEST FOR PRODUCTION NO. 97:**

All DOCUMENTS and COMMUNICATIONS between YOU and Hope PACE referencing CAREHUB between January 1, 2024 and the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

In addition to its General Objections, Intus objects to this Request on the grounds that it is not relevant to any party's claim or defense, and it is not proportional to the needs of the case; RTZ's primary allegations are that Intus accessed PACECare without authorization, causing system strain and requiring RTZ to expend resources to investigate and monitor Intus' access. Intus further objects to this Request on the grounds that it is overly broad and unduly burdensome and harassing, including as to scope and time, and fails to identify the documents sought with

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

INTUSCARE INC.'S RESPONSES AND OBJECTIONS
TO RTZ ASSOCIATES, INC.'S REQUESTS FOR PRODUCTION, SET FOUR

404543643.3

reasonable particularity.

**REQUEST FOR PRODUCTION NO. 98:**

All DOCUMENTS and COMMUNICATIONS between YOU and Bienvivir referencing and/or RELATING TO RTZ, Collabrios Health LLC, PACECare and/or PACELogic between January 1, 2024 and the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

In addition to its General Objections, Intus specifically objects to this Request on the grounds that it is overly broad and unduly burdensome and harassing, including as to scope and time, and fails to identify the documents sought with reasonable particularity. Intus further objects to this Request on the grounds that it is duplicative of other Requests. Intus further objects to this Request on the grounds that parts of the request are not relevant to any party's claim or defense, and it is not proportional to the needs of the case. Intus is willing to meet and confer on narrowing this request.

Subject to and without waiving the foregoing objections, Responding Party will produce all non-privileged documents and communications in its possession, custody, or control relating to RTZ or Collabrios blocking access to their EHR/EMR systems.

**REQUEST FOR PRODUCTION NO. 99:**

All DOCUMENTS and COMMUNICATIONS between YOU and PACE CNY referencing CAREHUB between January 1, 2024 and the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

In addition to its General Objections, Intus objects to this Request on the grounds that it is not relevant to any party's claim or defense, and it is not proportional to the needs of the case; RTZ's primary allegations are that Intus accessed PACECare without authorization, causing system strain and requiring RTZ to expend resources to investigate and monitor Intus' access. Intus further objects to this Request on the grounds that it is overly broad and unduly burdensome and harassing, including as to scope and time, and fails to identify the documents sought with

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

INTUSCARE INC.'S RESPONSES AND OBJECTIONS
TO RTZ ASSOCIATES, INC.'S REQUESTS FOR PRODUCTION, SET FOUR

404543643.3

reasonable particularity.

**REQUEST FOR PRODUCTION NO. 100:**

All DOCUMENTS and COMMUNICATIONS between YOU and PACE CNY referencing and/or RELATING TO RTZ, Collabrios Health LLC, PACECare and/or PACELogic between January 1, 2024 and the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

In addition to its General Objections, Intus specifically objects to this Request on the grounds that it is overly broad and unduly burdensome and harassing, including as to scope and time, and fails to identify the documents sought with reasonable particularity. Intus further objects to this Request on the grounds that it is duplicative of other Requests. Intus further objects to this Request on the grounds that parts of the request are not relevant to any party's claim or defense, and it is not proportional to the needs of the case. Intus is willing to meet and confer on narrowing this request.

Subject to and without waiving the foregoing objections, Responding Party will produce all non-privileged documents and communications in its possession, custody, or control relating to RTZ or Collabrios blocking access to their EHR/EMR systems.

**REQUEST FOR PRODUCTION NO. 101:**

All DOCUMENTS and COMMUNICATIONS between YOU and Bienvivir referencing CAREHUB between January 1, 2024 and the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 101:**

In addition to its General Objections, Intus objects to this Request on the grounds that it is not relevant to any party's claim or defense, and it is not proportional to the needs of the case; RTZ's primary allegations are that Intus accessed PACECare without authorization, causing system strain and requiring RTZ to expend resources to investigate and monitor Intus' access. Intus further objects to this Request on the grounds that it is overly broad and unduly burdensome and harassing, including as to scope and time, and fails to identify the documents sought with

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

INTUSCARE INC.'S RESPONSES AND OBJECTIONS
TO RTZ ASSOCIATES, INC.'S REQUESTS FOR PRODUCTION, SET FOUR

404543643.3

reasonable particularity.

