

**ATTORNEYS AT LAW**

50 California Street
34th Floor
San Francisco, CA 94111
T 415.398.3600

David C. Lee
D 415.438.7235
dlee@nossaman.com

*Admitted only in California*

Refer To File # - 503730-0002

April 6, 2026

The Honorable Judge Alex G. Tse
United States Magistrate Judge
San Francisco Courthouse, Courtroom A – 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

> Re:    Intus Care, Inc. v. RTZ Associates, Inc. (Case No. 4:24-cv-01132-JST) Discovery
>         Dispute

Dear Judge Alex G. Tse:

Defendant/Counterclaimant RTZ Associates, Inc. ("RTZ") and Plaintiff/Counterdefendant IntusCare Inc. ("Intus") submit this Letter Brief Status Update following the Court's March 17, 2026 Order regarding Joint Letter Brief (Dkt. 96.) ("Order").[1] As reflected in the Order, the Court affirmatively overruled Intus's relevance objections to RTZ's Requests for Production of Documents Nos. 66-84 (Set 3) concerning Intus's CareHub software product (the "Disputed Requests"). The Order further directed the parties to further meet and confer (by March 20) about Intus's remaining objections to the Disputed Requests. The Order further directed Intus to make both Alex Rothberg and Evan Jackson available for a 2-hour deposition to answer questions about CareHub "by April 1st." The parties met and conferred by Teams on March 19, 2026, but were unable to resolve or narrow the remaining issues set forth below. RTZ therefore seeks a ruling directing Intus to produce documents responsive to the Disputed Requests. Intus opposes.

### A. Counterclaimant RTZ's Position.
####   1. CareHub Related Requests (RFPs Nos. 66-84 [Third Set of Requests]).

The Order correctly recognizes that RTZ's counterclaim alleges that Intus improperly accessed RTZ's PACECare software "to mine other valuable data from the PACECare system…to expedite and refine its own development of a competing [electronic medical record] system." (Dkt. 96, citing to Dkt. 41 (RTZ's Counterclaim).) The Court further acknowledged that Intus's competing electronic medical record is CareHub. (Id.) The Court further concluded, "[a]nd because CareHub is one of the fruits of Intus's alleged unauthorized access of PACECare, CareHub's development, functionality, and use are relevant to damages" and that "CareHub is still relevant to damages for RTZ's unauthorized-access claims." (Id.) The Order thus ruled that "[a]ll of these [Disputed Requests] seek relevant documents." (Id.) However, the Court noted that

---

[1] Although RTZ was prepared to file this joint letter brief on April 2, 2026, the filing was deferred to April 6, 2026, at opposing counsel's request to accommodate their schedules.

70202622.v2

Honorable Alex G. Tse
April 6, 2026
Page 2

because "Intus raised other objections to these RFPs (e.g. burden of production) that the parties didn't address in the joint statement" further meet and confer on such objections was ordered.

### 2.    The "Meet and Confer" Process.

The parties met and conferred on March 19, 2026. However, during that meet and confer, Intus's counsel was unable or unwilling to address its other non-relevance objections to the Disputed Requests. Rather, contrary to the Court's Order that meet and confer occur "by March 20, 2026" (Dkt. 96), Intus's counsel stated its intention to prepare a table delineating its objections to each of the Disputed Requests. That table was transmitted on March 24 – four days after the ordered meet and confer date. (See **Exhibit A**.) Conspicuously, Exh. A largely fails to address any specific objections to the Disputed Requests (as ordered by the Court) except to suggest that certain Requests are "too broad." For those, Intus arbitrarily asserts that the only documents it will produce are those "*discussing the interface or functionality of CareHub.*" (See Exh. A, specifically, Disputed Request Nos. 66-67, 70-72, 78, 81, 83-84.) Intus further asserted that other Requests (Nos. 76 and 82) do not "fall within the 'development, functionality, and use' of CareHub" and thus will not be produced at all (Exh. A) – despite this Court previously ruling that such Requests seeks relevant materials. For other Requests, Intus arbitrarily limits what it will produce as responsive materials – limitations that are unreasonable and without merit. (See Exh. A, specifically, Request Nos. 69, 77.) Finally, with regard to other Requests, Intus brazenly reasserted its relevance objections in spite of this Court's prior relevance ruling. (Exh. A, specifically, Request Nos. 73, 79 and 84).[2] On March 27, 2026, RTZ transmitted its response to Intus's Exh. A table and disputed Intus's general positions. (See **Exhibit B**.) RTZ further requested that Intus respond to Exh. B and advise whether it sought to revisit its positions. Intus responded on March 30, 2026, stating for **all** Disputed Requests, it only intends to produce: "*presentations, pitch decks, screen shots, and marketing materials showing the interface, use, functionality, features, operability, and capabilities of CareHub and how CareHub was marketed.*" (See **Exh. C** (Andrew Beshai email).) This imposed limitation rests on Intus's determination that RTZ has "*not articulated a theory of relevance to entitle you to the overbroad requests you seek*" and that such Requests are not "proportional" to the needs of the case. (Id.)

### 3.    Intus's Positions and Objections Are Unreasonable and Without Merit.

Simply put, Intus's positions are unreasonable. As stated above, this Court has overruled Intus's relevance objections. Therefore, the discoverability of the requested materials is without question unless some other objection has merit. Importantly, Intus's meet and confer writings (i.e., Exh. A and Exh. C) lack any assertion that the Disputed Requests are burdensome or seek privileged or confidential information. Accordingly, Intus effectively concedes that there is no burden associated with the production of documents responsive to any of the Disputed Requests. Instead, Intus has decreed that the only documents it will produce are: "*presentations, pitch decks, screen shots, and marketing materials showing the interface, use, functionality, features, operability, and capabilities of CareHub and how CareHub was marketed.*" (Exh. C.) This unilateral restriction of documents is unreasonable and ignores the myriad of other categories of materials sought by the Disputed Requests, i.e., CareHub development logs, internal communications about CareHub development, communications about competitor analysis, CareHub development costs, CareHub

---

[2] The Parties reached agreement on a small handful of Requests, Nos. 68, 74, 75 (which Intus agreed to produce records for), and 80.

70202622.v2

Honorable Alex G. Tse
April 6, 2026
Page 3

financial projections, communications with PACE facilities about CareHub, CareHub contracts, CareHub pricing materials, Board minutes and materials referencing CareHub, investor materials concerning CareHub, etc. These other categories of documents that Intus refuses to produce unquestionably bear on RTZ's allegations that Intus used unauthorized access to crawl through PACECare and mine information about EMR software elements to rapidly develop CareHub – a competing product. That rapid development allowed Intus to enter the PACE market on an accelerated timeframe, poach clients, and earn revenue as a result of its unfair business practices – all leading to damages. Therefore, CareHub development logs and files, Board minutes addressing CareHub, and Intus's internal and external communications about the development, launch, marketing, deployment and pricing of CareHub are therefore clearly proportional to the needs of RTZ's counterclaims. As are documents revealing the CareHub clients and contracts that Intus signed. Intus's position that it is only obligated to produce "*presentations, pitch decks, screen shots, and marketing materials*" – to the exclusion of the other narrowly tailored categories of requested documents – is borderline absurd. Particularly given this Court's unambiguous determination that <u>every Disputed Request seeks relevant materials</u>. Therefore, Intus's arbitrary production limitations are contrary to RTZ's discovery rights and the spirit of this Court's Order (Dkt. 96). The materials sought are clearly discoverable, narrowly tailored to CareHub, and critical to RTZ's counterclaims. Intus's meet and confer communications (Exhs. A and C) establish no burden or oppression in complying. And its proportionality argument fails. As such, RTZ seeks an order overruling all of Intus's objections and requiring the immediate production of requested materials (i.e., the Disputed Request Nos. 66-84 (other than Nos. 68, 74, 75, and 80)).

