# manatt

**Andrew Beshai**
Manatt, Phelps & Phillips, LLP
Direct Dial: (714) 915-4945
ABeshai@manatt.com

April 6, 2026

The Honorable Judge Alex G. Tse
U.S. District Court, Northern District of California
San Francisco Courthouse, Courtroom A – 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

> Re:   IntusCare Inc. v. RTZ Associates, Inc. (Case No. 4:24-cv-01132-JST) Discovery Dispute

Dear Judge Tse:

Plaintiff and Counterdefendant IntusCare Inc. ("Intus") and Defendant and Counterclaimant RTZ Associates, Inc. ("RTZ") submit this Joint Letter Brief ("Brief") in accordance with the Section VII(B) of Judge Tse's Civil Standing Order to detail their discovery dispute concerning RTZ's deficient production and responses to Intus's Requests for Production Nos. 28-81, contained in Intus's Requests for Production, Set Two ("RFP Nos. 28-81") (*See* **Exhibit A**) and RTZ's failure to respond to Intus's Requests for Production Nos. 100-101 contained in Intus's Requests for Production, Set Three (*See* **Exhibit B**). RTZ served responses to Intus's RFPs, Set Two indicating that for each RFP it "will produce all responsive and non-privileged documents within its possession, custody, and control." RTZ failed to respond or object to Intus's RFPs, Set Three.

## I.    Intus's Position

Intus is a health analytics company that contracts with Programs of All-Inclusive Care for the Elderly ("PACE") (the "Intus Clients"). Intus synthesizes data from each PACE program's electronic health records and uses that data to identify risks, visualize trends, and optimize patient care. (FAC, Dkt. No. 25, ¶ 1.) With RTZ's knowledge and consent, Intus obtained electronic health records data stored on PACECare through a simple file extraction process or interface.  (*Id.*, ¶¶ 2, 14.) However, starting in September 2022, RTZ refused to provide Intus access to the data on PACECare, and later prohibited Intus Clients from providing access to Intus.  (*Id.*, ¶ 2, 15.) RTZ's information blocking included inserting language in its contracts with PACE programs prohibiting Intus Clients from providing Intus direct access to PACECare. (*Id.*, at ¶ 20). RTZ's information blocking interferes with Intus's ability to meet contractual obligations with existing clients and to attract and retain new clients.

Manatt, Phelps & Phillips, LLP  2049 Century Park East, Suite 1700, Los Angeles, California 90067  Tel: 310.312.4000 Fax: 310.312.4224

70213045.v1

# manatt

April 6, 2026
Page 2

In RFPs 28-81, Intus sought all communications, documents, and contracts or agreements between RTZ and a number of PACE programs.[1] (*See* **Exhibit A**). In RFPs 100-101, Intus sought all communications and documents exchanged, including contracts, between RTZ and any PACE program relating to Intus. (**Exhibit B**). This information is relevant to show RTZ's blocking conduct and Intus' resulting damages, including lost business opportunities. RTZ responded that it would produce documents in response to RFP Nos. 28-81, and RTZ failed to respond entirely to RFP Nos. 100-101, waiving any objections.

The paucity of RTZ's production regarding PACE programs Intus knows RTZ works with and had discussions with about access raised significant concern. Given its concern, Intus asked RTZ about its search methodology. RTZ responded: "Regarding the methodology, our client reached out to multiple team members across relevant departments, including sales, implementation, support, and management. Those individuals were asked to review their files for any communications that mentioned Intus." (**Exhibit C**). RTZ also confirmed it "did not do a central email collection." (**Exhibit D**). Intus learned from RTZ's former President, Michael Zawadski, that he could not provide the search terms he ran and "they're not documented in a specific way." (**Exhibit E** at 161:11-163:1.) He also doesn't know what methodology other RTZ employees used to search for responsive material or who those employees were. (*Id*.)

The parties filed a letter brief on March 9, 2026, in which Intus argued that RTZ's search methodology was woefully inadequate because RTZ "did not do a central email collection," and did not identify any search terms. An appropriately detailed accounting of the search conducted is especially critical in the context of electronically stored information. *See Apple, Inc. v. Samsung Elecs. Co. Ltd.*, 2013 WL 1942163, at *3 (N.D. Cal. May 9, 2013) (recipients of discovery requests, must be transparent in the manner in which they search for electronic information).

In response, RTZ gave short shrift to Intus' concerns about the lack of an adequate search methodology. RTZ noted that its search "had not been limited by custodian or date range and that RTZ conducted its search accordingly"—conspicuously absent from this response is any detail about how the search was conducted or what search terms, if any, were applied. (Dkt. 95.) RTZ also represented to this Court in the letter brief that it "had identified an additional batch of approximately 400 documents" containing additional communications with PACE facilities. (*Id*.)

Based on RTZ's representation that it had a set of 400 documents to cull through and produce, this Court ruled, "If RTZ has yet to produce the additional documents it recently identified as responsive to RFPs 28–81 and RFPs 100–101, it must produce those documents by

---

[1] The PACE programs were BoldAge PACE (Beacon of LIFE PACE), Neighborhood PACE, Community Pace at Home, Inc., LifeCircles PACE, Thome PACE, Huron Valley PACE, Senior Care Partners, Capital Health LIFE, Southeast PACE of Michigan, Sunrise PACE, Panorama PACE (Ezperanza), Ascension Health Alliance, Brandman Centers for Senior Care, Uphams Corner Health Committee, Inc., Central Valley PACE, Inspira Health Network LIFE, Orangeburg Senior Helping Center: A PACE, New Horizons PACE.

# manatt

April 6, 2026
Page 3

March 20, 2026. After that production, if Intus continues to dispute the adequacy of RTZ's search, the parties may file an additional joint letter brief by March 25, 2026." (Dkt. 97.)

Contrary to RTZ's representation that it had 400 documents to review and produce, RTZ *produced 12,685 documents*, on March 20, 2026.[2] RTZ's production has created more questions than answers, leaving Intus still in the dark about what search terms, if any, were applied.

First, the disparity between the 400 documents RTZ represented to the Court and the 12,685 documents produced raises concerns about what methodology was employed and whether RTZ engaged in good faith to search for responsive material rather than just dump whole inboxes.

Second, there are only *five* documents in the 12,685 production that contain the word "Intus," compounding the concern that RTZ did not apply appropriate—or any—search terms to its email communications prior to producing.

Third, for nearly 20 PACE entities, RTZ produced zero communications. For 33 PACE entities, RTZ produced less than ten communications. (*See* **Exhibit F**). Again, the dearth of communications with PACE entities, which is the concern prompting this discovery dispute originally, has yet to be resolved and has only grown more pressing with this latest production.

Fourth, Intus learned for the first time through this production that RTZ employees were communicating via Google Drive messages, but the Google Drive messages produced contain links that are not accessible. Intus is entitled to the linked material in the Google Drive messages produced.

Fifth, there are email communications in which PACE entities are pleading with RTZ for assistance in sharing their PACECare data with Intus, but the email chain appears to abruptly end without any follow-up. It is unclear whether RTZ simply has held those emails back or whether there was no additional email in the thread. Without any insight into RTZ's methodology, it is impossible to tell.

When Intus asked RTZ for clarity as to its search methodology, RTZ responded opaquely, stating that it had "complied with the Court's order and has produced responsive documents" without offering a shred of detail as to the search terms or parameters used. (**Exhibit G**). This is a simple request, and RTZ should have a ready answer. This Court should order RTZ to cease its evasive tactics and provide detail about its process and any search terms or parameters used. If RTZ did not employ any search terms, the Court should order RTZ to meet and confer with Intus to agree on search terms and proceed with a centralized email pull using those terms.

---

[2] Given the volume of documents RTZ produced on March 20, 2026, the parties stipulated to extend Intus' letter brief deadline to April 6, 2026. The Court granted that stipulation (Dkt. 102.)

70213045.v1

# manatt

April 6, 2026
Page 4

## II.    RTZ's Position

First, RTZ's prior representation regarding approximately 400 documents was accurate based on the information available to counsel at the time. Those documents reflected the materials that have been collected and provided to counsel through RTZ's collection process seeking communications and documents identified in Intus' Requests. The process was not limited by keywords. At the time of the representation, RTZ's counsel was not aware that RTZ was continuing to collect additional materials using the same methodology from the same categories of sources. Following that continued collection effort, RTZ located and provided a substantially larger volume of responsive documents that had not yet been transmitted to counsel, and that ultimately resulted in the production of 12,685 documents. The increase in volume thus shows the timing of the client's ongoing collection efforts and not any inconsistency in RTZ's counsel's prior representations to the Court.

Intus' position reflects a moving target. When RTZ's production was smaller, Intus complained it was insufficient. Now, that RTZ has produced over 12,000 additional documents, Intus suggests that RTZ "just dump[ed] whole inboxes." The issue is not RTZ's methodology or diligence. Rather, it is that Intus has yet to locate the "smoking gun" it anticipated. That is not a basis for relief.

Second, Intus' additional complaint that only a small number of documents in RTZ's most recent production reference Intus does not reflect any deficiency in RTZ's production. To the contrary, it confirms the accuracy of RTZ's prior representations. In its position in the first letter brief addressing this issue (Dkt. 95), RTZ expressly represented that it had already produced all documents referencing Intus, subject only to the then-pending review of approximately 400 additional documents. That representation remains accurate. Following completion of that review and the subsequent, larger collection described above, RTZ confirms that no additional responsive documents referencing Intus exist.

