MANATT, PHELPS & PHILLIPS, LLP
CHARLES E. WEIR (Bar No. CA 211091)
CWeir@manatt.com
ANDREW BESHAI (Bar No. CA 308030)
ABeshai@manatt.com
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
Telephone:    (310) 312-4000
Facsimile:    (310) 312-4224

Attorneys for Plaintiff and Counter-defendant
INTUSCARE INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRCIT OF CALIFORNIA

| | |
|---|---|
| INTUSCARE INC., | Case No. 4:24-cv-01132-JST |
| Plaintiff, | **PLAINTIFF AND COUNTER-DEFENDANT INTUSCARE INC.'S REPLY IN SUPPORT OF ITS MOTION TO MODIFY COURT SCHEDULING ORDER AND LEAVE TO FILE SECOND AMENDED COMPLAINT** |
| v. | |
| RTZ ASSOCIATES, INC.; and DOES 1 through 10, | |
| Defendants. | Honorable Jon S. Tigar |
| | Hearing Date:  May 28, 2026 |
| | Time:              2:00 p.m. |
| | Courtroom:      6 |

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

PLAINTIFF AND COUNTER-DEFENDANT INTUSCARE INC.'S REPLY IN SUPPORT OF ITS MOTION TO MODIFY COURT SCHEDULING ORDER AND LEAVE TO FILE SAC

## I.    **<u>INTRODUCTION</u>**

RTZ Associates, Inc.'s Opposition ("RTZ" or "Defendant") largely ignores the key issues presented in IntusCare Inc.'s ("Intus") motion. The Opposition is based almost exclusively on the claim that Intus did not exercise diligence in seeking to add Collabrios Health, LLC ("Collabrios") which acquired RTZ in late 2024. The focus on the date of the RTZ/Collabrios transaction misses the point. Collabrios has held itself out as RTZ's successor from the moment Collabrios announced publicly that it had acquired RTZ in both its business dealings and in the course of this litigation. Intus was not aware that some sort of RTZ corporate entity continues to exist or that defendants were going to play what appears to be a corporate shell game until very recently. When this came to light, Intus was diligent in seeking to address the issue with defendants and pursuing this motion. The motion should be granted.

All public announcements by RTZ and Collabrios of the October 2024 transaction portray Collabrios as the successor to RTZ and its business. And that is how Collabrios has operated. Since its acquisition of RTZ, Collabrios has been holding meetings with PACE programs to discuss operational and technical issues relating to the Electronic Medical Records ("EMR") program, PACECare, that RTZ used to operate. In fact, when PACE programs had issues with their PACECare contracts that they had entered into with RTZ, they were met with a Collabrios employee responding from a Collabrios email address and directing them to speak with the president of Collabrios. Similarly, PACE programs seeking to facilitate access to their data on PACECare for third parties, like Intus, have to go through Collabrios to negotiate an agreement for access. Not only has Collabrios succeeded RTZ in its business operations, but the same has happened throughout the course of this litigation. Throughout the litigation Defendant produced post-transaction Collabrios documents, produced Collabrios executives for depositions and responded to interrogatory responses with Collabrios information. RTZ's opposition does not refute any of these facts.

Up until very recently everything that occurred in both the business context and in this litigation led to the conclusion that RTZ had been acquired by Collabrios and that Collabrios was already the party in interest in this lawsuit. Intus believed it was merely seeking to change the name of the defendant to its current name—Collabrios. It was not until the deposition of RTZ/Collabrios's CEO Michael Zawadski who claimed he did not know what happened to the RTZ entity and discovery responses

MANATT,
PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

PLAINTIFF AND COUNTER-DEFENDANT INTUSCARE INC.'S REPLY IN SUPPORT OF ITS MOTION TO MODIFY COURT SCHEDULING ORDER AND LEAVE TO FILE SAC

where the defendant took the position that RTZ continued to be a separate entity that it became clear that RTZ and Collabrios were going to play a corporate shell game to apparently try to avoid liability. The motion should be granted so that this case can resolve all of the issues presented by RTZ/Collabrios blocking Intus from accessing information on defendants' EMR system. Intus acted diligently from the moment RTZ took the position that Collabrios was not its successor, and amendment is timely.

