UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTUS CARE, INC., <br><br>       Plaintiff, <br><br>   v. <br><br> RTZ ASSOCIATES, INC., <br><br>       Defendant. | Case No.  24-cv-01132-JST (AGT) <br><br> **SUPPLEMENTAL BRIEFING ORDER** <br> Re: Dkt. No. 105 |

Perhaps because the undersigned previously concluded that CareHub is relevant to damages (dkt. 96 at 1), RTZ chose not to respond to authorities cited by Intus in a more recent joint letter brief, dkt. 105 at 5, which cast doubt on RTZ's CareHub misappropriation theory of damages. *See Andrews v. Sirius XM Radio Inc.*, 932 F.3d 1253, 1263 (9th Cir. 2019) ("[T]he CFAA is 'an antihacking statute,' not 'an expansive misappropriation statute.' The statute's 'loss' definition . . . limits its focus to harms caused by computer intrusions, not general injuries unrelated to the hacking itself.") (citation omitted); *Heiting v. Taro Pharms. USA, Inc.*, 709 F. Supp. 3d 1007, 1021 (C.D. Cal. 2023) ("CDAFA's private right of action contemplates some damage to the computer system, network, program, or data contained on that computer . . . ."); *WhatsApp Inc. v. NSO Grp. Techs. Ltd.*, 472 F. Supp. 3d 649, 685 (N.D. Cal. 2020) (explaining that "consequential economic damages" are not

available for trespass to chattels).

In view of these cases, RTZ's discovery requests related to CareHub, which appear to seek considerable discovery in support of a misappropriation theory of damages, may be disproportionate to the needs of the case. Before reaching that determination, the Court will give RTZ an opportunity to respond and to identify the legal basis for its CareHub damages theories. RTZ may file a supplemental two-page letter brief by April 17, 2026.

**IT IS SO ORDERED.**

Dated: April 14, 2026

Alex G. Tse
United States Magistrate Judge