NOSSAMAN LLP
DAVID C. LEE (SBN 193743)
dlee@nossaman.com
50 California Street, 34th Floor
San Francisco, CA 94111
Telephone: 415.398.3600
Facsimile: 415.398.2438

NOSSAMAN LLP
KASIA PENN (SBN 306056)
kpenn@nossaman.com
18101 Von Karman Avenue, Suite 1800
Irvine, CA 92612
Telephone: 949.833.7800
Facsimile: 949.833.7878

Attorneys for Defendant and Counter-claimant
RTZ ASSOCIATES, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTUS CARE, INC., <br><br> Plaintiff, <br><br> vs. <br><br> RTZ ASSOCIATES, INC.; and DOES 1 through 10, <br><br> Defendants, <br><br> RTZ ASSOCIATES, INC., <br><br> Counter-claimant, <br><br> vs. <br><br> INTUS CARE, INC., <br><br> Counter-defendant. | Case No:    4:24-cv-01132-JST <br><br> Assigned to: Hon. Jon S. Tigar <br><br> **DEFENDANT AND COUNTER-CLAIMANT RTZ ASSOCIATES, INC.'S OBJECTION TO INTUS CARE INC.'S REPLY EVIDENCE PURSUANT TO LOCAL RULE 7-3** <br><br> Date:        May 28, 2026 <br> Time:        2:00 p.m. <br> Courtroom: 6 |

Case No. 4:24-cv-01132-JST

DEFENDANT & COUNTER-CLAIMANT RTZ ASSOCIATES, INC'S OBJECTION TO INTUS CARE INC.'S REPLY EVIDENCE

70272494.v2

## I.       INTRODUCTION

Plaintiff Intus Care Inc. ("Intus") attempts to sandbag Defendant RTZ Associates, Inc. ("RTZ") by introducing new evidence and arguments in Intus' Reply in Support of Motion to Modify Court Scheduling Order and Leave to File Second Amended Complaint and Reply Declaration of Andrew Beshai attached thereto (respectively, Dkts. 108 and 108-1). Pursuant to Civil Local Rule 7-3(d)(1), RTZ objects to the new evidence and arguments. Contrary to well-established law, Intus' Reply relies on an entirely new declaration containing eight new exhibits with factual assertions and arguments that were not referenced in or attached to Intus' original moving papers (Dkts. 100 and 100-1), filed on March 23, 2026. RTZ respectfully requests that this Court disregard this new material offered by Intus in support of its Reply.

## II.      ARGUMENT

Under this Court's local rules, "[i]f new evidence has been submitted in the reply, the opposing party may file and serve an Objection to Reply Evidence . . . stating its objections to the new evidence." N.D. Cal. Civ. L.R. 7-3(d)(1). As the Ninth Circuit noted, this provision recognizes "the potential inequities that might flow from the injection of new matter at the last round of briefing." *Dutta v. State Farm Mut. Auto. Ins. Co.*, 895 F.3d 1166, 1171–72 (9th Cir. 2018). Further, "'[i]t is well accepted that [the] raising of new issues and submission of new facts in [a] reply brief is improper.'" *Schwartz v. Upper Deck Co.*, 183 F.R.D. 672, 682 (S.D. Cal. 1999) (citing *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996)); *see also Sweet v. Pfizer*, 232 F.R.D. 360, 364 n.7 (C.D. Cal. 2005) ("the moving party in a motion cannot submit new information as part of its Reply") (internal citations omitted); *U.S. ex rel. Englund v. Los Angeles County*, No. CIV-S-04-282-LKK-JFM, 2005 WL 2089216, at *6 n.26 (E.D. Cal. Aug. 30, 2005) ("It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers.") (citing *Lujan v. Nat'l Wildlife Federation*, 497 U.S. 871, 894-95 (1990)).

Here, Intus' Reply contains both new exhibits and new arguments that were not only absent from, but also wholly inconsistent with, its original Motion.

- 1 -

**A. Intus' Reply Contains Entirely New Exhibits Not Presented in the Original Motion.**

Intus' original Motion was supported by the Declaration of Andrew Beshai containing five exhibits: (A) excerpts from the deposition of Michael Zawadski; (B) excerpts from the deposition of Melanie Martinez; (C) correspondence between counsel about stipulating to add Collabrios; (D) RTZ's discovery responses; and (E) the Proposed Second Amended Complaint. *See* Dkt. 100-1. In stark contrast, the Reply Declaration of Andrew Beshai introduces eight entirely new exhibits (Exhibits A through H) containing new factual assertions and evidence that were not referenced in or attached to Intus' Motion (*see* Dkt. 108-1). Accordingly, RTZ objects to all of the exhibits attached to the Reply:

**Exhibit A**: An email dated December 12, 2024 produced by RTZ (RTZ0004456)—never presented in the original Motion.

**Exhibit B**: Communications between Collabrios and PACE programs dated April 16, 2025 and May 8, 2025 produced by RTZ (RTZ0008192; RTZ0008156)—never presented in the original Motion.

**Exhibit C**: Contract amendments dated January 27, 2025 and June 13, 2025 produced by RTZ (RTZ0008151; RTZ0008202)—never presented in the original Motion.

**Exhibit D**: Emails dated February 24, 2025, June 12, 2025, and February 11, 2026 produced by Intus (Intus 019831; Intus 019527; Intus 04137)—never presented in the original Motion.

**Exhibit E**: Emails between counsel on February 6, 2026 and March 18, 2026 about deposition scheduling—never presented in the original Motion.

**Exhibit F**: Emails between counsel on March 26, 2026 about Collabrios retaining separate counsel—never presented in the original Motion and dated after Intus filed its moving papers.

**Exhibit G**: A client list that RTZ produced on March 3, 2026 pursuant to the Court's February 19, 2026 Order (RTZ0008249)—never presented in the original Motion.

DEFENDANT & COUNTER-CLAIMANT RTZ ASSOCIATES, INC'S OBJECTION TO INTUS CARE INC.'S REPLY EVIDENCE

70272494.v2

**Exhibit H**: Eleven pages of testimony from the deposition of Michael Zawadski on February 23, 2026 (pages 11, 28, 36-39, 154-156, 172-173)—<u>ten</u> of which were never presented in the original Motion, which only had <u>four</u> pages of testimony (pages 26-29).

This wholesale introduction of new evidence in a reply brief is precisely the type of conduct that courts have consistently rejected. *See Gilbert v. United States*, 359 F.2d 285, 288 (9th Cir. 1966) ("'Certainly the use of new material in a reply brief transgresses against the canons of fair forensics.'") (quoting *Fredrick v. United States*, 163 F.2d 536, 549 (9th Cir. 1947)). Except for Exhibit F (which is dated after Intus filed its moving papers), all of these exhibits were previously available to Intus when it filed its Motion on March 23, 2026, yet Intus for its own reasons opted not to include them in its moving papers. For instance, when Intus filed its Motion, Intus had the full transcript of Michael Zawadski's deposition, but cherry-picked four pages of excerpts to attach to the Motion. After seeing RTZ's Opposition, Intus has now introduced a new Exhibit H, attaching to the Reply *ten* new additional pages, which more than triples the total amount of testimony from the same deposition. Intus chose not to include this evidence in its original motion and cannot now cure that deficiency through a reply brief. *See, e.g.*, *Lujan*, 497 U.S. at 894-95 (holding that a party cannot use reply materials to supplement an original filing).

Further, with regard to Exhibit F (correspondence between counsel about Collabrios' retention of separate counsel), Intus cannot introduce evidence after the filing of its original Motion. Additionally, Exhibit F, like the other new exhibits, is inconsistent with the evidence and arguments presented in Intus' Motion. The exhibits contained in Intus' Motion and RTZ's Opposition consisted of limited deposition excerpts, correspondence between counsel about adding Collabrios as a defendant, RTZ's written discovery responses, Intus' proposed Second Amended Complaint, and Secretary of State entity filings. In contrast, the new Exhibits A through H contain various communications amongst non-parties produced in discovery, contracts, client lists, and communications between counsel about scheduling depositions. The very nature of these new exhibits is entirely different from the evidence in the Motion and

-3 -

Opposition. Thus, the new Exhibits A through H attached to its Reply should be disregarded because Intus has gone far beyond not only the reasonable boundaries of its original Motion but also a reasonable rebuttal to RTZ's Opposition.

**B. Based Upon the New Evidence, Intus' Reply Raises New Arguments Not Presented in the Original Motion.**

Intus' Reply also advances entirely new affirmative arguments using the new exhibits:

First, Intus now argues for the first time that it was *diligent* in seeking amendment and that RTZ "challenges Intus' diligence." *See* Reply at 2:20-21. Not so. Intus' Motion only made two main arguments, both of which expressly avoided any claim that Intus was diligent. First, Intus argued that *good cause* existed under Rule 16 because Intus could not have foreseen the Collabrios acquisition before the deadline to add parties or that RTZ would take positions contrary to the Collabrios announcement. Second, Intus argued that amendment is proper because there was no undue delay, bad faith, prejudice, or futility of amendment. Now, the Reply raises a new affirmative theory that Intus' diligence can be found in the context of RTZ and Collabrios' conduct after the Collabrios acquisition, and cites to new supporting Exhibits A through G. This is not a mere rebuttal argument to the three prongs of the diligence inquiry cited in RTZ's Opposition, which centered on Intus' lack of any diligent efforts. Instead of rebutting the three prongs, Intus raises an entirely new affirmative theory and analysis that is inconsistent with the evidence and arguments presented in the original Motion. As Intus' Motion lacked any diligence argument, the Court should disregard this new diligence argument and strike the supporting evidence, Exhibits A through G.

Second, Intus also argues for the first time that "RTZ has also litigated this case on behalf of Collabrios" and "defended this litigation on behalf of Collabrios." *See* Reply at 3:23-24, 4:21-22. These arguments appear nowhere in Intus' Motion and are supported entirely by new Exhibits A through C, and E through H.

-4 -

DEFENDANT & COUNTER-CLAIMANT RTZ ASSOCIATES, INC'S OBJECTION TO INTUS CARE INC.'S REPLY EVIDENCE

70272494.v2

Third, Intus also argues for the first time that Collabrios retained counsel after Intus filed its Motion, which demonstrates that the two entities had previously been treated as one. *See* Reply at 4:6-9. This argument was not raised in the original Motion and relies on new Exhibit F.

Finally, Intus also argues for the first time that RTZ conflated the two entities by pointing to RTZ's recent discovery briefing stating that RTZ managed and serviced PACELogic. This argument referencing Dkt. 104 was not raised in the original Motion.

Because the aforementioned arguments are inconsistent with the arguments presented in the original Motion, these arguments, and the corresponding new evidence, should be disregarded.

## III.    CONCLUSION

For the foregoing reasons, RTZ respectfully requests that this Court disregard, or strike, the Declaration of Andrew Beshai filed on April 13, 2026, including Exhibits A through H attached thereto, as well as all references to that evidence and all new arguments contained in Intus' Reply.

Dated:  April 20, 2026

NOSSAMAN LLP
DAVID C. LEE
KASIA PENN

By: _____
            David C. Lee

Attorneys for Defendant and Counterclaimant
RTZ ASSOCIATES, INC.

-5 -

DEFENDANT & COUNTER-CLAIMANT RTZ ASSOCIATES, INC'S OBJECTION TO INTUS CARE INC.'S REPLY EVIDENCE

70272494.v2