# manatt

**Andrew Beshai**
Manatt, Phelps & Phillips, LLP
Direct Dial:  (714) 915-4945
ABeshai@manatt.com

April 22, 2026

The Honorable Judge Alex G. Tse
U.S. District Court, Northern District of California
San Francisco Courthouse, Courtroom A – 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:    IntusCare Inc. v. RTZ Associates, Inc. (Case No. 4:24-cv-01132-JST) Discovery
                 Dispute

Dear Judge Tse:

On April 14, 2026, this Court issued an order recognizing that Plaintiff IntusCare Inc.'s ("Intus") position in the joint letter brief filed by the parties on April 6, 2026 (Dkt. 105) "cast doubt on RTZ's CareHub misappropriation theory of damages." Specifically, Intus argued that none of the counterclaims alleged entitled RTZ to consequential economic damages or lost profits from alleged misappropriation. The Court invited RTZ to submit a supplemental brief addressing Intus' authorities.

On April 17, 2026, RTZ filed a supplemental brief addressing only three of its counterclaims—the two anti-hacking statutes and the Unfair Competition Law ("UCL") claim. RTZ did not address its entitlement to damages under its trespass to chattels or inducing breach of contract claims.

RTZ's legal arguments as to available damages under the two anti-hacking statutes and the UCL are legally incorrect, and Intus hereby seeks leave to file a brief response. Should the Court grant Intus leave to file a proposed response, it is attached **Exhibit A** to this letter brief request.

Manatt, Phelps & Phillips, LLP   2049 Century Park East, Suite 1700, Los Angeles, California  90067   Tel:  310.312.4000  Fax:  310.312.4224
404683716.2

# manatt

April 22, 2026
Page 2

## **EXHIBIT A**

RTZ's position that it is entitled to damages stemming from alleged misappropriation under the UCL or the two anti-hacking statutes is wrong.

First, as to the UCL claim, RTZ cites *Korea Supply Co. v. Lockheed Martin Corp.* for the proposition that disgorgement is available as a remedy under the UCL. RTZ is wrong. Indeed, the *Lockheed* case holds the exact opposite. In *Lockheed*, the California Supreme Court held that "nonrestitutionary disgorgement of profits is not an available remedy in an individual action under the UCL." 29 Cal. 4th 1134, 1152 (2003). The *Lockheed* court disapproved of a damages theory identical to the one RTZ advances here. There, the plaintiff sought lost profits, alleging that the defendant induced a foreign government to award a contract of sale to a company other than the one represented by the plaintiff. *Id*. at 1140. "In an attempt to fit its claim within the" UCL, the plaintiff in *Lockheed*—much like RTZ here—"describe[d] its requested remedy as 'restitution.'" *Id*. at 1149. But the *Lockheed* court recognized that restitution "does not accurately describe the relief sought" and explained, "The remedy sought by plaintiff in this case is not restitutionary because plaintiff does not have an ownership interest in the money it seeks to recover from defendants." *Id*. According to the *Lockheed* court, because the "plaintiff is not seeking the return of money or property that was once in its possession," its damages are not cognizable under the UCL. *Id*. RTZ, therefore, cannot recover its lost profits or any profits earned by Intus as a result of its CareHub product under the UCL because any such damages "would not replace any money or property that [Intus] took directly from [RTZ]." *Id*.

Second, RTZ's arguments under the Computer Fraud and Abuse Act ("CFAA") are unavailing. The Ninth Circuit has unequivocally held that "the CFAA is 'an anti-hacking statute,' not 'an expansive misappropriation statute.' The statute's 'loss' definition—with its references to damage assessments, data restoration, and interruption of service—clearly limits its focus to harms caused by computer intrusions, not general injuries unrelated to the hacking itself." *Andrews v. Sirius XM Radio Inc.*, 932 F.3d 1253, 1263 (9th Cir. 2019) (quoting *United States v. Nosal*, 676 F.3d 854, 857 (9th Cir. 2012) (en banc)). While paying lip service to this binding precedent, RTZ insists that it is still entitled to lost profits unrelated to the actual computer instruction or hacking itself. Not so. The statutory language RTZ cites is of no help to RTZ because it allows for recovery of "revenue lost, cost incurred, or other consequential damages *incurred because of interruption of service*." 18 U.S.C. § 1030(e)(11) (emphasis added). There are no allegations that RTZ lost customers because of interrupted service or that Intus' CareHub profits are in any way traceable to interrupted service of RTZ's EMR. Indeed, there is no claim that any service was interrupted at all. RTZ, therefore, cannot take advantage of this provision of the CFAA. To hold otherwise would be to run afoul of the Ninth Circuit's admonition in *Andrews* and improperly convert the CFAA into a general misappropriation statute. Equally unavailing is RTZ's citation to *Facebook, Inc. v. Power Ventures, Inc.*, a case holding that "investigation and enforcement costs are compensable under the CFAA" that has

# manatt

April 22, 2026
Page 3

nothing to do with lost profits. 252 F. Supp. 3d 765, 779 (N.D. Cal. 2017), aff'd, 749 F. App'x 557 (9th Cir. 2019). Nor is RTZ's reliance on *In re Facebook, Inc. Internet Tracking Litig.* persuasive because the court in that case was addressing standing to bring suit under the CDAFA, not entitlement to damages under the CFAA. 956 F.3d 589, 600 (9th Cir. 2020).

Third, RTZ's theory of damages under California's Comprehensive Computer Data Access and Fraud Act ("CDAFA") is wrong. The major flaw in RTZ's argument is that it ignores the limiting language of CDAFA, which expressly provides that "Compensatory damages shall include any expenditure reasonably and necessarily incurred by the owner or lessee to verify that a computer system, computer network, computer program, or data was or was not altered, damaged, or deleted by the access." Cal. Penal Code § 502(e)(1). Based on this unambiguous language limiting CDAFA damages to actual harm to a computer system or network, "the majority of courts to consider the issue," have rejected a misappropriation theory of damages and have ruled, instead, that "CDAFA's private right of action contemplates some damage to the computer system, network, program, or data contained on that computer, as opposed to data generated by a plaintiff while engaging with a defendant's website." *Heiting v. Taro Pharms. USA, Inc.*, 709 F. Supp. 3d 1007, 1021 (C.D. Cal. 2023). Not only does RTZ cite to the minority of cases, which ignore the express damages limitation in CDAFA, but those cases are of no help to RTZ because those cases hold that under CDAFA, a plaintiff must "articulate that theory of loss in a concrete way." *See Lineberry v. AddShopper, Inc.*, No. 23-CV-01996-VC, 2025 WL 551864, at *2 (N.D. Cal. Feb. 19, 2025) RTZ has not articulated its theory of loss in a concrete way. It has not pointed to a single shred of data belonging to RTZ that was allegedly misappropriated. Instead, RTZ has alluded vaguely to some amorphous notion that Intus "mine[d] information about EMR software elements" from RTZ's program (RTZ April 6, 2026 Letter Brief). RTZ does not specify what "information" was supposedly "mined." Nor does RTZ articulate what "software elements" were allegedly misappropriated. What is most fatal to RTZ's damages theory is that RTZ cannot articulate a concrete theory of harm even though it now has the benefit of multiple screenshots and pitch decks showing, in granular detail, how CareHub looks and functions.[1] This dearth of detail is telling—even under its own authorities, RTZ cannot articulate a theory of damages that would entitle it to lost profits stemming from misappropriation under CDAFA.

---

[1] Equally unavailing is RTZ's reliance on *Smith v. Rack Room Shoes, Inc.*, No. 24-CV-06709-RFL, 2025 WL 2210002, at *3 (N.D. Cal. Aug. 4, 2025) and *Rodriguez v. Google LLC*, No. 20-CV-04688-RS, 2024 WL 38302, at *1 (N.D. Cal. Jan. 3, 2024) because in both of those cases, the plaintiffs alleged a concrete theory of personal data and browsing history that was allegedly misappropriated.

404683716.2