UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTUS CARE, INC.,<br><br>       Plaintiff,<br><br>    v.<br><br>RTZ ASSOCIATES, INC.,<br><br>       Defendant. | Case No. 24-cv-01132-JST (AGT)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. Nos. 105, 112, 116 |

By May 7, 2026, Intus must produce all non-privileged documents in its possession, custody, and control that are responsive to RFPs 66–84. The Court previously held that "[a]ll of these RFPs seek relevant documents," dkt. 96 at 1, and Intus hasn't convinced the Court that this discovery will be disproportionate to the needs of the case. Fed. R. Civ. P. 26(b)(1).

Even if "thousands of documents" are responsive, as Intus suggests, dkt. 105 at 5, Intus hasn't offered any evidence of the "burden or expense" of production. Fed. R. Civ. P. 26(b)(1). Rule 26(b)(1), as just quoted, expressly identifies "burden or expense" as a relevant consideration. To the extent that Intus reads *Crystal Lakes v. Bath & Body Works, LLC*, No. 16-CV-2989-MCE-GGH, 2018 WL 533915, at *1 (E.D. Cal. Jan. 23, 2018), as suggesting otherwise, the Court rejects that reading and understanding of Rule 26.

Intus cannot withhold responsive documents based on its contention that RTZ cannot

recover damages on a misappropriation theory. As RTZ's supplemental letter brief reveals (dkt. 112), Judge Chhabria held that such a theory may be actionable under the CDAFA. *See Lineberry v. AddShopper, Inc.*, No. 23-cv-01996-VC, 2025 WL 551864, at *2 (N.D. Cal. Feb. 19, 2025) ("The statute does not define 'damage or loss' and the plain reading of 'damage or loss by reason of a violation' of CDAFA is that any loss due to the CDAFA violation is cognizable. . . . [P]laintiffs may allege damage or loss from the misappropriation of their data, so long as they articulate that theory of loss a concrete way.") (quoting Cal. Penal Code § 502(e)(1)). Intus insists that Judge Chhabria's position is a minority view that shouldn't be adopted, or if adopted, that RTZ flunks the second part of Judge Chhabria's test: RTZ hasn't identified its loss in "a concrete way." *Id.*; *see* Dkt. 116 at 3. Intus may make these arguments at trial, but RTZ gets discovery on its misappropriation theory.

**IT IS SO ORDERED.**

Dated: April 23, 2026

Alex G. Tse
United States Magistrate Judge