UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

INTUS CARE, INC.,

        Plaintiff,

    v.

RTZ ASSOCIATES, INC.,

        Defendant.

Case No. 24-cv-01132-JST

**ORDER DENYING MOTIONS TO FILE UNDER SEAL**

Re: ECF Nos. 109, 110

The Court denies Plaintiff Intus Care, Inc.'s administrative motions to file material under seal. ECF Nos. 109, 110. As to one exhibit sought to be filed under seal, Intus states, "Compelling reasons exist to file under seal because these documents would otherwise injure Intus and its clients by exposing confidential communications between Intus and its clients." ECF No. 109-1 ¶ 6. Similarly, Defendant RTZ Associates, Inc. states that disclosure of other documents contains "sensitive business information," the disclosure of which "could cause significant harm to RTZ." ECF No. 114 ¶ 3. Both parties also rely on production of the documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the protective order for this case. ECF No. 109-1 ¶¶ 3–5; ECF No. 114 ¶ 2.

The parties' justifications for sealing are insufficient. *E.g.*, *Frasco v. Flo Health, Inc.*, No. 3:21-cv-00757-JD, 2023 WL 11983357, at *1 (N.D. Cal. Aug. 8, 2023) ("General assertions of potential competitive or commercial harm are not enough to establish good cause for sealing court records, and the fact that the parties may have designated a document as confidential under a stipulated protective order is also not enough to justify sealing." (citation modified)); *Thrive Nat. Care, Inc. v. Thrive Causemetics, Inc.*, No. CV 20-9091 PA (ASx), 2021 WL 5279575, at *2 (C.D. Cal. Sept. 21, 2021) ("Defendant's wholly conclusory allegations of prospective competitive

United States District Court
Northern District of California

harm which may or could result from the public filing of the documents is not the type of particularized showing of harm necessary to support a finding that compelling reasons exist to justify sealing.”).

In addition, the sealing requests are not narrowly tailored.  For example, the parties have not explained why entire email chains warrant sealing.  Parties must “avoid wherever possible sealing entire documents (as opposed to merely redacting the truly sensitive information in a document).”  Civil L.R. 79-5(a).

Accordingly, the motions to file under seal are denied.  Intus shall file the documents publicly within seven days of the date of this order.  Alternatively, Intus may re-file their motions to file under seal if the parties believe they can provide more specific information to justify sealing.  Any renewed motions must be narrowly tailored.

**IT IS SO ORDERED.**

Dated:  April 27, 2026

_____
JON S. TIGAR
United States District Judge