UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

INTUS CARE, INC.,

Plaintiff,

v.

RTZ ASSOCIATES, INC.,

Defendant.

Case No. 24-cv-01132-JST

**ORDER DENYING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT; ORDER TERMINATING AS MOOT MOTION FOR LEAVE TO FILE RESPONSE**

Re: ECF Nos. 100, 119

Before the Court is Plaintiff Intus Care, Inc.'s motion for leave to file an amended complaint that adds a second defendant, Collabrios Health, LLC. ECF No. 100. The Court finds the matter suitable for disposition without oral argument, *see* Fed. R. Civ. P. 78(b); Civil L.R. 7-1(b), and will now deny the motion.

As the Court previously explained:

> The Court's scheduling order set a July 12, 2024 deadline to add parties or amend the pleadings and explained that "[a]fter this deadline, a party may still seek amendment, but must demonstrate good cause" under Rule 16(b)(4) of the Federal Rules of Civil Procedure. ECF No. 40 at 1 & n.1. If good cause is shown, the moving party must then show that amendment is proper under Rule 15. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–09 (9th Cir. 1992).

ECF No. 99 at 1.

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon

United States District Court
Northern District of California

> the moving party's reasons for seeking modification.  If that party was not diligent, the inquiry should end.

*Johnson*, 975 F.2d at 609 (citation modified).

In this case, Intus seeks to add Collabrios as a successor entity to RTZ.  As it acknowledges in its motion, Intus first learned that "RTZ joined forces with two other entities to form a new entity, Collabrios Health, LLC" in October 2024.  ECF No. 100 at 5.  In its reply, it notes that "Collabrios has held itself out as RTZ's successor from the moment Collabrios announced publicly that it had acquired RTZ in both its business dealings and in the course of this litigation," and that "Intus was not aware that some sort of RTZ corporate entity continues to exist."  ECF No. 108 at 2.  Intus attempted to get RTZ to agree to substitute Collabrios as the defendant, but that was not until January 23, 2026.  ECF No. 100-1 at 14.  It argues that it did not know RTZ was taking the position that Collabrios was a separate entity until it received discovery responses on February 23, 2026, in which RTZ repeatedly stated in response to requests for production, "Collabrios Health LLC is not a party to this action and is a separate legal entity from Responding Party [RTZ]."  ECF No. 100-1 at 22–31.

Collabrios did not come into existence until three months after the July 12, 2024 deadline to amend the pleadings, so it would have been impossible for Intus to have complied with that deadline.  Nonetheless, Intus was not diligent in seeking to name Collabrios as a defendant because a party must be "diligent in seeking amendment of the Rule 16 order, once it [becomes] apparent that [the party] could not comply with the order." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999).  Intus failed to do so here.  It has been aware of Collabrios's existence since October 2024—and, in fact, goes even further and argues that it did not know RTZ continued to exist as an entity after that time.  In other words, Intus's view was that the defendant it named in this lawsuit ceased to exist after Collabrios came into existence in October 2024.  Yet it took no action until January 2026—14 months later—when it asked RTZ if it would agree to substitute Collabrios as a defendant.  It did not seek leave to amend prior to that time, nor did it seek to modify the deadline to amend the pleadings when it agreed with RTZ to modify other deadlines in the scheduling order.  ECF Nos. 82, 86.  Nor does it appear that Intus ever asked RTZ, prior to January 2026, whether RTZ agreed with Intus that Collabrios was the proper

United States District Court
Northern District of California

defendant.  This conduct was not diligent, and the Court therefore denies Intus's motion for leave to amend.  *See, e.g.*, *Johnson*, 975 F.2d at 610 (concluding that "the district court did not abuse its discretion when it denied [the plaintiff's] motion to amend—a motion made four months after the cut-off date for amendment had expired"); *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (noting, in the Rule 15 context, that the Ninth Circuit has "held that an eight month delay between the time of obtaining a relevant fact and seeking a leave to amend is unreasonable"); *Valenzuela v. Ford Motor Co.*, No. 10-CV-156-TUC-RCC, 2011 WL 13092975, at *3 (D. Ariz. Sept. 27, 2011) (finding lack of diligence when "the parties have already moved for three extensions of the original scheduling order in this case, and Plaintiff never sought an extension of the deadline to amend pleadings," and Plaintiff did not seek leave to amend "until nearly three months" after the deadline, when "the information was known or could be obtained through reasonable diligence by Plaintiff prior to the deadline").

In reaching this conclusion, the Court has considered the arguments raised in Intus's proposed response to RTZ's objection to Intus's reply brief.  ECF No. 119.  The Court therefore terminates as moot Intus's motion for leave to file such a response.  The May 1, 2026 deadline to respond to that motion, ECF No. 121, is vacated.  In addition, the parties need not file renewed motions to file material under seal or file the material at issue in the original motions, ECF Nos. 109 & 110, in the public record.  *See* ECF No. 120.  The filed material may remain under seal, as this order does not rely on any of the material at issue.

**IT IS SO ORDERED.**

Dated:  April 30, 2026

_____
JON S. TIGAR
United States District Judge

United States District Court
Northern District of California

3