MANATT, PHELPS & PHILLIPS, LLP
CHARLES E. WEIR (Bar No. CA 211091)
CWeir@manatt.com
ANDREW BESHAI (Bar No. CA 308030)
ABeshai@manatt.com
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
Telephone:    (310) 312-4000
Facsimile:    (310) 312-4224

Attorneys for Plaintiff and Counter-defendant
INTUSCARE INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRCIT OF CALIFORNIA

| | |
|---|---|
| INTUSCARE INC., <br><br> Plaintiff, <br><br> v. <br><br> RTZ ASSOCIATES, INC.; and DOES 1 through 10, <br><br> Defendants. | Case No. 4:24-cv-01132-JST <br><br> Assigned to: Hon. Jon S. Tigar <br><br> **INTUSCARE INC.'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** <br><br> Complaint Filed: February 23, 2024 <br> Amended Complaint Filed: April 2, 2024 <br> Counterclaims Filed: June 20, 2024 |

INTUSCARE INC.'S MOTION FOR RELIEF FROM
NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE

404688383.2

## I.   **INTRODUCTION**

Defendant RTZ Associates Inc. ("RTZ") seeks every communication, development document, board meeting minute, profit projections, pricing models, etc. about a product that was in development by Plaintiff IntusCare Inc. ("Intus") for over two years. RTZ's only justification for such sweeping discovery requests is that Intus accessed RTZ's product and witnessed its user interface. According to RTZ, Intus has allegedly violated California's Comprehensive Computer Data Access and Fraud Act ("CDAFA"), a criminal statute enacted to combat data theft and hacking damage to a computer system. But RTZ has not articulated any data that Intus misappropriated; instead, RTZ maintains that Intus drew inspiration from the "look and feel" of RTZ's product to develop its own competing product, CareHub.

Even though Intus produced over 200 pages of material containing detailed descriptions of the functionality, operability, capabilities, interface, use, and development of CareHub—including screenshots showing the exact "look and feel" of its product—RTZ wants more. RTZ's requests are overbroad, disproportionate to the needs of the case, and not tethered to any viable claim or damages theory. Intus respectfully requests that this Court grant relief from the Magistrate Judge's order to produce additional CareHub-related material.

## II.   **LEGAL STANDARD**

"A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Civil L.R. 72–2. "[T]he magistrate's legal conclusions are reviewed *de novo* to determine whether they are contrary to law." *Perry v. Schwarzenegger,* 268 F.R.D. 344, 348 (N.D. Cal. 2010). A decision is contrary to law if "it applies an incorrect legal standard, fails to consider an element of [the] applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Martin v. Loadholt*, No. 1:10-cv-00156-LJO-MJS, 2014 WL 3563312, at *1 (E.D. Cal. July 18, 2014).

## III.   **FACTUAL & PROCEDURAL BACKGROUND**

Intus is a health analytics company that contracts with Programs of All-Inclusive Care for the Elderly ("PACE") (the "Intus Clients"). Intus synthesizes data from each PACE program's electronic health records and uses that data to identify risks, visualize trends, and optimize patient care. (FAC, Dkt. No. 25, ¶ 1.) With RTZ's knowledge and consent, Intus obtained electronic medical records ("EMR")

MANATT,
PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

INTUSCARE INC.'S MOTION FOR RELIEF FROM
NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE

404688383.2

data stored on an EMR platform operated by RTZ, called PACECare, through a simple file extraction process or interface. (*Id.*, ¶¶ 2, 14.) However, starting in September 2022, RTZ refused to provide Intus access to the data on PACECare, and later prohibited Intus Clients from providing access to Intus. (*Id.*, ¶ 2, 15.) Intus brought suit alleging that RTZ violated the 21st Century CURES Act Information Blocking provision and intentionally interfered with Intus' contracts and prospective economic relations.

RTZ brought counterclaims, alleging that Intus violated two anti-hacking statutes (CDAFA and CFAA), committed trespass to chattels, engaged in unfair competition (UCL), and induced breach of contract by accessing PACECare without authorization. RTZ claims its remedies for these claims are tied to Intus's product CareHub. RTZ claims that Intus accessed PACE Care for the purpose of reviewing the "look and feel" of it to "expedite" development of CareHub. There are no allegations specifying in a concrete manner any data belonging to RTZ that was allegedly misappropriated.

In discovery, RTZ requested CareHub information requiring Intus to produce every communication, development document, board meeting minute, profit projections, pricing models, etc. about a product that was in development for over two years. (Declaration of Andrew Beshai, Ex. 1.)

On April 3, 2026, Intus produced over 200 pages of CareHub material, pitch decks, and releases containing detailed descriptions of the functionality, operability, capabilities, interface, use, and development of CareHub. Intus also produced a list of existing CareHub clients and screenshots of the CareHub interface so RTZ could see the exact "look and feel" of the CareHub EMR. As to the remaining, voluminous discovery requests seeking thousands of documents and communications on each aspect of CareHub's development, RTZ insisted that such information was relevant to its "damages." Intus argued that RTZ's justification was meritless because none of the counterclaims allowed for economic damages or lost profits from misappropriation. (Dkt. 105 at 5.)

On April 14, 2026, Magistrate Judge Tse ("the Magistrate Judge") issued an order recognizing that Intus' position in the joint letter brief "cast doubt on RTZ's CareHub misappropriation theory of damages," and he invited RTZ to submit a supplemental brief addressing Intus' arguments. (Dkt. 111.) In its supplemental brief, RTZ addressed only three of its counterclaims, arguing that lost profits are available as damages under CDAFA, CFAA, and UCL. (Dkt. 112.) Intus filed a motion for leave to file a response to RTZ's supplemental brief, pointing out that RTZ's legal positions were contrary to case

2

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

INTUSCARE INC.'S MOTION FOR RELIEF FROM
NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE

404688383.2

law and statutory language. (Dkt. 116.) On April 23, 2026, RTZ submitted its expert report stating that it was seeking damages for its counterclaims based upon two theories. (Beshai Decl., Ex. 2.) The first related to a hypothetical license that has nothing to do with CareHub. (*Id*. at 17-22.) The second includes RTZ's lost profits from three customers that transitioned from PACECare to CareHub. (*Id*. at 22-23.)

On April 23, 2026, before the recent expert report, the Magistrate Judge ruled that RTZ was entitled to the CareHub material based on a single statute—CDAFA. (Dkt. 117.) Intus respectfully objects to the portion of the Magistrate Judge's ruling in which he held that misappropriation damages are actionable under the CDAFA and that RTZ articulated a concrete theory to be entitled to lost profits.

## IV.   <u>ARGUMENT</u>

The Magistrate Judge's ruling that RTZ has alleged facts entitling it to misappropriation damages under CDAFA—and affording it the discovery sought—is contrary to law.[1]

CDAFA provides, "Compensatory damages shall include any expenditure reasonably and necessarily incurred by the owner or lessee to verify that a computer system, computer network, computer program, or data was or was not altered, damaged, or deleted by the access." Cal. Penal Code § 502(e)(1). Based on this unambiguous language limiting CDAFA damages to actual harm to a computer system or network, "the majority of courts to consider the issue," have rejected a misappropriation theory of damages and have ruled, instead, that "CDAFA's private right of action contemplates some damage to the computer system, network, program, or data contained on that computer, as opposed to data generated by a plaintiff while engaging with a defendant's website." *Heiting v. Taro Pharms. USA, Inc.*, 709 F. Supp. 3d 1007, 1021 (C.D. Cal. 2023). The Magistrate Judge erred by relying on the minority view, which ignores the plain language of the statute. *See I.R. ex rel. E.N. v. Los Angeles Unified Sch. Dist.*, 805 F.3d 1164, 1167 (9th Cir. 2015) ("When interpreting a statute, the court begins with the statutory text and interprets 'statutory terms in accordance with their ordinary meaning . . . '").

Even taking the minority view of misappropriation damages under CDAFA, a party may only

---

[1] While RTZ argued that it was also entitled to misappropriation damages under the CFAA and UCL (*See* Dkt. 112), RTZ is wrong (*See* Dkt. 116), and the Magistrate Judge did not base his decision on either of these two statutes.

3

MANATT,
PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

404688383.2

"allege damage or loss from the misappropriation *of their data*, so long as they articulate that theory of loss *[in] a concrete way*." *Lineberry v. AddShopper, Inc.*, No. 23-CV-01996-VC, 2025 WL 551864, at *2 (N.D. Cal. Feb. 19, 2025). The Magistrate Judge erred by ruling that RTZ had identified its harm in a concrete way. RTZ has not alleged damage or loss from the misappropriation of *its own* data. Nor has it articulated its theory of loss in a concrete way. In its Answer, RTZ alluded to vague notions that Intus viewed and accessed PACECare to "obtain competitive intelligence" (Answer to FAC ¶ 45) or "to mine other valuable data" (*Id.* ¶ 53). What data? RTZ does not say. Likewise, in its letter brief, RTZ argued that Intus "mine[d] information about EMR software elements" from PACECare. (Dkt. 105 at 3.) Again, RTZ does not specify what "information" was supposedly "mined." Nor does RTZ articulate what "software elements" were allegedly misappropriated. And in his report, RTZ's damages expert maintained that Intus allegedly copied the "look and feel" of PACECare as well as the "user interface and selection of variables" that RTZ incorporated in PACECare.[2] (Beshai Decl., Ex. 2 at ¶ 75.) There is no evidence cited for that proposition. Rather, RTZ cites to the testimony of Collabrios's CEO, Michael Zawadski who stated that he has never seen CareHub. (*Id.*, Ex. 4 at 166:18-167:11.) Most fatal to RTZ's damages theory is that RTZ cannot point to any specific data that was misappropriated even though it now has the benefit of multiple screenshots and pitch decks showing, in granular detail, how CareHub functions and what the interface looks like.

RTZ's amorphous references to the "look and feel" of PACECare stand as a sharp contrast with the type of data that courts have held constitute a concrete theory of loss under CDAFA. For instance, "data logging of [a] user's web app and activity such as a user's searches and activity from other Google services, information associated with the user's activity, and information about the user's location and device," have been deemed sufficiently concrete theories under CDAFA. *Rodriguez v. Google LLC*, 772 F. Supp. 3d 1093, 1099 (N.D. Cal. 2025). So, too, have data points such as "the URL of the specific webpage the user is trying to access; the user's IP address; the User-agent, which identifies the user's device platform and browser; user's geolocation." *Brown v. Google LLC*, 685 F. Supp. 3d 909, 919–20

---

[2] To the extent RTZ argues that its data categories, or "variables," are proprietary, RTZ is wrong. RTZ's own former implementation manager, Alexandria Lueth, testified that all PACE EMRs have "a common data set" dictated by PACE regulations (e.g., falls, hospitalizations, etc.). (Beshai Decl., Ex. 3 at 107:22-108:9.)

INTUSCARE INC.'S MOTION FOR RELIEF FROM
NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE

MANATT, PHILLIPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

404688383.2

(N.D. Cal. 2023). And the "URL revealing the visitor's search queries; the name of the button clicked and the name of the webpage; items viewed and placed in cart; and hashed values corresponding to the visitor's name, address, phone number, and email" have been found to be sufficient to allege a concrete theory of harm under CDAFA. *Smith v. Rack Room Shoes, Inc.*, No. 24-CV-06709-RFL, 2025 WL 2210002, at *1 (N.D. Cal. Aug. 4, 2025). RTZ has not pointed to a single shred of its own data that was allegedly misappropriated.[3]

Not only has RTZ failed to articulate a viable damages theory, but its generic reference to "look and feel" makes the discovery requests at issue amorphous and overly broad. And, if it is all about the "look and feel" of CareHub, that does not explain why burdensome requests about financial information and development are necessary. CareHub either "looks and feels" like PACECare or it does not. One does not need two years of development documents to make that determination. Thus, not only is it not a viable damage theory, even if the "look and feel" of PACECare could support damages, that is not a basis for the expansive discovery sought. What has been produced already is more than sufficient for RTZ to test its "look and feel" theory. "[T]o fall within the scope of discovery, the information must also be 'proportional to the needs of the case,' requiring lawyers to 'size and shape their discovery requests to the requisites of a case' while 'eliminat[ing] unnecessary or wasteful discovery.'" *Yphantides v. Conty of San Diego*, No. 21CV1575-GPC(BLM), 2022 WL 3362271, at *3 (S.D. Cal. Aug. 15, 2022).

## V.   **CONCLUSION**

CDAFA by its plain language does not allow for misappropriation damages, and even under the minority view of courts that have allowed such damages, RTZ has not alleged any of its own data that was misappropriated or articulated a damage theory that would in anyway justify the expansive discovery it seeks. This Court should grant Intus' Motion for Relief from the Magistrate Judge's Pretrial Order and deny RTZ's request for any additional CareHub-related discovery.

---

[3] The only "data" that was described with any specificity in the Answer is the PACE customers' health data, which belongs to Intus' PACE customers, not RTZ. (Answer to FAC ¶ 44.) RTZ has not (and cannot) articulate any link between the PACE customers' data and the design of CareHub for the purposes of its counterclaims or misappropriation damages.

5

INTUSCARE INC.'S MOTION FOR RELIEF FROM
NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE

MANATT,
PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

404688383.2

Respectfully submitted,

Dated: April 30, 2026

MANATT, PHELPS & PHILLIPS, LLP

By:  */s/ Andrew Beshai*
Charles Weir
Andrew Beshai

Attorneys for Plaintiff and Counter-defendant
INTUSCARE INC.

INTUSCARE INC.'S MOTION FOR RELIEF FROM
NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE

MANATT,
PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

404688383.2