NOSSAMAN LLP
DAVID C. LEE (SBN 193743)
dlee@nossaman.com
50 California Street, 34th Floor
San Francisco, CA 94111
Telephone:  415.398.3600
Facsimile:  415.398.2438

NOSSAMAN LLP
KASIA PENN (SBN 306056)
kpenn@nossaman.com
18101 Von Karman Avenue, Suite 1800
Irvine, CA 92612
Telephone:  949.833.7800
Facsimile:  949.833.7878

Attorneys for Defendant and Counter-claimant
RTZ ASSOCIATES, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTUS CARE, INC.,<br><br>       Plaintiff,<br><br>   vs.<br><br>RTZ ASSOCIATES, INC.; and DOES 1 through 10,<br><br>       Defendants,<br><br>RTZ ASSOCIATES, INC.,<br><br>       Counter-claimant,<br><br>   vs.<br><br>INTUS CARE, INC.,<br><br>       Counter-defendant. | Case No:     4:24-cv-01132-JST<br><br>Assigned to: Hon. Jon S. Tigar<br><br>**DEFENDANT AND COUNTER-CLAIMANT RTZ ASSOCIATES, INC.'S OPPOSITION TO INTUS CARE INC.'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>Complaint Filed: February 23, 2024<br>Amended Complaint Filed: April 2, 2024<br>Counterclaims Filed: June 20, 2024 |

Case No. 4:24-cv-01132-JST

RTZ ASSOCIATES, INC'S OPP. TO MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER

70351778.v4

## I.    INTRODUCTION

Intus Care Inc.'s ("Intus") Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge (Dkt. 124.) ("Motion") continues a troubling pattern: Intus applies incorrect legal standards to disputes and then seeks expanded briefings that not only delay the case but unnecessarily expend judicial resources. The core question is straightforward: whether Requests for Production Nos. 66-84 (the "Requests") are "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34. Magistrate Judge Tse already answered that question in the affirmative *twice*. His rulings are neither clearly erroneous nor contrary to law.

Ignoring RTZ's assertions and the Court's findings that CareHub-related documents are directly relevant to RTZ's defenses and counterclaims (Dkt. 94), Intus continues to argue that it should not have to produce documents because RTZ will not be successful on its counterclaims, a contention that conflates the merits with the permissive standard governing discovery. After Magistrate Judge Tse ordered that "[b]y May 7, 2026, Intus must produce all non-privileged documents…that are responsive to [the CareHub-related RFPs]" (Dkt. 117.), Intus still is attempting to deprive RTZ of those critical materials – all of which go to RTZ's counterclaims and expert damages analysis. The Court should deny the Motion.

## II.    FACTUAL BACKGROUND

On September 14, 2022, RTZ sent a cease-and-desist letter to Intus, demanding that Intus stop accessing RTZ's PACECare system and explicitly informing Intus that RTZ's customers were not permitted to share PACECare login credentials with Intus. (*See* Dkt. 89.) Intus nevertheless brazenly continued to access PACECare up through the end of 2024—2 years after the cease-and-desist demand—as indisputably admitted in its discovery responses. (*See* Dkt. 62-1, Exs. 3 & 4 [9,896 rows of Intus access events through Dec. 2024].) As alleged, Intus exploited its excessive unauthorized access to PACECare by navigating system areas afield of any legitimate data extraction needs – all as a means to accelerate the development of its own competing CareHub product. Intus witnesses confirm that Intus commenced development of its competitive product, CareHub, in early 2024 and went live by May 2025—i.e., a rapid period

- 1 -

from development to market. Intus immediately started generating a revenue stream by poaching RTZ's customers. Thus, under RTZ's counterclaims, which include violations of the CDAFA (Cal. Pen. Code § 502), CFAA (18 U.S.C. § 1030), trespass to chattels, and violations of California Business & Professions Code section 17200 (the "UCL"), RTZ is entitled to seek, at minimum, damages related to CareHub, including the value of the proprietary system data Intus extracted from PACECare, value of the customers RTZ lost to Intus and CareHub, and disgorgement of Intus' CareHub profits. Accordingly, documents relating to the development of CareHub (RFP Nos. 66-73, 77, and 84), and financial projections, customer contracts and communications, and pricing models (RFP Nos. 76, 78, 81, and 82) are relevant to RTZ's counterclaims and defenses, including RTZ's unclean hands defense.

## III.    ARGUMENT

### A. Intus Continues a Pattern of Applying Incorrect Legal Standards and Seeking Expanded Briefings That Delay This Case and Waste Judicial Resources.

From the inception of the CareHub discovery dispute, Intus has engaged in a pattern of obstructive conduct designed to delay and frustrate RTZ's legitimate discovery efforts of such materials. The record is replete with examples. First, when RTZ initially sought CareHub-related documents and deposition testimony, Intus instructed its witnesses not to answer questions about CareHub and served objection-only responses to the Requests. Magistrate Judge Tse overruled those objections, finding *"[a]ll of these RFPs seek relevant documents"* because "CareHub is one of the fruits of Intus's alleged unauthorized access of PACECare" and "CareHub is still relevant to damages for RTZ's unauthorized-access claims." (Dkt. 96.)

Second, rather than comply, Intus continued to resist, unilaterally limiting its production to "presentations, pitch decks, screen shots, and marketing materials," forcing RTZ to return to the Court. (Dkt. 105.) And third, when the Court requested supplemental briefing only from RTZ, Intus invited itself to submit its own brief (Dkt. 116.), characterizing the Court's request of RTZ as agreement with Intus' position. Magistrate Judge Tse rejected those arguments. (Dkt. 117.) Intus now asks this Court to re-adjudicate the same CareHub issues—consuming yet more judicial resources and further delaying RTZ's access to discoverable material.

This pattern of delay is particularly prejudicial given that expert discovery is closing. Magistrate Tse directed Intus to produce the records by May 7, 2026. (Dkt. 117.) RTZ requested the Court to advance the production date to May 3 given the May 12 deadline for expert rebuttal designations and trial exhibit submissions on May 15. (Dkt. 118.) Magistrate Tse directed Intus to respond to RTZ's request. (Dkt. 122.) Intus filed this Administrative Motion instead. Intus' strategy is calculated to prevent RTZ from incorporating CareHub documents into its damages analysis, potential expert rebuttal, and for use at trial.

The correct standard here is whether Magistrate Judge Tse's Order was "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). As set forth below, there was no such error. The Magistrate Judge applied the correct legal standard, considered the parties' arguments (multiple times), and reached a well-reasoned conclusion that should not be disturbed.

**B. The RFPs Are Relevant and Proportional Under Rule 26, and Intus Cannot Withhold Documents Based on Its Own Merits Assessment.**

The question is not whether RTZ will ultimately prevail; it is whether the documents sought are "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Magistrate Judge Tse answered this question affirmatively (Dkt. 96.), and reaffirmed that "Intus hasn't convinced the Court that this discovery will be disproportionate to the needs of the case." (*See* Dkt. 117.)

Intus argues RTZ is not entitled to CareHub discovery because the CDAFA does not allow misappropriation damages. As Magistrate Judge Tse observed: ***"Intus cannot withhold responsive documents based on its contention that RTZ cannot recover damages on a misappropriation theory."*** (Dkt. 117 (emphasis added).) Intus "may make these arguments at trial, but RTZ gets discovery on its misappropriation theory." *Id.*

RTZ alleges Intus exploited its unauthorized access to mine the "functionality, operability, layout, interfaces, data presentation and report-generating capabilities" of PACECare to "expedite and refine its own development of a competing EMR system." (Dkt. 41 ¶¶ 45, 53.) The Requests are essential to establishing the causal link between that unauthorized access and CareHub's accelerated development, and to quantifying RTZ's disgorgement theory by identifying revenues

-3-

Intus generated from CareHub. These Requests fall squarely within Magistrate Judge Tse's ruling that CareHub's "development, functionality, and use are relevant to damages." (Dkt. 96.)

**C. The Minority View on CDAFA Damages Supports the Magistrate Judge's Order, and Intus Concedes This View Exists.**

Even considering the merits of RTZ's damages theories at this juncture, Intus concedes that a "minority" view exists supporting RTZ's theories—a concession fatal to the Motion. Magistrate Judge Tse cited directly to Judge Chhabria's ruling in *Lineberry v. AddShopper, Inc.*, No. 23-CV-01996-VC, 2025 WL 551864, at *2 (N.D. Cal. Feb. 19, 2025), which held that "[t]he statute does not define 'damage or loss' and the plain reading of 'damage or loss by reason of a violation' of CDAFA is that any loss due to the CDAFA violation is cognizable," so long as that "theory of loss [is articulated in] a concrete way."

*Lineberry* is not an outlier. *See Rodriguez v. Google LLC*, 772 F. Supp. 3d 1093, 1099 (N.D. Cal. 2025); *Brown v. Google LLC*, 685 F. Supp. 3d 909, 919–20 (N.D. Cal. 2023); *Smith v. Rack Room Shoes, Inc.*, No. 24-CV-06709-RFL, 2025 WL 2210002, at *3 (N.D. Cal. Aug. 4, 2025) (disgorgement "is a remedy contemplated by the statute"). Indeed, "a plaintiff need not have suffered a corresponding loss, as 'California law recognizes a right to disgorgement of profits resulting from unjust enrichment.'" *Rodriguez v. Google LLC*, No. 20-CV-04688-RS, 2024 WL 38302, at *6 (N.D. Cal. Jan. 3, 2024) (quoting *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 599–600 (9th Cir. 2020)).

The rulings from this District are more persuasive and controlling than the out-of-district *Heiting* decision upon which Intus relies. A ruling is not "contrary to law" simply because it adopts one of two competing positions, particularly where the adopted position is grounded in statutory text and supported by multiple decisions within this District.

**D. Intus Failed to Establish Any Showing of Burden, and Intus Improperly Re-Argues That Issue Now.**

Magistrate Judge Tse found that "[e]ven if 'thousands of documents' are responsive, as Intus suggests, Intus hasn't offered any evidence of the 'burden or expense' of production." (Dkt. 117.) He rejected Intus' reading of *Crystal Lakes v. Bath & Body Works, LLC*, No. 16-CV-2989-

-4-

MCE-GGH, 2018 WL 533915, at *1 (E.D. Cal. Jan. 23, 2018). Notwithstanding, Intus' Motion recycles the same conclusory assertions without any new evidence of burden—no declarations quantifying cost, volume, or time required. Moreover, throughout the meet and confer process, Intus' communications "lack any assertion that the Disputed Requests are burdensome or seek privileged or confidential information." (*See* Dkt. 105.) Intus cannot belatedly manufacture a burden argument before this Court that it failed to develop before the Magistrate Judge. And RTZ asks this Court to reject any unsolicited "sur-reply" filed by Intus in response to this Opposition— a constant tactic employed by Intus' counsel to get the "final word."

### E.  RTZ Has Articulated a Concrete Theory of Loss.

Intus argues RTZ has not articulated its theory of loss "in a concrete way." The record belies this. RTZ has alleged, among others: (1) the value of proprietary data extracted, including functionality, operability, layout, and interface elements; (2) the value of customers lost to CareHub; and (3) disgorgement of CareHub profits. These theories identify the specific information taken, the specific use to which it was put, and the specific injuries that resulted.

The CareHub documents RTZ seeks—development logs, financial projections, customer communications and contracts, and pricing models—are necessary to quantify these damages. Intus cannot simultaneously argue RTZ's theory is not "concrete" while refusing to produce the very documents that would allow RTZ to prove that theory with specificity.

### IV.   CONCLUSION

For the foregoing reasons, RTZ respectfully requests that the Court deny Intus' Motion.

Dated:  May 7, 2026

NOSSAMAN LLP
DAVID C. LEE
KASIA PENN

By:_____
             David C. Lee

Attorneys for Defendant and Counterclaimant
RTZ ASSOCIATES, INC.

RTZ ASSOCIATES, INC'S OPP. TO MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER
70351778.v4