MANATT, PHELPS & PHILLIPS, LLP
CHARLES E. WEIR (Bar No. CA 211091)
CWeir@manatt.com
ANDREW BESHAI (Bar No. CA 308030)
ABeshai@manatt.com
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
Telephone:    (310) 312-4000
Facsimile:    (310) 312-4224

Attorneys for Plaintiff and Counter-defendant
INTUSCARE INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRCIT OF CALIFORNIA

| | |
|---|---|
| INTUSCARE INC., | Case No. 4:24-cv-01132-JST |
| Plaintiff, | Assigned to: Hon. Jon S. Tigar |
| v. | **INTUSCARE INC.'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF COURT'S ORDER DENYING LEAVE TO FILE AMENDED COMPLAINT** |
| RTZ ASSOCIATES, INC.; and DOES 1 through 10, | |
| Defendants. | Complaint Filed: February 23, 2024<br>Amended Complaint Filed: April 2, 2024<br>Counterclaims Filed: June 20, 2024 |

MANATT,
PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

404740741.3

## I.    **INTRODUCTION**

Plaintiff IntusCare Inc. ("Intus") respectfully requests that this Court grant its Motion for Leave to File a Motion for Reconsideration regarding whether Collabrios is already or should be added as a party to this lawsuit based on RTZ's recently filed damage expert report which seeks over a million dollars in damages on behalf of Collabrios as a result of the termination of Collabrios contracts.

On April 23, 2026, after briefing had concluded and while Intus' Motion for Leave to Amend was pending with this Court, Defendant RTZ Associates, Inc. ("RTZ") served its damages expert report, which seeks damages for Collabrios based on Collabrios contracts. As Intus set forth in its Motion for Leave to Amend, Intus believed that Collabrios acquired RTZ and as a result was already a part of this case as the successor to RTZ. In its report, RTZ asserts damages for lost profits based on three contracts with PACE customers that it claims it could have retained but for Intus' competing product, CareHub. Consistent with Intus' view of the relationship between Collabrios and RTZ, all of these contracts were Collabrios contracts when CareHub was released by Intus and each of these PACE programs transitioned to CareHub well after Collabrios had acquired RTZ. Each of these PACE programs interacted with Collabrios in terminating their contracts and transitioning to CareHub. As the assignee of the contracts forming the basis of the damages requested here, Collabrios is the real party in interest and should be added as a party. It is both unfair and legally wrong to permit Collabrios to pursue over a million dollars in damages related to its contracts in this case, yet at the same time claim it is not a party to try to avoid the substantial liability that it and its predecessor RTZ caused by engaging in illegal information blocking.

This is just a continuation of the corporate shell game that Collabrios and RTZ have engaged in since the beginning of the case that caused Intus to believe that Collabrios was already effectively a party to the case as RTZ's successor and would be subject to any judgment entered against RTZ for injunctive relief or damages. It was not until February 2026 that RTZ did anything that would suggest otherwise or that defendants would seek to potentially avoid responsibility for conduct related to PACECare by purporting to transfer all of the equity of RTZ to Collabrios, but at the same time claim that they were excluding liabilities. As such, the issue was never whether Intus was aware of Collabrios, but whether Intus was aware that RTZ would make an about face on its representations that Collabrios

MANATT,
PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

INTUSCARE INC.'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION
OF COURT'S ORDER DENYING LEAVE TO FILE AMENDED COMPLAINT

404740741.3

acquired RTZ and over a year of litigation conduct which treated Collabrios and RTZ as one and the same. Intus was, therefore, not on notice of the need to amend until February 2026 because it did not expect Collabrios and RTZ to play the corporate shell game that they are now playing. Indeed, neither RTZ nor Collabrios has explained how Collabrios could have acquired all of RTZ's "equity" (i.e. a merger) that appears to also include the PACECare electronic medical records ("EMR") platform and its contracts related to PACECare, but somehow also transferred RTZ's substantial liabilities in some other entity.

Regardless of the diligence analysis, the fact that Collabrios is seeking damages related to loss of its contracts in this case creates the very inequitable result that the case law counsels against. Collabrios should not be permitted to be a silent party to this litigation to recover damages on contracts it claims it lost to Intus, but then pretend it has nothing to do with this action when it comes to Intus' claims related to those very same RTZ (now Collabrios) contracts.

The Court should grant Intus' Motion for Leave to File a Motion for Reconsideration. The Court should also grant Intus' Motion to Amend to add Collabrios as a party to avoid the corporate shell game that Collabrios and RTZ are playing. The Court's decision on the request to add Collabrios bears significant implications for the injunctive relief claims and damage claims asserted by both parties. After all, if Collabrios is not a party, what basis does RTZ have to collect damages on contracts it transferred to Collabrios before they were terminated? Likewise, should Intus prevail, what is the impact on any judgment for injunctive relief related to products (i.e. PACECare) owned and operated by Collabrios? Given these weighty implications on the upcoming trial, Intus requests a telephonic hearing on its Motion for Leave to File a Motion for Reconsideration and to discuss these matters.

## II.    FACTUAL & PROCEDURAL BACKGROUND

Intus is a health analytics company that contracts with Programs of All-Inclusive Care for the Elderly ("PACE") (the "Intus Clients"). Intus synthesizes data from each PACE program's electronic health records and uses that data to identify risks, visualize trends, and optimize patient care. (FAC, Dkt. No. 25, ¶ 1.) With RTZ's knowledge and consent, Intus obtained EMR data stored on an EMR platform operated by RTZ, called PACECare, through a simple file extraction process or interface. (*Id.*, ¶¶ 2, 14.) However, starting in September 2022, RTZ refused to provide Intus access to the data on PACECare,

2

MANATT,
PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

INTUSCARE INC.'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION
OF COURT'S ORDER DENYING LEAVE TO FILE AMENDED COMPLAINT

404740741.3

and later prohibited Intus Clients from providing access to Intus. (*Id.*, ¶ 2, 15.) Intus brought suit alleging that RTZ violated the 21st Century CURES Act Information Blocking provision and intentionally interfered with Intus' contracts and prospective economic relations.

RTZ brought counterclaims, alleging that Intus violated two anti-hacking statutes (CDAFA and CFAA), committed trespass to chattels, engaged in unfair competition (UCL), and induced breach of contract by accessing PACECare without authorization. RTZ contends that its remedies for these claims are tied to Intus' product CareHub. RTZ claims that Intus accessed PACECare for the purpose of reviewing the "look and feel" of it to "expedite" development of CareHub.

On April 23, 2026, RTZ served its damages expert report[1] on Intus. In the report, RTZ notes that Intus "went live with [CareHub] in May 2025" and seeks damages based on lost profits from "three PACE facility customers that have subsequently migrated from PACECare to [CareHub]." (Report at ¶¶ 67-68.) Collabrios acquired RTZ in October 2024. Either through the acquisition of RTZ's equity or some sort of assignment, the PACECare contracts previously entered into with RTZ became Collabrios contracts.[2] Put differently, the party to the contracts on which RTZ is basing its damages in this case is Collabrios, not RTZ. And in May 2025 when High Desert PACE sought to terminate its PACECare contract—the same contract on which RTZ now bases its request for damages—a representative for Collabrios told High Desert PACE, "Regarding your note about the contract release, that conversation would be best directed to Kevin Lathrop, President of CollabrIOS Health. He can be reached at KLathrop@collabrios.com and can provide further discussion around the contract."[3] Indeed, the expert report acknowledges the significant role that Collabrios and Kevin Lathrop played in overseeing and managing the PACECare contracts that are at issue in this lawsuit. As support for the damages amounts cited in his report, the expert notes that he had a "conversation with Kevin Lathrop"—the President of Collabrios—on April 22, 2026. (*Id.* at FN 87, 90.)

---

[1] RTZ's damages expert report is filed under seal as Exhibit 2 to the Declaration of Andrew Beshai in Support of Intus' Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge (Dkt. 125.)

[2] These contracts were filed under seal as Exhibit C to the Declaration of Andrew Beshai in Support of Intus' Reply in Support of Motion for Leave to Amend (Dkt. 109.)

[3] These emails were filed under seal as Exhibit D to the Declaration of Andrew Beshai in Support of Intus' Reply in Support of Motion for Leave to Amend (Dkt. 109.)

MANATT,
PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

404740741.3

INTUSCARE INC.'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION
OF COURT'S ORDER DENYING LEAVE TO FILE AMENDED COMPLAINT

On April 30, 2026, the Court denied Intus' Motion for Leave to Amend, reasoning that Intus was not diligent in moving for leave to amend because Intus "has been aware of Collabrios' existence since October 2024," and "Intus' view was that the defendant it named in this lawsuit"—RTZ—"ceased to exist after Collabrios came into existence in October 2024." (Order at 2:20-22.). As set forth below, that was not Intus' position. Intus did not contend or believe that RTZ ceased to exist; rather, Intus' position was that Collabrios acquired RTZ, and as a result, was already a party to this action.

## III.   RECONSIDERATION IS WARRANTED

"Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order on any ground set forth in Civil L.R. 7-9 (b)." Civil L.R. 7-9(a).

"Under this District's local rules, a party must first seek and be granted leave to file a motion for reconsideration, and may prevail on such a motion only by demonstrating at least one of the following: (1) 'That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought'; (2) 'The emergence of new material facts or a change of law occurring after the time of such order'; or (3) 'A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.'" *Gamevice, Inc. v. Nintendo Co.*, 677 F. Supp. 3d 1069, 1071 (N.D. Cal. 2023).

### A.   Intus Was Reasonably Diligent in Bringing This Motion for Leave to File a Motion for Reconsideration

The Court issued its Order denying Intus' Motion for Leave to Amend on April 30, 2026. Intus has filed this Motion for Leave to File a Motion for Reconsideration on May 7, 2026—within a week after the Court's order. Intus has, therefore, acted diligently in bringing this Motion for Leave to File a Motion for Reconsideration. Civ. L.R. 7-9(b).

### B.   The Emergence of New Facts Compels Reconsideration of the Court's Order Denying Leave to Amend

The emergence of new facts in RTZ's damages expert report—which was not available to Intus

4

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

404740741.3

until April 23, 2026, after briefing had concluded—compels reconsideration of the Court's order denying leave to amend. RTZ's damages report puts Collabrios squarely at issue as a party in this case. By seeking damages based on contracts Collabrios acquired in its acquisition of RTZ, as well as revenue figures that are based on a "conversation with Kevin Lathrop," the President of Collabrios, RTZ is attempting to seek damages on behalf of Collabrios in this case. *Day v. GEICO Cas. Co.*, No. 21-CV-02103-BLF, 2023 WL 6120668, at *1 (N.D. Cal. Sept. 18, 2023) (allowing motion for reconsideration "[b]ecause GEICO has indicated the emergence of a new material fact after the Court's entry of the Prior Order, and has shown reasonable diligence in bringing the motion after the exhaustion of Plaintiff's discovery efforts").

"Where all rights under a contract have been transferred, the assignee is the 'real party in interest' pursuant to Rule 17(a) and may be substituted or joined in an action as the real party in interest." *Am. Auto. Ins. Co. v. Hawaii Nut & Bolt, Inc.*, No. CV 15-00245 ACK-KJM, 2016 WL 10611393, at *2 (D. Haw. May 13, 2016). Under Rule 25(c), the Court may substitute or join a party to an ongoing action where an original party to an action transfers an interest to that party after the action has already commenced. *Hilbrands v. Far E. Trading Co.*, 509 F.2d 1321, 1323 (9th Cir. 1975). Here, there is no question that the contracts on which RTZ's damages rest have all been assigned to Collabrios. RTZ/Collabrios have confirmed that they are moving for damages stemming from lost profits on these PACECare contracts on April 23, 2026, which are new facts compelling reconsideration under Civil L.R. 7-9(b)(2). Until Intus received RTZ's expert damages report, Intus did not have confirmation from RTZ as to what its source of damages would be, despite numerous requests. There is no question, then, that Collabrios is the real party in interest based on this new information, and the Court should allow Intus to file a Motion for Reconsideration on that basis. Otherwise, what legal basis does RTZ have to sue for damages on contracts that it has assigned away? *See Winn v. Amerititle, Inc.*, 731 F. Supp. 2d 1093, 1100 (D. Idaho 2010) (holding that an assignment transferring all rights to an assignee "would preclude [the assigning parties] from joining in the action or bringing a future action for the same claim").

Compounding matters further, RTZ continues to deny Intus the right to depose Mr. Lathrop, hiding behind this Court's order that Collabrios is not a party. Just last week, RTZ took Mr. Lathrop's

5

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

INTUSCARE INC.'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF COURT'S ORDER DENYING LEAVE TO FILE AMENDED COMPLAINT

404740741.3

deposition off calendar because Intus intended to ask questions about High Desert PACE—one of the three entities listed as a lost contract in RTZ's damages report. And earlier this week, RTZ filed a Letter Brief asking for an order to prohibit Intus "from seeking testimony at Kevin Lathrop's deposition about Collabrios' conduct with its customers." (Dkt. 130.) This is patently unfair. Not only is "a conversation with Kevin Lathrop" cited as the only source of the revenue figures underlying RTZ's damages for the termination of Collabrios' contracts, but Mr. Lathrop is likely the only witness for Defendants with material information about the causation element of the identified damages. As to at least one of the three PACE programs listed, High Desert PACE, Mr. Lathrop is the primary point of contact who engaged in talks surrounding High Desert's request to terminate its PACECare contract and transition its data to CareHub.

### C. Permitting Collabrios to Seek Over a Million Dollars in Damages and Injunctive Relief as a Non-Party Would Be Inequitable

It would be manifestly unfair to permit Collabrios to seek damages for its terminated contracts, yet at the same time claim it should not be a party to this case regarding Intus' claims. Defendant also seeks injunctive relief in this case related to PACECare—another remedy that only Collabrios could pursue as the owner and operator of PACECare. (Answer at 22:4-5 [seeking "an injunction barring Intus' continued unauthorized access to RTZ's PACECare system"].) Thus, while Intus believed that Collabrios was already a party to this case as a result of its acquisition of RTZ until RTZ took a contrary position for the first time in discovery in February 2026, even if the Court continues to believe there was a lack of diligence permitting Collabrios to pursue remedies in this case as a non-party would create an impracticable and inequitable result. *See Travelers Cas. & Sur. Co. of Am. v. Dunmore*, No. CIV.S-072493 LKK/DAD, 2010 WL 2546070, at \*6 (E.D. Cal. June 23, 2010) ("The practical realities of this case persuade the court that untimely amendment is the lesser of two evils.").

### D. Intus Was Not Taking the Position that RTZ Ceased to Exist

The Court's holding that "Intus' view was that [RTZ] . . . ceased to exist after Collabrios came into existence in October 2024" suggests that the Court may have misunderstood Intus' argument. (Order at 2:20-22.) Intus' position was not that RTZ ceased to exist, it was that RTZ became Collabrios as a result of the acquisition. Thus, Collabrios was already a party to the case as a result of acquiring

6

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

INTUSCARE INC.'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF COURT'S ORDER DENYING LEAVE TO FILE AMENDED COMPLAINT

404740741.3

RTZ and Collabrios would already be responsible for any judgment levied against RTZ. This was Intus' view of the RTZ/Collabrios transaction because RTZ and Collabrios' post-acquisition conduct communicated to Intus—and the rest of the outside world—that Collabrios had acquired RTZ. (*See* Mot. to Amend at 7:4-8 ["Intus also could not have foreseen that after acquiring RTZ and announcing Collabrios as the successor to RTZ and its operations, that RTZ/Collabrios would take positions contrary to these announcements and the testimony of its own witnesses. Indeed, Intus was unaware that RTZ/Collabrios would play what amounts to nothing more than a corporate shell game."]; Reply iso Mot. to Amend ("Reply") at 5:19-21 ["In light of the manner in which Collabrios has held itself out and RTZ has conducted this litigation . . . it was not reasonably foreseeable that RTZ would take the position that Collabrios is not RTZ's successor, and effectively already a party to the litigation."].) And, this view was not just based on RTZ/Collabrios press releases and the testimony of their witnesses. (Mot. to Amend at 4:10-5:9.) The way this case was litigated up until February 2026 also confirmed this belief. Collabrios documents were produced (Reply at 3:23-26), Collabrios information was provided in response to interrogatories (Reply at 5:6-7), and Collabrios witnesses were produced or agreed to be produced in response to deposition notices (Reply at 3:26-4:1).

Ultimately, the question at issue is not whether Intus was aware that RTZ "ceased to exist after Collabrios came into existence." Instead, the issue is when did Intus become aware that RTZ and Collabrios were going to take the position that the acquisition of RTZ had not made Collabrios a party to this case and that Collabrios would try to claim that it is not subject to a judgment. While Intus continues to believe that position is wrong legally and factually, Intus did not become aware that RTZ would even take that position until February 2026 when they for the first time (and contrary to their past practices) refused to provide Collabrios information.

**E.  Intus Seeks Oral Argument On Its Motion for Leave to File a Motion for Reconsideration, or Alternatively, on Its Motion for Reconsideration**

Should the Court have any reservations about adding Collabrios, Intus requests a hearing on this matter so that the Court and the parties can make sure they know what the relationship between Collabrios and RTZ actually is and the implications for trial. As stated above, if Collabrios is not a party, how can RTZ seek damages and injunctive relief regarding a product (PACECare) and contracts

MANATT,
PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

INTUSCARE INC.'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION
OF COURT'S ORDER DENYING LEAVE TO FILE AMENDED COMPLAINT

404740741.3

that are owned by Collabrios and not RTZ? This is especially true when the alleged harm in the counterclaims occurred after Collabrios' acquisition of RTZ and PACECare. Similarly, what are the implications on Intus' injunctive relief claims and damage claims, if the party that owns the products and contracts at issue is somehow permitted to attempt to avoid successor liability.

The Court should exercise its discretion to allow oral argument, or at a minimum a telephonic conference, on this Motion for Leave to File a Motion for Reconsideration and to discuss the implications of the issues raised herein. *See* Civil L.R. 7-1(b).[4]

## IV.    **CONCLUSION**

This Court should grant Intus' Motion for Leave to File a Motion for Reconsideration of the Order Denying Leave to Amend and ultimately grant the Motion for Leave to Amend.

Respectfully submitted,

Dated: May 7, 2026                    MANATT, PHELPS & PHILLIPS, LLP

By:   */s/ Charles Weir*
      Charles Weir
      Andrew Beshai

      Attorneys for Plaintiff and Counter-defendant
      INTUSCARE INC.

---

[4] The instant Motion contains Intus' argument as to why leave for reconsideration should be granted as well as why the Court should reconsider its order denying Intus' motion to add Collabrios as a party. In the interest of judicial economy, the Court should, in its discretion, deem this motion Intus' Motion for Reconsideration and set a briefing schedule for an Opposition and Reply.

8

MANATT,
PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

404740741.3