UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

INTUSCARE, INC.,

          Plaintiff,

    v.

RTZ ASSOCIATES, INC.,

          Defendant.

Case No. 24-cv-01132-JST

**ORDER DENYING MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER**

Re: ECF No. 124

Before the Court is Plaintiff IntusCare, Inc.'s motion for relief from a non-dispositive pretrial order of a magistrate judge. ECF No. 124. Intus seeks relief from Magistrate Judge Tse's order requiring Intus to "produce all non-privileged documents in its possession, custody, and control that are responsive to RFPs 66–84." ECF No. 117 at 1. The magistrate judge previously determined that such documents are relevant to Defendant RTZ Associates, Inc.'s counterclaims:

> Intus reads the counterclaims too narrowly. RTZ alleges not only that Intus caused system strain by accessing RTZ's PACECare system without authorization, but also that Intus "used such unauthorized access to mine other valuable data from the PACECare system . . . to expedite and refine its own development of a competing [electronic medical record] system." Dkt. 41, Counterclaim ¶ 53. That competing electronic medical record system is Intus's CareHub. And because CareHub is one of the fruits of Intus's alleged unauthorized access of PACECare, CareHub's development, functionality, and use are relevant to damages. Even though RTZ isn't pursuing intellectual-property claims, CareHub is still relevant to damages for RTZ's unauthorized-access claims.
>
> Nineteen of RTZ's RFPs relate to CareHub's development, functionality, and use. *See* Dkt. 94 at 12–24, RFPs 66–84. All of these RFPs seek relevant documents. The Court accordingly overrules Intus's relevance objection.

ECF No. 96 at 1 (citations omitted). He subsequently concluded:

> Intus cannot withhold responsive documents based on its contention that RTZ cannot recover damages on a misappropriation theory. As RTZ's supplemental letter brief reveals (dkt. 112), Judge Chhabria held that such a theory may be actionable under the CDAFA [California's Comprehensive Computer Data Access and Fraud Act]. *See Lineberry v. AddShopper, Inc.*, No. 23-cv-01996-VC, 2025 WL 551864, at *2 (N.D. Cal. Feb. 19, 2025) ("The statute does not define 'damage or loss' and the plain reading of 'damage or loss by reason of a violation' of CDAFA is that any loss due to the CDAFA violation is cognizable. . . . [P]laintiffs may allege damage or loss from the misappropriation of their data, so long as they articulate that theory of loss a concrete way.") (quoting Cal. Penal Code § 502(e)(1)). Intus insists that Judge Chhabria's position is a minority view that shouldn't be adopted, or if adopted, that RTZ flunks the second part of Judge Chhabria's test: RTZ hasn't identified its loss in "a concrete way." *Id.*; *see* Dkt. 116 at 3. Intus may make these arguments at trial, but RTZ gets discovery on its misappropriation theory.

ECF No. 117 at 1–2.

"A non-dispositive order entered by a magistrate must be deferred to unless it is 'clearly erroneous or contrary to law.'" *Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (quoting Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A)). The district court "may not simply substitute its judgment" for that of the magistrate judge. *Id.* This "deferential standard . . . indicates that decisions by the magistrate judge on nondispositive matters are essentially final decisions of the district court which may be appealed in due course with other issues." *United States v. Abonce-Barrera*, 257 F.3d 959, 968-69 (9th Cir. 2001) (citation modified). "The 'clearly erroneous' standard applies to the magistrate judge's findings of fact; legal conclusions are freely reviewable de novo to determine whether they are contrary to law." *Wolpin v. Philip Morris Inc.*, 189 F.R.D. 418, 422 (C.D. Cal. 1999). Under the "clearly erroneous" standard, "the district court may only set aside [a magistrate judge's] factual determinations if it is left with a definite and firm conviction that a mistake has been committed." *EEOC v. Peters' Bakery*, 301 F.R.D. 482, 484 (N.D. Cal. 2014) (quotation marks and citation omitted). "A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." *Ingram v. Pac. Gas & Elec. Co.*, No. 12-cv-02777-JST, 2013 WL 6174487, at *2 (N.D. Cal. Nov. 25, 2013) (quoting *Conant v. McCoffey*, No. C 97-0139-FMS, 1998 WL 164946, at *2 (N.D. Cal. Mar. 16, 1998)).

Intus argues that the magistrate judge's ruling is contrary to law because it relies on an

United States District Court
Northern District of California

incorrect interpretation of available damages under CDAFA.  The Court disagrees.  CDAFA provides:

> In addition to any other civil remedy available, the owner or lessee of the computer, computer system, computer network, computer program, or data who suffers damage or loss by reason of a violation of any of the provisions of subdivision (c) may bring a civil action against the violator for compensatory damages and injunctive relief or other equitable relief.  Compensatory damages shall include any expenditure reasonably and necessarily incurred by the owner or lessee to verify that a computer system, computer network, computer program, or data was or was not altered, damaged, or deleted by the access.

Cal. Penal Code § 502(e)(1).  Intus characterizes the second sentence as "unambiguous language limiting CDAFA damages to actual harm to a computer system or network."  ECF No. 124 at 4.  However, the "statement is best read as ensuring one type of damage is cognizable, not limiting damages to that alone."  *Lineberry*, 2025 WL 551864, at *2.  "Further, to show 'damage or loss' under CDAFA, a plaintiff need not have suffered a corresponding loss, as 'California law recognizes a right to disgorgement of profits resulting from unjust enrichment.'"  *Rodriguez v. Google LLC*, No. 20-cv-04688-RS, 2024 WL 38302, at *6 (N.D. Cal. Jan. 3, 2024) (quoting *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 599–600 (9th Cir. 2020)).  In addition, RTZ's counterclaims allege:

> Specifically, through its unauthorized access of PACECare, Intus achieved two goals: (i) it can extract PACE Data to fulfill its data synthesis/dashboard services to common PACE facility customers; and (ii) it exploits such access to view and assess the PACECare system to accelerate its own EMR system research and development efforts.  By accessing PACECare without authorization, Intus exploited the wrongful access to investigate and learn about the functionality, operability, layout, interfaces, data presentation and report-generating capabilities of the PACECare system.  In so doing, Intus used such unauthorized access to expedite and refine its own development of a competing EMR system.

ECF No. 41, Countercl. ¶ 45.  Intus has not persuaded the Court that this is insufficient to allege RTZ's harm.  Intus may believe that it will prevail on the counterclaims, but this discovery dispute is not the forum for resolving that merits question.  The magistrate judge's ruling that the discovery sought is relevant to RTZ's counterclaims was not contrary to law.

Intus also argues that the discovery sought by RTZ is "expansive" and implies that it is not

3

"proportional to the needs of the case." ECF No. 124 at 6 (citation omitted). But, as was the case before the magistrate judge, Intus continues to offer no "evidence of the 'burden or expense' of production." ECF No. 117 at 1 (quoting Fed. R. Civ. P. 26(b)(1)).

For all of the above reasons, Intus's motion for relief from the magistrate judge's discovery order is denied.

**IT IS SO ORDERED.**

Dated: May 11, 2026



_____
JON S. TIGAR
United States District Judge