UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTUS CARE, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>RTZ ASSOCIATES, INC.,<br><br>        Defendant. | Case No. 24-cv-01132-JST (AGT)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 130 |

1. Non-party High Desert PACE, Inc., recently voluntarily shared certain emails with Intus Care, Inc., related to the subject matter of this case. RTZ Associates, Inc., seeks to preclude Intus from using these emails because High Desert PACE shared them with Intus after the March 9, 2026, fact-discovery cutoff. *See* Dkt. 130 at 1–3; Dkt. 91 at 1.

The fact-discovery cutoff isn't implicated in this scenario. "A discovery cutoff date does not . . . affect admissibility of evidence obtained outside of the discovery process of the case . . . ." *Whittaker Corp. v. Execuair Corp.*, 736 F.2d 1341, 1347 (9th Cir. 1984). Here, because High Desert PACE voluntarily shared the emails in question, the Court concludes that Intus obtained the emails "outside of the discovery process of the case." *Id.*

The fact-discovery cutoff doesn't preclude Intus from using the emails, but this holding is without prejudice to other arguments RTZ might raise at trial for excluding them.

2. Intus may not depose Kevin Lathrop, the President of Collabrios Health, LLC, at this time. Lathrop is a fact witness; and as noted above, the fact-discovery cutoff has passed. Intus suggests that because RTZ's damages expert identified Lathrop as the source of certain "revenue figures cited in his report," dkt. 130 at 4, Intus may depose Lathrop during expert discovery. Intus hasn't cited any legal authority for this contention, and without such authority, the Court won't allow Lathrop's modest contribution to the expert's source data to open the door to what would effectively be an untimely fact-witness deposition.

**IT IS SO ORDERED.**

Dated: May 13, 2026

Alex G. Tse
United States Magistrate Judge