UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

INTUSCARE, INC.,

          Plaintiff,

     v.

RTZ ASSOCIATES, INC.,

          Defendant.

Case No. 24-cv-01132-JST

**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

Re: ECF No. 133

Plaintiff IntusCare, Inc. seeks leave to file a motion for reconsideration of the Court's order denying Intus's motion for leave to file an amended complaint. ECF No. 133. Reconsideration is not "to be used to ask the Court to rethink what it has already thought." *Gray v. Golden Gate Nat'l Recreational Area*, 866 F. Supp. 2d 1129, 1132 (N.D. Cal. 2011). Instead, Intus must show one of the following:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil L.R. 7-9(b).

Intus relies on the emergence of new material facts to support its motion and, in particular, argues that such facts were contained in Defendant RTZ Associates, Inc.'s damages expert report, which was not produced to Intus until after the motion for leave to amend had been fully briefed.

However, that report was produced on April 23, 2026, one week prior to the Court's order.  More significantly, although Intus asserts that the report "seeks damages for Collabrios based on Collabrios contracts," ECF No. 133 at 2, and that "there is no question that the contracts on which RTZ's damages rest have all been assigned to Collabrios," *id.* at 6, it does not cite any evidence that the report characterizes the contracts as belonging to or having been assigned to Collabrios.  At a hearing held on May 11, 2026, counsel for RTZ indicated that the contracts belonged to RTZ but were serviced by Collabrios, and counsel for Intus cited no contrary evidence.  Additionally, counsel for Intus conceded both that the expert report was silent on the question of whether Collabrios was the entity entitled to the damages sought and that the report did not add any additional facts regarding the change in corporate status from RTZ to Collabrios.  The Court therefore does not find that the report presented any new material facts.

Intus also argues that the Court mischaracterized Intus as taking the view that RTZ "ceased to exist after Collabrios came into existence in October 2024." ECF No. 123 at 2.  Instead, Intus asserts its position "was that RTZ became Collabrios as a result of the acquisition," and that "Collabrios was already a party to the case as a result of acquiring RTZ." *Id.* at 7–8.  But Intus cites no authority for the proposition that the acquisition caused Collabrios to be automatically added or substituted as a party—and Intus's seeking leave to amend to add Collabrios as a party belies any such conclusion.  Regardless of how Intus's position is characterized, it does not alter the Court's conclusion that Intus was not diligent in seeking leave to amend.  ECF No. 123 at 2–3.

For the above reasons, Intus's motion for leave to file a motion for reconsideration is denied.

**IT IS SO ORDERED.**

Dated: May 22, 2026

_____
JON S. TIGAR
United States District Judge

2