

**Attorneys at Law**

Andrew Beshai
t  310.557.9544
f  310.553.2165
abeshai@ebglaw.com

May 28, 2026

Dear Judge Alex G. Tse:

On May 5, 2026, the parties filed a letter brief asking this Court to resolve a dispute about the scope of Kevin Lathrop's deposition (Dkt. 130). Defendant RTZ Associates, Inc. ("RTZ") requested that this Court prohibit Plaintiff IntusCare Inc. ("Intus") from seeking testimony at Kevin Lathrop's deposition about High Desert Pace and certain communications with High Desert Pace that involve Mr. Lathrop. The parties write to seek clarification of the Court's ruling.

I.    Intus' Position:

Mr. Lathrop is a percipient fact witness and his testimony should not be limited. RTZ also seeks damages regarding the termination of the High Desert Pace contract. Indeed, Intus has now learned that both defense experts in this case had discussions with Kevin Lathrop and are relying upon such discussions to form their opinions.

Mr. Lathrop's deposition was noticed before the fact discovery cut-off in this case, and the parties stipulated that his deposition could be taken following discovery cut-off to accommodate counsel's schedules. On March 26, 2026, in the midst of the parties coordinating schedules to depose Mr. Lathrop, RTZ's counsel informed Intus' counsel: "I have been informed that Collabrios is engaging separate counsel to represent its interests in this matter. To that end, separate counsel apparently intends to represent Kevin Lathrop at deposition and will require the issuance of subpoena. Obviously, I do not intend to object to the issuance of a subpoena after the close of discovery." (Dkt. 108-7). The deposition was continued again as RTZ sought clarification not on whether Mr. Lathrop can be deposed, but on the scope of his testimony.

On May 13, 2026, the Court ruled that Intus can use documents it secured informally from High Desert Pace, but that Intus may not depose Kevin Lathrop because "the fact-discovery cutoff has passed." (Dkt. 141). As above, the parties are not contesting whether Mr. Lathrop's deposition was noticed in a timely manner or can proceed at this point. The only dispute between the parties is the scope of Mr. Lathrop's deposition.

Intus intends to rebut RTZ's damages request by, among other things, arguing that RTZ is the wrong party to recover lost profits under the three contracts at issue (High Desert, BoldAge, Community PACE). RTZ was acquired by Collabrios in October 2024. The contract terminations

Epstein Becker & Green, P.C.  |  1925 Century Park East, Suite 500  |  Los Angeles, CA  90067-2506  |  t  310.556.8861  |  f  310.553.2165  |  **ebglaw.com**

FIRM:70315992v4

May 28, 2026
Page 2

all took place after this date. In its position in this letter brief, RTZ characterizes these PACE entities as Collabrios' customers. While this is contrary to the positions taken by RTZ in their opposition to adding Collabrios as a party, if it is true that these three entities are Collabrios and not RTZ customers, then RTZ cannot seek damages for the loss of those customers. Intus should be entitled to ask Mr. Lathrop these questions and probe these issues, which are at the heart of one of its defenses to RTZ's claimed lost profits damages.

Intus also intends to question Mr. Lathrop as a percipient witness who managed the contracts underlying RTZ's damages request. At the May 11 case management conference, RTZ's counsel represented to the Court that Collabrios had been servicing RTZ's contracts since the acquisition in October 2024, including the three contracts on which RTZ's damages are based. The email communication between High Desert PACE and Collabrios further shows that Mr. Lathrop was the main point of contact with these PACE entities seeking to terminate their contracts. The reasons for such termination are at the heart of the causation element that RTZ must prove for its various claims. There is no question that Collabrios serviced these contracts, and it is undisputed that Mr. Lathrop, as the President of Collabrios, engaged with PACE entities as they sought to terminate their PACECare contracts. Intus should be allowed to question Mr. Lathrop as a percipient witness on the issue of causation as to the contracts that RTZ itself has put at issue by making them the focal point of its damages request.

RTZ is incorrect to contend that Intus' "true purpose is . . . to probe the operations of Collabrios and to demonstrate that Collabrios is somehow bound by a judgment in this action." Not only is this not a valid basis for denying discovery, but, as noted above, this is not why Intus is seeking this information. Intus is entitled to this discovery to defend against claims RTZ is making against Intus.

Finally, RTZ's request to limit Mr. Lathrop's deposition to 1) his percipient knowledge of the allegations alleged in Intus' First Amended Complaint, and 2) any discussions he had with RTZ's disclosed expert witnesses should be rejected. RTZ does not identify any privilege or other reason why other information known by Mr. Lathrop would not be the subject of discovery. RTZ's request is an artificial limitation on the subject matter of Mr. Lathrop's percipient knowledge, and it would effectively preclude Intus from asking any questions to probe the causation issue, as explained above. Moreover, the position ignores the fact that RTZ has alleged that Intus violated certain computer hacking statutes by accessing PACECare. There is no basis for precluding Intus from asking questions of Mr. Lathrop regarding those claims and the PACECare system. Mr. Lathrop's interactions with PACE programs terminating their contracts as well as his knowledge of which customers are Collabrios customers—as RTZ argues below—are proper subjects of deposition questioning tied directly to Intus' defenses.

Intus requests, therefore, that this Court not limit the deposition of Mr. Lathrop in any way and deny RTZ's requested scope limitations.

May 28, 2026
Page 3

II.    RTZ's Position:

RTZ does not contest that Mr. Lathrop's deposition may proceed, nor does RTZ dispute that the deposition was timely noticed. RTZ's sole objection concerns the scope of Intus' proposed questioning, and RTZ requests the Court to exclude questioning to the extent Intus seeks to elicit testimony regarding the relationship between RTZ and Collabrios, and Collabrios' conduct with its customers.

Intus' position confirms precisely what RTZ anticipated: Intus intends to use Mr. Lathrop's deposition to probe the corporate relationship between RTZ and Collabrios and to argue that RTZ is "the wrong party" to recover lost profits because the contracts at issue were purportedly Collabrios' contracts. This is nothing more than a repackaging of the same argument Intus has advanced—and lost—multiple times before this Court. Intus sought to add Collabrios as a party, arguing that Collabrios was the "real party in interest" because the contracts forming the basis of RTZ's damages had been assigned to Collabrios. The Court denied that motion. Dkt. 123. Intus then moved for reconsideration, again arguing that Collabrios is "the real party in interest" and that RTZ lacks standing to recover damages on contracts it assigned to Collabrios. The Court denied reconsideration. Dkt. 143. Magistrate Judge Tse likewise ruled that Collabrios is a non-party that "needn't respond to Intus's RFPs…[and] Collabrios is a non-party." Dkt. 97.

Permitting Intus to depose Mr. Lathrop without any limitations as to scope will amount to an impermissible end-run around this Court's orders (*see* Dkt. 97, 123, and 143). Intus cannot accomplish through deposition testimony what it has failed to accomplish through motion practice—namely, building a record that Collabrios, not RTZ, is the proper party to these contracts. The Court should not permit Intus to use Mr. Lathrop's deposition as a vehicle to relitigate whether Collabrios is or should be a defendant in this case. Further, dressing the argument up as a defense to damages or a causation inquiry does not change its substance. Whether RTZ is the proper party to seek damages on the contracts at issue is not a factual question that requires deposing the President of Collabrios about Collabrios' relationships with customers. Intus has no need for Mr. Lathrop's testimony to raise a standing or real-party-in-interest defense at trial; the corporate documents and transaction records already in the record will speak for themselves.

Moreover, Intus' reliance on statements made by RTZ's counsel at the May 11 case management conference is misleading. RTZ has never disputed that Collabrios serviced PACECare contracts. But servicing contracts does not transform Collabrios into the real party in interest. As RTZ has continually maintained, RTZ remains the contracting party and the entity that suffered the alleged damages from the termination of those contracts.

Finally, RTZ's proposed scope limitations are reasonable and proportionate. RTZ has proposed that Mr. Lathrop may be questioned about (1) his percipient knowledge of the allegations in Intus' First Amended Complaint (i.e., RTZ's alleged information blocking efforts by refusing Intus access to PACECare absent an NDA), and (2) any discussions he had with RTZ's disclosed expert witnesses. This scope is appropriate because it permits Intus to explore all matters relevant to the claims and defenses actually at issue in this litigation between RTZ and Intus, while

May 28, 2026
Page 4

preventing Intus from conducting a wide-ranging examination into the affairs of a non-party entity. RTZ is not invoking any privilege; rather, RTZ is asking the Court to enforce the logical consequence of its repeated rulings that Collabrios is not a party and that Intus cannot use discovery in this case as a vehicle to probe the operations of a non-party.

Consequently, RTZ requests that the Court issue an order excluding questions related to the relationship between RTZ and Collabrios, the operations and management of Collabrios, and Collabrios' conduct with its customers, including use of the High Desert emails attached as Exhibit B to the May 5, 2026 Joint Letter Brief (Dkt. 130) – all of which concern a dispute between Collabrios and High Desert. Any deposition of Mr. Lathrop should be limited to: (a) his percipient knowledge of the allegations alleged in Intus' First Amended Complaint (i.e., RTZ's alleged information blocking efforts by refusing Intus access to PACECare absent an NDA); and (b) any discussions Mr. Lathrop had with RTZ's disclosed expert witnesses.

---

Sincerely,

Andrew Beshai