NOSSAMAN LLP
DAVID C. LEE (SBN 193743)
dlee@nossaman.com
50 California Street, 34th Floor
San Francisco, CA 94111
Telephone: 415.398.3600
Facsimile: 415.398.2438

NOSSAMAN LLP
KASIA PENN (SBN 306056)
kpenn@nossaman.com
18101 Von Karman Avenue, Suite 1800
Irvine, CA 92612
Telephone: 949.833.7800
Facsimile: 949.833.7878

Attorneys for Defendant and Counterclaimant
RTZ ASSOCIATES, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTUS CARE, INC.,<br><br>        Plaintiff,<br><br>   vs.<br><br>RTZ ASSOCIATES, INC.; and DOES 1 through 10,<br><br>        Defendants, | Case No:    4:24-cv-01132-JST<br><br>Assigned to: Hon. Jon S. Tigar<br><br>**DECLARATION OF DAVID C. LEE IN SUPPORT OF DEFENDANT AND COUNTER-CLAIMANT RTZ ASSOCIATES, INC.'S MOTION TO EXCLUDE EXPERT OPINIONS OF DR. KRISTOPHER HULT**<br><br>*[Concurrently filed with Notice of Motion; Memorandum of Points and Authorities; and [Proposed] Order]*<br><br>Date:      July 2, 2026<br>Time:      2:00 p.m.<br>Courtroom: 6 |
| RTZ ASSOCIATES, INC.,<br><br>        Counter-claimant,<br><br>   vs.<br><br>INTUS CARE, INC.,<br><br>        Counter-defendant. | |

- 1 -               Case No. 4:24-cv-01132-JST
DECLARATION OF DAVID C. LEE IN SUPPORT OF DEFENDANT AND COUNTER-CLAIMANT RTZ ASSOCIATES, INC.'S MOTION TO EXCLUDE EXPERT OPINIONS OF DR. KRISTOPHER HULT
70481844.v1

**DECLARATION OF DAVID C. LEE**

I, David C. Lee, declare as follows:

1. I am an attorney at law admitted to practice in this Court, and a partner of Nossaman LLP, counsel of record in this action for Defendant RTZ Associates, Inc. ("RTZ"). I make this declaration in support of Defendant and Counter-Claimant RTZ Associates, Inc.'s Motion to Exclude Expert Opinions of Dr. Kristopher Hult. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would competently testify to those facts.

2. Attached as **Exhibit 1** is a true and correct copy of the Expert Report of Dr. Kristopher Hult, dated April 23, 2026.

3. On December 16, 2024, IntusCare, Inc.'s ("Intus") Intus served its responses to RTZ's Interrogatories, Set One ("Interrogatory Responses"), which included and attached an Excel spreadsheet titled, "2024-12-16 Appendix A to Plf's Responses to Interrogatories Set 1" that contains approximately 9,896 rows of log-in information. Intus's Interrogatory responses describe Appendix A as follows: "Dates the login credential was used to access PACECare: Please see column B of the spreadsheet labeled Appendix A, served concurrently with these responses, for the dates that the login credential was used to access PACECare." The dates range from the beginning of 2022 through the end of 2024. A true and correct copy of Intus' Interrogatory Responses are attached hereto as **Exhibit 2**. Converting the Appendix A Excel file to PDF would result in approximately over 100 pages. To conserve resources, RTZ is not attaching Appendix A hereto, but can provide Appendix A in Excel or PDF format upon request.

4. Attached as **Exhibit 3** is a true and correct copy of the Expert Rebuttal Report of Peter Schwechheimer Proffered on behalf of Defendant and Counterclaimant RTZ Associates, Inc., dated May 12, 2026.

5. Attached as **Exhibit 4** is a true and correct copy of the relevant portions from the deposition of Michael Zawadaski, taken on February 23, 2026.

6. Attached as **Exhibit 5** is a true and correct copy of a letter dated September 14, 2022, produced by Intus, Bates numbered Intus 002039 – Intus 002040.

- 2 -                                                    Case No. 4:24-cv-01132-JST

DECLARATION OF DAVID C. LEE IN SUPPORT OF DEFENDANT AND COUNTER-CLAIMANT RTZ ASSOCIATES, INC.'S MOTION TO EXCLUDE EXPERT OPINIONS OF DR. KRISTOPHER HULT
70481844.v1

7.      Attached as **Exhibit 6** is a true and correct copy of an email thread from Evan Jackson, produced by Intus, Bates numbered Intus 019841-019845.

8.      Attached as **Exhibit 7** is a true and correct copy of an email from Robbie Felton, produced by Intus, Bates numbered Intus 002062.

9.      Attached as **Exhibit 8** is a true and correct copy of the relevant portions from John Robert Felton's deposition transcript, taken on April 8, 2026.

10.      Attached as **Exhibit 9** is a true and correct copy of the relevant portions from Evan Walter's deposition transcript, taken on March 16, 2026.

11.      Attached as **Exhibit 10** is a true and correct copy of the relevant portions from Evan Jackson's deposition transcript, taken on November 25, 2025.

12.      Attached as **Exhibit 11** is a true and correct copy of the relevant portions from the rough draft deposition transcript of Kristopher Hult, taken on May 22, 2026. This rough transcript is submitted because the final certified transcript is not yet available as of today's date.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Dated this 28th day of May 2026 in San Francisco, California.

_____
DAVID C. LEE

Case No. 4:24-cv-01132-JST
DECLARATION OF DAVID C. LEE IN SUPPORT OF DEFENDANT AND COUNTER-CLAIMANT RTZ ASSOCIATES, INC.'S MOTION TO EXCLUDE EXPERT OPINIONS OF DR. KRISTOPHER HULT
70481844.v1

# EXHIBIT "1"
# FILED UNDER SEAL

# EXHIBIT "2"

MANATT, PHELPS & PHILLIPS, LLP
Ileana M. Hernandez (Bar No. 198906)
IHernandez@manatt.com
Charles E. Weir (Bar No. 211091)
CWeir@manatt.com
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

SAVAGE LAW PARTNERS, LLP
C. Alexander Chiulli (Admitted Pro Hac Vice)
achiulli@savagelawpartners.com
564 South Water Street
Providence, RI 02903
Telephone: (401) 238-8500
Facsimile: (401) 648-6748

*Attorneys For Plaintiff*
INTUS CARE, INC.

UNITED STATES DISTRICT COURT|

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTUS CARE, INC. | Case No. 4:24-cv-1132-JST |
| Plaintiff, | Assigned to: Hon. Jon S. Tigar |
| v. | **PLAINTIFF INTUS CARE, INC.'S OBJECTIONS AND RESPONSES TO DEFENDANT RTZ ASSOCIATES, INC.'S INTERROGATORIES, SET ONE** |
| RTZ ASSOCIATES, INC.; and DOES 1 through 10, | |
| Defendants. | |

**PROPOUNDING PARTY:    RTZ ASSOCIATES, INC.**

**RESPONDING PARTY:     INTUS CARE, INC.**

**SET NO.:            ONE**

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

PLAINTIFF'S OBJECTIONS AND RESPONSES TO INTERROGATORIES, SET ONE
Case No. 3:24-cv-1132-JST

TO DEFENDANT RTZ ASSOCIATES, INC. AND THEIR ATTORNEYS OF RECORD:

Plaintiff Intus Care, Inc. ("Intus") hereby responds to Defendant RTZ Associates, Inc.'s ("RTZ") first set of Interrogatories (the "Interrogatories") as follows:

### PRELIMINARY STATEMENT

Intus has not completed its investigation of the facts related to this case, has not fully completed its discovery in this action, and has not completed its preparation for trial. All of the responses contained herein are based only on such information and documents that are presently available and specifically known to Intus, and Intus discloses only those facts of which it is presently aware. These responses are based upon the current state of Intus's pre-trial preparation and the documents that it has reviewed to date. Intus anticipates that its continuing discovery and investigation will reveal facts and/or documents not presently known to it, or facts and/or documents whose significance is not presently known to it, upon which Intus may rely at trial. Thus, the responses contained herein are given without prejudice to Intus's right to augment these responses at a later date.

Each response is given subject to all appropriate objections (including, but not limited to, objections concerning competency, materiality, propriety, authenticity, and admissibility), which would require the exclusion of any statement contained or referenced herein, if it were made or presented by a witness present and testifying in Court. All such objections and grounds are therefore reserved and may be interposed at the time of trial.

Except for facts explicitly admitted herein, no admission of any nature whatsoever is to be implied or inferred. All responses must be construed as given on the basis of present recollection. Nothing herein should be construed as an admission by Intus regarding the admissibility or relevance of any fact, or the relevance, truth, or accuracy of any characterization or statement of any kind contained in RTZ's Interrogatories.

/ / /

/ / /

/ / /

PLAINTIFF'S OBJECTIONS AND RESPONSES TO RFPs, SET ONE

Case No. 3:24-cv-1132-JST

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

## **GENERAL OBJECTIONS**

1.      Intus objects to the Interrogatories to the extent that they seek documents that are not relevant and/or not reasonably calculated to lead to the discovery of admissible evidence.

2.      Intus objects to each and every Interrogatory to the extent it seeks documents or information protected by the attorney-client privilege, attorney work-product doctrine, and/or any other applicable privilege, immunity, or other limitation on discovery, including information protected by the right to privacy (including, but not limited to, under HIPAA and similar state law). Intus will not undertake to produce such privileged or protected documents or information, and nothing herein is intended as, or shall be deemed to be, a waiver of any such privileges and protections. The production of any such documents and/or information is inadvertent and shall not constitute a waiver of any privilege or protection.

3.      Intus submits these responses subject to all objections ordinarily available if such statements are offered in court. All such objections are hereby expressly reserved and may be interposed at the time of trial or at any other time. No response or objection to any of the Interrogatories herein should be taken as an admission by Intus of the existence of any fact set forth or assumed by the Interrogatories, or that such response or objection constitutes admissible evidence. No response to any of the Interrogatories is intended to be, nor shall any response be construed as, a waiver by Intus of all or any part of any objection to any Interrogatory.

4.      Intus has made an effort to respond to each of the Interrogatories as Intus understands and interprets it. Discovery in this action is continuing, and Intus has not yet completed its factual investigation. Accordingly, without assuming any obligation to do so, and without waiving any objection, Intus reserves the right to amend or supplement any response as additional facts are discovered or ascertained. The following responses are based upon facts which Intus has ascertained as of the date of the response, and does not preclude Intus from later relying upon facts discovered pursuant to further investigation or discovery which may be conducted after the date of this response.

- 3 -

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

5. Intus objects to the Interrogatories on the grounds and to the extent that they call for private (including, but not limited to, under HIPAA and similar state law) and/or confidential, proprietary, business, trade-secret, financial and/or commercially sensitive information. Moreover, to the extent any confidential, personal, business, financial, proprietary, private, commercially sensitive, or trade-secret information were to be produced, information would only be made available following the entry of the protective order in this matter, including an "attorneys' eyes only" protective order.

6. Intus objects to the Interrogatories on the grounds and to the extent that they seek the premature discovery of expert witnesses and/or opinions.

7. Intus objects to the Interrogatories on the grounds and to the extent that they call for legal reasoning, theories, and/or conclusions.

8. Intus objects to the Interrogatories on the grounds and to the extent that they are vague, ambiguous, unintelligible, uncertain, overly broad, duplicative, unreasonably burdensome, harassing, and/or not properly limited as to time or scope.

9. Intus objects to the Interrogatories on the grounds and to the extent that they do not specify the sought information with reasonable particularity.

10. Intus objects to the Interrogatories on the grounds and to the extent that they purport to impose obligations on Intus beyond those permitted by the Federal Rules of Civil Procedure or Local Rules.

11. Intus objects to the Interrogatories on the grounds and to the extent that they seek the disclosure of documents or information already in RTZ's possession or equally available to RTZ.

12. Intus objects to the Interrogatories on the grounds and to the extent that they seek the disclosure of documents or information in the possession, custody or control of third parties or other parties to this action.

13. Intus objects to the Interrogatories on the grounds and to the extent that they are based on false premises and assume facts that do not exist.

- 4 -

14.    Intus objects to the definition of "YOU" and/or "YOURS" on the grounds that it: (a) is vague, ambiguous, and overbroad to the extent it includes Intus's "agent"; or "representative" and (b) seeks information that is protected from disclosure by the attorney-client privilege to the extent it includes Intus's attorneys.

15.    Intus objects to RTZ's Instructions as vague, ambiguous and unduly burdensome.

16.    Intus specifically incorporates each of the foregoing General Objections into each and every response to the Interrogatories. Subject to and without waiving these general objections, and the specific objections set forth below, Intus responds as follows:

### OBJECTIONS AND RESPONSES

**Interrogatory No. 1:**

IDENTIFY all login credentials Intus used to access PACECare between January 1, 2022 and the present. [For the purpose of this request, IDENTIFY shall mean to: (i) identify each PACE facility using PACECare that Intus accessed using a login credential; (ii) the specific login credential/s used by Intus to access each PACE facility's PACECare system; and (iii) the dates each login credential was used by Intus to access PACECare at each PACE facility.]

**Response to Interrogatory No. 1:**

In addition to its General Objections, Intus specifically objects to this Interrogatory to the extent it seeks the disclosure of private and/or confidential business, financial, non-public, and/or proprietary documents and/or information. Intus further objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome, including as to scope and time, and fails to identify the documents and information sought with reasonable particularity. Intus further objects to this Interrogatory on the grounds that it is vague and ambiguous, including, but not limited, as to the terms and phrases "using" and "login credential." Intus further objects to this Interrogatory on the grounds that it is duplicative of other Interrogatories. Intus further objects to this Interrogatory to the extent it seeks documents and/or information protected by the attorney-client privilege or the work-product doctrine.

Subject to the foregoing and without waiving the foregoing specific objections and the

- 5 -

General Objections set forth above, Intus responds as follows:

The following account credentials were used to access PACECare at the following PACE facilities:

1.  Neighborhood Healthcare

    a.  URL: neighborhoodhealthcare.pacecare.com

    b.  Username: 5541

    c.  Dates the login credential was used to access PACECare: Please see column B of the spreadsheet labeled Appendix A, served concurrently with these responses, for the dates that the login credential was used to access PACECare.

2.  Beacon of Life PACE

    a.  URL: beacon.pacecare.com

    b.  Username: ewalters

    c.  Dates the login credential was used to access PACECare: Please see column B of the spreadsheet labeled Appendix A, served concurrently with these responses, for the dates that the login credential was used to access PACECare.

3.  Senior Care Partners PACE

    a.  URL: seniorcarepartners.pacecare.com

    b.  Username: rfelton

    c.  Dates the login credential was used to access PACECare: Please see column B of the spreadsheet labeled Appendix A, served concurrently with these responses, for the dates that the login credential was used to access PACECare.

4.  Community PACE

    a.  URL: communitypace.pacecare.com

    b.  Username: myates

- 6 -

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

    c. Dates the login credential was used to access PACECare: Please see column B of the spreadsheet labeled Appendix A, served concurrently with these responses, for the dates that the login credential was used to access PACECare.

5. St. Paul's PACE

    a. URL: stpauls.pacecare.com

    b. Username: ewalters

    c. Dates the login credential was used to access PACECare: Please see column B of the spreadsheet labeled Appendix A, served concurrently with these responses, for the dates that the login credential was used to access PACECare.

6. New Horizons (PACECARE was only briefly accessed in 2024 for the purposes of ICS work on behalf of this entity).

    a. URL: newhorizons.pacecare.com

    b. Username: mjohn-williams

    c. Dates the login credential was used to access PACECare: Intus has not accessed PACECare via the pipeline or individually.

**Interrogatory No. 2:**

IDENTIFY All PERSONS employed directly or indirectly by YOU who were involved in the development of the automated scripts YOU have produced in this action [bates numbers Intus 001350 to Intus 001364].

**Response to Interrogatory No. 2:**

In addition to its General Objections, Intus specifically objects to this Interrogatory to the extent it seeks the disclosure of private and/or confidential business, financial, non-public, and/or proprietary documents. Intus further objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome, including as to scope and time, and fails to identify the documents sought with reasonable particularity. Intus further objects to this Interrogatory on the grounds that

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

PLAINTIFF'S OBJECTIONS AND RESPONSES TO INTERROGATORIES, SET ONE
Case No. 3:24-cv-1132-JST

it is vague and ambiguous, including, but not limited, as to the terms and phrases "PERSONS," "directly or indirectly," and "YOU." Intus further objects to this Interrogatory on the grounds that it is duplicative of other Interrogatories. Intus further objects to this Interrogatory to the extent it seeks documents protected by the attorney-client privilege or the work-product doctrine.

Subject to the foregoing and without waiving the foregoing specific objections and the General Objections set forth above, Intus responds as follows:

Evan Walters, Christopher Roy, Maximillian Gunther, Amr Abouelleil, and Alexander Zheng.

**Interrogatory No. 3:**

For each PERSON YOU identify in response to the preceding interrogatory, describe their specific involvement in the development of the automated scripts YOU have produced in this action [bates numbers Intus 001350 to Intus 001364].

**Response to Interrogatory No. 3:**

In addition to its General Objections, Intus specifically objects to this Interrogatory to the extent it seeks the disclosure of private and/or confidential business, financial, non-public, and/or proprietary documents. Intus further objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome, including as to scope and time, and fails to identify the documents sought with reasonable particularity. Intus further objects to this Interrogatory on the grounds that it is vague and ambiguous, including, but not limited, as to the terms and phrases "specific," "involvement," and "development," and "YOU."  Intus further objects to this Interrogatory on the grounds that it is duplicative of other Interrogatories. Intus further objects to this Interrogatory to the extent it seeks documents or information protected by the attorney-client privilege or the work-product doctrine.

Subject to the foregoing and without waiving the foregoing specific objections and the General Objections set forth above, Intus responds as follows:

The individuals listed are engineers employed by Intus who contributed to one or more of the automated scripts that Intus used to access PACECare, produced at Bates numbers Intus

- 8 -

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

001350 to Intus 001364.

Dated: December 16, 2024

MANATT, PHELPS & PHILLIPS, LLP

By: */s/ Ileana M. Hernandez*
Ileana M. Hernandez
Charles E. Weir

*Attorneys for Plaintiff*
INTUS CARE, INC.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

PLAINTIFF'S OBJECTIONS AND RESPONSES TO INTERROGATORIES, SET ONE
Case No. 3:24-cv-1132-JST

## PROOF OF SERVICE

I, Carolyn B. Sharzer, declare as follows:

I am employed in Washington, District of Columbia.  I am over the age of eighteen years and not a party to this action.  My business address is MANATT, PHELPS & PHILLIPS, LLP, Washington Square, 1050 Connecticut Avenue, NW, Suite 600, Washington, D.C. 20036.

On **December 16, 2024**, I served the within:

**PLAINTIFF INTUS CARE, INC.'S OBJECTIONS AND RESPONSES TO DEFENDANT RTZ ASSOCIATES, INC.'S INTERROGATORIES, SET ONE**

on the interested parties in this action addressed as follows:

| | |
|---|---|
| David C. Lee, Esq.<br>NOSSAMAN LLP<br>50 California Street, 34th Floor<br>San Francisco, California 94111<br><br>Phone: 415.398.3600<br>Fax:   415.398.2438<br>Email: dlee@nossaman.com | *Attorneys for Defendant*<br>RTZ ASSOCIATES, INC |
| Kasia Penn, Esq.<br>NOSSAMAN LLP<br>18101 Von Karman Avenue, Suite 1800<br>Irvine, California 92612<br><br>Phone: 949.833.7800<br>Fax:   949.833.7878<br>Email: kpenn@nossaman.com | *Attorneys for Defendant*<br>RTZ ASSOCIATES, INC. |

☒ **VIA E-MAIL:**  By transmitting such document(s) electronically from my e-mail address at Manatt, Phelps & Phillips, LLP, Washington, D.C., to the person(s) at the electronic mail addresses listed above.  The transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on December 16, 2024, at Washington, D.C.

*Carolyn B. Sharzer*

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

PROOF OF SERVICE

403593169.2

**VERIFICATION**

I have read the foregoing **PLAINTIFF INTUS CARE, INC.'S OBJECTIONS AND RESPONSES TO DEFENDANT RTZ ASSOCIATES, INC.'S INTERROGATORIES, SET ONE** and know its contents.

☐   I am a party to this action. The matters stated in it are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☒   I am VP of Data and Infrastructure at Intus Care, Inc. I am authorized to make this verification for and on its behalf, and I make this verification for that reason. I have read the foregoing document(s). I am informed and believe and on that ground allege that the matters stated in it are true.

☐   I am one of the attorneys of record for Intus Care, Inc., a party to this action. Such party is absent from the county in which I have my office, and I make this verification for and on behalf of that party for that reason. I have read the foregoing document(s). I am informed and believe and on that ground allege that the matters stated in it are true.

I declare under penalty of perjury under the laws of the State of Massachusetts that the contents of this verification are true and correct.

Executed at Cambridge, Massachusetts on ___Dec 16, 2024___, 2024.

_Evan Walters_
Evan Walters (Dec 16, 2024 20:42 EST)

_____
Evan Walters

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

# Verification for Responses to Interrogatories, Set One

Final Audit Report                                      2024-12-17

| | |
|---|---|
| Created: | 2024-12-17 |
| By: | Sydney Bradford (sydney.bradford@intus.care) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAcclolt2DPVnH64NzzQC0SSX7peNeuy6b |

## "Verification for Responses to Interrogatories, Set One" History

Document created by Sydney Bradford (sydney.bradford@intus.care)
2024-12-17 - 0:03:55 AM GMT

Document emailed to evan.walters@intus.care for signature
2024-12-17 - 0:05:21 AM GMT

Email viewed by evan.walters@intus.care
2024-12-17 - 0:22:59 AM GMT

Signer evan.walters@intus.care entered name at signing as Evan Walters
2024-12-17 - 1:42:41 AM GMT

Document e-signed by Evan Walters (evan.walters@intus.care)
Signature Date: 2024-12-17 - 1:42:43 AM GMT - Time Source: server

Agreement completed.
2024-12-17 - 1:42:43 AM GMT

# EXHIBIT "3"
# FILED UNDER SEAL

# EXHIBIT "4"

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

_____

INTUSCARE INC.,                    )

                                   )

          Plaintiff,               )

                                   )

vs.                                ) No. 4:24-cv-1132-JST

                                   )

RTZ ASSOCIATES, INC.; and          )

DOES 1 through 10,                 )

                                   )

          Defendants.              )

_____)

VIDEOTAPED DEPOSITION OF MICHAEL ZAWADSKI

San Francisco, California

Monday, February 23, 2026

Volume I

Reported by:

CATHERINE A. NOLASCO, RMR, CRR, BS

CSR No. 8239

Job No. CA 7889273

PAGES 1 - 205

Page 1

Veritext Legal Solutions

866-299-5127          calendar-ca@veritext.com          www.veritext.com

can go through, and you have filters to run on top

11:08:38

of it, so it's a very extensive list.

Q    And is that a -- is that a list that, you know, Intus could say, "Look, we need all of these variables," gives you -- gives RTZ the list of

11:08:52

variables, and they do a bulk data export of all those variables?

Is that how it works?

A    They wouldn't even need to come to us. They could give it to the client, and the client

11:09:02

could export it to them.

Q    How would the client go about exporting it?

A    There's instructions, that we distribute to clients, on how to do it.

11:09:09

Q    Well, what would -- what would the output be?

A    It would be a data file.

Q    About how long would it take the client to create the data file and create the export and give

11:09:24

it to Intus?

A    Maybe two, three minutes, because you can save the filters.  So it just has to run the job. It creates a file, send it off.

Q    So it -- it was your understanding that a

11:09:36

Page 64

# EXHIBIT "5"
# FILED UNDER SEAL

# EXHIBIT "6"
# FILED UNDER SEAL

# EXHIBIT "7"
# FILED UNDER SEAL

# EXHIBIT "8"

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

INTUS CARE, INC.,                )
                                 )   Case No. 4:24-cv-01132-JST
          Plaintiff,             )
                                 )
     vs.                         )
                                 )
RTZ ASSOCIATES, INC.,            )
and DOES 1 through 10,           )
                                 )
          Defendants.            )


THIS DEPOSITION CONTAINS CONFIDENTIAL MATERIAL

DEPOSITION OF JOHN ROBERT FELTON

Chicago, Illinois

Wednesday, April 8, 2026


Reported by:

JENNIFER L. BERNIER, CSR, RMR, CRR

Is that a sentiment that you agree with or an allegation that you agree with?

A.   Yes.

Q.   Okay.  In what ways was Intus believing that its business was being destroyed by RTZ?  Is it basically what you've already testified to today?

A.   In addition to them blocking access, they launched a competitive analytics product.

Q.   And what is the competitive analytics product that you're referring to?

A.   It's their analytics -- their analytics product.  It's something they marketed.

Q.   Okay.  And -- okay.

And why did you feel that that represented a threat to Intus?

A.   Directly competitive with our business.

Q.   Okay.  And so if -- well, did you ever have access to that data analytics tool?

A.   No.

Q.   Are you aware of whether RTZ ever had access to Intus's Pop Health tool?

A.   I'm not aware.

Q.   So it's the mere fact of RTZ coming up with a data analytics tool that created the destructive nature of its conduct?

# EXHIBIT "9"

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA


CASE NO:  4:24-CV-01132-JST


INTUS CARE, INC.,

    Plaintiff,

Vs.

RTZ ASSOCIATES, INC.; and DOES 1

Through 10,

    Defendants.


REMOTE DEPOSITION OF:

EVAN WALTERS

March 16, 2026

9:33 A.M.


REPORTED BY:

CINDY C. JENKINS, CCR

A.     We were blocked from accessing our customers' data.

Q.     Well, you've already described that the customer could download a CSV file and transmit that CSV file to Intus for upload into the PopHealth dashboard; correct?

A.     That's true.  But, again, it's a barrier that makes the value of the Population Health analytics tool inaccessible.  Manually downloading the data is too difficult.  And then the real value of the product, in addition to the analytics functionality, is that the data can be made available at a daily frequency.  The automation is part of the value.

Q.     That's a value to the client, as you testified?

A.     Yeah, exactly.

Q.     It's not a value to Intus, because data is data.  Whether you get it via an e-mailed upload, or you get it via FTP, or you get it via automated script, the data is the same; right?

MR. WEIR:  Objection.  It's argumentative.  It misstates the evidence.

# EXHIBIT "10"

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

-------------------------------x

INTUS CARE, INC.,                        :

     Plaintiff,          :  Case No.

  vs.                            :  4:24-cv-01132-JST

RTZ ASSOCIATES, INC., and DOES 1 :

through 10,                         :

    Defendants.          :

-------------------------------x

AND RELATED CROSS-ACTION          :

-------------------------------x

VIDEOTAPED DEPOSITION OF EVAN JACKSON

San Francisco, California

Tuesday, November 25, 2025

Stenographically Reported by:
LORI STOKES
RPR, CSR No. 12732

Job No. 2173676

Pages 1-296

and some compliance-related consulting.

Q    When you say "compliance," what do you mean?

A    Like PACE programs are always thinking about being compliant, maintaining compliance for their CMS audits.

So we coast them through how to prepare for that, how to get ready.  I can't remember where we introduced this, but probably shortly thereafter, do like mock audits and helped them prepare for their audit experience.

Q    Okay.

In this roughly two-year period that you've discussed in which the relationship between Intus and RTZ was working out well, did Intus consider RTZ to be a competitor?

A    No.

Q    At what point -- let me ask it differently.

Does Intus consider RTZ to be a competitor now?

A    Yes.

Q    When did RTZ become a competitor?

A    I don't think we really -- well, when we started seeing them as a competitor was, I think,

one -- so, I guess to walk through my general recollection of the timeline, as I noted, our access got cut off.

And then shortly thereafter, we started hearing whispers and rumors of RTZ wanted to build a competitive product to Intus or building out.

So that's kind of -- you know, we started hearing those whispers and rumors.  I'd say after that is when we started seeing RTZ as more of a competitor.  So yeah.

Q    Okay.

As you sit here today, do you have an understanding as to whether or not RTZ actually did roll out a data analytics product?

A    I don't know at that time.  I've heard rumors more recently that they're rolling out some data-related products.  And -- I don't know.  I don't know the inner workings of their business.

Q    So I want to see if I can put a finer bead on this.

Generally speaking, do you have an understanding as to when it was Intus considered, by time time, RTZ to be a competitor?

A    Again, I would say from -- and this is, you know, again from my personal perspective, not

# EXHIBIT "11"
# FILED UNDER SEAL