UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

INTUS CARE, INC.,

           Plaintiff,

    v.

RTZ ASSOCIATES, INC.,

           Defendant.

Case No. 24-cv-01132-JST (AGT)

**DISCOVERY ORDER**

Re: Dkt. No. 144

On May 13, 2026, the Court held that Intus couldn't depose Kevin Lathrop, the President of Collabrios Health, LLC, because the deadline by which to conduct fact discovery, March 9, 2026, had passed. Dkt. 141 at 1–2. On May 28, 2026, the parties filed a joint letter brief in which they have asked the Court "to resolve a dispute about the scope of Kevin Lathrop's deposition." Dkt. 144 at 1. After explaining that they "stipulated that [Lathrop's] deposition could be taken following [the] discovery cut-off to accommodate counsel's schedules," the parties request that the Court address whether Intus may ask Lathrop questions about third-party Collabrios at his deposition. *Id.*

The parties' letter brief is essentially a request for reconsideration, which the Court will deny for two reasons. First, in their initial letter brief about Lathrop's deposition, which

the parties filed on May 5, 2026, the parties didn't mention their stipulation about taking Lathrop's deposition after the discovery cutoff. *See* Dkt. 130. Their stipulation, then, isn't a new material fact; and in the exercise of reasonable diligence, the parties could have told the Court about the stipulation in their May 5 letter brief. Under the Local Rules, reconsideration isn't warranted. *See* Civil L.R. 7-9(b).

Second, in any event, the stipulation doesn't alter the Court's reasoning. The parties cannot unilaterally stipulate to conduct discovery after the cutoff. "[A] stipulation extending the time for any form of discovery must have court approval if it would interfere with the time set for completing discovery, for hearing a motion, or for trial." Fed. R. Civ. P. 29(b); *see Squaregles LLC v. Laltitude LLC*, 2025 WL 3248687, at *3 (C.D. Cal. Aug. 27, 2025) (prohibiting a party from deposing a witness after the discovery cutoff; "Rule 29 is clear on this point: a stipulation that would interfere with the time set for completing discovery 'must have court approval.'" (quoting Fed. R. Civ. P. 29(b))).

If the parties intended to depose Lathrop after the discovery cutoff, they should have requested leave to extend the cutoff or to conduct limited discovery beyond the cutoff. The Court reaffirms its prior ruling. "Intus may not depose Kevin Lathrop . . . at this time." Dkt. 141 at 2.

**IT IS SO ORDERED.**

Dated: June 1, 2026

_____
Alex G. Tse
United States Magistrate Judge