NOSSAMAN LLP
DAVID C. LEE (SBN 193743)
dlee@nossaman.com
50 California Street, 34th Floor
San Francisco, CA 94111
Telephone:  415.398.3600
Facsimile:  415.398.2438

NOSSAMAN LLP
KASIA PENN (SBN 306056)
kpenn@nossaman.com
18101 Von Karman Avenue, Suite 1800
Irvine, CA 92612
Telephone:  949.833.7800
Facsimile:  949.833.7878

Attorneys for Defendant RTZ ASSOCIATES, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTUS CARE, INC.,<br><br>        Plaintiff,<br><br>    vs.<br><br>RTZ ASSOCIATES, INC.; and DOES 1 through 10,<br><br>        Defendants, | Case No:    4:24-cv-01132-JST<br><br>Assigned to: Hon. Jon S. Tigar<br><br>**DECLARATION OF DAVID C. LEE IN SUPPORT OF INTUS CARE INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED IN SUPPORT OF INTUS CARE INC.'S MOTION TO EXCLUDE EXPERT PETER SCHWECHHEIMER**<br><br>Date: July 2, 2025<br>Time: 2:00 p.m.<br>Courtroom: 6<br><br>Complaint Filed: February 23, 2024<br>Amended Complaint Filed: April 2, 2024<br>Counterclaims Filed: June 20, 2024 |

4:24-cv-01132-JST

DECLARATION OF DAVID C. LEE IN SUPPORT OF INTUS CARE INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED IN SUPPORT OF INTUS CARE INC.'S MOTION TO EXCLUDE EXPERT PETER SCHWECHHEIMER

70497873.v1

**DECLARATION OF DAVID C. LEE**

I, David C. Lee, declare as follows:

1.       I am an attorney at law admitted to practice before this Court and a partner at Nossaman LLP, counsel of record for Defendant RTZ Associates, Inc. ("RTZ") in this action. I submit this declaration in support of Intus Care, Inc.'s ("Intus") Administrative Motion to Consider Whether Another Party's Material Should Be Sealed in Support of Intus' Motion to Exclude Expert Peter Schwechheimer ("Motion to Exclude Schwechheimer," DKT. No. 147). I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2.       In support of its Motion to Exclude Schwechheimer, Intus filed as Exhibit A the expert report of Peter Schwechheimer (the "Report"), which RTZ designated as "CONFIDENTIAL" pursuant to the Stipulated Protective Order (Dkt. No. 44), and as Exhibit D, the pro forma relied on by Schwechheimer.

3.       The Supreme Court in *Nixon* recognized a common law right of access to judicial records, while emphasizing that the right "is not absolute" and depends on the circumstances of the particular case. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Consistent with that principle, federal courts have developed a two-tiered framework governing motions to seal. When an expert report is filed in connection with a dispositive motion, the "compelling reasons" standard applies. *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 484 F. Supp. 3d 249, 257 (E.D. Pa. 2020). By contrast, when the material sought to be sealed is not filed as part of a dispositive motion, the "good cause" standard under Rule 26(c) governs. *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002); *In re Avandia Mktg.*, 484 F. Supp. 3d, at 261 (applying the "good cause" standard to a supplemental expert report that was not part of the summary judgment record). Because Intus' Motion to Exclude Schwechheimer, is not filed in connection with a dispositive motion, the good cause standard applies here.

4.       Courts permit expert reports to be filed under seal where, as here, the reports contain confidential business information. In *Spriestersbach v. Hawaii*, No. CV 21-00456 LEK-RT, 2024 WL 3164698, at *2 (D. Haw. June 24, 2024), the district court granted a motion to seal

DECLARATION OF DAVID C. LEE IN SUPPORT OF INTUS CARE INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED IN SUPPORT OF INTUS CARE INC.'S MOTION TO EXCLUDE EXPERT PETER SCHWECHHEIMER

an entire expert report. Likewise, in *Remtech, Inc. v. Fireman's Fund Ins. Co.*, No. CV-05-0087-LRS, 2006 WL 6862013, at *1 (E.D. Wash. June 30, 2006), the court sealed an expert report "for purpose of this litigation." And in *Melnick v. Tamko Bldg. Prods. LLC*, No. 19-CV-2630-JAR-BGS, 2023 WL 5574188, at *3 (D. Kan. Aug. 29, 2023), the court granted a motion to seal a 371-page expert report containing confidential sales and trade secret information, finding it to be "more efficient to seal the document rather than send the matter back to the parties to agree upon redactions." *Id.*

5. Courts have also recognized that financial information can warrant complete sealing. In *DNC Parks & Resorts At Yosemite, Inc. v. United States*, 127 Fed. Cl. 435, 440 (2016), the court granted a protective order sealing the entire valuation report because it contained operating margins, listing of revenues by location and operational category, contained trade secrets embedded throughout, the breakdown of revenues by operational category which "could be used to the advantage of DNCY's competitors."

6. That is the case here. The Report and the pro forma financial analysis contain confidential, and commercially sensitive financial information belonging to RTZ.

7. The pro forma record consists of information derived from RTZ's non-public financial records. It discloses confidential information concerning RTZ's financial metrics that are not publicly available. Public disclosure of this information could place RTZ at a competitive disadvantage by revealing sensitive financial information to competitors, customers, and vendors. Sealing of the pro forma record is therefore warranted.

8. The Report likewise relies upon and discusses the confidential financial information reflected in non-public business records. In addition, the Report analyzes and discusses confidential business dealings, contractual relationships, and commercial interactions between the Parties that form the basis of RTZ's counterclaims in this action. The Report discusses the circumstances that gave rise to the financial harm claimed by RTZ and incorporates confidential business information concerning the Parties' relationship, and course of dealing. It relies upon and analyzes discovery material that RTZ and Intus designated as Confidential or Highly Confidential pursuant to the Protective Order. For example, the Report relies on 11

DECLARATION OF DAVID C. LEE IN SUPPORT OF INTUS CARE INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED IN SUPPORT OF INTUS CARE INC.'S MOTION TO EXCLUDE EXPERT PETER SCHWECHHEIMER

documents designated by Intus as "Confidential," and on three records designated by RTZ as "Highly Confidential—Attorney's Eyes Only."

9. Public disclosure of the Report would reveal sensitive non-public information concerning RTZ's operations, financial revenues and profits, and the confidential commercial relationship between the Parties. Because the confidential information is woven throughout the Report and forms the basis for the expert's opinions and analyses, targeted redactions would not adequately protect RTZ's confidentiality interests, as well as Intus' confidentiality interests over materials that are described and analyzed in the Report. The Report's substantive analysis is so intertwined with confidential contractual and business information that extensive redaction would render the document largely unintelligible. Accordingly, sealing the Report in its entirety is necessary to protect RTZ's and Intus' legitimate confidentiality interests.

10. The applicable standard is therefore satisfied for both the Report and the pro forma relied on by the expert, and both records should be sealed in full.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Dated this 4th day of June 2026 in San Francisco, California.

_____
DAVID C. LEE

DECLARATION OF DAVID C. LEE IN SUPPORT OF INTUS CARE INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED IN SUPPORT OF INTUS CARE INC.'S MOTION TO EXCLUDE EXPERT PETER SCHWECHHEIMER