NOSSAMAN LLP
DAVID C. LEE (SBN 193743)
dlee@nossaman.com
50 California Street, 34th Floor
San Francisco, CA 94111
Telephone:  415.398.3600
Facsimile:  415.398.2438

NOSSAMAN LLP
KASIA PENN (SBN 306056)
kpenn@nossaman.com
18101 Von Karman Avenue, Suite 1800
Irvine, CA 92612
Telephone:  949.833.7800
Facsimile:  949.833.7878

Attorneys for Defendant RTZ ASSOCIATES, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTUS CARE, INC.,<br><br>                 Plaintiff,<br><br>        vs.<br><br>RTZ ASSOCIATES, INC.; and DOES 1 through 10,<br><br>                 Defendants, | Case No:      4:24-cv-01132-JST<br><br>Assigned to: Hon. Jon S. Tigar<br><br>**DECLARATION OF DAVID C. LEE IN SUPPORT OF INTUS CARE INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED IN SUPPORT OF INTUS CARE INC.'S MOTION TO EXCLUDE EXPERT TRACI CREEGAN**<br><br>Date: July 2, 2025<br>Time: 2:00 p.m.<br>Courtroom: 6<br><br>Complaint Filed: February 23, 2024<br>Amended Complaint Filed: April 2, 2024<br>Counterclaims Filed: June 20, 2024 |

4:24-cv-01132-JST

70496726.v1

## **DECLARATION OF DAVID C. LEE**

I, David C. Lee, declare as follows:

1.      I am an attorney at law admitted to practice before this Court and a partner at Nossaman LLP, counsel of record for Defendant RTZ Associates, Inc. ("RTZ") in this action. I submit this declaration in support of Intus Care, Inc.'s ("Intus") Administrative Motion to Consider Whether Another Party's Material Should Be Sealed in Support of Intus' Motion to Exclude Expert Traci Creegan ("Motion to Exclude Creegan," DKT. No. 148). I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2.      In support of its Motion to Exclude Creegan, Intus filed the expert report of Traci Creegan (the "Report"), which RTZ designated as "CONFIDENTIAL" pursuant to the Stipulated Protective Order. (Dkt. No. 44.)

3.      The Supreme Court in *Nixon* recognized a common law right of access to judicial records, while emphasizing that the right "is not absolute" and depends on the circumstances of the particular case. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Consistent with that principle, federal courts have developed a two-tiered framework governing motions to seal. When an expert report is filed in connection with a dispositive motion, the "compelling reasons" standard applies. *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 484 F. Supp. 3d 249, 257 (E.D. Pa. 2020). By contrast, when the material sought to be sealed is not filed as part of a dispositive motion, the "good cause" standard under Rule 26(c) governs. *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002); *In re Avandia Mktg.*, 484 F. Supp. 3d, at 261 (applying the "good cause" standard to a supplemental expert report that was not part of the summary judgment record). Because Intus' Motion to Exclude Creegan is not filed in connection with a dispositive motion, the good cause standard applies here.

4.      Courts permit expert reports to be filed under seal where, as here, the reports contain confidential business information. In *Spriestersbach v. Hawaii*, No. CV 21-00456 LEK-RT, 2024 WL 3164698, at *2 (D. Haw. June 24, 2024), the district court granted a motion to seal an entire expert report. Likewise, in *Remtech, Inc. v. Fireman's Fund Ins. Co.*, No. CV-05-0087-

70496726.v1                                                                 - 2 -

LRS, 2006 WL 6862013, at *1 (E.D. Wash. June 30, 2006), the court sealed an expert report "for purpose of this litigation." And in *Melnick v. Tamko Bldg. Prods. LLC*, No. 19-CV-2630-JAR-BGS, 2023 WL 5574188, at *3 (D. Kan. Aug. 29, 2023), the court granted a motion to seal a 371-page expert report containing confidential sales and trade secret information, concluding that "it more efficient to seal the document rather than send the matter back to the parties to agree upon redactions." *Id.*

5.      That is the case here. The Report contains and discusses non-public proprietary business information, confidential commercial information, and RTZ's sensitive internal business practices. It relies upon and analyzes discovery material that RTZ and Intus designated as Confidential pursuant to the Protective Order. For example, the Report relies on seven documents designated by Intus as "Confidential," three documents designated by RTZ as "Confidential," and one record designated by RTZ as "Highly Confidential—Attorney's Eyes Only." The Report also addresses confidential agreements between the Parties, including non-public contractual terms, business arrangements, and communications concerning their commercial relationship. In addition, it discusses confidential business dealings and interactions between the Parties that form the basis of the claims and defenses in this litigation. None of this information is publicly available, and the Parties have consistently maintained it as confidential.

6.      Public disclosure of the Report would reveal RTZ's internal operations, business practices, contractual relationships, and other commercially sensitive matters. Such disclosure would place RTZ at a competitive disadvantage by affording competitors and other third parties access to sensitive commercial information that is not otherwise available to the public.

7.      Because the confidential information is woven throughout the Report and forms the basis for the expert's opinions and analyses, targeted redactions would not adequately protect RTZ's confidentiality interests, as well as Intus' confidentiality interests over materials that are described and analyzed in the Report. The Report's substantive analysis is so intertwined with confidential contractual and business information that extensive redaction would render the document largely unintelligible. Accordingly, sealing the Report in its entirety is necessary to

///

70496726.v1                                    - 3 -

protect RTZ's and Intus' legitimate confidentiality interests. The applicable standard is therefore satisfied, and the Report should be sealed in full.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Dated this 4th day of June 2026 in San Francisco, California.

_____
DAVID C. LEE

70496726.v1                                           - 4 -

DECLARATION OF DAVID C. LEE IN SUPPORT OF INTUS CARE INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED OF INTUS CARE INC.'S REPLY IN SUPPORT OF ITS MOTION TO MOTION TO EXCLUDE EXPERT TRACI CREEGAN