Charles E. Weir (SBN 211091)
Andrew M. Beshai (SBN 308030)
EPSTEIN BECKER & GREEN, P.C.
1925 Century Park East, Suite 500
Los Angeles, California 90067-2506
Telephone:      310.556.8861
Facsimile:      310.553.2165
cweir@ebglaw.com
abeshai@ebglaw.com

Attorneys for Plaintiff
INTUSCARE INC.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTUSCARE INC., | Case No. 4:24-cv-01132-JST |
| Plaintiff, | Assigned *to Hon. Jon S. Tigar* |
| v. | **INTUSCARE INC.'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** |
| RTZ ASSOCIATES, INC.; and DOES 1 through 10, | |
| Defendant. | *Filed concurrently with: 1) Declaration of Andrew Beshai; 2) [Proposed] Order* |
| | Complaint Filed: February 23, 2024 |
| | Amended Complaint Filed: April 2, 2024 |
| | Counterclaims Filed: June 20, 2024 |

1

## I.   **INTRODUCTION**

Plaintiff IntusCare Inc. ("Intus") noticed the deposition of Kevin Lathrop prior to the discovery deadline in this case. To accommodate Defendant RTZ Associates, Inc.'s ("RTZ") scheduling requests, the parties agreed that the deposition could take place after the discovery cutoff. At RTZ's request, Intus continued the deposition date twice to accommodate new counsel representing Mr. Lathrop and RTZ's desire to file a letter brief to limit the scope of Mr. Lathrop's deposition. In that letter brief, filed on May 5, 2026, RTZ did not object to—or even raise the issue of—the timing of Mr. Lathrop's deposition or whether his deposition should go forward. Instead, RTZ asked the Magistrate Judge to preclude questioning about Mr. Lathrop's interactions with High Desert Pace and use of documents that Intus obtained from High Desert Pace. Magistrate Judge sua sponte held that Mr. Lathrop's deposition was untimely and ruled that Intus could not depose him. The parties filed a subsequent letter brief seeking clarification in which RTZ stated that it "does not contest that Mr. Lathrop's deposition may proceed, nor does [it] dispute that the deposition was timely noticed. RTZ's sole objection concerns the scope of Intus' proposed questioning." (Dkt 144.) RTZ has also never argued that allowing Mr. Lathrop's deposition would in any way interfere with the upcoming trial deadlines. The Magistrate Judge nonetheless maintained that Mr. Lathrop's deposition cannot proceed, faulting the parties for not apprising him of their stipulation in the first letter brief and ruling that court approval was required for the stipulation if it would interfere with case deadlines.

Intus seeks relief from the Magistrate Judge's ruling. Neither party objects to the deposition of Mr. Lathrop, which was timely noticed and continued to accommodate RTZ's counsel. There is also no evidence that Mr. Lathrop's deposition would interfere with any case deadlines. As to the scope of the deposition, Intus should be allowed to inquire about Mr. Lathrop's interactions with customers for numerous reasons. RTZ seeks damages for the cancellation of a contract with High Desert Pace. Mr. Lathrop was involved in that relationship and the termination of that agreement. There is no basis for precluding Intus from asking questions to a percipient witness about a relationship RTZ claims was damaged by Intus' conduct. Moreover, RTZ has taken shifting positions as to whether the lost customers underlying its damages are RTZ or Collabrios customers.

If they are Collabrios customers (which RTZ now claims they are for purposes of this dispute), then RTZ is not entitled to receive damages for customers of a non-party.

## II.    FACTUAL & PROCEDURAL BACKGROUND

Intus brought suit alleging that RTZ violated the 21st Century CURES Act Information Blocking provision and intentionally interfered with Intus' contracts and prospective economic relations. (Dkt. No. 25, ¶ 1.) RTZ countersued alleging Intus violated computer hacking statutes by accessing client data on PACECare, RTZ's electronic medical records system. (Dkt. 41.)

In October 2024, RTZ was acquired by Collabrios Health, LLC. RTZ no longer has any employees and Collabrios services RTZ's contracts.[1] RTZ seeks damages from three PACECare contracts that were cancelled after May 2025 (High Desert, BoldAge, Community PACE), when all RTZ's operations had transitioned to Collabrios. Kevin Lathrop, President of Collabrios, was the main point of contact with these entities and a percipient witness to the reasons for termination.

Intus intends to rebut RTZ's damages request by, among other things, arguing that RTZ is the wrong party to recover lost profits under the three contracts at issue. RTZ has waffled on whether the three programs were RTZ or Collabrios customers during the damages period. At the May 11, 2026 hearing, it was claimed that the programs at issue were RTZ contracts. For purposes of the fight about the scope of Mr. Lathrop's deposition, they have been characterized as Collabrios' customers and therefore, RTZ claims, Mr. Lathrop should not have to testify about them. (Dkt. 144.) If it is true that these three entities are Collabrios and not RTZ customers, then RTZ cannot seek damages for the loss of those customers. Intus is entitled to gather actual evidence regarding this issue. Intus intends to ask Mr. Lathrop these questions and questions about causation.

Mr. Lathrop's deposition was noticed before the fact discovery cut-off in this case, and the parties stipulated that his deposition occur after discovery cut-off to accommodate counsel's schedules. On March 26, 2026, in the midst of the parties coordinating schedules, RTZ's counsel informed Intus' counsel: "I have been informed that Collabrios is engaging separate counsel to represent its interests in this matter. . . . . Obviously, I do not intend to object to the issuance of a

---

[1] RTZ's counsel has made these representations to this Court at a case management conference held on May 11, 2026. Collabrios's former CEO also confirmed Collabrios acquired PACECare.

subpoena after the close of discovery." (Dkt. 108-7).

To accommodate new counsel's schedule, Mr. Lathrop's deposition was scheduled for April 30, 2026, but two days before the deposition was set to proceed, RTZ's counsel cancelled the deposition, objecting to Intus asking questions about Mr. Lathrop's interactions with Collabrios' customers. (Declaration of Andrew Beshai, Ex. 1.) On May 5, 2026, RTZ filed a letter brief asking Judge Tse to limit the scope of Mr. Lathrop's deposition. (Dkt. 130.) Neither party raised any issues about the timing of Mr. Lathrop's deposition or claimed that the deposition should not go forward. (*Id*.) Instead, RTZ requested only that Intus be precluded from asking Mr. Lathrop questions about Collabrios' conduct with its customers, including specifically High Desert. (*Id*.)

On May 13, 2026, Judge Tse ruled: "Intus may not depose Kevin Lathrop" because "the fact-discovery cutoff has passed." (Dkt. 141.) On May 28, 2026, the parties filed a letter brief seeking clarification, in which RTZ stated: "RTZ does not contest that Mr. Lathrop's deposition may proceed, nor does RTZ dispute that the deposition was timely noticed. RTZ's sole objection concerns the scope of Intus' proposed questioning." (Dkt 144.)

Judge Tse denied the parties' joint request because "the parties didn't mention their stipulation about taking Lathrop's deposition after the discovery cutoff," so the stipulation "isn't a new material fact; and in the exercise of reasonable diligence, the parties could have told the Court about the stipulation in their May 5 letter brief." (Dkt. 153.) Second, he ruled that "[t]he parties cannot unilaterally stipulate to conduct discovery after the cutoff" without court approval, citing to Fed. R. Civ. P. 29(b) and *Squaregles LLC v. Laltitude LLC*.

## III.    **ARGUMENT**

"A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Civil L.R. 72–2. The Magistrate Judge's rulings on whether Intus can depose Mr. Lathrop are flawed. No party in this case was seeking to preclude Intus from deposing Mr. Lathrop. None of the issues present in *Squaregles LLC* or Rule 29 are present here and no party cited to that case or the Rule. In *Squaregles*, the defendant issued a deposition notice after discovery cutoff had already passed and "made no effort to notice [the] deposition . . . within the discovery

4

period." *Squaregles LLC v. Laltitude LLC*, No. 2:23-CV-09751-CBM-BFM, 2025 WL 3248687, at *3 (C.D. Cal. Aug. 27, 2025). The plaintiff objected and moved for a protective order to prevent the deposition, arguing that it would be prejudiced because its counsel would have "to spend part of this period attending two sessions of a third-party deposition . . . up to the week before expert disclosures are due." *Id*. At *2. The court, therefore, did not allow the deposition to proceed. *Id*.

The facts of *Squaregles* are a far cry from the facts here. Unlike the untimely notice of deposition in *Squaregles*, Intus noticed Mr. Lathrop's deposition before the discovery cutoff and it was continued only when Mr. Lathrop retained new counsel and again when RTZ unilaterally cancelled the deposition to file the May 5 letter brief. At no point was Intus dilatory in noticing Mr. Lathrop's deposition or coordinating to take the deposition. Additionally, the only affected parties here—RTZ and Collabrios—have not objected to or moved for a protective order prohibiting the deposition. There is no evidence, unlike *Squaregles*, that Mr. Lathrop's deposition "would interfere with the time set for completing discovery, for hearing a motion, or for trial," as required by Rule 29. The Magistrate Judge's ruling is contrary to law and clearly erroneous.

Judge Tse also stated that the parties failed to "exercise [] reasonable diligence," because they "could have told the Court about the stipulation in their May 5 letter brief." (Dkt. 153.) But the issue of Mr. Lathrop's timing was not in dispute in the May 5 letter brief. The briefing was initiated by RTZ and RTZ's only request pertaining to Mr. Lathrop's deposition was that the Court preclude "Intus from seeking testimony at Kevin Lathrop's deposition about Collabrios' conduct with its customers." (Dkt. 130.) That Mr. Lathrops' deposition was timely and properly noticed was agreed to by the parties and for that reason never disputed or raised in the letter brief, so there was no reason for the parties to include the stipulation.

Finally, this Court should allow Intus to depose Mr. Lathrop without limitation. The contract terminations on which RTZ bases its damages all took place after Collabrios acquired RTZ in October 2024. RTZ has characterized the PACE entities involved in these contracts (High Desert, BoldAge, Community PACE) as Collabrios' customers, which is contrary to the positions taken by RTZ in its opposition to adding Collabrios as a party. (Dkt. 144.) If, in fact, these three entities are Collabrios and not RTZ customers, then RTZ cannot seek damages for the loss of those customers.

5

Given RTZ's shifting positions, Intus has not received a straight answer as to whether these contracts belong to Collabrios or RTZ or (more importantly) who receives the revenue associated with those contracts. Additionally, Intus should be allowed to question Mr. Lathrop on the issue of causation as to the contracts that RTZ itself has put at issue by making them the focal point of its damages request. None of these issues are covered by any sort of privilege or is there any basis for precluding testimony on issues that RTZ has placed in this case.

Intus is entitled to ask Mr. Lathrop about these issues, which are at the heart of one of its defenses to RTZ's claimed lost profits damages.

## IV.   CONCLUSION

This Court should grant Intus' Motion for Relief from the Magistrate Judge's Pretrial Order and allow Intus to depose Mr. Lathrop without limitation.

Dated:  June 4, 2026                                    EPSTEIN BECKER & GREEN, P.C.

By:   */s/ Charles E. Weir*

Charles E. Weir
Andrew M. Beshai

Attorneys for Plaintiff
INTUS CARE, INC.

INTUSCARE INC.'S MOTION FOR RELIEF FROM
NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE