Charles E. Weir (SBN 211091)
Andrew M. Beshai (SBN 308030)
EPSTEIN BECKER & GREEN, P.C.
1925 Century Park East, Suite 500
Los Angeles, California 90067-2506
Telephone:     310.556.8861
Facsimile:     310.553.2165
cweir@ebglaw.com
abeshai@ebglaw.com

Attorneys for Plaintiff
INTUSCARE INC.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTUSCARE INC., <br><br> Plaintiff, <br><br> v. <br><br> RTZ ASSOCIATES, INC.; and DOES 1 through 10, <br><br> Defendant. | Case No. 4:24-cv-01132-JST <br><br> *Assigned to Hon. Jon S. Tigar* <br><br> **PLAINTIFF'S OPPOSITION TO DEFENDANT AND COUNTER-CLAIMANT RTZ ASSOCIATES, INC.'S NOTICE OF MOTION AND MOTION TO EXCLUDE EXPERT OPINIONS OF SHAWN FLEURY** <br><br> Date:    July 2, 2026 <br> Time:    2:00 p.m. <br> Crtrm:  6 <br><br> Complaint Filed: February 23, 2024 <br> Amended Complaint Filed: April 2, 2024 <br> Counterclaims Filed: June 20, 2024 |

1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Defendant RTZ Associates, Inc. ("RTZ") has moved to exclude portions of the Rebuttal Report (the "Report") of IntusCare Inc.'s ("Intus") expert Shawn Fleury ("Fleury"). Fleury was retained to rebut the opinions of RTZ's expert, Traci Creegan. RTZ intends to use Creegan as a mouthpiece for its interpretation of the law and the facts, including her interpretation of emails and deposition transcripts in this lawsuit.[1] Indeed, Creegan purports to opine on what witnesses in the case meant by isolated phrases in emails. Intus believes that Creegan's testimony should be excluded. By its motion, RTZ asks this Court to exclude Fleury's opinions because he is interpreting the same evidence RTZ's own expert assessed in forming the opinions in her report. Should the Court permit Creegan to testify (which it shouldn't), Fleury's opinions will help the trier of fact by providing context that Creegan omits in reviewing the evidence. RTZ's primary argument—that Fleury "parrots" the deposition testimony of Alex Rothberg, Intus' co-founder and Chief Technology Officer—is misplaced, as Fleury does not even cite to Rothberg's testimony. If there are overlaps in Fleury and another witness's technical understanding of the systems at play, that is not a basis for exclusion under *Daubert*.

A rebuttal expert's function is to identify the flaws in an opposing expert's methodology, to point out context the opposing expert failed to analyze, and offer differing conclusions. Fleury does exactly this. Fleury examines the same evidence Creegan relied on, applies his own technical expertise, and explains why Creegan's conclusions do not withstand technical scrutiny. In other words, RTZ improperly retained an expert to interpret emails and opine on the state of mind of the drafter of those emails. RTZ cannot now take issue with the fact that Intus needs to rebut the improper interpretation of those emails by Creegan. The Court should grant Intus' motion to exclude Creegan, which would make this motion moot. Should the Court allow Creegan to testify, however, it should deny this Motion so that Intus can rebut Creegan's improper conclusions.

---

[1] In Intus' Motion to Exclude Creegan's testimony, Intus explains that this testimony is unhelpful to the trier of fact and it is instead the jury's job to assess the evidence. But should the Court permit any portion of Creegan's testimony to proceed, Intus has the right to rebut the testimony and demonstrate the ways in which Creegan misstates or misrepresents the facts in her analysis.

## II.    LEGAL STANDARD

The role of the rebuttal expert is "'to contradict or rebut evidence on the same subject matter identified by' the opposing party's expert witness." *Avila v. Ford Motor Co.*, 796 F. Supp. 3d 593, 598 (N.D. Cal. 2025) (citing Fed. R. Civ. P. 26(a)(2)(D)(ii)). "The proper function of rebuttal evidence is to contradict, impeach or defuse the impact of the evidence offered by an adverse party." *Huawei Techs., Co., Ltd. v. Samsung Electronics Co., Ltd.*, 340 F. Supp. 3d 934, 996 (N.D. Cal. 2018). "[O]pining on methods and facts [the other side's] experts did not consider are precisely the type of rebuttal testimony the court would expect." *Laflamme v. Safeway, Inc.*, No. 3:09-CV-00514, 2010 WL 3522378, at *3 (D. Nev. Sept. 2, 2010).

## III.    CREEGAN'S OPINIONS SHOULD BE EXCLUDED

Creegan's expert opinion is rife with instances in which she assesses facts in a manner that does not require expertise and instead clearly invades the province of the jury.

¶ 99.)

As explained in Intus' Motion to Exclude Traci Creegan, her opinions offer nothing helpful to the trier of fact. She simply serves as a conduit for RTZ's legal positions and puts her own spin

3

on emails and contracts. This is not the proper role of an expert.[2] Her opinion, therefore, should be excluded, thereby mooting the need for Fleury's rebuttal opinion. RTZ spills much ink faulting Fleury for "parroting" Intus' opinions without independent analysis. (Mot. at 6:18-7:22.) This accusation applies with equal force to Creegan and reinforcesIntus' argument that Creegan's testimony should be excluded. ████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████

To borrow language from RTZ, these opinions "reflect [] apparent reading [and listening] skills in reviewing deposition testimony and exhibits, blindly crediting the veracity of [RTZ's personnel], and drawing conclusions favorable to the [defendant]. This is not expert analysis but rather party advocacy." (Mot. at 7:3-5.) If the Court is inclined to strike any of Fleury's testimony on the bases articulated by RTZ, fairness requires that the same reasoning be applied to exclude Creegan's testimony as set forth more fully in Intus' motion to exclude. If not, then Fleury's opinion should remain fully intact as it directly rebuts Creegan's shoddy methodology and self-serving interpretation of the facts.

## IV.    IF CREEGAN IS ALLOWED TO TESTIFY, RTZ'S MOTION SHOULD BE DENIED

RTZ's central argument is that Fleury's rebuttal report should be excluded because it "parrots" the deposition testimony of Alex Rothberg, rather than provide Fleury's technical expertise or analysis. (Mot. at 3:1-3.) But Fleury does not cite Rothberg's deposition a single time in his report; instead, Fleury analyzes the same emails on which Creegan bases her opinions and offers a contrary opinion. (*See, generally,* Fleury Report.)[3] RTZ's other primary critique—that Fleury improperly interpreted communications between the parties—is a self-defeating argument.

---

[2] As explained in Intus' Motion to Exclude Creegan, she also engages in extensive legal analysis on issues that have already been adjudicated. (Mot. at 12:17-16:14.) This is not the proper role of an expert.

[3] The Fleury Report is filed under seal as part of RTZ's motion to exclude Fleury's expert testimony. (Dkt. 152.)

4

The only reason Fleury engaged with the emails regarding access to PACECare is because Creegan spends much of her "analysis" parsing those same emails and opining as to the parties' intent and motivation. Intus is entitled to rebut such expert "opinion," and Fleury interposes his own judgment and technical expertise in analyzing the emails. In other words, the problem RTZ complains about is one of its own making. The Court should not allow either expert to interpret emails and opine on either party's state of mind, but if the Court is inclined to allow Creegan to do so, then fairness requires that Fleury engage in a similar analysis to contextualize Creegan's errant opinion in rebuttal. Fleury's opinion falls squarely in the role of a rebuttal expert, and RTZ's motion should be denied.

### A.    Fleury's Opinion About System Access Is Proper And Relies Exclusively On the Same Material Creegan Relied On.

In her report,

Fleury relies on his technical expertise and experience in the cybersecurity field to opine that: "A request from a client's vendor, at the client's behest, with a full explanation of the purpose for the request, does not raise security concerns. Furthermore, I have seen many examples of platform vendors choosing to provide access to a third party via a UI." (*Id.*) Such

---

[4] The Creegan Report is filed under seal as part of Intus' motion to exclude Creegan's expert testimony (Dkt. 161.)

PLAINTIFF'S OPPOSITION TO DEFENDANT AND COUNTER-CLAIMANT RTZ ASSOCIATES, INC.'S NOTICE OF MOTION AND MOTION TO EXPERT OPINIONS OF SHAWN FLEURY

testimony is helpful to a jury because it relies on Fleury's expertise, and it is the proper subject of rebuttal testimony because it points out crucial facts to which Creegan turned a blind eye. *Laflamme*, 2010 WL 3522378, at \*3 ("[O]pining on methods and facts [the other side's] experts did not consider are precisely the type of rebuttal testimony the court would expect.").

RTZ is incorrect to argue that Fleury improperly opines on Intus' intent through interpreting the very same emails upon which Creegan relies in providing her opinions (Mot. at 3:22-4:4.) █

A rebuttal expert is allowed to testify in a way that places the other expert's opinion in larger context as a way of disputing it. *See Huawei Techs.*, 340 F. Supp. 3d at 996 (denying motion to exclude portion of rebuttal opinion that did not directly contradict the other expert's opinion but instead provided "important context intended to 'defuse the impact' of a critical inference drawn from [the other expert's] report"); *Pinterest, Inc. v. Pintrips*, Inc., No. 13-CV-04608-HSG, 2015 WL 2268498, at \*1 (N.D. Cal. May 14, 2015) ("[C]hallenging the assumptions of an expert witness' report is a permissible topic of rebuttal testimony.").

RTZ contends that "the Fleury Report constitutes nothing more than Mr. Fleury's own after-the-fact interpretation of what he believes Mr. Rothberg's emails mean." (Mot. At 3:22-23.) This argument is better directed at RTZ's own expert, as that is exactly what Creegan does. If Creegan is permitted to testify, Fleury should be able to testify about what the entirety of the email thread actually says.

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

█████████████

Now, RTZ takes issue with Fleury rebutting that very opinion by discussing the very same email. Fleury is entitled to assess and rebut the same evidence Creegan did, if Creegan is permitted to testify. ████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████ To the extent RTZ disputes who requested what, that dispute is for the jury—it is no place for expert testimony at all. But, again, if Creegan is permitted to provide her "expert" testimony about who requested what based on her read of a single sentence in an email, Fleury should be permitted to rebut that testimony by actually reviewing the entirety of the email. *See* Fed. R. Evid. 702 advisory committee's note to 2023 amendment ("It will often occur that experts come to different conclusions based on contested sets of facts. Where that is so, the Rule 104(a) standard does not necessarily require exclusion of either side's experts. Rather, by deciding the disputed facts, the jury can decide which side's experts to credit.").

Finally, RTZ contends that Fleury's testimony should be discarded because he merely "parrots" Rothberg's deposition testimony. (Mot. at 3:1-3.) RTZ asks this Court to exclude "those portions" of Fleury's report "that are based upon, derive from, or rely upon" Rothberg's deposition without citing to a single paragraph in the report. (Mot. at 7:24-26.) RTZ cannot point to a single paragraph in Fleury's report that relies on Rothberg's deposition testimony, which is unsurprising given that Fleury did not cite to Rothberg's deposition testimony a single time in his report. Instead, his opinions are based exclusively on the same emails that Creegan relies on for her opinions.

---

[5] This email thread is the May 13, 2021 email thread filed under seal as part of RTZ's Motion to Exclude Shawn Fleury. (Dkt. 152.)

PLAINTIFF'S OPPOSITION TO DEFENDANT AND COUNTER-CLAIMANT RTZ ASSOCIATES, INC.'S NOTICE OF MOTION AND MOTION TO EXPERT OPINIONS OF SHAWN FLEURY

RTZ's argument on this point is baseless.

**B.    Fleury's Opinion About Audit Logs Is Proper Rebuttal Testimony As It Points Out Flaws in Creegan's Analysis.**

[REDACTED] This opinion again is improper and should be excluded. But, if the Court permits Creegan to testify about Intus' data needs based upon her improper interpretation of emails in the case, Fleury should be permitted to rebut and correct her flawed analysis.

8

[REDACTED]

[REDACTED] Moreover, it is more proper that Fleury does not tie the request to the PACECare system because an expert is not supposed to interpret the facts and give an opinion as to intent. *Avila*, 796 F. Supp. 3d at 596-97. And again, RTZ wrongly argues that Fleury's opinion relies entirely on Rothberg's subjective characterization of the events at issue. (Mot. at 4:18-20.) Fleury analyzes the email chain in which an Intus client contacts RTZ for PACECare access to reach his opinion, as he necessarily had to do to rebut Creegan's opinions arising from the same email.

C.    **RTZ Misstates Fleury's Opinions Regarding Software As a Service ("SaaS") Industry Practices.**

[REDACTED]

[REDACTED] Not so. Fleury independently reviewed the same email chain on which Creegan relied. [REDACTED]

[REDACTED] There is not a single citation to Rothberg testimony or interpretation, and RTZ's argument that Fleury "adopt[ed] Rothberg's characterizations without independent verification" is meritless. (Mot. at 6:14-15.)

---

[6] This email thread is the May 13, 2021 email thread filed under seal as part of RTZ's Motion to Exclude Shawn Fleury. (Dkt. 152.)

9

## V.   <u>CONCLUSION</u>

For the foregoing reasons, the Court should deny RTZ's Motion to Exclude Expert Opinions of Shawn Fleury.

Dated:  June 11, 2026

EPSTEIN BECKER & GREEN, P.C.

By:   */s/ Charles E. Weir*

Charles E. Weir
Andrew M. Beshai

Attorneys for Plaintiff
INTUS CARE, INC.

PLAINTIFF'S OPPOSITION TO DEFENDANT AND COUNTER-CLAIMANT RTZ ASSOCIATES, INC.'S
NOTICE OF MOTION AND MOTION TO EXPERT OPINIONS OF SHAWN FLEURY