**REQUEST FOR PRODUCTION NO. 103:**

All DOCUMENTS and COMMUNICATIONS between YOU and Lutheran Social Ministries of New Jersey referencing and/or RELATING TO RTZ, Collabrios Health LLC, PACECare and/or PACELogic between January 1, 2024 and the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 103:**

In addition to its General Objections, Intus specifically objects to this Request on the grounds that it is overly broad and unduly burdensome and harassing, including as to scope and time, and fails to identify the documents sought with reasonable particularity. Intus further objects to this Request on the grounds that it is duplicative of other Requests. Intus further objects to this Request on the grounds that parts of the request are not relevant to any party's claim or defense, and it is not proportional to the needs of the case. Intus is willing to meet and confer on narrowing this request.

Subject to and without waiving the foregoing objections, Responding Party will produce all non-privileged documents and communications in its possession, custody, or control relating to RTZ or Collabrios blocking access to their EHR/EMR systems.

**REQUEST FOR PRODUCTION NO. 102:**

All DOCUMENTS and COMMUNICATIONS between YOU and Lutheran Social Ministries of New Jersey referencing CAREHUB between January 1, 2024 and the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

In addition to its General Objections, Intus objects to this Request on the grounds that it is not relevant to any party's claim or defense, and it is not proportional to the needs of the case; RTZ's primary allegations are that Intus accessed PACECare without authorization, causing system strain and requiring RTZ to expend resources to investigate and monitor Intus' access. Intus further objects to this Request on the grounds that it is overly broad and unduly burdensome and harassing, including as to scope and time, and fails to identify the documents sought with

- 10 -

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

INTUSCARE INC.'S RESPONSES AND OBJECTIONS
TO RTZ ASSOCIATES, INC.'S REQUESTS FOR PRODUCTION, SET FOUR

404543643.3

reasonable particularity.

**REQUEST FOR PRODUCTION NO. 103:**

All DOCUMENTS and COMMUNICATIONS between YOU and Lutheran Services of New Jersey referencing and/or RELATING TO RTZ, Collabrios Health LLC, PACECare and/or PACELogic between January 1, 2024 and the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 103:**

In addition to its General Objections, Intus specifically objects to this Request on the grounds that it is overly broad and unduly burdensome and harassing, including as to scope and time, and fails to identify the documents sought with reasonable particularity. Intus further objects to this Request on the grounds that it is duplicative of other Requests. Intus further objects to this Request on the grounds that parts of the request are not relevant to any party's claim or defense, and it is not proportional to the needs of the case. Intus is willing to meet and confer on narrowing this request.

Subject to and without waiving the foregoing objections, Responding Party will produce all non-privileged documents and communications in its possession, custody, or control relating to RTZ or Collabrios blocking access to their EHR/EMR systems.

**REQUEST FOR PRODUCTION NO. 104:**

All DOCUMENTS and COMMUNICATIONS between YOU and Lutheran Services of New Jersey referencing CAREHUB between January 1, 2024 and the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 104:**

In addition to its General Objections, Intus objects to this Request on the grounds that it is not relevant to any party's claim or defense, and it is not proportional to the needs of the case; RTZ's primary allegations are that Intus accessed PACECare without authorization, causing system strain and requiring RTZ to expend resources to investigate and monitor Intus' access. Intus further objects to this Request on the grounds that it is overly broad and unduly burdensome and harassing, including as to scope and time, and fails to identify the documents sought with

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

INTUSCARE INC.'S RESPONSES AND OBJECTIONS
TO RTZ ASSOCIATES, INC.'S REQUESTS FOR PRODUCTION, SET FOUR

404543643.3

reasonable particularity.

**REQUEST FOR PRODUCTION NO. 105:**

All DOCUMENTS and COMMUNICATIONS between YOU and Cal Optima referencing and/or RELATING TO RTZ, Collabrios Health LLC, PACECare and/or PACELogic between January 1, 2024 and the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 105:**

In addition to its General Objections, Intus specifically objects to this Request on the grounds that it is overly broad and unduly burdensome and harassing, including as to scope and time, and fails to identify the documents sought with reasonable particularity. Intus further objects to this Request on the grounds that it is duplicative of other Requests. Intus further objects to this Request on the grounds that parts of the request are not relevant to any party's claim or defense, and it is not proportional to the needs of the case. Intus is willing to meet and confer on narrowing this request.

Subject to and without waiving the foregoing objections, Responding Party will produce all non-privileged documents and communications in its possession, custody, or control relating to RTZ or Collabrios blocking access to their EHR/EMR systems.

**REQUEST FOR PRODUCTION NO. 106:**

All DOCUMENTS and COMMUNICATIONS between YOU and Cal Optima referencing CAREHUB between January 1, 2024 and the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 106:**

In addition to its General Objections, Intus objects to this Request on the grounds that it is not relevant to any party's claim or defense, and it is not proportional to the needs of the case; RTZ's primary allegations are that Intus accessed PACECare without authorization, causing system strain and requiring RTZ to expend resources to investigate and monitor Intus' access. Intus further objects to this Request on the grounds that it is overly broad and unduly burdensome and harassing, including as to scope and time, and fails to identify the documents sought with

- 12 -

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

INTUSCARE INC.'S RESPONSES AND OBJECTIONS
TO RTZ ASSOCIATES, INC.'S REQUESTS FOR PRODUCTION, SET FOUR

404543643.3

reasonable particularity.

**REQUEST FOR PRODUCTION NO. 107:**

All DOCUMENTS and COMMUNICATIONS between YOU and High Desert PACE referencing and/or RELATING TO RTZ, Collabrios Health LLC, PACECare and/or PACELogic between January 1, 2024 and the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 107:**

In addition to its General Objections, Intus specifically objects to this Request on the grounds that it is overly broad and unduly burdensome and harassing, including as to scope and time, and fails to identify the documents sought with reasonable particularity. Intus further objects to this Request on the grounds that it is duplicative of other Requests. Intus further objects to this Request on the grounds that parts of the request are not relevant to any party's claim or defense, and it is not proportional to the needs of the case. Intus is willing to meet and confer on narrowing this request.

Subject to and without waiving the foregoing objections, Responding Party will produce all non-privileged documents and communications in its possession, custody, or control relating to RTZ or Collabrios blocking access to their EHR/EMR systems.

**REQUEST FOR PRODUCTION NO. 108:**

All DOCUMENTS and COMMUNICATIONS between YOU and High Desert PACE referencing CAREHUB between January 1, 2024 and the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 108:**

In addition to its General Objections, Intus objects to this Request on the grounds that it is not relevant to any party's claim or defense, and it is not proportional to the needs of the case; RTZ's primary allegations are that Intus accessed PACECare without authorization, causing system strain and requiring RTZ to expend resources to investigate and monitor Intus' access. Intus further objects to this Request on the grounds that it is overly broad and unduly burdensome and harassing, including as to scope and time, and fails to identify the documents sought with

- 13 -

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

404543643.3

reasonable particularity.

**REQUEST FOR PRODUCTION NO. 109:**

All DOCUMENTS and COMMUNICATIONS between YOU and Colorado PACE referencing and/or RELATING TO RTZ, Collabrios Health LLC, PACECare and/or PACELogic between January 1, 2024 and the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 109:**

In addition to its General Objections, Intus specifically objects to this Request on the grounds that it is overly broad and unduly burdensome and harassing, including as to scope and time, and fails to identify the documents sought with reasonable particularity. Intus further objects to this Request on the grounds that it is duplicative of other Requests. Intus further objects to this Request on the grounds that parts of the request are not relevant to any party's claim or defense, and it is not proportional to the needs of the case. Intus is willing to meet and confer on narrowing this request.

Subject to and without waiving the foregoing objections, Responding Party will produce all non-privileged documents and communications in its possession, custody, or control relating to RTZ or Collabrios blocking access to their EHR/EMR systems.

**REQUEST FOR PRODUCTION NO. 110:**

All DOCUMENTS and COMMUNICATIONS between YOU and Colorado PACE referencing CAREHUB between January 1, 2024 and the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 110:**

In addition to its General Objections, Intus objects to this Request on the grounds that it is not relevant to any party's claim or defense, and it is not proportional to the needs of the case; RTZ's primary allegations are that Intus accessed PACECare without authorization, causing system strain and requiring RTZ to expend resources to investigate and monitor Intus' access. Intus further objects to this Request on the grounds that it is overly broad and unduly burdensome and harassing, including as to scope and time, and fails to identify the documents sought with

- 14 -

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

INTUSCARE INC.'S RESPONSES AND OBJECTIONS
TO RTZ ASSOCIATES, INC.'S REQUESTS FOR PRODUCTION, SET FOUR

404543643.3

reasonable particularity.

**REQUEST FOR PRODUCTION NO. 111:**

All DOCUMENTS and COMMUNICATIONS between YOU and One Senior Care referencing and/or RELATING TO RTZ, Collabrios Health LLC, PACECare and/or PACELogic between January 1, 2024 and the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 111:**

In addition to its General Objections, Intus specifically objects to this Request on the grounds that it is overly broad and unduly burdensome and harassing, including as to scope and time, and fails to identify the documents sought with reasonable particularity. Intus further objects to this Request on the grounds that it is duplicative of other Requests. Intus further objects to this Request on the grounds that parts of the request are not relevant to any party's claim or defense, and it is not proportional to the needs of the case. Intus is willing to meet and confer on narrowing this request.

Subject to and without waiving the foregoing objections, Responding Party will produce all non-privileged documents and communications in its possession, custody, or control relating to RTZ or Collabrios blocking access to their EHR/EMR systems.

**REQUEST FOR PRODUCTION NO. 112:**

All DOCUMENTS and COMMUNICATIONS between YOU and BoldAge referencing CAREHUB between January 1, 2024 and the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 112:**

In addition to its General Objections, Intus objects to this Request on the grounds that it is not relevant to any party's claim or defense, and it is not proportional to the needs of the case; RTZ's primary allegations are that Intus accessed PACECare without authorization, causing system strain and requiring RTZ to expend resources to investigate and monitor Intus' access. Intus further objects to this Request on the grounds that it is overly broad and unduly burdensome and harassing, including as to scope and time, and fails to identify the documents sought with

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

INTUSCARE INC.'S RESPONSES AND OBJECTIONS
TO RTZ ASSOCIATES, INC.'S REQUESTS FOR PRODUCTION, SET FOUR

404543643.3

reasonable particularity.

**REQUEST FOR PRODUCTION NO. 113:**

All DOCUMENTS and COMMUNICATIONS between YOU and BoldAge referencing and/or RELATING TO RTZ, Collabrios Health LLC, PACECare and/or PACELogic between January 1, 2024 and the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 113:**

In addition to its General Objections, Intus specifically objects to this Request on the grounds that it is overly broad and unduly burdensome and harassing, including as to scope and time, and fails to identify the documents sought with reasonable particularity. Intus further objects to this Request on the grounds that it is duplicative of other Requests. Intus further objects to this Request on the grounds that parts of the request are not relevant to any party's claim or defense, and it is not proportional to the needs of the case. Intus is willing to meet and confer on narrowing this request.

Subject to and without waiving the foregoing objections, Responding Party will produce all non-privileged documents and communications in its possession, custody, or control relating to RTZ or Collabrios blocking access to their EHR/EMR systems.

**REQUEST FOR PRODUCTION NO. 114:**

All DOCUMENTS sufficient to establish the IP addresses YOU used to access PACECare from January 1, 2021 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 114:**

In addition to its General Objections, Intus specifically objects to this Request on the grounds that it is overly broad and unduly burdensome and harassing, including as to scope and time, and fails to identify the documents sought with reasonable particularity. Intus further objects to this Request on the grounds that it is vague and ambiguous. Intus further objects to this Request on the grounds that it is duplicative of other Requests.

Subject to and without waiving the foregoing objections, Responding Party will produce all non-privileged documents in its possession, custody, or control.

- 16 -

Manatt, Phelps & Phillips, LLP
Attorneys at Law
Los Angeles

INTUSCARE INC.'S RESPONSES AND OBJECTIONS
TO RTZ ASSOCIATES, INC.'S REQUESTS FOR PRODUCTION, SET FOUR

404543643.3

**REQUEST FOR PRODUCTION NO. 115:**

All DOCUMENTS sufficient to establish which "PACE programs" (as that term is used in Paragraph 1 of YOUR Amended Complaint [Doc. 25]) using PACECare YOU accessed using YOUR IP address/es from January 1, 2021 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 115:**

In addition to its General Objections, Intus specifically objects to this Request on the grounds that it is overly broad and unduly burdensome and harassing, including as to scope and time, and fails to identify the documents sought with reasonable particularity. Intus further objects to this Request on the grounds that it is vague and ambiguous. Intus further objects to this Request on the grounds that it is duplicative of other Requests.

Subject to and without waiving the foregoing objections, Responding Party will produce all non-privileged documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 116:**

All DOCUMENTS sufficient to establish the dates YOU accessed each "PACE program['s]" (as that term is used in Paragraph 1 of YOUR Amended Complaint [Doc. 25]) PACECare system using YOUR IP address/es from January 1, 2021 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 116:**

In addition to its General Objections, Intus specifically objects to this Request on the grounds that it is overly broad and unduly burdensome and harassing, including as to scope and time, and fails to identify the documents sought with reasonable particularity. Intus further objects to this Request on the grounds that it is vague and ambiguous. Intus further objects to this Request on the grounds that it is duplicative of other Requests.

Subject to and without waiving the foregoing objections, Responding Party will produce all non-privileged documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 117:**

All DOCUMENTS sufficient to establish the identity of each of YOUR employees who used YOUR IP address/es to access PACECare from January 1, 2021 to the present.

- 17 -

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

INTUSCARE INC.'S RESPONSES AND OBJECTIONS
TO RTZ ASSOCIATES, INC.'S REQUESTS FOR PRODUCTION, SET FOUR

404543643.3

**RESPONSE TO REQUEST FOR PRODUCTION NO. 117:**

In addition to its General Objections, Intus specifically objects to this Request on the grounds that it is overly broad and unduly burdensome and harassing, including as to scope and time, and fails to identify the documents sought with reasonable particularity. Intus further objects to this Request on the grounds that it is vague and ambiguous. Intus further objects to this Request on the grounds that it is duplicative of other Requests.

Subject to and without waiving the foregoing objections, Responding Party will produce all non-privileged documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 118:**

All DOCUMENTS sufficient to establish the IP address/es Robbie Felton used to access PACECare between January 1, 2021 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 118:**

I In addition to its General Objections, Intus specifically objects to this Request on the grounds that it is overly broad and unduly burdensome and harassing, including as to scope and time, and fails to identify the documents sought with reasonable particularity. Intus further objects to this Request on the grounds that it is vague and ambiguous. Intus further objects to this Request on the grounds that it is duplicative of other Requests.

Subject to and without waiving the foregoing objections, Responding Party will produce all non-privileged documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 119:**

All DOCUMENTS sufficient to establish the IP address/es Alex Rothberg used to access PACECare between January 1, 2021 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 119:**

In addition to its General Objections, Intus specifically objects to this Request on the grounds that it is overly broad and unduly burdensome and harassing, including as to scope and time, and fails to identify the documents sought with reasonable particularity. Intus further objects

- 18 -

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

INTUSCARE INC.'S RESPONSES AND OBJECTIONS
TO RTZ ASSOCIATES, INC.'S REQUESTS FOR PRODUCTION, SET FOUR

404543643.3

to this Request on the grounds that it is vague and ambiguous. Intus further objects to this Request on the grounds that it is duplicative of other Requests.

Subject to and without waiving the foregoing objections, Responding Party will produce all non-privileged documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 120:**

All DOCUMENTS sufficient to establish the IP address/es Evan Walters used to access PACECare between January 1, 2021 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 120:**

In addition to its General Objections, Intus specifically objects to this Request on the grounds that it is overly broad and unduly burdensome and harassing, including as to scope and time, and fails to identify the documents sought with reasonable particularity. Intus further objects to this Request on the grounds that it is vague and ambiguous. Intus further objects to this Request on the grounds that it is duplicative of other Requests.

Subject to and without waiving the foregoing objections, Responding Party will produce all non-privileged documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 121:**

All DOCUMENTS sufficient to establish the IP address/es Laura Ferrara used to access PACECare between January 1, 2021 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 121:**

In addition to its General Objections, Intus specifically objects to this Request on the grounds that it is overly broad and unduly burdensome and harassing, including as to scope and time, and fails to identify the documents sought with reasonable particularity. Intus further objects to this Request on the grounds that it is vague and ambiguous. Intus further objects to this Request on the grounds that it is duplicative of other Requests.

Subject to and without waiving the foregoing objections, Responding Party will produce all non-privileged documents in its possession, custody, or control.

- 19 -

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

INTUSCARE INC.'S RESPONSES AND OBJECTIONS
TO RTZ ASSOCIATES, INC.'S REQUESTS FOR PRODUCTION, SET FOUR

404543643.3

**REQUEST FOR PRODUCTION NO. 122:**

All DOCUMENTS sufficient to establish the IP address/es Evan Jackson used to access PACECare between January 1, 2021 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 122:**

In addition to its General Objections, Intus specifically objects to this Request on the grounds that it is overly broad and unduly burdensome and harassing, including as to scope and time, and fails to identify the documents sought with reasonable particularity. Intus further objects to this Request on the grounds that it is vague and ambiguous. Intus further objects to this Request on the grounds that it is duplicative of other Requests.

Subject to and without waiving the foregoing objections, Responding Party will produce all non-privileged documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 123:**

All DOCUMENTS sufficient to establish the IP address/es YOUR employees used to access PACECare between January 1, 2021 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 123:**

In addition to its General Objections, Intus specifically objects to this Request on the grounds that it is overly broad and unduly burdensome and harassing, including as to scope and time, and fails to identify the documents sought with reasonable particularity. Intus further objects to this Request on the grounds that it is vague and ambiguous. Intus further objects to this Request on the grounds that it is duplicative of other Requests.

Subject to and without waiving the foregoing objections, Responding Party will produce all non-privileged documents in its possession, custody, or control.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

INTUSCARE INC.'S RESPONSES AND OBJECTIONS
TO RTZ ASSOCIATES, INC.'S REQUESTS FOR PRODUCTION, SET FOUR

404543643.3

Dated: March 9, 2026

MANATT, PHELPS & PHILLIPS, LLP


By:  /s/ Charles E. Weir
Charles E. Weir
Andrew Beshai
Attorneys for Plaintiff
INTUSCARE INC.

- 21 -

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

404543643.3

## PROOF OF SERVICE

*IntusCare Inc. v. RTZ Associates, Inc.*
U.S.D.C. – Northern District of California Case No. 4:24-cv-1132-JST

I, Andrew Beshai, declare as follows:

I am employed in Los Angeles County, Los Angeles, California.  I am over the age of eighteen years and not a party to this action.  My business address is MANATT, PHELPS & PHILLIPS, LLP, 2049 Century Park East, Suite 1700, Los Angeles, California  90067.  On **March 9, 2026**, I served the within:

## INTUSCARE INC.'S RESPONSES AND OBJECTIONS TO RTZ ASSOCIATES, INC.'s REQUESTS FOR PRODUCTION, SET FOUR

on the interested parties in this action addressed as follows:

| | |
|---|---|
| David C. Lee, Esq.<br>NOSSAMAN LLP<br>50 California Street, 34th Floor<br>San Francisco, California 94111<br>Phone: 415.398.3600<br>Fax:    415.398.2438<br>Email: dlee@nossaman.com<br><br>Assistant: Marlene Wiman<br>Email: mwiman@nossaman.com | *Attorneys for Defendant*<br>RTZ ASSOCIATES, INC |
| Kasia Penn, Esq.<br>NOSSAMAN LLP<br>18101 Von Karman Avenue, Suite 1800<br>Irvine, California 92612<br>Phone: 949.833.7800<br>Fax:    949.833.7878<br>Email: kpenn@nossaman.com | *Attorneys for Defendant*<br>RTZ ASSOCIATES, INC. |

☒     **(BY ELECTRONIC MAIL)** By transmitting such document(s) electronically from my e-mail address, abeshai@manatt.com at Manatt, Phelps & Phillips, LLP, Los Angeles, California, to the person(s) at the electronic mail addresses listed above.  The transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on **March 9, 2026**, at Los Angeles, California.

/s/ Andrew Beshai
Andrew Beshai

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

PROOF OF SERVICE

404590483.v1

# EXHIBIT C

| RFP No. | RFP Language | Intus' Position |
|---|---|---|
| 66 | All DOCUMENTS (including but limited to, slide decks, PowerPoint presentations, memoranda, summaries, or other written materials) YOU prepared or presented to actual or potential investors RELATING TO YOUR products and services, including CAREHUB, between June 1, 2021 and the present. | The Court's ruling states that RFPs 66-84 are relevant as to "development, functionality, and use" of CareHub. This request is too broad in light of the Court's ruling. We propose narrowing to any documents discussing the interface or functionality of CareHub, as well as documents mentioning RTZ or PACECare. We are amenable to discussing search terms with you reflecting this narrowed scope. We are also open to producing a screenshot of CareHub's interface.<br><br>We have begun discussions with our client, and they are pulling CareHub pitch materials (e.g., slide decks, presentations, etc.), which we will review prior to producing. |
| 67 | All presentations, demonstrations, slide decks, or other materials prepared by YOU that describe, illustrate, or highlight the features and functionality of CAREHUB. | Same as 66. |
| 68 | All DOCUMENTS sufficient to establish the date on which development of CAREHUB began. | We have confirmed this date, and it has been asked in multiple depositions. |
| 69 | All DOCUMENTS RELATING TO YOUR planning, design and/or timeline for development of CAREHUB, including but not limited to, project timelines, Gantt charts, development schedules, engineering and development logs, and project files. | We have confirmed the date development began, and we will provide the launch date. |
| 70 | All DOCUMENTS delineating anticipated and/or actual specifications, functional requirements or intended capabilities of CAREHUB. | Same as 66. |
| 71 | All internal COMMUNICATIONS among YOUR officers, directors, employees and/or contractors RELATING TO the development of CAREHUB. | Same as 66. |

| 72 | All internal COMMUNICATIONS among YOUR officers, directors, employees and/or contractors RELATING TO the decision to develop CAREHUB. | This request is too broad. Anything can conceivably be construed as relating to the decision to develop CareHub. The request is also vague as to "decision." |
|---|---|---|
| 73 | All internal COMMUNICATIONS among YOUR officers, directors, employees and/or contractors addressing competitors (including among others, RTZ, Collabrios, Tabula Rasa, and Epic) in the PACE market, including but not limited to, analyses and/or assessments of PACE EMR/EHR systems such as PACECare, PACElogic and TrueChart. | Per my March 19, 2026 email, please explain how discovery related to Collabrios and PACELogic is relevant to CareHub or your counterclaims. |
| 74 | All DOCUMENTS sufficient to establish the identity of the individuals involved in the development of CAREHUB. | We will provide names of the primary personnel involved in developing CareHub. |
| 75 | All DOCUMENTS sufficient to establish the costs YOU incurred in connection with the development of CAREHUB. | We have asked the client for material responsive to this and will follow up when we have a better sense as to what exists. |
| 76 | All DOCUMENTS RELATING TO financial projections YOU developed RELATING TO CAREHUB between June 1, 2021 and the present. | This does not fall within the "development, functionality, and use" of CareHub. |
| 77 | All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR expected or actual release dates of CAREHUB, including but not limited to, product release schedules and/or milestone dates. | We will provide release dates. |
| 78 | All COMMUNICATIONS between YOU and any customer of Defendant RTZ RELATING TO CAREHUB between June 1, 2021 and the present. | Same as 66. |
| 79 | All COMMUNICATIONS between YOU and any customer of Tabula Rasa RELATING TO CAREHUB between June 1, 2021 and the present. | Same as 73. |

| 80 | All DOCUMENTS sufficient to establish the identity of all customers YOU have contracted with to license and/or use CAREHUB. | We will provide a current list of clients. |
|---|---|---|
| 81 | All contracts and other written agreements between YOU and any customer relating to CAREHUB. | Same as 66. |
| 82 | All DOCUMENTS sufficient to establish YOUR pricing models for the license and/or use of CAREHUB between October 1, 2024 to the present. | This does not fall within the "development, functionality, and use" of CareHub. |
| 83 | All DOCUMENTS reflecting customer feedback or marker reception of CAREHUB, including but not limited to customer reviews, complaints, suggestions, and any internal or external analyses or reports RELATING TO how CAREHUB was received in the marketplace. | Same as 66. |
| 84 | All of YOUR board packages, resolutions and meeting minutes that reference: (i) CAREHUB; (ii) "RTZ"; or (iii) "Collabrios." | Same as 66. As to the sub-request referencing Collabrios, same as 73. |

# EXHIBIT D

## Marlene B. Wiman

| | |
|---|---|
| **From:** | Beshai, Andrew <ABeshai@manatt.com> |
| **Sent:** | Monday, March 30, 2026 2:19 PM |
| **To:** | David C. Lee; Kasia Penn |
| **Cc:** | Weir, Charles |
| **Subject:** | [External] RE: CareHub RFPs |

David,

We intend to produce presentations, pitch decks, screen shots, and marketing material showing the interface, use, functionality, features, operability, and capabilities of CareHub and how CareHub was marketed. In our view, this material is more than sufficient to test your theory of liability here—that Intus allegedly modeled CareHub on the interface, use, functionality, features, operability, and capabilities of PACECare. Beyond that, you have not articulated a theory of relevance to entitle you to the overbroad requests you seek. And we do not read the Court's order as giving RTZ carte blanche to seek every conceivable document related to CareHub. "Relevance [] is not without limits. . . . Instead, to fall within the scope of discovery, the information must also be 'proportional to the needs of the case,' requiring lawyers to 'size and shape their discovery requests to the requisites of a case' while 'eliminat[ing] unnecessary or wasteful discovery.'" *Yphantides v. Conty of San Diego*, No. 21CV1575-GPC(BLM), 2022 WL 3362271, at *3 (S.D. Cal. Aug. 15, 2022). "Proportionality, after all, seeks in the main to determine whether requested discovery is 'too much.' The purpose of the presently codified proportionality principle is to permit discovery of that which is needed to prove a claim or defense, but eliminate unnecessary or wasteful discovery." *Crystal Lakes v. Bath & Body Works, LLC*, No. 2:16-CV-2989-MCE-GGH, 2018 WL 533915, at *1 (E.D. Cal. Jan. 23, 2018), order clarified sub nom. Lakes v. Bath & Body Works LLC, No. 2:16-CV-2989 MCE GGH, 2018 WL 1071335 (E.D. Cal. Feb. 23, 2018). This position applies to RTZ's Set 4 RFPs as well.

Thanks,

Andrew

**From:** David C. Lee <dlee@nossaman.com>
**Sent:** Friday, March 27, 2026 5:26 PM
**To:** Beshai, Andrew <ABeshai@manatt.com>; Kasia Penn <kpenn@nossaman.com>
**Cc:** Weir, Charles <CWeir@manatt.com>
**Subject:** RE: CareHub RFPs

**[EXTERNAL] Please do not reply, click links, or open attachments unless you recognize the source of this message and know the content is safe.**

Andrew: Attached are our responses to Intus's Proposal.  As reflected in the Proposal, Intus takes a decidedly narrow view of the discoverable range of documents which we disagree with.  Specifically, as explained in the attached, your Proposal with respect to RFP 66 – which is defaulted to on numerous occasions for other responses – imposes unreasonable limitations on what Intus is prepared to produce, and with regard to certain Requests is contextually inapposite.  For other Requests, Intus states its intent to stand on its objection-only response.  Moreover, your offer to use keyword searches seems unnecessary given the straightforward nature of the Requests and what they seek, i.e., presentations/slide decks about CareHub, CareHub development documents, CareHub pricing, CareHub-related Board meeting minutes, internal communications about CareHub's development, communications with customers about CareHub, etc.  Please review our responses and

advise (by close of business on Monday) whether Intus wishes to revisit its Proposal positions or stand on them.  We intend to submit a follow-up letter brief to Mag. Tse on Tuesday, March 31st.

Separately, during our meet and confer discussion on March 19th, you agreed to include in your proposal Intus's positions regarding RFPs (Set 4).  They were not included in the Proposal.  We therefore assume that despite our meet and confer on that set of requests, Intus stands on its objection-only responses.  We will forward a letter brief to you on Monday.

Thanks.

David

**David C. Lee**
NOSSAMAN LLP
T 415.398.3600  F 415.398.2438
D 415.438.7235

 SUBSCRIBE TO E-ALERTS
nossaman.com

PLEASE NOTE: The information in this e-mail message is confidential. It may also be attorney-client privileged and/or protected from disclosure as attorney work product. If you have received this e-mail message in error or are not the intended recipient, you may not use, copy, nor disclose to anyone this message or any information contained in it. Please notify the sender by reply e-mail and delete the message. Thank you.

**From:** Beshai, Andrew <ABeshai@manatt.com>
**Sent:** Tuesday, March 24, 2026 6:13 PM
**To:** David C. Lee <dlee@nossaman.com>; Kasia Penn <kpenn@nossaman.com>
**Cc:** Weir, Charles <CWeir@manatt.com>
**Subject:** [External] CareHub RFPs

David and Kasia,

Attached please find our proposed approach to the CareHub production. We are amenable to discussing the various RFPs and making tweaks, but the issue of whether certain requests are burdensome must be analyzed in reference to the relevance of the specific request, as the FRCP 26 proportionality standard contemplates.

Thanks,

**Andrew Beshai**
*(He/Him/His)*
Associate

**Manatt, Phelps & Phillips,** LLP
2049 Century Park East
Suite 1700
Los Angeles, CA 90067
**D** (310) 231-5304 **F**
ABeshai@manatt.com

**manatt.com**

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution

or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply email and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.