### 4.  Intus Has Defied The Court's Order Re the Rothberg and Jackson Depositions.

This Court's Order directed Intus to make Rothberg/Evans available for a 2-hour deposition "<u>by April 1, 2026</u>." (Dkt. 96.) During the March 19th meet and confer, RTZ sought the deponents' availability. Intus's counsel offered no availability and instead proposed that CareHub questions be asked of Robbie Felton (Intus's CEO), and that Jackson/Rothberg would be made available only thereafter "if needed." RTZ declined given Felton's expected inability to answer customer-facing and development-related CareHub questions. On March 20th, RTZ's counsel again sought dates and offered the week of March 30th. Intus did not respond. (See **Exh. D.**) On March 27th, RTZ's counsel again followed up. (See **Exh. E.**) Again, no response was provided. Tellingly, only after receiving RTZ's draft of this joint letter brief on March 31st (addressing this issue), did Intus (on April 1st) for the first time offer deposition dates – dates that conspicuously follow Felton's deposition on April 8 in defiance of this Court's Order. (See **Exhs. F and G**). While Intus has ultimately provided dates, its tactics are emblematic of its unilateral and arbitrary approach in dictating if, when, and how materials (and witnesses) will be produced to RTZ.

### B.  Plaintiff and Counterdefendant Intus' Position:

RTZ mischaracterizes the March 19 meet-and-confer call and omits its own unwillingness to engage in a good faith discussion about the proper scope of production, as this Court ordered in its March 17 order.

The crux of RTZ's CareHub allegations is simple. According to RTZ, Intus allegedly accessed PACECare without authorization to develop its own competing EMR, CareHub, purportedly

Honorable Alex G. Tse
April 6, 2026
Page 4

modeled on PACECare's features and functionality. RTZ has articulated this theory in its discovery letters. To date it is the only thing about CareHub that has been articulated. Based on that representation, this Court ruled that RTZ's requests pertaining to CareHub's "development, functionality, and use are relevant to damages." But the Court did not delve into each request at issue to address Intus' burden and proportionality objections. Rather, the Court recognized that relevance is merely the starting point of the analysis and, therefore, asked the parties to work together to meaningfully discuss Intus' scope objections. RTZ has refused to engage in these discussions and, instead, now wages lawfare under a tortured reading of this Court's order.

> 1. **RTZ Has Run Afoul of this Court's Order by Refusing to Discuss Mutually Agreeable Search Terms to Address Intus' Breadth and Proportionality Objections**

"Relevance [] is not without limits. . . . Instead, to fall within the scope of discovery, the information must also be 'proportional to the needs of the case,' requiring lawyers to 'size and shape their discovery requests to the requisites of a case' while 'eliminat[ing] unnecessary or wasteful discovery.'" *Yphantides v. Conty of San Diego*, No. 21CV1575-GPC(BLM), 2022 WL 3362271, at *3 (S.D. Cal. Aug. 15, 2022).

On the March 19 meet-and-confer call, Intus explained that it would produce material that describes CareHub, its functionality and development to investors and clients. In particular, PowerPoint presentations that detail these issues. Intus also explained that most of the requests are overbroad and disproportional to the needs of the case, as they seek "***all documents***" relating to CareHub's planning, design, specifications, functional requirements (RFP Nos. 69, 70, and 77) and "***all communications***" among Intus personnel or between Intus and investors or Intus and customers related to CareHub without limitation (RFP Nos. 71, 72, 73, 78, 81, 83, 84). RTZ rejected all efforts to tie these communications and documents to PACECare or the theory that Intus used PACECare to develop CareHub. As required by the Court, Intus attempted to meaningfully engage on these requests and sent a follow-up email with a detailed table breaking down every request and offering to "discuss[] search terms with [RTZ] reflecting" documents relating to the interface or functionality of PACECare or mentioning either RTZ or PACECare.

RTZ has refused to engage. Instead, it reads this Court's order as giving it carte blanche to Intus' documents and communications regarding CareHub without any limit and in disregard of Intus' burden and proportionality objections. RTZ contends in this letter brief that Intus cannot "establish burden or oppression in complying." RTZ is wrong on both the law and the facts. "In the 'old days,' a party objecting to discovery based on oppressiveness/unduly burdensome, or seeking a protective order based on same, had the 'heavy burden' to demonstrate oppressiveness et al. *However, the present wording of the above quoted Rule has made the former burden requirements in such motions quasi-obsolete. Proportionality, after all, seeks in the main to determine whether requested discovery is 'too much.'*" *Crystal Lakes v. Bath & Body Works, LLC*, No. 2:16-CV-2989-MCE-GGH, 2018 WL 533915, at *1 (E.D. Cal. Jan. 23, 2018), *order clarified sub nom. Lakes v. Bath & Body Works LLC*, No. 2:16-CV-2989 MCE GGH, 2018 WL 1071335 (E.D. Cal. Feb. 23, 2018) (emphasis added).

Intus has explained—repeatedly—that it is willing to produce the material RTZ needs to prove its counterclaims related to CareHub but will object to unnecessary or wasteful discovery. Indeed, "the purpose of the presently codified proportionality principle is to permit discovery of that which is needed to prove a claim or defense, *but eliminate unnecessary or wasteful discovery*." *Id*. (emphasis added). Indeed, on April 3, 2026, Intus produced over 200 pages representing CareHub

70202622.v2

Honorable Alex G. Tse
April 6, 2026
Page 5

material, pitch decks, and releases containing detailed descriptions of the functionality, operability, capabilities, interface, use, and development of CareHub. Intus also produced a list of existing CareHub clients and screenshots of the CareHub interface so RTZ could see exactly what the CareHub EMR looks like—after all, the crux of RTZ's counterclaims is that Intus allegedly developed CareHub based on the design features and functionality of PACECare.3

### 2.   A Number of RTZ's Requests Are Disproportional to the Needs of the Case

RTZ also seeks material to which it is not legally entitled under any of its counterclaims. It is axiomatic that to engage in the proportionality exercise one must look at the claims in the case. *Trabulsi v. Wells Fargo Bank, Nat'l Ass'n*, 2018 WL 6444892, at *1 (C.D. Cal. Aug. 21, 2018) ("[T]he allegations in a complaint generally dictate what evidence is discoverable. . . . [R]elevance is foremost tied to the parties' claims and defenses, not the general subject matter of the action, and even then, relevant discovery must be proportional to the needs of the case.").

Here, RTZ asserted in its discovery briefing that the CareHub information was relevant to its "damages." In the meet and confer process, Intus asked RTZ to explain what its damage theories actually are and how they relate to the claims in the case. RTZ refused to provide further clarification. RTZ's failure to articulate a damages theory tied to CareHub information is no accident, as its counterclaims allow for a narrow subset of damages. "[T]he CFAA is 'an anti-hacking statute,' not 'an expansive misappropriation statute.' The statute's 'loss' definition—with its references to damage assessments, data restoration, and interruption of service—clearly limits its focus to harms caused by computer intrusions, not general injuries unrelated to the hacking itself." *Andrews v. Sirius XM Radio Inc.*, 932 F.3d 1253, 1263 (9th Cir. 2019) (quoting United States v. Nosal, 676 F.3d 854, 857 (9th Cir. 2012) (en banc)). Likewise, "CDAFA's private right of action contemplates some damage to the computer system, network, program, or data contained on that computer, as opposed to data generated by a plaintiff while engaging with a defendant's website." *Heiting v. Taro Pharms. USA, Inc.*, 709 F. Supp. 3d 1007, 1021 (C.D. Cal. 2023). And RTZ's remaining counterclaims offer no help. *See Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003) (only restitution, not damages, available to remedy a UCL claim); *WhatsApp Inc. v. NSO Grp. Techs. Ltd.*, 472 F. Supp. 3d 649, 685 (N.D. Cal. 2020), aff'd on other grounds, 17 F.4th 930 (9th Cir. 2021) (trespass to chattels claim does not allow for consequential economic  harm damages). And RTZ's inducing breach of contract claim does not claim any damages stemming from the actual contract allegedly breached.

Moreover not only is the requested CareHub information not tied to any viable damages theory, but the requests are burdensome and overbroad, requiring Intus to produce every communication, development document, board meeting minute, etc. about a product that was in development for over two years. This amounts to thousands of documents that RTZ has not even attempted to tie to any of its damages or to its articulated theory that Intus modeled CareHub on the features and functionality of PACECare. A few examples are below:

- RFP No. 69: "All documents relating to your planning, design, and/or timeline for development of CareHub, including but not limited to, project timelines Gantt charts, development schedules, engineering and development logs, and project files."

---

3 Frustratingly, there is absolutely no basis for the assertions about CareHub. Even RTZ's CEO admitted he had no evidence to substantiate this new theory.

Honorable Alex G. Tse
April 6, 2026
Page 6

- RFP No. 71: "All internal communications among your officers, directors, employees, and/or contractors relating to the development of CareHub."

- RFP No. 72: "All internal communications among your officers, directors, employees, and/or contractors relating to the decision to develop CareHub."

- RFP No. 77: "All documents and communications relating to expected or actual release dates of CareHub, including but not limited to, product release schedules and/or milestone dates."

Similarly, the requests seeking information about financial projections and pricing models (RFP Nos. 76 and 82) are disproportional to the needs of this case because none of RTZ's counterclaims allow for or relate to RTZ recovering Intus's profits on its CareHub product. Accordingly, financial information about CareHub is completely disproportionate to the needs of the case. The two anti-hacking statutes under which RTZ has brought claims allow for damages related to harm to a computer system itself (e.g., system strain, physical harm to a server, etc.). Thus, the damages related to those claims does not, and cannot, relate to CareHub.

Equally unavailing are RTZ's requests for documents and communications related to Tabula Rasa and Epic, two unrelated EMR providers that are not parties to this lawsuit. (RFP Nos. 73 and 79). RTZ appears to argue that this information is needed to show a "pattern or practice" of Intus accessing EMR systems. It is not disputed that Intus has been able to secure data from other EMR systems. It has only been RTZ that has taken steps to block such access. To ask for every document and communication with unrelated EMR providers on this issue is disproportionate to the needs of the case as it would require a review and production of potentially thousands of pages of material.

In sum, this Court should order RTZ to comply with its March 17 order and meaningfully engage Intus on its breadth and proportionality objections.4

Sincerely,

NOSSAMAN LLP

/s/ Kasia Penn
    Kasia Penn
Attorneys for Counterclaimant RTZ Associates, Inc.

MANATT, PHELPS & PHILLIPS, LLP

/s/ Charles Weir
    Charles Weir
Attorneys for Counterdefendant Intus Care, Inc.

---

4 Contrary to RTZ's baseless accusations, Intus has made its executives available for follow-up depositions as early as reasonably feasible given their schedules as founders and officers of Intus.

70202622.v2

# EXHIBIT A

| RFP No. | RFP Language | Intus' Position |
|---|---|---|
| 66 | All DOCUMENTS (including but limited to, slide decks, PowerPoint presentations, memoranda, summaries, or other written materials) YOU prepared or presented to actual or potential investors RELATING TO YOUR products and services, including CAREHUB, between June 1, 2021 and the present. | The Court's ruling states that RFPs 66-84 are relevant as to "development, functionality, and use" of CareHub. This request is too broad in light of the Court's ruling. We propose narrowing to any documents discussing the interface or functionality of CareHub, as well as documents mentioning RTZ or PACECare. We are amenable to discussing search terms with you reflecting this narrowed scope. We are also open to producing a screenshot of CareHub's interface.<br><br>We have begun discussions with our client, and they are pulling CareHub pitch materials (e.g., slide decks, presentations, etc.), which we will review prior to producing. |
| 67 | All presentations, demonstrations, slide decks, or other materials prepared by YOU that describe, illustrate, or highlight the features and functionality of CAREHUB. | Same as 66. |
| 68 | All DOCUMENTS sufficient to establish the date on which development of CAREHUB began. | We have confirmed this date, and it has been asked in multiple depositions. |
| 69 | All DOCUMENTS RELATING TO YOUR planning, design and/or timeline for development of CAREHUB, including but not limited to, project timelines, Gantt charts, development schedules, engineering and development logs, and project files. | We have confirmed the date development began, and we will provide the launch date. |
| 70 | All DOCUMENTS delineating anticipated and/or actual specifications, functional requirements or intended capabilities of CAREHUB. | Same as 66. |
| 71 | All internal COMMUNICATIONS among YOUR officers, directors, employees and/or contractors RELATING TO the development of CAREHUB. | Same as 66. |

| 72 | All internal COMMUNICATIONS among YOUR officers, directors, employees and/or contractors RELATING TO the decision to develop CAREHUB. | This request is too broad. Anything can conceivably be construed as relating to the decision to develop CareHub. The request is also vague as to "decision." |
|---|---|---|
| 73 | All internal COMMUNICATIONS among YOUR officers, directors, employees and/or contractors addressing competitors (including among others, RTZ, Collabrios, Tabula Rasa, and Epic) in the PACE market, including but not limited to, analyses and/or assessments of PACE EMR/EHR systems such as PACECare, PACElogic and TrueChart. | Per my March 19, 2026 email, please explain how discovery related to Collabrios and PACELogic is relevant to CareHub or your counterclaims. |
| 74 | All DOCUMENTS sufficient to establish the identity of the individuals involved in the development of CAREHUB. | We will provide names of the primary personnel involved in developing CareHub. |
| 75 | All DOCUMENTS sufficient to establish the costs YOU incurred in connection with the development of CAREHUB. | We have asked the client for material responsive to this and will follow up when we have a better sense as to what exists. |
| 76 | All DOCUMENTS RELATING TO financial projections YOU developed RELATING TO CAREHUB between June 1, 2021 and the present. | This does not fall within the "development, functionality, and use" of CareHub. |
| 77 | All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR expected or actual release dates of CAREHUB, including but not limited to, product release schedules and/or milestone dates. | We will provide release dates. |
| 78 | All COMMUNICATIONS between YOU and any customer of Defendant RTZ RELATING TO CAREHUB between June 1, 2021 and the present. | Same as 66. |
| 79 | All COMMUNICATIONS between YOU and any customer of Tabula Rasa RELATING TO CAREHUB between June 1, 2021 and the present. | Same as 73. |

| 80 | All DOCUMENTS sufficient to establish the identity of all customers YOU have contracted with to license and/or use CAREHUB. | We will provide a current list of clients. |
|---|---|---|
| 81 | All contracts and other written agreements between YOU and any customer relating to CAREHUB. | Same as 66. |
| 82 | All DOCUMENTS sufficient to establish YOUR pricing models for the license and/or use of CAREHUB between October 1, 2024 to the present. | This does not fall within the "development, functionality, and use" of CareHub. |
| 83 | All DOCUMENTS reflecting customer feedback or marker reception of CAREHUB, including but not limited to customer reviews, complaints, suggestions, and any internal or external analyses or reports RELATING TO how CAREHUB was received in the marketplace. | Same as 66. |
| 84 | All of YOUR board packages, resolutions and meeting minutes that reference: (i) CAREHUB; (ii) "RTZ"; or (iii) "Collabrios." | Same as 66. As to the sub-request referencing Collabrios, same as 73. |

# EXHIBIT B

**CAREHUB RFPS – INTUS PROPOSAL AND RESPONSES**

| RFP No. | RFP Language | Intus' Position | RTZ's Response |
|---|---|---|---|
| 66 | All DOCUMENTS (including but limited to, slide decks, PowerPoint presentations, memoranda, summaries, or other written materials) YOU prepared or presented to actual or potential investors RELATING TO YOUR products and services, including CAREHUB, between June 1, 2021 and the present. | The Court's ruling states that RFPs 66-84 are relevant as to "development, functionality, and use" of CareHub. This request is too broad in light of the Court's ruling. We propose narrowing to any documents discussing the interface or functionality of CareHub, as well as documents mentioning RTZ or PACECare. We are amenable to discussing search terms with you reflecting this narrowed scope. We are also open to producing a screenshot of CareHub's interface.<br><br>We have begun discussions with our client, and they are pulling CareHub pitch materials (e.g., slide decks, presentations, etc.), which we will review prior to producing. | This Request is not "too broad" and seeks investor presentations (a narrowed universe) addressing CareHub and other Intus products. The Court has already ruled that this Request seeks relevant information. We do not agree with the proposed narrowing of scope to only include those presentations discussing interface or functionality – we are entitled to understand what representations to investors were being made about the CareHub product, its origins, development and product and revenue forecasts (all of which go to damages). We intend to include this Request in a follow-up letter brief to Mag. Tse. |
| 67 | All presentations, demonstrations, slide decks, or other materials prepared by YOU that describe, illustrate, or highlight the features and functionality of CAREHUB. | Same as 66. | This Request is not "too broad" and seeks presentations (a narrowed universe) that address the features and functionality of CareHub. The Court has already ruled that this Request seeks relevant information. We do not agree with the proposed narrowing of scope to only include those presentations |

| RFP No. | RFP Language | Intus' Position | RTZ's Response |
|---|---|---|---|
| | | | discussing interface or functionality, given that the Request also seeks information about the features of CareHub (which obviously extend beyond the interface). We intend to include this Request in a follow-up letter brief to Mag. Tse. |
| 68 | All DOCUMENTS sufficient to establish the date on which development of CAREHUB began. | We have confirmed this date, and it has been asked in multiple depositions. | RFP No. 68 is resolved. |
| 69 | All DOCUMENTS RELATING TO YOUR planning, design and/or timeline for development of CAREHUB, including but not limited to, project timelines, Gantt charts, development schedules, engineering and development logs, and project files. | We have confirmed the date development began, and we will provide the launch date. | This Request seeks more than simply the "launch date" of CareHub, and includes development timelines, development schedules, logs and project files. These materials clearly implicate the timing and development of the CareHub product, which bears directly on when such development schedules coincided with Intus's various accesses to PACECare. The Court has already ruled that this Request seeks relevant information. We do not agree with the proposed narrowing. We intend to include this Request in a follow-up letter brief to Mag. Tse. |

| RFP No. | RFP Language | Intus' Position | RTZ's Response |
|---|---|---|---|
| | | | |
| 70 | All DOCUMENTS delineating anticipated and/or actual specifications, functional requirements or intended capabilities of CAREHUB. | Same as 66. | This Request seeks documents bearing directly on CareHub's functionality. We do not agree with the proposed narrowing of scope to only include those documents discussing interface or functionality, to the exclusion of operability/capabilities (a form of function). We intend to include this Request in a follow-up letter brief to Mag. Tse. |
| 71 | All internal COMMUNICATIONS among YOUR officers, directors, employees and/or contractors RELATING TO the development of CAREHUB. | Same as 66. | This Request seeks documents directly bearing on CareHub's development and the internal communications addressing its development. This therefore seeks far more that "interface or functionality" documents. The Court has already ruled that this Request seeks relevant information. We do not agree with the proposed narrowing. We intend to include this Request in a follow-up letter brief to Mag. Tse. |
| 72 | All internal COMMUNICATIONS among YOUR officers, directors, employees | This request is too broad. Anything can conceivably be construed as relating to the decision to develop CareHub. The request is also vague as to "decision." | This Request is not "too broad" and seeks communications directly bearing on CareHub's development and the decisions surrounding its development. |

| RFP No. | RFP Language | Intus' Position | RTZ's Response |
|---|---|---|---|
| | and/or contractors RELATING TO the decision to develop CAREHUB. | | The decision to develop CareHub refers to Intus' evaluation, approval, authorization, or strategic determination to initiate development of the product. We further disagree that "decision" is vague and ascribe its plain and ordinary meaning to the Request. The Court has already ruled that this Request seeks relevant information. We intend to include this Request in a follow-up letter brief to Mag. Tse. |
| 73 | All internal COMMUNICATIONS among YOUR officers, directors, employees and/or contractors addressing competitors (including among others, RTZ, Collabrios, Tabula Rasa, and Epic) in the PACE market, including but not limited to, analyses and/or assessments of PACE EMR/EHR systems such as PACECare, PACElogic and TrueChart. | Per my March 19, 2026 email, please explain how discovery related to Collabrios and PACELogic is relevant to CareHub or your counterclaims. | This Request seeks internal communications concerning Intus's analysis and assessments of competing EMR systems, which naturally include PACECare and PACELogic, developed by RTZ and Tabula Rasa. As alleged, Intus wrongfully accessed PACECare to expedite its development of CareHub. Its internal analysis of other EMRs (including PACELogic) bears on Intus's pattern and practice of exploiting access to accelerate its development of a competing product, specifically, CareHub. The Court has already ruled that this Request seeks relevant information. Absent agreement to produce responsive documents, we |

70198637.v1

| RFP No. | RFP Language | Intus' Position | RTZ's Response |
|---|---|---|---|
| | | | intend to include this Request in a follow-up letter brief to Mag. Tse. |
| 74 | All DOCUMENTS sufficient to establish the identity of the individuals involved in the development of CAREHUB. | We will provide names of the primary personnel involved in developing CareHub. | This is agreeable. |
| 75 | All DOCUMENTS sufficient to establish the costs YOU incurred in connection with the development of CAREHUB. | We have asked the client for material responsive to this and will follow up when we have a better sense as to what exists. | Please confirm that you will produce all relevant non-privileged documents responsive to this request. |
| 76 | All DOCUMENTS RELATING TO financial projections YOU developed RELATING TO CAREHUB between June 1, 2021 and the present. | This does not fall within the "development, functionality, and use" of CareHub. | The Court has already ruled that this Request seeks relevant information thereby mooting your determination that the Request is not within the scope of discovery or the Court's ruling. Responsive information bears directly on Intus's decision-making process governing the motivations to develop and market the product and the timing of such product release, as well as RTZ's damage assessments and calculations . Absent agreement to produce responsive documents, we intend to |

70198637.v1

| RFP No. | RFP Language | Intus' Position | RTZ's Response |
|---|---|---|---|
| | | | include this Request in a follow-up letter brief to Mag. Tse. |
| 77 | All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR expected or actual release dates of CAREHUB, including but not limited to, product release schedules and/or milestone dates. | We will provide release dates. | This Request seeks product release schedules and development milestone dates, all of which goes directly to development of CareHub. The Court has already ruled that this Request seeks relevant information. We do not agree with the proposed narrowing of scope to only produce "release dates." We intend to include this Request in a follow-up letter brief to Mag. Tse. |
| 78 | All COMMUNICATIONS between YOU and any customer of Defendant RTZ RELATING TO CAREHUB between June 1, 2021 and the present. | Same as 66. | This Requests seeks communications between Intus and RTZ's customers concerning CareHub. Responsive documents go directly to the heart of RTZ's damages arising from Intus's accelerated development of CareHub and its ability to lure RTZ customers to Intus's competing product on an accelerated timeframe. We do not agree with the proposed narrowing of scope to only include those communications that address "interface or functionality." The Court has already ruled that this Request seeks relevant information. We intend to include this Request in a follow-up letter brief to Mag. Tse. |

| RFP No. | RFP Language | Intus' Position | RTZ's Response |
|---|---|---|---|
|  |  |  |  |
| 79 | All COMMUNICATIONS between YOU and any customer of Tabula Rasa RELATING TO CAREHUB between June 1, 2021 and the present. | Same as 73. | Same as 73. |
| 80 | All DOCUMENTS sufficient to establish the identity of all customers YOU have contracted with to license and/or use CAREHUB. | We will provide a current list of clients. | This is agreeable. |
| 81 | All contracts and other written agreements between YOU and any customer relating to CAREHUB. | Same as 66. | This Requests seeks all contracts between Intus and customers for the use of CareHub, which the Court has already ruled is relevant. We do not agree with the proposed narrowing of scope to only produce materials concerning "interface or functionality" – which in the context of this Request is nonsensical. Responsive materials go directly to RTZ's damage assessments and calculations. We intend to include this Request in a follow-up letter brief to Mag. Tse. |

70198637.v1

| RFP No. | RFP Language | Intus' Position | RTZ's Response |
|---|---|---|---|
| | | | |
| 82 | All DOCUMENTS sufficient to establish YOUR pricing models for the license and/or use of CAREHUB between October 1, 2024 to the present. | This does not fall within the "development, functionality, and use" of CareHub. | The Court has already ruled that this Request seeks relevant information thereby mooting your determination that the Request is not within the scope of discovery or the Court's ruling. This Request seeks the pricing/licensing fees charged for the use of CareHub which bears directly on RTZ's damage assessments and calculations. We intend to include this Request in a follow-up letter brief to Mag. Tse. |
| 83 | All DOCUMENTS reflecting customer feedback or marker reception of CAREHUB, including but not limited to customer reviews, complaints, suggestions, and any internal or external analyses or reports RELATING TO how CAREHUB was received in the marketplace. | Same as 66. | This Request seeks customer feedback on CareHub which goes directly to issues concerning the development and functionality of CareHub, i.e., whether it incorporates elements and features that Intus mined from RTZ's product through Intus's wrongful access to PACECare. We do not agree with the proposed narrowing of scope to only include those documents that address "interface or functionality" – which in the context of this Request seems nonsensical. The Court has already ruled that this Request seeks relevant information. We |

70198637.v1

| RFP No. | RFP Language | Intus' Position | RTZ's Response |
|---|---|---|---|
| | | | intend to include this Request in a follow-up letter brief to Mag. Tse. |
| 84 | All of YOUR board packages, resolutions and meeting minutes that reference: (i) CAREHUB; (ii) "RTZ"; or (iii) "Collabrios." | Same as 66. As to the sub-request referencing Collabrios, same as 73. | This Request seeks Board packages, resolutions and minutes referencing CareHub, RTZ, and Collabrios (which Intus clearly confused as a stand-in for RTZ). We do not agree with the proposed narrowing of scope to only include those materials that address "interface or functionality." The Court has already ruled that this Request seeks relevant information. We intend to include this Request in a follow-up letter brief to Mag. Tse. |

# EXHIBIT C

## Marlene B. Wiman

| | |
|---|---|
| **From:** | Beshai, Andrew <ABeshai@manatt.com> |
| **Sent:** | Monday, March 30, 2026 2:19 PM |
| **To:** | David C. Lee; Kasia Penn |
| **Cc:** | Weir, Charles |
| **Subject:** | [External] RE: CareHub RFPs |

David,

We intend to produce presentations, pitch decks, screen shots, and marketing material showing the interface, use, functionality, features, operability, and capabilities of CareHub and how CareHub was marketed. In our view, this material is more than sufficient to test your theory of liability here—that Intus allegedly modeled CareHub on the interface, use, functionality, features, operability, and capabilities of PACECare. Beyond that, you have not articulated a theory of relevance to entitle you to the overbroad requests you seek. And we do not read the Court's order as giving RTZ carte blanche to seek every conceivable document related to CareHub. "Relevance [] is not without limits. . . . Instead, to fall within the scope of discovery, the information must also be 'proportional to the needs of the case,' requiring lawyers to 'size and shape their discovery requests to the requisites of a case' while 'eliminat[ing] unnecessary or wasteful discovery.'" *Yphantides v. Conty of San Diego*, No. 21CV1575-GPC(BLM), 2022 WL 3362271, at *3 (S.D. Cal. Aug. 15, 2022). "Proportionality, after all, seeks in the main to determine whether requested discovery is 'too much.' The purpose of the presently codified proportionality principle is to permit discovery of that which is needed to prove a claim or defense, but eliminate unnecessary or wasteful discovery." *Crystal Lakes v. Bath & Body Works, LLC*, No. 2:16-CV-2989-MCE-GGH, 2018 WL 533915, at *1 (E.D. Cal. Jan. 23, 2018), order clarified sub nom. Lakes v. Bath & Body Works LLC, No. 2:16-CV-2989 MCE GGH, 2018 WL 1071335 (E.D. Cal. Feb. 23, 2018). This position applies to RTZ's Set 4 RFPs as well.

Thanks,

Andrew

**From:** David C. Lee <dlee@nossaman.com>
**Sent:** Friday, March 27, 2026 5:26 PM
**To:** Beshai, Andrew <ABeshai@manatt.com>; Kasia Penn <kpenn@nossaman.com>
**Cc:** Weir, Charles <CWeir@manatt.com>
**Subject:** RE: CareHub RFPs

**[EXTERNAL] Please do not reply, click links, or open attachments unless you recognize the source of this message and know the content is safe.**

Andrew: Attached are our responses to Intus's Proposal.  As reflected in the Proposal, Intus takes a decidedly narrow view of the discoverable range of documents which we disagree with.  Specifically, as explained in the attached, your Proposal with respect to RFP 66 – which is defaulted to on numerous occasions for other responses – imposes unreasonable limitations on what Intus is prepared to produce, and with regard to certain Requests is contextually inapposite.  For other Requests, Intus states its intent to stand on its objection-only response.  Moreover, your offer to use keyword searches seems unnecessary given the straightforward nature of the Requests and what they seek, i.e., presentations/slide decks about CareHub, CareHub development documents, CareHub pricing, CareHub-related Board meeting minutes, internal communications about CareHub's development, communications with customers about CareHub, etc.  Please review our responses and

1

advise (by close of business on Monday) whether Intus wishes to revisit its Proposal positions or stand on them.  We intend to submit a follow-up letter brief to Mag. Tse on Tuesday, March 31st.

Separately, during our meet and confer discussion on March 19th, you agreed to include in your proposal Intus's positions regarding RFPs (Set 4).  They were not included in the Proposal.  We therefore assume that despite our meet and confer on that set of requests, Intus stands on its objection-only responses.  We will forward a letter brief to you on Monday.

Thanks.

David

**David C. Lee**
NOSSAMAN LLP
T 415.398.3600  F 415.398.2438
D 415.438.7235

 | SUBSCRIBE TO E-ALERTS
nossaman.com

PLEASE NOTE: The information in this e-mail message is confidential. It may also be attorney-client privileged and/or protected from disclosure as attorney work product. If you have received this e-mail message in error or are not the intended recipient, you may not use, copy, nor disclose to anyone this message or any information contained in it. Please notify the sender by reply e-mail and delete the message. Thank you.

**From:** Beshai, Andrew <ABeshai@manatt.com>
**Sent:** Tuesday, March 24, 2026 6:13 PM
**To:** David C. Lee <dlee@nossaman.com>; Kasia Penn <kpenn@nossaman.com>
**Cc:** Weir, Charles <CWeir@manatt.com>
**Subject:** [External] CareHub RFPs

David and Kasia,

Attached please find our proposed approach to the CareHub production. We are amenable to discussing the various RFPs and making tweaks, but the issue of whether certain requests are burdensome must be analyzed in reference to the relevance of the specific request, as the FRCP 26 proportionality standard contemplates.

Thanks,

**Andrew Beshai**
*(He/Him/His)*
Associate

**Manatt, Phelps & Phillips,** LLP
2049 Century Park East
Suite 1700
Los Angeles, CA 90067
**D** (310) 231-5304 **F**
ABeshai@manatt.com

**manatt.com**

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution

or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply email and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

# EXHIBIT D

## Marlene B. Wiman

| | |
|---|---|
| **From:** | David C. Lee |
| **Sent:** | Friday, March 20, 2026 11:02 AM |
| **To:** | Beshai, Andrew; Kasia Penn |
| **Cc:** | Weir, Charles |
| **Subject:** | RE: Lathrop and Felton Depositions |

Thanks.  I can do Evan Jackson and Alex Rothberg (remotely) that week however.  I know they're capped at 2-hours.  So let me know which days are good for them.  Thanks.

**David C. Lee**
NOSSAMAN LLP
T 415.398.3600  F 415.398.2438
D 415.438.7235

 SUBSCRIBE TO E-ALERTS
nossaman.com

PLEASE NOTE: The information in this e-mail message is confidential. It may also be attorney-client privileged and/or protected from disclosure as attorney work product. If you have received this e-mail message in error or are not the intended recipient, you may not use, copy, nor disclose to anyone this message or any information contained in it. Please notify the sender by reply e-mail and delete the message. Thank you.

**From:** Beshai, Andrew <ABeshai@manatt.com>
**Sent:** Friday, March 20, 2026 10:59 AM
**To:** David C. Lee <dlee@nossaman.com>; Kasia Penn <kpenn@nossaman.com>
**Cc:** Weir, Charles <CWeir@manatt.com>
**Subject:** [External] RE: Lathrop and Felton Depositions

I think that means we won't be able to do that week because Robbie can't do 3/30. I'll ask about the following week.

**From:** David C. Lee <dlee@nossaman.com>
**Sent:** Friday, March 20, 2026 10:56 AM
**To:** Beshai, Andrew <ABeshai@manatt.com>; Kasia Penn <kpenn@nossaman.com>
**Cc:** Weir, Charles <CWeir@manatt.com>
**Subject:** RE: Lathrop and Felton Depositions

**[EXTERNAL] Please do not reply, click links, or open attachments unless you recognize the source of this message and know the content is safe.**

Thanks.  I can't do 4/1 or 4/3 given my 4/2 hearing in Bakersfield (which has to be in -person and therefore interferes with travel to/from Chicago).

**David C. Lee**
NOSSAMAN LLP

T 415.398.3600  F 415.398.2438
D 415.438.7235

 LLP | <span style="color:green">SUBSCRIBE TO E-ALERTS</span>
<span style="color:green">nossaman.com</span>

PLEASE NOTE: The information in this e-mail message is confidential. It may also be attorney-client privileged and/or protected from disclosure as attorney work product. If you have received this e-mail message in error or are not the intended recipient, you may not use, copy, nor disclose to anyone this message or any information contained in it. Please notify the sender by reply e-mail and delete the message. Thank you.

**From:** Beshai, Andrew <ABeshai@manatt.com>
**Sent:** Friday, March 20, 2026 10:53 AM
**To:** David C. Lee <dlee@nossaman.com>; Kasia Penn <kpenn@nossaman.com>
**Cc:** Weir, Charles <CWeir@manatt.com>
**Subject:** [External] RE: Lathrop and Felton Depositions

He can't do 3/31 (it's why I sent a follow up with the date of 4/2). But I'll check on other dates that week.

**From:** David C. Lee <dlee@nossaman.com>
**Sent:** Friday, March 20, 2026 10:20 AM
**To:** Beshai, Andrew <ABeshai@manatt.com>; Kasia Penn <kpenn@nossaman.com>
**Cc:** Weir, Charles <CWeir@manatt.com>
**Subject:** RE: Lathrop and Felton Depositions

<span style="color:orange">**[EXTERNAL] Please do not reply, click links, or open attachments unless you recognize the source of this message and know the content is safe.**</span>

Andrew:  I am unable to take Felton's depo on 4/2 – a hearing previously scheduled was supposed to go away, but the Court has now confirmed.  I can take him on 3/31 in Chicago.  Can you confirm that date?

**David C. Lee**
NOSSAMAN LLP
T 415.398.3600  F 415.398.2438
D 415.438.7235

 LLP | <span style="color:green">SUBSCRIBE TO E-ALERTS</span>
<span style="color:green">nossaman.com</span>

PLEASE NOTE: The information in this e-mail message is confidential. It may also be attorney-client privileged and/or protected from disclosure as attorney work product. If you have received this e-mail message in error or are not the intended recipient, you may not use, copy, nor disclose to anyone this message or any information contained in it. Please notify the sender by reply e-mail and delete the message. Thank you.

**From:** Beshai, Andrew <ABeshai@manatt.com>
**Sent:** Wednesday, March 18, 2026 6:49 PM
**To:** David C. Lee <dlee@nossaman.com>; Kasia Penn <kpenn@nossaman.com>
**Cc:** Weir, Charles <CWeir@manatt.com>
**Subject:** [External] RE: Lathrop and Felton Depositions

That's right, so we would have to either do 4/6 or sometime the week of 3/30 (unfortunately availability beyond 4/7 that week is tough).

---

**From:** David C. Lee <dlee@nossaman.com>
**Sent:** Wednesday, March 18, 2026 6:47 PM
**To:** Beshai, Andrew <ABeshai@manatt.com>; Kasia Penn <kpenn@nossaman.com>
**Cc:** Weir, Charles <CWeir@manatt.com>
**Subject:** RE: Lathrop and Felton Depositions

**[EXTERNAL] Please do not reply, click links, or open attachments unless you recognize the source of this message and know the content is safe.**

---

Don't we have Lueth on 4/7?

**David C. Lee**
NOSSAMAN LLP
T 415.398.3600  F 415.398.2438
D 415.438.7235

 SUBSCRIBE TO E-ALERTS
nossaman.com

PLEASE NOTE: The information in this e-mail message is confidential. It may also be attorney-client privileged and/or protected from disclosure as attorney work product. If you have received this e-mail message in error or are not the intended recipient, you may not use, copy, nor disclose to anyone this message or any information contained in it. Please notify the sender by reply e-mail and delete the message. Thank you.

**From:** Beshai, Andrew <ABeshai@manatt.com>
**Sent:** Wednesday, March 18, 2026 6:44 PM
**To:** David C. Lee <dlee@nossaman.com>; Kasia Penn <kpenn@nossaman.com>
**Cc:** Weir, Charles <CWeir@manatt.com>
**Subject:** [External] RE: Lathrop and Felton Depositions

Thanks. How about 4/6 or 4/7 for Lathrop?

---

**From:** David C. Lee <dlee@nossaman.com>
**Sent:** Wednesday, March 18, 2026 6:42 PM
**To:** Beshai, Andrew <ABeshai@manatt.com>; Kasia Penn <kpenn@nossaman.com>
**Cc:** Weir, Charles <CWeir@manatt.com>
**Subject:** RE: Lathrop and Felton Depositions

**[EXTERNAL] Please do not reply, click links, or open attachments unless you recognize the source of this message and know the content is safe.**

---

Andrew:  That day works.  The following week works for Kevin Lathrop's depo.  Do you have a date that week I can clear?

**David C. Lee**
NOSSAMAN LLP
T 415.398.3600  F 415.398.2438
D 415.438.7235

  SUBSCRIBE TO E-ALERTS
nossaman.com

PLEASE NOTE: The information in this e-mail message is confidential. It may also be attorney-client privileged and/or protected from disclosure as attorney work product. If you have received this e-mail message in error or are not the intended recipient, you may not use, copy, nor disclose to anyone this message or any information contained in it. Please notify the sender by reply e-mail and delete the message. Thank you.

**From:** Beshai, Andrew <ABeshai@manatt.com>
**Sent:** Wednesday, March 18, 2026 3:40 PM
**To:** David C. Lee <dlee@nossaman.com>; Kasia Penn <kpenn@nossaman.com>
**Cc:** Weir, Charles <CWeir@manatt.com>
**Subject:** [External] RE: Lathrop and Felton Depositions

David,

The date for Felton is actually 4/2.

Thanks,

Andrew

**From:** Beshai, Andrew
**Sent:** Wednesday, March 18, 2026 1:55 PM
**To:** David C. Lee <dlee@nossaman.com>; Kasia Penn <kpenn@nossaman.com>
**Cc:** Weir, Charles <CWeir@manatt.com>
**Subject:** Lathrop and Felton Depositions

David and Kasia,

Robbie is available for a deposition in Chicago on 3/31. Please let us know if that date works for you. Please also send us a date for Kevin Lathrop at your earliest convenience.

Thanks,

**Andrew Beshai**
*(He/Him/His)*
Associate

**Manatt, Phelps & Phillips,** LLP
2049 Century Park East
Suite 1700
Los Angeles, CA 90067
**D** (310) 231-5304 **F**
ABeshai@manatt.com

**manatt.com**

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply email and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

# EXHIBIT E

## Marlene B. Wiman

| | |
|---|---|
| **From:** | David C. Lee |
| **Sent:** | Friday, March 27, 2026 3:27 PM |
| **To:** | Andrew Beshai |
| **Cc:** | Weir, Charles; Kasia Penn |
| **Subject:** | Intus/RTZ – Rothberg and Jackson depos |

Andrew:  I am still awaiting the availability of Evan Jackson and Alex Rothberg for their CareHub depositions.  Can you please provide the dates?  Thanks.

David

**David C. Lee**
Attorney at Law
NOSSAMAN LLP
50 California Street, 34th Floor
San Francisco, CA 94111
dlee@nossaman.com
*Admitted only in California*
T 415.398.3600  F 415.398.2438
D 415.438.7235

 SUBSCRIBE TO E-ALERTS
nossaman.com

PLEASE NOTE: The information in this e-mail message is confidential. It may also be attorney-client privileged and/or protected from disclosure as attorney work product. If you have received this e-mail message in error or are not the intended recipient, you may not use, copy, nor disclose to anyone this message or any information contained in it. Please notify the sender by reply e-mail and delete the message. Thank you.

# EXHIBIT F

**Marlene B. Wiman**

| | |
|---|---|
| **From:** | Kasia Penn |
| **Sent:** | Tuesday, March 31, 2026 3:26 PM |
| **To:** | Beshai, Andrew |
| **Cc:** | Weir, Charles; David C. Lee |
| **Subject:** | RTZ - Status Letter Brief re Intus' Objections and Responses to RFPs Set 3(70202622.2) |
| **Attachments:** | RTZ - Status Letter Brief re Intus' Objections and Responses to RFPs Set 3(70202622.2).docx |

Hi Andew,

Attached is our portion of the joint letter brief addressing the CareHub related requests at issue from the Third Set of Requests for Production. Please provide your position by close of business tomorrow. We intend to file on Thursday morning.

Best,
Kasia



**ATTORNEYS AT LAW**

50 California Street
34th Floor
San Francisco, CA  94111
T 415.398.3600

David C. Lee
D 415.438.7235
dlee@nossaman.com

*Admitted only in California*

Refer To File # - 503730-0002

March 31, 2026

The Honorable Judge Alex G. Tse
United States Magistrate Judge
San Francisco Courthouse, Courtroom A – 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

> Re:    Intus Care, Inc. v. RTZ Associates, Inc. (Case No. 4:24-cv-01132-JST) Discovery
>        Dispute

Dear Judge Alex G. Tse:

Defendant/Counterclaimant RTZ Associates, Inc. ("RTZ") and Plaintiff/Counterdefendant IntusCare Inc. ("Intus") submit this Letter Brief Status Update following the Court's March 17, 2026 Order regarding Joint Letter Brief (Dkt. 96.) ("Order").  As reflected in the Order, the Court affirmatively overruled Intus's relevance objections to RTZ's Requests for Production of Documents Nos. 66-84 (Set 3) concerning Intus's CareHub software product (the "Disputed Requests").  The Order further directed the parties to further meet and confer (by March 20) about Intus's remaining objections to the Disputed Requests.  The Order further directed Intus to make both Alex Rothberg and Evan Jackson available for a 2-hour deposition to answer questions about CareHub by April 1st.  The parties met and conferred by Teams on March 19, 2026, but were unable to resolve or narrow the remaining issues set forth below.  RTZ therefore seeks a ruling directing Intus to produce documents responsive to the Disputed Requests.  Intus opposes such a ruling.

### A. Counterclaimant RTZ's Position:
#### 1. CareHub Related Requests (RFPs Nos. 66-84 [Third Set of Requests]).

The Order correctly recognizes that RTZ's counterclaim alleges that Intus improperly accessed RTZ's PACECare software "to mine other valuable data from the PACECare system…to expedite and refine its own development of a competing [electronic medical record] system." (Dkt. 96, citing to Dkt. 41 (RTZ's Counterclaim).)  The Court further acknowledged that Intus's competing electronic medical record is CareHub.  (Id.)  The Court further concluded, "[a]nd because CareHub is one of the fruits of Intus's alleged unauthorized access of PACECare, CareHub's development, functionality, and use are relevant to damages" and that "CareHub is still relevant to damages for RTZ's unauthorized-access claims." (Id.)  The Order thus ruled that "[a]ll of these [Disputed Requests] seek relevant documents."  (Id.)  However, the Court noted that because "Intus raised other objections to these RFPs (e.g. burden of production) that the parties didn't address in the joint statement" further meet and confer on such objections was ordered.

Honorable Jon S. Tigar
March 31, 2026
Page 2

### 2.  The "Meet and Confer" Process.

The parties met and conferred on March 19, 2026.  However, during that meet and confer, Intus's counsel was unable or unwilling to address its other non-relevance objections to the Disputed Requests.  Rather, contrary to the Court's Order that meet and confer occur "by March 20, 2026" (Dkt. 96), Intus's counsel stated its intention to prepare a table delineating its objections to each of the Disputed Requests.  That table was transmitted on March 24 – four days after the ordered meet and confer date.  (See **Exhibit A**.)  Conspicuously, Exh. A largely fails to address any specific objections to the Disputed Requests (as ordered by the Court) except to suggest that certain Requests are "too broad."  For those, Intus arbitrarily asserts that the only documents it will produce are those "*discussing the interface or functionality of CareHub.*"  (See Exh. A, specifically, Disputed Request Nos. 66-67, 70-72, 78, 81, 83-84.)  Intus further asserted that other Requests (Nos. 76 and 82) do not "fall within the 'development, functionality, and use' of CareHub" and thus will not be produced at all (Exh. A) – despite this Court previously ruling that such Requests seeks relevant materials.  For other Requests, Intus arbitrarily limits what it will produce as responsive materials – limitations that are unreasonable and without merit.  (See Exh. A, specifically, Request Nos. 69, 77.)  Finally, with regard to other Requests, Intus brazenly reasserted its relevance objections in spite of this Court's prior relevance ruling.  (Exh. A, specifically, Request Nos. 73, 79 and 84).[1]

On March 27, 2026, RTZ transmitted its response to Intus's Exh. A table and disputed Intus's general positions.  (See **Exhibit B**.)  RTZ further requested that Intus respond to Exh. B and advise whether it sought to revisit its positions.  Intus responded on March 30, 2026, stating for **all** Disputed Requests, it only intends to produce: "*presentations, pitch decks, screen shots, and marketing materials showing the interface, use, functionality, features, operability, and capabilities of CareHub and how CareHub was marketed.*"  (See Exh. C (Andrew Beshai email).)  This imposed limitation rests on Intus's determination that RTZ has "*not articulated a theory of relevance to entitle you to the overbroad requests you seek*" and that such Requests are not "proportional" to the needs of the case.  (Id.)

### 3.  Intus's Positions and Objections Are Unreasonable and Without Merit; RTZ Is Entitled To A Full Production of Responsive Documents.

Simply put, Intus's positions are unreasonable.  As stated above, this Court has overruled Intus's relevance objections.  Therefore, the discoverability of the requested materials is without question unless some other objection has merit.  Importantly, Intus's meet and confer writings (i.e., Exh. A and Exh. C) lack any assertion that the Disputed Requests are burdensome or seek privileged or confidential information.  Accordingly, Intus effectively concedes that there is no burden associated with the production of documents responsive to any of the Disputed Requests.  Instead, Intus has decreed that only documents it will produce are: "*presentations, pitch decks, screen shots, and marketing materials showing the interface, use, functionality, features, operability, and capabilities of CareHub and how CareHub was marketed.*"  (Exh. C.)  This unilateral restriction of documents is unreasonable and ignores the myriad of other categories of materials sought by the Disputed Requests, i.e., CareHub development logs, internal communications about CareHub

---

[1] The Parties reached agreement on a small handful of Requests, Nos. 68, 74, 75 (which Intus agreed to produce records for), and 80.

70202622.v2

Honorable Jon S. Tigar
March 31, 2026
Page 3

development, communications about competitor analysis, CareHub development costs, CareHub financial projections, communications with PACE facilities about CareHub, CareHub contracts, CareHub pricing materials, Board minutes and materials referencing CareHub, investor materials concerning CareHub, etc. These other categories of documents that Intus refuses to produce unquestionably bear on RTZ's allegations that Intus used unauthorized access to crawl through PACECare and mine information about EMR software elements in order to rapidly develop CareHub – a competing product. That rapid development allowed Intus to enter the PACE market on an accelerated timeframe, poach clients, and earn revenue based as a result of its unfair business practices – all leading to damages. Therefore, CareHub development logs and files, Board minutes addressing CareHub, and Intus's internal and external communications about the development, launch, marketing, deployment and pricing of CareHub is therefore clearly proportional to the needs of RTZ's counterclaims. As are the CareHub clients and contracts that Intus signed. Intus's position that it is only obligated to produce "*presentations, pitch decks, screen shots, and marketing materials*" – to the exclusion of the other narrowly tailored categories of requested documents – is borderline absurd. Particularly given this Court's unambiguous determination that every Disputed Request seeks relevant materials. Therefore, Intus's arbitrary production limitations are contrary to RTZ's discovery rights and the spirit of this Court's Order (Dkt. 96). The materials sought by RTZ are clearly discoverable, narrowly tailored to CareHub, and absolutely critical to RTZ's counterclaims. For these reasons, RTZ seeks an order overruling all of Intus's objections and requiring the immediate production of requested materials (i.e., the Disputed Request Nos. 66-84 (other than Nos. 68, 74, 75, and 80)). Such records go to the heart of RTZ's counterclaims and damage calculations to be performed by RTZ's damages expert.

4. **Intus Has Defied The Court's Order Concerning the Rothberg and Jackson Depositions.**

As noted above, this Court's Order directed Intus to make both Alex Rothberg and Evan Jackson available for a 2-hour deposition to answer questions about CareHub "by April 1, 2026." (Dkt. 96.) During the March 19th meet and confer, RTZ inquired about the availability of the deponents. Intus's counsel responded that inquiries would be made but proposed that questions concerning CareHub could be posed to Robbie Felton instead, and only if further questions were needed, the depositions of Messrs. Jackson and Rothberg could be scheduled. RTZ politely declined this offer given Mr. Felton's CEO position and likely inability to answer customer-facing and development-related questions. On March 20th, RTZ's counsel, via email, again inquired about the deposition dates and offered availability the week of March 30th. Intus did not respond. (See **Exh. D.**) On March 27th, RTZ's counsel again followed up inquiring about deposition dates. (See **Exh. E.**) Again, no response was provided. To date, no deposition dates have been offered by Intus for Messrs. Jackson and Rothberg. RTZ therefore seeks an order again compelling these witnesses for follow-up 2-hour depositions.

B. **Plaintiff and Counterdefendant Intus' Position:**

Honorable Jon S. Tigar
March 31, 2026
Page 4

Sincerely,

NOSSAMAN LLP

/s/ Kasia Penn
   Kasia Penn
Attorneys for Counterclaimant RTZ Associates, Inc.

MANATT, PHELPS & PHILLIPS, LLP

/s/ Charles Weir
   Charles Weir
Attorneys for Counterdefendant Intus Care, Inc.

70202622.v2

# EXHIBIT G

## Marlene B. Wiman

| | |
|---|---|
| **From:** | Beshai, Andrew <ABeshai@manatt.com> |
| **Sent:** | Wednesday, April 1, 2026 12:38 PM |
| **To:** | David C. Lee; Kasia Penn |
| **Cc:** | Weir, Charles |
| **Subject:** | [External] Evan Jackson Follow-Up Deposition |

David,

Evan Jackson is available for his two-hour follow-up deposition re: CareHub on 4/8: 3 - 5pm ET and 4/9: 3 - 5pm ET. Alex Rothberg is available on 4/15: 1 - 3:30pm ET and 4/16: 330-530pm ET.

Thanks,

**Andrew Beshai**
*(He/Him/His)*
Associate

---

**Manatt, Phelps & Phillips,** LLP
2049 Century Park East
Suite 1700
Los Angeles, CA 90067
**D** (310) 231-5304 **F**
ABeshai@manatt.com

**manatt.com**

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply email and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.