The fact that the later production, while larger in volume, contained only a limited number of documents mentioning Intus simply reflects the content of RTZ's records. RTZ cannot produce documents that do not exist. RTZ has conducted a reasonable collection and has produced all documents responsive to RFPs Nos. 100 and 101 in its possession, custody, or control. Intus' apparent dissatisfaction with the absence of additional references to itself is not a basis for an order to compel.

Intus' argument that RTZ's production is deficient because no communications were produced for certain facilities is likewise unfounded. Intus' reliance on Exhibit F is misplaced and materially misleading. Exhibit F purports to summarize RTZ's production by listing all of RTZ's customers and tallying the number of documents produced for each. But Intus never propounded a discovery request seeking "all communications" with all RTZ's customers. Rather, Intus served

70213045.v1

manatt

April 6, 2026
Page 5

a series of targeted requests (RFP Nos. 28-81) seeking communications with a defined subset of facilities, along with RFP Nos. 100 and 101, which sought communications with PACE facilities that reference or relate to Intus.

By presenting a chart that includes entities outside the scope of those requests, Exhibit F creates the false impression that RTZ failed to produce communications where none were produced. That framing is improper. To the extent that Exhibit F identifies "zero" communications for certain entities, that is because no request required RTZ to search for or produce communications as to those entities in the first place. Those entities fall outside the scope of Intus' propounded RFPs, or there were no communications related to Intus.

Similarly, Intus' assertion that RTZ produced "less than 10 communications" for certain entities is not evidence of any deficiency. RTZ produced all responsive, non-privileged documents for the facilities actually identified in Intus' requests, as well as all communications referencing Intus pursuant to RFPs Nos. 100 and 101. The volume of documents for any given entity simply reflects the underlying reality of RTZ's records, not any limitation in RTZ's search or production. Exhibit F does not demonstrate any failure to comply with discovery obligations. It instead reflects Intus' attempt to expand the scope of its requests after the fact by implying obligations that were never imposed.

Third, Intus assertion that it only recently learned of Google Drive communications is incorrect. RTZ's April 18, 2025 production included examples of such communication. (RTZ0005179, RTZ0005180, RTZ0005178). As for referenced links, RTZ was first notified on March 31, 2026, that certain documents in its most recent production contained embedded links. (**Exhibit 1**). Intus' position appears to suggest that RTZ must re-review its entire production of over 12,000 documents to identify and produce every item referenced through such links. RTZ has no obligation to undertake a wholesale re-review of its production to locate potentially linked materials that were never specifically requested.

Fourth, Intus' speculation that certain email chains "appear to abruptly end" does not establish any deficiency in RTZ's search or production. RTZ has already explained its methodology. The absence of additional follow-up messages in a particular chain does not suggest that documents were withheld; it simply reflects the content of RTZ's records.

Moreover, Intus is incorrect as to at least one of its cited examples: RTZ did, in fact, produce a follow-up communication to the document identified in Intus' brief. RTZ2765 is a follow-up for RTZ8318. In any event, Intus' conjecture about what additional emails might exist is not evidence of an inadequate search and does not justify further relief.

70213045.v1

manatt

April 6, 2026
Page 6

By: /s/ Charles E. Weir
    Charles E. Weir
    Andrew Beshai
    Manatt, Phelps & Phillips,
    LLP

    *Attorneys for Plaintiff*
    INTUS CARE, INC.

By: /s/ Kasia Penn
    David C. Lee
    Kasia Penn
    Nossaman LLP

    *Attorneys for Defendant*
    RTZ ASSOCIATES, INC.

70213045.v1

# EXHIBIT A

MANATT, PHELPS & PHILLIPS, LLP
CHARLES E. WEIR (Bar No. 211091)
E-mail: CWeir@manatt.com
ANDREW BESHAI (Bar No. 308030)
E-mail: ABeshai@manatt.com
2049 Century Park East
Suite 1700
Los Angeles, California 90067
Telephone:    310.312.4000
Facsimile:    310.312.4224

Attorneys for Plaintiff
INTUSCARE INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTUSCARE INC., | Case No. 4:24-cv-01132-JST |
| Plaintiff, | Assigned to: Hon. Jon S. Tigar |
| v. | **PLAINTIFF INTUSCARE INC.'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT RTZ ASSOCIATES, INC., SET TWO** |
| RTZ ASSOCIATES, INC.; and DOES 1 through 10, | |
| Defendants. | Complaint Filed:   February 23, 2024<br>Amended Complaint Filed: April 2, 2024<br>Counterclaims Filed: June 20, 2024 |

**PROPOUNDING PARTY:**      **INTUSCARE INC.**

**RESPONDING PARTY:**      **RTZ ASSOCIATES, INC.**

**SET NO.:**      **TWO**

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

INTUSCARE INC.'S REQUESTS FOR PRODUCTION TO DEFENDANT RTZ ASSOCIATES, INC., SET TWO

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff IntusCare Inc. ("Intus") demands that Defendant RTZ Associates, Inc. ("RTZ") serve on Intus, by and through its attorneys of record, Manatt, Phelps, & Phillips, LLP, 2049 Century Park East, Suite 1700, Los Angeles, CA 90067, RTZ's written responses to the following requests for production of documents, electronically stored information, and tangible things, and also produce the requested documents, electronically stored information, and tangible things, within 30 days after the date of service of these requests:

**DEFINITIONS**

1.       The term "COMMUNICATION(S)" as used herein, shall mean and refer to the exchange of information by or through any mode or medium, including but not limited to, the spoken word, recordings, written correspondence, electronic mail, text messages, direct messages, social media direct messages, enterprise messaging (e.g., Slack or Microsoft Teams), web conference, video-conference, face-to-face meetings, and/or conveying information through third person(s) to some other intended recipient.

2.       The term "DOCUMENT(S)" as used herein, shall include all writings as that term is defined in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence. By way of example, but not limitation, "DOCUMENT" means any written, recorded, or graphic material, whether prepared by YOU or any other person, that is in YOUR possession, custody, or control, including memoranda, reports, letters, telegrams, electronic mail, other electronic correspondence or media, and any other COMMUNICATIONS or information recorded in any form or medium, electronic or otherwise; notes, minutes, and transcripts of conferences, meetings, and telephone or other COMMUNICATIONS; short-message service (SMS) text messages, iMessages, direct messages, social media messages and posts; transparencies, slides, handouts, and multimedia presentations; contracts and other agreements; statements, ledgers, and other records of financial matters or commercial transactions; notebooks and diaries; plans and specifications; publications; photographs; diagrams, graphs, charts, and other drawings; photocopies, microfilm, and other copies or reproductions; audio and video recordings; tape, disk (including all forms of magnetic, magneto-

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

INTUSCARE INC.'S REQUESTS FOR PRODUCTION TO DEFENDANT RTZ ASSOCIATES, INC., SET TWO

optical, and optical disks), and other electronic recordings; financial models; statistical models and other data compilations; other models and analyses; and computer printouts. The term includes all drafts of a DOCUMENT; the original DOCUMENT (or a copy thereof if the original is not available); and all copies that differ in any way from the original (including as to any notations, underlining, or other markings). All drafts of such DOCUMENTS should be produced.

3.    The terms "CONCERNING" "RELATES TO" or "RELATING TO," as used herein, mean directly or indirectly reflecting, concerning, evidencing, constituting, supporting, refuting, referring to, pertaining to, consisting of, containing information about, or in any way legally, logically, or factually connected with the stated subject matter.

4.    The terms "RTZ," "YOU" and "YOUR," as used herein, shall refer to Defendant RTZ Associates, Inc., and its representatives, owners, employees, attorneys, investigators, accountants, managers, agents, parent companies, subsidiaries or other persons or entities acting or purporting to act on its behalf.

5.    "INTUS" means Plaintiff IntusCare Inc., and its representatives, owners, employees, attorneys, investigators, accountants, managers, agents, or other persons or entities acting or purporting to act on its behalf.

6.    "PERSON(S)" means and includes any natural individual, partnership, proprietorship, firm, association, joint venture, corporation, subsidiary or other government, legal or business entity, as well as individuals, and their agents, representatives, and any other person acting on their behalf.

## INSTRUCTIONS

1.    In responding to these requests, YOU must comply with all relevant terms of the applicable federal and local rules, the practices and preferences of the assigned judges, and any relevant orders previously or subsequently entered by the Court in this case.

2.    YOU are required to produce all responsive documents that are within YOUR possession, custody, or control.

3.    YOU are required to produce the documents in the same form and in the same order in which they were kept in the ordinary course of business prior to production. The

documents are to be produced in the boxes, file folders, binders, or other containers in which the documents are found. The titles, labels, or other descriptions on the boxes, file folders, bindings, or other containers are to be left intact. Alternatively, the documents may be organized and labeled to correspond with these requests.

4.     Any DOCUMENT produced must be produced in form otherwise mutually agreed between the parties. If YOU maintain that any responsive DOCUMENT is protected from disclosure by the attorney-client privilege, the work-product doctrine, or other legally recognized discovery privilege, YOU must produce an accompanying log. The log should specify the nature of the protection claimed, describe the precise ground for the protection, and identify the document with particularity, including its author, dates, all recipients thereof, including carbon copy recipients and "blind" carbon copy recipients, the subject matter, and the number of pages therein.

5.     If a DOCUMENT once existed, but has been lost, destroyed, no longer exists, or is no longer in YOUR possession or control, identify each such DOCUMENT and separately state the details concerning the loss or destruction of the DOCUMENT, and the name and address of the current or last known custodian of any such DOCUMENT, if known to YOU.

6.     Unless otherwise stated, these requests seek the production of DOCUMENTS from June 1, 2021 through present.

7.     The words "and" and "or" shall be construed in the conjunctive or disjunctive, whichever is most inclusive. The singular form shall include the plural form and vice versa. The present tense shall include the past tense and vice versa. "Including" shall mean "including without limitation."

8.     Because these requests are ongoing in nature, YOU are required to supplement YOUR productions responding to these requests to the extent YOU come to take possession, custody, or control over additional responsive materials in the future.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 28:**

All COMMUNICATIONS between YOU and BoldAge PACE (Beacon of LIFE PACE).

- 4 -

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

**REQUEST FOR PRODUCTION NO. 29:**

All COMMUNICATIONS between YOU and Neighborhood PACE.

**REQUEST FOR PRODUCTION NO. 30:**

All COMMUNICATIONS between YOU and Community Pace at Home, Inc.

**REQUEST FOR PRODUCTION NO. 31:**

All COMMUNICATIONS between YOU and LifeCircles PACE.

**REQUEST FOR PRODUCTION NO. 32:**

All COMMUNICATIONS between YOU and Thome PACE.

**REQUEST FOR PRODUCTION NO. 33:**

All COMMUNICATIONS between YOU and Huron Valley PACE.

**REQUEST FOR PRODUCTION NO. 34:**

All COMMUNICATIONS between YOU and Senior Care Partners.

**REQUEST FOR PRODUCTION NO. 35:**

All COMMUNICATIONS between YOU and Capital Health LIFE.

**REQUEST FOR PRODUCTION NO. 36:**

All COMMUNICATIONS between YOU and Southeast PACE of Michigan.

**REQUEST FOR PRODUCTION NO. 37:**

All COMMUNICATIONS between YOU and Sunrise PACE.

**REQUEST FOR PRODUCTION NO. 38:**

All COMMUNICATIONS between YOU and Panorama PACE (Ezperanza).

**REQUEST FOR PRODUCTION NO. 39:**

All COMMUNICATIONS between YOU and Ascension Health Alliance.

**REQUEST FOR PRODUCTION NO. 40:**

All COMMUNICATIONS between YOU and Brandman Centers for Senior Care.

**REQUEST FOR PRODUCTION NO. 41:**

All COMMUNICATIONS between YOU and Uphams Corner Health Committee, Inc.

**REQUEST FOR PRODUCTION NO. 42:**

All COMMUNICATIONS between YOU and Central Valley PACE.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

INTUSCARE INC.'S REQUESTS FOR PRODUCTION TO DEFENDANT RTZ ASSOCIATES, INC., SET TWO

**REQUEST FOR PRODUCTION NO. 43:**

All COMMUNICATIONS between YOU and Inspira Health Network LIFE.

**REQUEST FOR PRODUCTION NO. 44:**

All COMMUNICATIONS between YOU and Orangeburg Senior Helping Center: A PACE.

**REQUEST FOR PRODUCTION NO. 45:**

All COMMUNICATIONS between YOU and New Horizons PACE.

**REQUEST FOR PRODUCTION NO. 46:**

All DOCUMENTS exchanged between YOU and BoldAge PACE (Beacon of LIFE PACE).

**REQUEST FOR PRODUCTION NO. 47:**

All DOCUMENTS exchanged between YOU and Neighborhood PACE.

**REQUEST FOR PRODUCTION NO. 48:**

All DOCUMENTS exchanged between YOU and Community Pace at Home, Inc.

**REQUEST FOR PRODUCTION NO. 49:**

All DOCUMENTS exchanged between YOU and LifeCircles PACE.

**REQUEST FOR PRODUCTION NO. 50:**

All DOCUMENTS exchanged between YOU and Thome PACE.

**REQUEST FOR PRODUCTION NO. 51:**

All DOCUMENTS exchanged between YOU and Huron Valley PACE.

**REQUEST FOR PRODUCTION NO. 52:**

All DOCUMENTS exchanged between YOU and Senior Care Partners.

**REQUEST FOR PRODUCTION NO. 53:**

All DOCUMENTS exchanged between YOU and Capital Health LIFE.

**REQUEST FOR PRODUCTION NO. 54:**

All DOCUMENTS exchanged between YOU and Southeast PACE of Michigan.

**REQUEST FOR PRODUCTION NO. 55:**

All DOCUMENTS exchanged between YOU and Sunrise PACE.

**REQUEST FOR PRODUCTION NO. 56:**

All DOCUMENTS exchanged between YOU and Panorama PACE (Ezperanza).

**REQUEST FOR PRODUCTION NO. 57:**

All DOCUMENTS exchanged between YOU and Ascension Health Alliance.

**REQUEST FOR PRODUCTION NO. 58:**

All DOCUMENTS exchanged between YOU and Brandman Centers for Senior Care.

**REQUEST FOR PRODUCTION NO. 59:**

All DOCUMENTS exchanged between YOU and Uphams Corner Health Committee, Inc.

**REQUEST FOR PRODUCTION NO. 60:**

All DOCUMENTS exchanged between YOU and Central Valley PACE.

**REQUEST FOR PRODUCTION NO. 61:**

All DOCUMENTS exchanged between YOU and Inspira Health Network LIFE.

**REQUEST FOR PRODUCTION NO. 62:**

All DOCUMENTS exchanged between YOU and Orangeburg Senior Helping Center: A PACE.

**REQUEST FOR PRODUCTION NO. 63:**

All DOCUMENTS exchanged between YOU and New Horizons PACE.

**REQUEST FOR PRODUCTION NO. 64:**

All contracts or agreements YOU entered into with BoldAge PACE (Beacon of LIFE PACE).

**REQUEST FOR PRODUCTION NO. 65:**

All contracts or agreements YOU entered into with Neighborhood PACE.

**REQUEST FOR PRODUCTION NO. 66:**

All contracts or agreements YOU entered into with Community Pace at Home, Inc.

**REQUEST FOR PRODUCTION NO. 67:**

All contracts or agreements YOU entered into with LifeCircles PACE.

**REQUEST FOR PRODUCTION NO. 68:**

All contracts or agreements YOU entered into with Thome PACE.

**REQUEST FOR PRODUCTION NO. 69:**

All contracts or agreements YOU entered into with Huron Valley PACE.

**REQUEST FOR PRODUCTION NO. 70:**

All contracts or agreements YOU entered into with Senior Care Partners.

**REQUEST FOR PRODUCTION NO. 71:**

All contracts or agreements YOU entered into with Capital Health LIFE.

**REQUEST FOR PRODUCTION NO. 72:**

All contracts or agreements YOU entered into with Southeast PACE of Michigan.

**REQUEST FOR PRODUCTION NO. 73:**

All contracts or agreements YOU entered into with Sunrise PACE.

**REQUEST FOR PRODUCTION NO. 74:**

All contracts or agreements YOU entered into with Panorama PACE (Ezperanza).

**REQUEST FOR PRODUCTION NO. 75:**

All contracts or agreements YOU entered into with Ascension Health Alliance.

**REQUEST FOR PRODUCTION NO. 76:**

All contracts or agreements YOU entered into with Brandman Centers for Senior Care.

**REQUEST FOR PRODUCTION NO. 77:**

All contracts or agreements YOU entered into with Uphams Corner Health Committee, Inc.

**REQUEST FOR PRODUCTION NO. 78:**

All contracts or agreements YOU entered into with Central Valley PACE.

**REQUEST FOR PRODUCTION NO. 79:**

All contracts or agreements YOU entered into with Inspira Health Network LIFE.

**REQUEST FOR PRODUCTION NO. 80:**

All contracts or agreements YOU entered into with Orangeburg Senior Helping Center: A PACE.

**REQUEST FOR PRODUCTION NO. 81:**

All contracts or agreements YOU entered into with New Horizons PACE.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

INTUSCARE INC.'S REQUESTS FOR PRODUCTION TO DEFENDANT RTZ ASSOCIATES, INC., SET TWO

**REQUEST FOR PRODUCTION NO. 82:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR contention that "[a]s a result of Intus's unauthorized access to PACECare, RTZ was forced to incur costs and resources to investigate, monitor and address PACECare access activities. It further dedicated time and labor to conducting such investigations and taking measures to prevent unauthorized access by Intus," as alleged in Paragraph 14 of YOUR counterclaims (Dkt. 41).

**REQUEST FOR PRODUCTION NO. 83:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR contention that "[b]y wrongfully using the log-in credentials of authorized users to access PACECare, Intus's access resulted in more users of the system than were authorized and licensed. Such extraneous use therefore increased usage of the entire system invariably resulting in system strain and impacting system efficiency," as alleged in Paragraph 15 of YOUR counterclaims (Dkt. 41).

**REQUEST FOR PRODUCTION NO. 84:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR contention that "[i]n the process of investigating Intus's unauthorized access to PACECare, RTZ discovered that Intus had created or caused to be created unique log-in credentials through its PACE facility customer's PACECare accounts. RTZ was forced to dedicate time and resources to addressing and invalidating such improper log-in credentials," as alleged in Paragraph 16 of YOUR counterclaims (Dkt. 41).

**REQUEST FOR PRODUCTION NO. 85:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR contention that Intus "has engaged in the unauthorized access of competing EMR systems, including PACECare, to unfairly and improperly obtain competitive intelligence. Specifically, through its unauthorized access of PACECare, Intus achieved two goals: (i) it can extract PACE Data to fulfill its data synthesis/dashboard services to common PACE facility customers; and (ii) it exploits such access to view and assess the PACECare system to accelerate its own EMR system research and development efforts," as alleged in Paragraph 45 of YOUR counterclaims (Dkt. 41).

**REQUEST FOR PRODUCTION NO. 86:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR contention that "Intus has developed automated scripts to run on multiple EMR systems resulting in system strain which inhibits practitioners' use of the PACE tools and/or increases costs, including but not limited to, hosting fees," as alleged in Paragraph 46 of YOUR counterclaims (Dkt. 41).

**REQUEST FOR PRODUCTION NO. 87:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR contention that "through its unauthorized accesses to PACECare, Intus used such unauthorized accesses to mine other valuable data from the PACECare system (specifically, the functionality, operability, laYOUt, interfaces, data presentation and report generating capabilities), to expedite and refine its own development of a competing EMR system," as alleged in Paragraph 53 of YOUR counterclaims (Dkt. 41).

**REQUEST FOR PRODUCTION NO. 88:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR contention that "Intus impaired the condition, quality, usefulness, and value of RTZ's personal property by wrongfully accessing and extracting data from PACECare, as set forth above," as alleged in Paragraph 70 of YOUR counterclaims (Dkt. 41).

**REQUEST FOR PRODUCTION NO. 89:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR contention that "Intus further used its unauthorized access to PACECare to improperly accelerate its own research and development of a competing EMR system," as alleged in Paragraph 78 of YOUR counterclaims (Dkt. 41).

**REQUEST FOR PRODUCTION NO. 90:**

All DOCUMENTS and COMMUNICATIONS RELATING TO the "costs and resources to investigate, monitor and address PACECare access activities" that "RTZ was forced to incur" "[a]s a result of Intus's unauthorized access to PACECare," as alleged in Paragraph 14 of YOUR counterclaims (Dkt. 41).

**REQUEST FOR PRODUCTION NO. 91:**

All DOCUMENTS and COMMUNICATIONS RELATING TO the "time and labor .... conducting such investigations and taking measures to prevent unauthorized access by Intus," that RTZ "dedicated," as alleged in Paragraph 14 of YOUR counterclaims (Dkt. 41).

**REQUEST FOR PRODUCTION NO. 92:**

All DOCUMENTS and COMMUNICATIONS RELATING TO the "system strain which inhibits practitioners' use of the PACE tools and/or increases costs, including but not limited to, hosting fees" as a result of Intus developing "automated scripts to run on multiple EMR systems," as alleged in Paragraph 46 of YOUR counterclaims (Dkt. 41).

**REQUEST FOR PRODUCTION NO. 93:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR contention that "Intus has unjustly profited from the data extracted from PACECare," as alleged in Paragraph 56 of YOUR counterclaims (Dkt. 41).

**REQUEST FOR PRODUCTION NO. 94:**

All DOCUMENTS and COMMUNICATIONS RELATING TO the "damages or loss" that RTZ has "suffered" "including but not limited to, strain and load on RTZ's computer system and costs and resources to investigate, monitor and address PACECare access activities," as alleged in Paragraph 56 of YOUR counterclaims (Dkt. 41).

**REQUEST FOR PRODUCTION NO. 95:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR contention that "RTZ is entitled to exemplary damages," as alleged in Paragraph 57 of YOUR counterclaims (Dkt. 41).

**REQUEST FOR PRODUCTION NO. 96:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR contention that "Intus has obtained something of value (i.e., PACE Data and PACECare logic, laYOUt and functionality information) and/or proximately caused damages and loss to RTZ in excess of $5,000 in a one-year period," as alleged in Paragraph 66 of YOUR counterclaims (Dkt. 41).

**REQUEST FOR PRODUCTION NO. 97:**

All DOCUMENTS and COMMUNICATIONS RELATING TO the "actual damages as a result of Intus's trespass to chattels," as alleged in Paragraph 72 of YOUR counterclaims (Dkt. 41).

**REQUEST FOR PRODUCTION NO. 98:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR contention that RTZ is entitled to "compensatory damages, as well as injunctive, declaratory and/or other equitable relief," as alleged in Paragraph 72 of YOUR counterclaims (Dkt. 41).

**REQUEST FOR PRODUCTION NO. 99:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR contention that "RTZ is entitled to exemplary damages," as alleged in Paragraph 73 of YOUR counterclaims (Dkt. 41).

Dated: August 22, 2025                                     MANATT, PHELPS & PHILLIPS, LLP


                                                           By:  _____/s/ Charles E. Weir_____
                                                                Charles E. Weir
                                                                Andrew Beshai
                                                                Attorneys for Plaintiff
                                                                INTUSCARE INC.

INTUSCARE INC.'S REQUESTS FOR PRODUCTION TO DEFENDANT RTZ ASSOCIATES, INC., SET TWO

## PROOF OF SERVICE

*Intus Care, Inc. v. RTZ Associates, Inc.*
U.S.D.C. – Northern District of California Case No. 4:24-cv-1132-JST

I, Ethan Tu, declare as follows:

I am employed in Orange County, Costa Mesa, California.  I am over the age of eighteen years and not a party to this action.  My business address is MANATT, PHELPS & PHILLIPS, LLP, 695 Town Center Drive, 14th Floor, Costa Mesa, CA 92626.   On **August 22, 2025**, I served the within:

**PLAINTIFF INTUSCARE INC.'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT RTZ ASSOCIATES, INC., SET TWO**

on the interested parties in this action addressed as follows:

| | |
|---|---|
| David C. Lee, Esq.<br>NOSSAMAN LLP<br>50 California Street, 34th Floor<br>San Francisco, California 94111<br>Phone: 415.398.3600<br>Fax:    415.398.2438<br>Email: dlee@nossaman.com<br><br>Assistant: Marlene Wiman<br>Email: mwiman@nossaman.com | *Attorneys for Defendant*<br>RTZ ASSOCIATES, INC |
| Kasia Penn, Esq.<br>NOSSAMAN LLP<br>18101 Von Karman Avenue, Suite 1800<br>Irvine, California 92612<br>Phone: 949.833.7800<br>Fax:    949.833.7878<br>Email: kpenn@nossaman.com | *Attorneys for Defendant*<br>RTZ ASSOCIATES, INC. |

☒        **(BY ELECTRONIC MAIL)** By transmitting such document(s) electronically from my e-mail address, etu@manatt.com at Manatt, Phelps & Phillips, LLP, Los Angeles, California, to the person(s) at the electronic mail addresses listed above.  The transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on **August 22, 2025**, at Costa Mesa, California.

*/s/* Ethan Tu
Ethan Tu

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 8 -

PLAINTIFF INTUSCARE INC.'S INTERROGATORIES TO DEFENDANT RTZ ASSOCIATES, SET ONE

# EXHIBIT B

MANATT, PHELPS & PHILLIPS, LLP
CHARLES E. WEIR (Bar No. 211091)
E-mail: CWeir@manatt.com
ANDREW BESHAI (Bar No. 308030)
E-mail: ABeshai@manatt.com
2049 Century Park East
Suite 1700
Los Angeles, California 90067
Telephone:    310.312.4000
Facsimile:     310.312.4224

Attorneys for Plaintiff
INTUSCARE INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTUSCARE INC., | Case No. 4:24-cv-01132-JST |
| Plaintiff, | Assigned to: Hon. Jon S. Tigar |
| v. | **PLAINTIFF INTUSCARE INC.'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT RTZ ASSOCIATES, INC., SET THREE** |
| RTZ ASSOCIATES, INC.; and DOES 1 through 10, | |
| Defendants. | Complaint Filed:   February 23, 2024 |
| | Amended Complaint Filed: April 2, 2024 |
| | Counterclaims Filed: June 20, 2024 |

**PROPOUNDING PARTY:**      **INTUSCARE INC.**

**RESPONDING PARTY:**      **RTZ ASSOCIATES, INC.**

**SET NO.:**      **THREE**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff IntusCare Inc. ("Intus") demands that Defendant RTZ Associates, Inc. ("RTZ") serve on Intus, by and through its attorneys of record, Manatt, Phelps, & Phillips, LLP, 2049 Century Park East, Suite 1700, Los Angeles, CA 90067, RTZ's written responses to the following requests for production of documents, electronically stored information, and tangible things, and also produce the requested documents, electronically stored information, and tangible things, within 30 days after the date of service of these requests:

## DEFINITIONS

1.    The term "COMMUNICATION(S)" as used herein, shall mean and refer to the exchange of information by or through any mode or medium, including but not limited to, the spoken word, recordings, written correspondence, electronic mail, text messages, direct messages, social media direct messages, enterprise messaging (e.g., Slack or Microsoft Teams), web conference, video-conference, face-to-face meetings, and/or conveying information through third person(s) to some other intended recipient.

2.    The term "DOCUMENT(S)" as used herein, shall include all writings as that term is defined in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence. By way of example, but not limitation, "DOCUMENT" means any written, recorded, or graphic material, whether prepared by YOU or any other person, that is in YOUR possession, custody, or control, including memoranda, reports, letters, telegrams, electronic mail, other electronic correspondence or media, and any other COMMUNICATIONS or information recorded in any form or medium, electronic or otherwise; notes, minutes, and transcripts of conferences, meetings, and telephone or other COMMUNICATIONS; short-message service (SMS) text messages, iMessages, direct messages, social media messages and posts; transparencies, slides, handouts, and multimedia presentations; contracts and other agreements; statements, ledgers, and other records of financial matters or commercial transactions; notebooks and diaries; plans and specifications; publications; photographs; diagrams, graphs, charts, and other drawings; photocopies, microfilm, and other copies or

- 2 -

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

reproductions; audio and video recordings; tape, disk (including all forms of magnetic, magneto-optical, and optical disks), and other electronic recordings; financial models; statistical models and other data compilations; other models and analyses; and computer printouts. The term includes all drafts of a DOCUMENT; the original DOCUMENT (or a copy thereof if the original is not available); and all copies that differ in any way from the original (including as to any notations, underlining, or other markings). All drafts of such DOCUMENTS should be produced.

3.    The terms "CONCERNING" "RELATES TO" or "RELATING TO," as used herein, mean directly or indirectly reflecting, concerning, evidencing, constituting, supporting, refuting, referring to, pertaining to, consisting of, containing information about, or in any way legally, logically, or factually connected with the stated subject matter.

4.    The terms "RTZ," "YOU" and "YOUR," as used herein, shall refer to Defendant RTZ Associates, Inc., and its representatives, owners, employees, attorneys, investigators, accountants, managers, agents, parent companies, subsidiaries or other persons or entities acting or purporting to act on its behalf.

5.    "INTUS" means Plaintiff IntusCare Inc., and its representatives, owners, employees, attorneys, investigators, accountants, managers, agents, or other persons or entities acting or purporting to act on its behalf.

6.    "PACE PROGRAM" means and includes any entity or business providing healthcare services under the Program of All-Inclusive Care for the Elderly ("PACE").

## **INSTRUCTIONS**

1.    In responding to these requests, YOU must comply with all relevant terms of the applicable federal and local rules, the practices and preferences of the assigned judges, and any relevant orders previously or subsequently entered by the Court in this case.

2.    YOU are required to produce all responsive documents that are within YOUR possession, custody, or control.

3.    YOU are required to produce the documents in the same form and in the same order in which they were kept in the ordinary course of business prior to production. The

- 3 -

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

INTUSCARE INC.'S REQUESTS FOR PRODUCTION TO
DEFENDANT RTZ ASSOCIATES, INC., SET THREE

documents are to be produced in the boxes, file folders, binders, or other containers in which the documents are found. The titles, labels, or other descriptions on the boxes, file folders, bindings, or other containers are to be left intact. Alternatively, the documents may be organized and labeled to correspond with these requests.

4.      Any DOCUMENT produced must be produced in form otherwise mutually agreed between the parties. If YOU maintain that any responsive DOCUMENT is protected from disclosure by the attorney-client privilege, the work-product doctrine, or other legally recognized discovery privilege, YOU must produce an accompanying log. The log should specify the nature of the protection claimed, describe the precise ground for the protection, and identify the document with particularity, including its author, dates, all recipients thereof, including carbon copy recipients and "blind" carbon copy recipients, the subject matter, and the number of pages therein.

5.      If a DOCUMENT once existed, but has been lost, destroyed, no longer exists, or is no longer in YOUR possession or control, identify each such DOCUMENT and separately state the details concerning the loss or destruction of the DOCUMENT, and the name and address of the current or last known custodian of any such DOCUMENT, if known to YOU.

6.      Unless otherwise stated, these requests seek the production of DOCUMENTS from June 1, 2021 through present.

7.      The words "and" and "or" shall be construed in the conjunctive or disjunctive, whichever is most inclusive. The singular form shall include the plural form and vice versa. The present tense shall include the past tense and vice versa. "Including" shall mean "including without limitation."

8.      Because these requests are ongoing in nature, YOU are required to supplement YOUR productions responding to these requests to the extent YOU come to take possession, custody, or control over additional responsive materials in the future.

- 4 -

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 100:**

All COMMUNICATIONS between YOU and any PACE PROGRAM RELATING TO INTUS.

**REQUEST FOR PRODUCTION NO. 101:**

All DOCUMENTS, including contracts, exchanged between YOU and any PACE PROGRAM RELATING TO INTUS.

Dated: November 21, 2025                    MANATT, PHELPS & PHILLIPS, LLP

By:    /s/ Charles E. Weir
            Charles E. Weir
            Andrew Beshai
            Attorneys for Plaintiff
            INTUSCARE INC.

INTUSCARE INC.'S REQUESTS FOR PRODUCTION TO DEFENDANT RTZ ASSOCIATES, INC., SET THREE

## PROOF OF SERVICE

*Intus Care, Inc. v. RTZ Associates, Inc.*
U.S.D.C. – Northern District of California Case No. 4:24-cv-1132-JST

I, Andrew Beshai, declare as follows:

I am employed in Los Angeles County, Los Angeles, California.  I am over the age of eighteen years and not a party to this action.  My business address is MANATT, PHELPS & PHILLIPS, LLP, 2049 Century Park East, Suite 1700, Los Angeles, California  90067.  On **November 21, 2025**, I served the within:

**PLAINTIFF INTUSCARE INC.'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT RTZ ASSOCIATES, INC., SET THREE**

on the interested parties in this action addressed as follows:

| | |
|---|---|
| David C. Lee, Esq.<br>NOSSAMAN LLP<br>50 California Street, 34th Floor<br>San Francisco, California 94111<br>Phone: 415.398.3600<br>Fax:    415.398.2438<br>Email: dlee@nossaman.com<br><br>Assistant: Marlene Wiman<br>Email: mwiman@nossaman.com | *Attorneys for Defendant*<br>RTZ ASSOCIATES, INC |
| Kasia Penn, Esq.<br>NOSSAMAN LLP<br>18101 Von Karman Avenue, Suite 1800<br>Irvine, California 92612<br>Phone: 949.833.7800<br>Fax:    949.833.7878<br>Email: kpenn@nossaman.com | *Attorneys for Defendant*<br>RTZ ASSOCIATES, INC. |

☒    **(BY ELECTRONIC MAIL)** By transmitting such document(s) electronically from my e-mail address, abeshai@manatt.com at Manatt, Phelps & Phillips, LLP, Los Angeles, California, to the person(s) at the electronic mail addresses listed above.  The transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on **November 21, 2025**, at Los Angeles, California.

/s/ Andrew Beshai
Andrew Beshai

- 6 -

INTUSCARE INC.'S REQUESTS FOR PRODUCTION TO
DEFENDANT RTZ ASSOCIATES, INC., SET THREE

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

# EXHIBIT C

| **From:** | Kasia Penn |
| **To:** | Beshai, Andrew; David C. Lee |
| **Cc:** | Weir, Charles |
| **Subject:** | RE: Intus v. RTZ |
| **Date:** | Tuesday, February 17, 2026 4:01:09 PM |
| **Attachments:** | image001.png |

**[EXTERNAL] Please do not reply, click links, or open attachments unless you recognize the source of this message and know the content is safe.**

Hi Andrew,

Regarding the methodology, our client reached out to multiple team members across relevant departments, including sales, implementation, support, and management. Those individuals were asked to review their files for any communications that mentioned Intus.

**From:** Beshai, Andrew <ABeshai@manatt.com>
**Sent:** Tuesday, February 17, 2026 10:40 AM
**To:** Kasia Penn <kpenn@nossaman.com>; David C. Lee <dlee@nossaman.com>
**Cc:** Weir, Charles <CWeir@manatt.com>
**Subject:** [External] RE: Intus v. RTZ

Kasia,

Following up to see if you have an update on your responses to Intus RFPs 28-81 and 100-101?

Thanks,

Andrew

**From:** Kasia Penn <kpenn@nossaman.com>
**Sent:** Tuesday, February 3, 2026 3:20 PM
**To:** Beshai, Andrew <ABeshai@manatt.com>; David C. Lee <dlee@nossaman.com>
**Cc:** Weir, Charles <CWeir@manatt.com>
**Subject:** RE: Intus v. RTZ

**[EXTERNAL] Please do not reply, click links, or open attachments unless you recognize the source of this message and know the content is safe.**

Hi Andrew,

We are working on our portion of the letter brief and will send it to you by Thursday, if not tomorrow.
As to discovery, we are following up with our client regarding the additional documents and confirmation of the search methodology. We will provide an update as soon as we have it.
David will respond to the portion of your email re Mike's deposition.

**From:** Beshai, Andrew <ABeshai@manatt.com>
**Sent:** Monday, February 2, 2026 2:59 PM
**To:** David C. Lee <dlee@nossaman.com>; Kasia Penn <kpenn@nossaman.com>
**Cc:** Weir, Charles <CWeir@manatt.com>
**Subject:** [External] Intus v. RTZ

David and Kasia,

Please see attached letter brief to Judge Tse regarding the ROG 1 issue we cannot resolve. We request that you add Defendant's position and send back to us by Thursday (2/5).

We have locked in Alex Rothberg's deposition for 2/27 in Boston (if you need to use Manatt's offices, please let me know a few days in advance, and I will arrange for that). Please let us know at your earliest convenience whether Mike Zawadski's deposition will be on 2/23 or 2/24.

As to discovery, please expect a privilege log from us for the internal communications later this week. When can we expect an update on Intus RFPs 28-81 and 100-101? As a reminder, those RFPs pertain to communications, documents exchanged, and contracts between RTZ and certain PACE entities we listed. On our last meet and confer, you committed to going back to your client and checking if there are any additional responsive materials. You also committed to providing the search methodology employed—custodians, search terms, and dates used to search for responsive materials.

Thanks,

Andrew

**Andrew Beshai**
*(He/Him/His)*
Associate

**Manatt, Phelps & Phillips,** LLP
2049 Century Park East
Suite 1700
Los Angeles, CA 90067
**D** (310) 231-5304 **F**
ABeshai@manatt.com

**manatt.com**

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply email and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

# EXHIBIT D

| | |
|---|---|
| **From:** | Kasia Penn |
| **To:** | Beshai, Andrew |
| **Cc:** | David C. Lee; Weir, Charles |
| **Subject:** | Re: [External] RE: Intus v. RTZ |
| **Date:** | Friday, February 20, 2026 5:01:22 PM |
| **Attachments:** | image001.png |

**[EXTERNAL] Please do not reply, click links, or open attachments unless you recognize the source of this message and know the content is safe.**

Hi Andrew,

I forwarded your questions to the client.
We did not do a central email collection.
I am overseas until the end of next week. I am available to meet and confer on Monday (March 2) or Tuesday (March 3). Let me know what time works for you. Thank you.
Sent from my iPhone

> On Feb 21, 2026, at 6:46 AM, Beshai, Andrew <ABeshai@manatt.com> wrote:
>
> Kasia, could you please send some times you're available next week to meet and confer on the discovery issue below?
>
> **From:** Beshai, Andrew
> **Sent:** Tuesday, February 17, 2026 2:39 PM
> **To:** 'Kasia Penn' <kpenn@nossaman.com>; David C. Lee <dlee@nossaman.com>
> **Cc:** Weir, Charles <CWeir@manatt.com>
> **Subject:** RE: Intus v. RTZ
>
> Thanks Kasia. Could you please explain who you reached out to? Also did counsel personally reach out to them, or was there a point person from the organization that you designated? And what, specifically, were these folks asked to search for? Was it simply any communication that contained the word "Intus"? Was there any review protocol to confirm these folks' responses?
>
> And please also confirm that you did not do a central email collection, supervised by attorneys, with specific custodians, search terms, and dates. If you did do that, please provide the specific custodians, search terms, and dates.
>
> **From:** Kasia Penn <kpenn@nossaman.com>
> **Sent:** Tuesday, February 17, 2026 1:01 PM
> **To:** Beshai, Andrew <ABeshai@manatt.com>; David C. Lee <dlee@nossaman.com>
> **Cc:** Weir, Charles <CWeir@manatt.com>
> **Subject:** RE: Intus v. RTZ
>
> **[EXTERNAL] Please do not reply, click links, or open attachments unless you recognize the source of this message and know the content is safe.**
>
> Hi Andrew,
>
> Regarding the methodology, our client reached out to multiple team members across relevant departments, including sales, implementation, support, and management. Those individuals were asked

to review their files for any communications that mentioned Intus.

---

**From:** Beshai, Andrew <ABeshai@manatt.com>
**Sent:** Tuesday, February 17, 2026 10:40 AM
**To:** Kasia Penn <kpenn@nossaman.com>; David C. Lee <dlee@nossaman.com>
**Cc:** Weir, Charles <CWeir@manatt.com>
**Subject:** [External] RE: Intus v. RTZ

Kasia,

Following up to see if you have an update on your responses to Intus RFPs 28-81 and 100-101?

Thanks,

Andrew

---

**From:** Kasia Penn <kpenn@nossaman.com>
**Sent:** Tuesday, February 3, 2026 3:20 PM
**To:** Beshai, Andrew <ABeshai@manatt.com>; David C. Lee <dlee@nossaman.com>
**Cc:** Weir, Charles <CWeir@manatt.com>
**Subject:** RE: Intus v. RTZ

**[EXTERNAL] Please do not reply, click links, or open attachments unless you recognize the source of this message and know the content is safe.**

---

Hi Andrew,

We are working on our portion of the letter brief and will send it to you by Thursday, if not tomorrow. As to discovery, we are following up with our client regarding the additional documents and confirmation of the search methodology. We will provide an update as soon as we have it. David will respond to the portion of your email re Mike's deposition.

---

**From:** Beshai, Andrew <ABeshai@manatt.com>
**Sent:** Monday, February 2, 2026 2:59 PM
**To:** David C. Lee <dlee@nossaman.com>; Kasia Penn <kpenn@nossaman.com>
**Cc:** Weir, Charles <CWeir@manatt.com>
**Subject:** [External] Intus v. RTZ

David and Kasia,

Please see attached letter brief to Judge Tse regarding the ROG 1 issue we cannot resolve. We request that you add Defendant's position and send back to us by Thursday (2/5).

We have locked in Alex Rothberg's deposition for 2/27 in Boston (if you need to use Manatt's offices, please let me know a few days in advance, and I will arrange for that). Please let us know at your earliest convenience whether Mike Zawadski's deposition will be on 2/23 or 2/24.

As to discovery, please expect a privilege log from us for the internal communications later this week. When can we expect an update on Intus RFPs 28-81 and 100-101? As a reminder, those RFPs pertain to communications,

documents exchanged, and contracts between RTZ and certain PACE entities we listed. On our last meet and confer, you committed to going back to your client and checking if there are any additional responsive materials. You also committed to providing the search methodology employed—custodians, search terms, and dates used to search for responsive materials.

Thanks,

Andrew

**Andrew Beshai**
*(He/Him/His)*
Associate
<image001.png>

**Manatt, Phelps & Phillips,** LLP
2049 Century Park East
Suite 1700
Los Angeles, CA 90067
**D** (310) 231-5304 **F**
ABeshai@manatt.com

**manatt.com**

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply email and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

# EXHIBIT E

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

_____
                                )
INTUSCARE INC.,                  )
                                )
          Plaintiff,             )
                                )
vs.                              ) No. 4:24-cv-1132-JST
                                )
RTZ ASSOCIATES, INC.; and        )
DOES 1 through 10,               )
                                )
          Defendants.            )
_____)

VIDEOTAPED DEPOSITION OF MICHAEL ZAWADSKI

San Francisco, California

Monday, February 23, 2026

Volume I

Reported by:
CATHERINE A. NOLASCO, RMR, CRR, BS
CSR No. 8239
Job No. CA 7889273

PAGES 1 - 205

Page 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

_____
                          )
INTUSCARE INC.,           )
                          )
        Plaintiff,        )
                          )
vs.                       ) No. 4:24-cv-1132-JST
                          )
RTZ ASSOCIATES, INC.; and )
DOES 1 through 10,        )
                          )
        Defendants.       )
_____)


        Videotaped deposition of MICHAEL ZAWADSKI,
Volume I, taken on behalf of Plaintiff, with the
Witness appearing at MANATT, PHELPS & PHILLIPS, LLP,
One Embarcadero Center, 30th Floor, San Francisco,
California, beginning at 9:47 a.m. and ending at
4:09 p.m., on Monday, February 23, 2026, before
CATHERINE A. NOLASCO, Certified Shorthand Reporter
No. 8239.

Page 2

APPEARANCES:

For Plaintiff:
    MANATT, PHELPS & PHILLIPS, LLP
    BY:  CHARLES E. WEIR
    Attorney at Law
    2049 Century Park East, Suite 1700
    Los Angeles, California  90067
    310.312.4000
    310.312.4224, Fax
    cweir@manatt.com


For Defendant and the Witness:
    NOSSAMAN LLP
    BY:  DAVID C. LEE
    Attorney at Law
    50 California Street, 34th Floor
    San Francisco, California  94111
    415.398.3600
    415.398.2438 Fax
    dlee@nossaman.com


ALSO PRESENT:
PETER YAROSCHUK, Videographer, Veritext

        ---o0o---

Page 3

INDEX
WITNESS                    EXAMINATION
MICHAEL ZAWADSKI
Volume I
        BY MR. WEIR              9

        EXHIBITS
NUMBER          DESCRIPTION          PAGES
Exhibit 47  Email series dated 9/1/2022, "Subject:   73
        Re: Intus Care access to PCO" and
        attachment; Bates RTZ0002768 -
        RTZ0002771

Exhibit 48  Email series, "Subject:  [External]      77
        Re: Catching up and NDA for RTZ
        integration" and attachment; Bates
        RTZ00000809 - RTZ0000813

Exhibit 49  Email series, "Subject:  Re: Catching    78
        up and NDA for RTZ integration" and
        attachment; Bates RTZ0007671 -
        RTZ0007676

Exhibit 50  "Request for PACECare Access /           87
        Non-Disclosure Agreement"; Bates Intus
        004125 - Intus 004128

Page 4

EXHIBITS (Continued)
NUMBER          DESCRIPTION          PAGES
Exhibit 51  Email series, "Subject:  [External]      88
        RE: Intus Care/RTZ Associates: Data
        Integration/Data Extract"; Bates
        RTZ0000020 - RTZ0000033

Exhibit 52  Email series, "Subject:  Re: NDA for     113
        Secure Transportation"; Bates
        RTZ0005586 - RTZ0005587

Exhibit 53  Email series, "Subject:  Re: FW:         119
        Service Disruption"; Bates RTZ0007693
        - RTZ0007695

Exhibit 54  "Amendment 2 to PACECare License         125
        Agreement"; Bates RTZ0000814 -
        RTZ0000818

Exhibit 55  "PACECare Agreement 'Software as a       131
        Service'"; Bates RTZ0000847 -
        RTZ0000866

//

Page 5

2 (Pages 2 - 5)

them.
14:40:27
        And that's my personal opinion on it, not -- I can't give you chapter and verse of why I felt this, but that's why their assets were in play.
    Q   Okay. All right. So since you have not
14:40:39
seen this before, and you do -- and it sounds like you don't believe it was an asset that was acquired by Collabrios --
    A   I'm not sure that any payments were -- I mean, I think -- I'm not sure any payments ever
14:41:01
existed under this arrangement, is the other thing that's -- Robbie signed it.
        I don't know if you asked Evan about this in his deposition or not.
        But I don't know, in terms of going
14:41:16
through -- the way it was explained to me by so many different people was, like, yeah, technically it existed and everyone ignored that it existed. And so it was rumored, but it seems like did this ever actually get put into place or not was unclear too.
14:41:32
    Q   Okay.
    A   That was one of the reasons, allegedly, why it wasn't provided to me, too. Like, oh, it doesn't really matter. It didn't really happen.
        So I'm certainly not the person most
14:41:46

knowledgeable on it. I was the person most
14:41:48
interested in it, however.
        MR. LEE: You've answered.
        MR. WEIR: Yeah. The --
        THE WITNESS: Sorry.
14:41:54
        MR. WEIR: Fair enough.
    Q   You know, there's a -- I won't -- I won't ask you that. That's not -- since you didn't write it and you didn't sign it, let's -- at least now you have a copy of it.
14:42:08
    A   That's good.
    Q   Was Community PACE, if you know, the only PACE -- the only PACE entity that received a -- some sort of cease-and-desist letter from RTZ regarding Intus's access?
14:43:20
    A   I don't know the answer to that question.
    Q   How often would you say you were directly interacting with PACE clients via email?
        MR. LEE: Over what period of time?
        MR. WEIR: Let's call it from '22 to '24.
14:44:17
        THE WITNESS: How do I -- I mean, what do you mean by the question? Like, how often would I talk to any individual client --
        MR. WEIR: (Nods head.)
        THE WITNESS: -- or all clients?
14:44:38

        I really only talked to clients who either
14:44:39
approached me directly on a question, 'cause they had historical background with me, or was having an acute issue that got raised to me.
        So from '22 to '24, it went from a period
14:44:51
where we staffed up and we had a lot of people who were now taking over items, and I would get sort of the outside issue. It's why Senior Care Partners, that was working on a new version -- I'd talk to them more than I'd talk to, like, average clients.
14:45:04
So it was sort of, when things got elevated to me, they went through, but, generally, if it wasn't elevated, I wasn't the person doing it.
BY MR. WEIR:
    Q   And so who would have been your folks on
14:45:15
the front lines dealing with the PACE program directly?
    A   It -- '22 was a big transition people year, just because we came out of the pandemic and people had to go back to the office as we went into
14:45:27
'22, so -- but Melanie was there. Laura was there. Dylan was there.
    Q   Just for the record, I know some of these, like Melanie Martinez.
    A   Laura Emery, Melanie Martinez, Dylan
14:45:43

Clements. Those are the people who most likely
14:45:46
would have had things that they would have given me.
        There were other people in the support regime. Amanda. She got married. I don't remember her last name. I apologize. Maybe Munoz, in terms
14:45:58
of going through.
        And Emma Oto-Pale.
        And then Alex Lueth came on towards the end of that point, and she was the person that got the majority of those points of contact.
14:46:15
    Q   What did you do, personally, to look for documents related to communications with PACE programs about Intus?
    A   I went into the email and put in search parameters using "Intus," using "NDA," using other
14:46:32
things that came up like that.
    Q   When you say you went into the email, like just went into Outlook and put in --
    A   Gmail, but yeah.
    Q   Gmail, okay.
14:46:51
    A   Yeah. Collabrios switched to Outlook from Gmail, but Gmail was what we used up until a more recent period.
    Q   Okay. So, like, this Neighborhood PACE exhibit --
14:47:03

41 (Pages 158 - 161)

Veritext Legal Solutions

866-299-5127          calendar-ca@veritext.com          www.veritext.com

A   I'm pretty sure that's a Gmail.
14:47:03
Q   Okay.
A   That's '22.
Q   So yeah.  So '22 -- it's back -- it's Exhibit 56.
14:47:09
So mike@rtcassociates.com would have been a Gmail --
A   Yeah.
Q   -- interface?
A   Yep.
14:47:15
Q   Okay.  Do you know what some of these other employees that you mentioned -- Melanie, Laura, Dylan, Amanda, Emma -- do you know what they did to search for communications with PACE programs?
A   I would imagine they did the same thing.
14:47:34
I mean, Gmail search capabilities are pretty good, pretty well understood.
Q   Do you know -- you mentioned a couple of search terms, "NDA" being one of them and "Intus" being one of them.
14:47:49
Any other search terms you ran?
A   I did run other search terms, but I don't know what they were off the top of my head.
Q   Did you write those down?  Are they documented in any way?
14:47:58

Page 162

A   They're not documented in a specific way.
14:47:59
Q   Did you limit the time period of the search?
A   I did.  I think I ran it from 2021 forward.
14:48:10
Q   Did you do any searches for specific people, like "all of my communications with Robbie"?
A   I did do that.
Q   You said that Collabrios has moved to a Outlook-based system?
14:48:38
A   Yes.
Q   Was -- were the communications that existed on the Gmail-based system ported over into the Outlook system?
A   Not all of them.  There's a time cut-off.
14:48:54
I'm not sure where they ultimately did that time cut-off.
Q   Do you know if the Gmail system is still available for searching?
A   I do not know if it's still available.
14:49:07
Q   Who would know that?
A   Kevin Lathrop would know that 'cause he supervises the CTO.
Q   When did Kevin come aboard?
A   Call it January of '25, maybe.
14:49:24

Page 163

Q   So shortly after the Collabrios
14:49:27
acquisition --
A   Yeah.
Q   -- or deal?
A   Yeah.
14:49:32
Q   And did you know Kevin before the transaction?
A   No.
Q   Was -- was he introduced by the investors?
A   He was through a search firm.
14:49:51
Q   Oh, okay.
A   I won't elaborate on it because it will just get me in trouble for giving too long an answer, but it's also not germane, so you're not missing anything.
14:50:06
Q   Okay.  And I assume same thing with respect to -- well, do you know, one way or the other, whether there was any sort of, like, email capture or in-box capture for your documents?
MR. LEE:  Objection.  Vague and ambiguous.
14:50:28
MR. WEIR:  Sorry.  That wasn't a very good question.
Q   So sometimes -- sometimes what we'll do in these cases is we'll take a snapshot of your in-box --
14:50:38

Page 164

A   Okay.
14:50:39
Q   -- and sent items, and then that gets exported or saved in some way.
Do you know if that happened in this case?
A   I do not.
14:50:45
Q   And I assume that same answer with respect to all of the potential people that might have sent relevant emails?
A   Yeah.
Q   Okay.  Are you aware that you have filed
14:50:57
counterclaims in this case?
A   I am.
Q   Do you know what they are?
A   I believe, as we go through, we filed some for wrongful access and for interference with some
14:51:48
of the things we've done.
We've debated different counterclaims.  I don't know which ones have ultimately survived to be part of the record.
Q   With respect to the access counterclaims,
14:52:02
what is your understanding of how RTZ has been or its systems have been harmed by the Intus access?
A   I think strain on the systems, as we've talked about.
Q   Anything else?
14:52:33

Page 165

42 (Pages 162 - 165)

# EXHIBIT F

| PACE Program | # Emails RTZ produced |
|---|---:|
| AIICare (Oregon) | 4 |
| AIICare (VA) | 0 |
| AltaMed | 0 |
| Archcare | 0 |
| Baton Rouge | 0 |
| Blue Ridge | 0 |
| Bold Age-Fresno, CA | 0 |
| Bold Age-Indiana | 0 |
| Bold Age-Kentucky | 0 |
| Bold Age-South Carolina | 0 |
| csc | 0 |
| Family Healthcare | 5 |
| Geisinger | 8 |
| Golden Valley Health Center/ Central Valli | 0 |
| HEOPS (Life Coordinated) | 0 |
| High Desert | 6 |
| Horizon KY | 4 |
| Hudson Headwaters | 5 |
| Inspira Health Network LIFE Inc. | 1 |
| Jan Werner | 0 |
| Lawndale Christian Health Center | 5 |
| LIFE Oklahoma | 0 |
| MultiCare | 10 |
| Northland | 5 |
| Orangeburg Senior Helping Center | 3 |
| PACE CNY/ Loretto | 2 |
| PACE KC | 9 |
| PACE Northeast Michigan | 0 |
| PGNO | 0 |
| Redwood Coast | 1 |
| St. Paul's | 4 |
| Silver Star | 0 |
| Total Senior Care NY | 5 |
| Tungsten Health / Habitat | 7 |
| Valir | 0 |
| Viecare Healthcare | 0 |

# EXHIBIT G

| | |
|---|---|
| **From:** | Kasia Penn |
| **To:** | Beshai, Andrew; David C. Lee |
| **Cc:** | Weir, Charles |
| **Subject:** | RE: 3/20 Discovery Follow Up |
| **Date:** | Wednesday, April 1, 2026 8:40:55 PM |
| **Attachments:** | image001.png |

**[EXTERNAL] Please do not reply, click links, or open attachments unless you recognize the source of this message and know the content is safe.**

Andrew,

As an initial matter, RTZ has complied with the Court's order and has produced responsive documents. Further, as stated in our prior submission to the Court, RTZ has produced all responsive documents related to Intus and stands on that representation.

To the extent that you contend that any specific documents are missing or that the production is deficient, you will need to identify those documents with particularity. General assertions regarding references to emails containing links are insufficient. If there are specific documents you believe have not been produced, please provide a list identifying them. If you contend that certain emails are missing links, please identify those emails by Bates numbers.

With respect to your request to meet and confer on Friday, April 3, that timing is not workable. It is unclear what purpose such a meet and confer would serve at this stage given RTZ's position.

More importantly, if you intend to submit another letter brief, please be advised that your position must be provided with sufficient time for us to review and respond. Providing your position on the day of the filing deadline, or over the weekend will simply not be reasonable. At a minimum, we will require a full business day to respond. The April 6 deadline to file another letter brief was proposed by you and agreed to by stipulation. The April 6 deadline already reflected a 12-day extension of the original March 25 deadline. We will not agree to any further extensions.

**From:** Beshai, Andrew <ABeshai@manatt.com>
**Sent:** Tuesday, March 31, 2026 7:01 PM
**To:** Kasia Penn <kpenn@nossaman.com>; David C. Lee <dlee@nossaman.com>
**Cc:** Weir, Charles <CWeir@manatt.com>
**Subject:** [External] 3/20 Discovery Follow Up

Kasia and David,

I write concerning a few outstanding discovery questions. While I will be largely out of pocket between tomorrow at noon and Friday evening, I would like to meet and confer on these issues because our letter brief deadline is 4/6. I can carve out a 30-45 minute pocket of time on Friday anytime except 1-4 pm ET.

First, only six of the 12,000+ documents produced on 3/20 contain "Intus," and there are still over 30 PACE entities for which there are 5 or less communications produced. We are still in the dark about how this batch of documents was pulled and would like to learn more.

Second, we noticed a number of the 12,000+ documents were Google Drive messages between RTZ employes, but none of the documents linked in those emails were provided. Could you please produce those linked documents? And please confirm whether Google Drive was a standard method of communication among Intus employees, and, if so, whether employees were instructed to search their Google Drives as well.

Third, I previously asked if the access logs you produced (RTZ_00008378, 8389, and 8390) all pertain exclusively to PACE CNY Loretto. Please advise.

Thanks,

**Andrew Beshai**
*(He/Him/His)*
Associate

**Manatt, Phelps & Phillips,** LLP
2049 Century Park East
Suite 1700
Los Angeles, CA 90067
**D** (310) 231-5304 **F**
ABeshai@manatt.com

**manatt.com**

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply email and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

# EXHIBIT 1

| | |
|---|---|
| **From:** | Beshai, Andrew <ABeshai@manatt.com> |
| **Sent:** | Thursday, April 2, 2026 4:30 PM |
| **To:** | Kasia Penn; David C. Lee |
| **Cc:** | Weir, Charles |
| **Subject:** | [External] RE: 3/20 Discovery Follow Up |
| **Attachments:** | image001.png; RE: Intus v. RTZ M&C Recap |

I understand the representation. As we understand the process (see attached email), you asked your client to pull all communications between RTZ and any PACE entity, and the request was not limited by custodian or date range.

It is unclear to us what, if any, search terms or parameters were applied to the document pull. For instance, we cannot understand why only five documents contained the term "Intus" in the entire 12,000+ document production. And we know there were multiple communications between PACE entities and RTZ related to Intus and the litigation (see, eg, RTZ 7693, 2772, and 2736), so we don't understand why there are still 30 PACE entities with which RTZ has produced zero communications. Adding to the confusion, you represented in the attached email that you had received 400 documents to review but then produced over 12,000 documents.

In short, the production has prompted more questions than answers as to the methodology used. Please provide an explanation by tomorrow or commit to running a centralized search across all custodian inboxes using agreed-upon search terms. If we have to move on this issue, please expect a letter brief this weekend, and please send us back your portion by Monday at 5pm (this allows you a full business day as requested).

As for the Google Drive communications, the bates numbers below are instances of Google Drive communications with linked material that was not produced. Please commit to producing this.

RTZ0008440

RTZ0008561

RTZ0008774

RTZ0008844

RTZ0009327

RTZ0009359

RTZ0009467

RTZ0009468

RTZ0009579

RTZ0010226

RTZ0010235

RTZ0010399

RTZ0010400

RTZ0010413

RTZ0010577

RTZ0010676

RTZ0010803

RTZ0010814

RTZ0011789

RTZ0012345

RTZ0012794

RTZ0013222

RTZ0015971

RTZ0021266

RTZ0024156

RTZ0028058

RTZ0029636

RTZ0034402

RTZ0034743

RTZ0034902

RTZ0036457

RTZ0036685

RTZ0037647

RTZ0037779

RTZ0038877

---

**From:** Kasia Penn <kpenn@nossaman.com>
**Sent:** Wednesday, April 1, 2026 5:41 PM
**To:** Beshai, Andrew <ABeshai@manatt.com>; David C. Lee <dlee@nossaman.com>
**Cc:** Weir, Charles <CWeir@manatt.com>
**Subject:** RE: 3/20 Discovery Follow Up

[EXTERNAL] Please do not reply, click links, or open attachments unless you recognize the source of this message and know the content is safe.

---

Andrew,

As an initial matter, RTZ has complied with the Court's order and has produced responsive documents. Further, as stated in our prior submission to the Court, RTZ has produced all responsive documents related to Intus and stands on that representation.

To the extent that you contend that any specific documents are missing or that the production is deficient, you will need to identify those documents with particularity. General assertions regarding references to emails containing links are insufficient. If there are specific documents you believe have not been produced, please provide a list identifying them. If you contend that certain emails are missing links, please identify those emails by Bates numbers.

With respect to your request to meet and confer on Friday, April 3, that timing is not workable. It is unclear what purpose such a meet and confer would serve at this stage given RTZ's position.

More importantly, if you intend to submit another letter brief, please be advised that your position must be provided with sufficient time for us to review and respond. Providing your position on the day of the filing deadline, or over the weekend will simply not be reasonable. At a minimum, we will require a full business day to respond. The April 6 deadline to file another letter brief was proposed by you and agreed to by stipulation. The April 6 deadline already reflected a 12-day extension of the original March 25 deadline. We will not agree to any further extensions.

---

**From:** Beshai, Andrew <ABeshai@manatt.com>
**Sent:** Tuesday, March 31, 2026 7:01 PM
**To:** Kasia Penn <kpenn@nossaman.com>; David C. Lee <dlee@nossaman.com>
**Cc:** Weir, Charles <CWeir@manatt.com>
**Subject:** [External] 3/20 Discovery Follow Up

Kasia and David,

I write concerning a few outstanding discovery questions. While I will be largely out of pocket between tomorrow at noon and Friday evening, I would like to meet and confer on these issues because our letter brief deadline is 4/6. I can carve out a 30-45 minute pocket of time on Friday anytime except 1-4 pm ET.

First, only six of the 12,000+ documents produced on 3/20 contain "Intus," and there are still over 30 PACE entities for which there are 5 or less communications produced. We are still in the dark about how this batch of documents was pulled and would like to learn more.

Second, we noticed a number of the 12,000+ documents were Google Drive messages between RTZ employes, but none of the documents linked in those emails were provided. Could you please produce those linked documents? And please confirm whether Google Drive was a standard method of communication among Intus employees, and, if so, whether employees were instructed to search their Google Drives as well.

Third, I previously asked if the access logs you produced (RTZ_00008378, 8389, and 8390) all pertain exclusively to PACE CNY Loretto. Please advise.

Thanks,

**Andrew Beshai**
*(He/Him/His)*

Associate

**Manatt, Phelps & Phillips,** LLP
2049 Century Park East
Suite 1700
Los Angeles, CA 90067
**D** (310) 231-5304 **F**
ABeshai@manatt.com

**manatt.com**

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply email and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.