Equally unavailing is RTZ's argument that amendment would prejudice RTZ and Collabrios because they need time to conduct discovery. The only discovery that is even mentioned by RTZ is discovery about whether Collabrios is the successor to RTZ. If anyone should be complaining about that issue it is Intus, not Collabrios or RTZ. Intus does not have any materials about the RTZ/Collabrios transaction. All of those materials are in the hands of the defendants. As discussed above, the case has been litigated since the RTZ/Collabrios transaction as if Collabrios was already a party. "[C]orporations cannot escape liability by a mere change of name or a shift of assets when and where it is shown that the new corporation is, in reality, but a continuation of the old.'" *Pool v. F. Hoffman-La Roche, Ltd.*, 386 F. Supp. 3d 1202, 1213 (N.D. Cal. 2019) (citation omitted). The information RTZ or Collabrios needs to disprove successor liability exists exclusively within their possession, and Defendant has not pointed to a single piece of information that RTZ or Collabrios would need to acquire through discovery. Defendant's prejudice argument fails.

The Court should grant Intus' motion for leave to amend to add Collabrios as a party.

## II.  LEAVE TO AMEND SHOULD BE GRANTED

RTZ challenges Intus' diligence under Rule 16 and Rule 15 and contends that RTZ would be prejudiced by the amendment. Neither argument has merit.

### A.  Intus Was Diligent

a.  RTZ and Collabrios' Conduct Since the Acquisition Belies Any Argument That Collabrios Is Not RTZ's Successor

Since announcing to the world in October 2024 that it had acquired RTZ, Collabrios has held itself out to the public and to its PACE customers as RTZ's successor.[1] *See* AHP Announces the

---

[1] RTZ points to the fact that the deadline for amendment in the scheduling order was July 12, 2024. Obviously, Intus could not have known that Collabrios was going to acquire RTZ by that date. The date

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

PLAINTIFF AND COUNTER-DEFENDANT INTUSCARE INC.'S REPLY IN SUPPORT OF ITS MOTION TO MODIFY COURT SCHEDULING ORDER AND LEAVE TO FILE SAC

Formation of CollabriOS Health: A Leading Provider of Integrated Technology Infrastructure Solutions for PACE Programs, PR Newswire (Oct. 10, 2024), https://www.prnewswire.com/news-releases/ahp-announces-the-formation-of-collabrios-health-a-leading-provider-of-integrated-technology-infrastructure-solutions-for-pace-programs-302273477.html (announcing that Collabrios "will acquire RTZ Systems, another prominent provider of PACE EHR and financial service TPA solutions"); https://collabrios.com/about/history/ ("Collabrios was born from the coming together of three industry leaders: RTZ Systems, PeerPlaceNetworks, and Tabula Rasa's PACE EMR division.").

From the outset, Collabrios succeeded RTZ in managing and overseeing the electronic medical records ("EMR") system at issue in this case, PACECare (often called "PACECare Online" or "PCO"). As early as December 2024, just two months after acquiring RTZ, Collabrios took over meetings with clients to discuss PACECare operational and technical needs. (Declaration of Andrew Beshai, Ex. A.) Throughout 2025, Collabrios engaged with RTZ's PACE customers on various aspects of PACECare, including pricing and services. (Id., Ex. B.) Collabrios also revised the contracts governing access to PACECare to read, ███████████████████████████████████████████████ ███████████████████████████████████████████████ ████████████████████████████████ And when PACE programs had issues with their PACECare contracts that they entered into with RTZ, a representative from Collabrios responded in an email bearing a Collabrios signature block and stated that the issues regarding contracts ██████████████████████████████ (Id., Ex. D at Intus019838.) Likewise, when PACE programs sought to negotiate an agreement to allow third parties, like Intus, access to PACECare—the issue at the heart of this case—it was Collabrios that responded with redlines and revisions. (Id. at Intus019527.)

Not only has Collabrios continued the business operations of RTZ and taken over management of PACECare, but RTZ has also litigated this case on behalf of Collabrios. RTZ has produced Collabrios documents and communications in response to discovery requests propounded on RTZ, all while maintaining that the two are separate entities. (Id., Exs. A-C.) RTZ also discussed deposition scheduling

in the scheduling order cannot be used to justify denying the amendment.

MANATT,
PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

3

PLAINTIFF AND COUNTER-DEFENDANT INTUSCARE INC.'S REPLY IN SUPPORT OF ITS MOTION TO MODIFY COURT SCHEDULING ORDER AND LEAVE TO FILE SAC

for and held itself out as representing Collabrios' current president, Kevin Lathrop. (*Id.*, Ex. E.) Further eliding the distinction between RTZ and Collabrios, RTZ argued in recent discovery briefing that RTZ, not Collabrios, "has managed and serviced" another EMR called PACELogic "since January 2025." (Dkt. 104 at 3.) But PACELogic was acquired by Collabrios, along with RTZ, in October 2024, and it is described as a "Collabrios Family product" on Collabrios' website. PACELogic - Collabrios Health. Simply put, RTZ has conflated the two entities throughout the course of this litigation without ever giving any indication that Collabrios was not its successor. It was not until Intus filed its Motion for Leave to Amend to add Collabrios on March 18, 2026 that Collabrios retained its own counsel on March 26, 2026—for the first time in this litigation. (Beshai Decl., Ex. F.)

Even the single email RTZ cites in its opposition to show that Intus was somehow aware of the separateness between RTZ and Collabrios undermines RTZ's position. (Opp. 6:16-18.) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*Id.*) This email is just one among a litany of examples confirming Intus' belief that Collabrios succeeded RTZ.

There is no question that Collabrios has continued to hold itself out as RTZ's successor in its announcements to the public and in its dealings with its PACE customers. Similarly, RTZ has defended this litigation on behalf of Collabrios in a number of ways. Below are just a few examples:

- Defending former Collabrios CEO Michael Zawadski at his deposition, which covered many post-acquisition topics involving the inner workings of Collabrios (*See id. generally*, Ex. H)

- Accepting the notice of deposition of Collabrios' current president Kevin Lathrop and representing that RTZ's counsel would defend his deposition (*Id.*, Ex. E)

- Producing Collabrios documents and communications that post-date the acquisition of

MANATT,
PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

RTZ in response to discovery requests propounded on RTZ (*Id.*, Exs. A-C)

- Conflating RTZ and Collabrios by arguing that RTZ "has managed and serviced" PACELogic "since January 2025" even though Collabrios acquired PACELogic in the same transaction it acquired RTZ and describes PACELogic as a "Collabrios Family Product" on the Collabrios website (Dkt. 104 at 3)

- Producing a client list with PACE programs that signed on as clients after Collabrios acquired RTZ in October 2024 (*Id.*, Ex. G)

Unable to dispute that Collabrios and RTZ have held themselves out as interchangeable, Defendant argues that the two are separate legal entities based on Secretary of State filings. (Opp. at 5:1-8.) But there is nothing legitimate about Defendants seeking to avoid liability for their conduct by apparently trying to keep a corporate shell alive. Consider, for instance, against whom injunctive relief would be enforced in the event Intus succeeds at trial. As Defendants would have it, an injunction would issue only against RTZ, a company that exists on paper but which otherwise has no control over the operations of PACECare or Intus' access to PACECare. Defendant is engaging in a corporate shell game to evade liability.

b. <u>Intus' Motion for Leave to Amend Is Timely Under Rule 16 and Rule 15</u>

The crux of RTZ's timeliness argument is based on a faulty premise—that Intus was not diligent because it should have moved for leave to amend as soon as it learned of Collabrios' existence. (Opp. at 6:16-18.) In light of the manner in which Collabrios has held itself out and RTZ has conducted this litigation, *see* Supra Section II(A)(a), it was not reasonably foreseeable that RTZ would take the position that Collabrios is not RTZ's successor, and effectively already a party to the litigation. Nor is RTZ correct to argue that "Intus cannot claim surprise at [its] position" that Collabrios is not RTZ's successor. (Opp. at 5:15.) Collabrios and RTZ cannot conduct their affairs in a way that unquestionably indicates Collabrios is RTZ's successor and then fault Intus for reasonably concluding that Collabrios is RTZ's successor. Indeed, as Defendant concedes, even Collabrios and RTZ's CEO, Michael Zawadski, claimed he didn't know what the technical structure of the transaction was. (Opp. 8:23-9:9.) And, he also repeatedly testified that Collabrios acquired RTZ and its business. (Beshai Decl., Ex. H at 11:20-25, 28:14-21.)

MANATT,
PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

5

PLAINTIFF AND COUNTER-DEFENDANT INTUSCARE INC.'S REPLY IN SUPPORT OF ITS MOTION TO
MODIFY COURT SCHEDULING ORDER AND LEAVE TO FILE SAC

Intus was diligent in moving to amend as soon as it learned that RTZ was taking a position contrary to the way in which it and Collabrios have behaved since the acquisition was announced in October 2024. "Diligence is a 'case-specific' inquiry that turns primarily on the length of time between the ground necessitating amendment and the movant's request to amend." *Cervantes v. Zimmerman*, No. 17-CV-1230-BAS-NLS, 2019 WL 1129154, at *5 (S.D. Cal. Mar. 12, 2019). It was not until February 23, 2026—less than a month prior to bringing its motion for leave to amend—that Intus first learned RTZ was taking the position that Collabrios is not its successor, "is not a party to this action[,] and is a separate legal entity from [RTZ]." Prior to this response from RTZ, Intus had attempted to stipulate with RTZ to name Collabrios as a defendant given that Collabrios had succeeded RTZ and was now managing all of its business affairs, including access to PACECare, which is at the heart of this lawsuit. When RTZ took the position that Collabrios—the company that had taken over its business operations, employees, customers, and EMR—was not its successor, Intus attempted to resolve the matter with RTZ. When that failed it moved for leave to amend within less than a month of RTZ taking the position that Collabrios is somehow not RTZ's successor. *See Pizana v. SanMedica Int'l LLC*, 345 F.R.D. 469, 478-80 (E.D. Cal. 2022) (granting leave to file third amended complaint six months after deadline where plaintiff had been diligent in moving to amend where plaintiff learned of facts about defendant's corporate structure in depositions that revealed additional proper defendants); *Ross v. AT&T Mobility, LLC*, No. 19-CV-06669-JST, 2020 WL 9848733, at *3 (N.D. Cal. Dec. 18, 2020) (finding good cause where the plaintiff did not learn of new claims until defendant insisted that it would challenge any amended complaint adding new defendants or new claims, which "caused [plaintiff] to investigate [defendant's] relationship with third-party call centers further," leading to discovery of facts necessitating amendment).

Defendant's reliance on *Elite Semiconductor, Inc. v. Anchor Semiconductor, Inc.*, is misplaced. No. 5:20-CV-06846-EJD, 2023 WL 8188844 (N.D. Cal. Nov. 27, 2023). There, the plaintiff indicated to the defendant that it intended to substitute a successor entity as a new defendant, and the defendant argued that substitution was inappropriate because the original defendant "remained a separate entity." *Id*. at *1. Rather than move diligently to amend, the plaintiff waited 17 months to amend. The facts of *Elite Semiconductor* are a far cry from the present facts. Here, Intus moved within less than a month to

MANATT,
PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

amend when RTZ took the position that it was a separate entity from Collabrios. As another point of distinction, the Court in *Elite Semiconductor* found that amendment would prejudice the defendants because plaintiff sought to expand the scope of the case and bring into litigation a number of additional products beyond the single, original product at issue in the complaint. The court explained that "[s]uch a dramatic expansion would be clearly prejudicial to Defendants, who had operated under a narrower scope of discovery for nearly two years at the time of Plaintiff's motion." *Id*. at \*4. No such concern exists here, as neither RTZ nor Collabrios will be prejudiced if the Court allows amendment. *See infra* Section II.B.

Even if the Court concludes that Intus has not shown good cause under Rule 16, the circumstances of this case counsel in favor of allowing amendment. In some circumstances, "the Court will not adhere to a procedural nicety at the expense of the merits." *Cervantes*, 2019 WL 1129154 at \*7. "The goal [of the Federal Rules of Civil Procedure] is to get cases decided on the merits of issues that are truly meritorious and in dispute." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006). Here, the fact that Defendant has taken a position contrary to the way it and its successor have behaved since the Collabrios acquisition coupled with the lack of any prejudice, *see Infra* Section II.B., counsels in favor of allowing amendment even if the Court finds a lack of diligence. This is especially true because Collabrios is apparently the party that controls access to PACECare, the EMR subject to injunctive relief. To hold otherwise would be to allow Defendant to evade liability by engaging in a corporate shell game. *See Travelers Cas. & Sur. Co. of Am. v. Dunmore*, No. CIV.S-072493 LKK/DAD, 2010 WL 2546070, at \*6 (E.D. Cal. June 23, 2010) (allowing amendment despite finding lack of diligence where "the practical realities of [the] case persuade the court that untimely amendment is the lesser of two evils").

**B. <u>Amending to Add Collabrios Will Not Prejudice RTZ or Collabrios</u>**

According to Defendant, prejudice exists because Collabrios will not have an opportunity to "conduct discovery in its own defense." (Opp. at 8:9.) Discovery into what? Defendant does not say. Instead, Defendant claims in a cursory manner that "the fact of 'successorship' is disputable" and "implicates the need for discovery by both Collabrios and RTZ." (*Id*. at 8:10-12.) Again, Defendant does not offer a single example of what discovery either Collabrios or RTZ would need to take discovery on.

PLAINTIFF AND COUNTER-DEFENDANT INTUSCARE INC.'S REPLY IN SUPPORT OF ITS MOTION TO MODIFY COURT SCHEDULING ORDER AND LEAVE TO FILE SAC

Nor can it, as the facts necessary for successor liability all lie with Collabrios and RTZ, which are one and the same. Successor liability attaches if "the transaction amounts to a consolidation or merger of the successor and the predecessor," or "if the successor is a mere continuation of the predecessor." *Chang v. Cashman*, 723 F.Supp.3d 772, 783 n.13 (N.D. Cal. 2024) (quoting *CenterPoint Energy, Inc. v. Super. Ct.*, 157 Cal. App. 4th 1101, 1120)). "[I]t has long been held that 'corporations cannot escape liability by a mere change of name or a shift of assets when and where it is shown that the new corporation is, in reality, but a continuation of the old.'" *Pool*, 386 F. Supp. 3d at 1213 (citation omitted).

Moreover, RTZ does not deny any of the underlying facts about Collabrios acquiring RTZ and continuing its business. Defendant has not—and cannot—articulate a single piece of information within Intus' possession that Collabrios or RTZ would need to discover to disprove that Collabrios is a continuation of RTZ. Such information lies exclusively within Collabrios' possession. If anything, such information asymmetry is detrimental only to Intus, which is the party moving to amend. As explained, Intus will not be seeking any additional depositions or discovery in this case, and Defendant has not specified, beyond mere innuendo, what additional discovery RTZ or Collabrios would need. Defendant's citation to Michael Zawadski's deposition to argue that "the corporate structure is complicated" only proves Intus' point and does nothing to substantiate prejudice. The fact that the CEO who transitioned from RTZ to Collabrios was not aware of whether the two were separate entities reinforces Intus' position that it could not have known—based on the conduct of both entities—that RTZ would take the position Collabrios was not its successor.

Equally baseless is Defendant's argument that "Intus is alleging independent wrongdoing by Collabrios." (Opp. at 11:9.) Defendant cannot manufacture prejudice by reading allegations into the proposed Second Amended Complaint ("SAC") that do not exist. Nowhere in the SAC does Intus allege any new, independent wrongdoing against Collabrios; rather, Intus is alleging that since September 2022 RTZ, and now its successor Collabrios, have violated the CURES Act and intentionally interfered with Intus' contracts and prospective economic advantage by blocking access to PACECare. Collabrios does not, and cannot, dispute that it has taken over PACECare. Nor can Collabrios dispute that Intus is still blocked from accessing PACECare—the same blocking conduct that has been occurring since September 2022. Indeed, the very contracts between RTZ and its customers that contain language

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

PLAINTIFF AND COUNTER-DEFENDANT INTUSCARE INC.'S REPLY IN SUPPORT OF ITS MOTION TO MODIFY COURT SCHEDULING ORDER AND LEAVE TO FILE SAC

precluding that customer from sharing information with Intus in violation of the Cures Act have all been assumed by Collabrios. There is no new conduct alleged, and there is no prejudice to Collabrios or RTZ by allowing amendment to confirm what Collabrios has already broadcast to the world through its words and action—that Collabrios is RTZ's successor.

## III.    CONCLUSION

The Court should grant Intus' motion for leave to file a Second Amended Complaint to add Collabrios as RTZ's successor.

Respectfully submitted,

Dated:  April 13, 2026

MANATT, PHELPS & PHILLIPS, LLP

By:    */s/ Andrew Beshai*
Charles Weir
Andrew Beshai

Attorneys for Plaintiff and Counter-defendant
INTUSCARE INC.

PLAINTIFF AND COUNTER-DEFENDANT INTUSCARE INC.'S REPLY IN SUPPORT OF ITS MOTION TO MODIFY COURT SCHEDULING ORDER AND LEAVE TO FILE SAC

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES