NOSSAMAN LLP
DAVID C. LEE (SBN 193743)
dlee@nossaman.com
50 California Street, 34th Floor
San Francisco, CA 94111
Telephone: 415.398.3600
Facsimile: 415.398.2438

NOSSAMAN LLP
KASIA PENN (SBN 306056)
kpenn@nossaman.com
18101 Von Karman Avenue, Suite 1800
Irvine, CA 92612
Telephone: 949.833.7800
Facsimile: 949.833.7878

Attorneys for Defendant and Counterclaimant
RTZ ASSOCIATES, INC.

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTUS CARE, INC., | Case No.: 4:24-cv-01132-JST |
| Plaintiff, | Assigned to: Hon. Jon S. Tigar |
| vs. | **ADMINISTRATIVE MOTION TO FILE UNDER SEAL IN SUPPORT OF OPPOSITION TO INTUS' MOTION TO EXCLUDE EXPERT TRACI CREEGAN** |
| RTZ ASSOCIATES, INC.; and DOES 1 through 10, | |
| Defendants, | [Filed concurrently with (1) Declaration of David C. Lee and (2) Proposed Order] |
| | Date: July 2, 2026<br>Time: 2:00 p.m.<br>Courtroom: 6 |
| | Complaint Filed: February 23, 2024<br>Amended Complaint Filed: April 2, 2024<br>Counterclaims Filed: June 20, 2024 |

ADMINISTRATIVE MOTION TO FILE UNDER SEAL IN SUPPORT OF OPPOSITION TO INTUS' MOTION
TO EXCLUDE EXPERT TRACI CREEGAN

70515208.v2

Defendant RTZ Associates, Inc. ("RTZ" or "Defendant") hereby submits this Administrative Motion to File Under Seal in support of its Opposition to Intus' Motion to Exclude Expert Traci Creegan ("Motion to Seal"). RTZ has reviewed and complied with Civil Local Rule 79-5.

Through this Motion to Seal, RTZ requests that the Court seal the Declaration of Traci Creegan ("Creegan Declaration"), submitted in support of RTZ's Opposition to Intus' Motion to Exclude Expert Traci Creegan ("Opposition"), and permit all references to the contents of the Creegan Declaration and Creegan's expert report ("Report") to be redacted from the publicly filed version of RTZ's Opposition.

Pursuant to Civil Local Rule 79-5(c), this Motion to Seal is supported by the Declaration of David C. Lee, submitted herewith. As set forth therein, the Creegan Declaration and Creegan Report contain material that RTZ has designated as "CONFIDENTIAL" pursuant to the Stipulated Protective Order, § 2.2 (Dkt. No. 44).

The standard for sealing is met here. In *Nixon*, the Supreme Court recognized a common-law right of access to judicial records, while emphasizing that the right "is not absolute" and depends on the circumstances of the particular case. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Consistent with that principle, federal courts have developed a two-tiered framework governing motions to seal. When an expert report is filed in connection with a dispositive motion, the "compelling reasons" standard applies. *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 484 F. Supp. 3d 249, 257 (E.D. Pa. 2020). By contrast, when the material sought to be sealed is not filed as part of a dispositive motion, the "good cause" standard under Rule 26(c) governs. *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002); *In re Avandia Mktg.*, 484 F. Supp. 3d at 261 (applying the "good cause" standard to a supplemental expert report that was not part of the summary judgment record). Because Intus' Motion to Exclude Traci Creegan is not filed in connection with a dispositive motion, the good-cause standard applies here.

ADMINISTRATIVE MOTION TO FILE UNDER SEAL IN SUPPORT OF OPPOSITION TO INTUS' MOTION TO EXCLUDE EXPERT TRACI CREEGAN

70515208.v2

<u>Grounds for Sealing the Creegan Declaration in Support of RTZ's Opposition to Intus'</u>

<u>Motion to Exclude Expert Traci Creegan</u>

The Creegan Declaration contains numerous references to Ms. Creegan's expert report, which RTZ has designated as confidential. RTZ previously filed a declaration in support of Intus' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed in Support of Intus' Motion to Exclude Expert Traci Creegan (Dkt. No. 156). In that filing, RTZ argued that Ms. Creegan's Report should be kept under seal because it contains confidential business information.

Ms. Creegan's Report, and the Creegan Declaration that extensively cites to it, contain and discuss non-public proprietary business information, confidential commercial information, and RTZ's sensitive internal business practices. As RTZ argued in Dkt. No. 156, Ms. Creegan's Report relies on multiple confidential documents produced by both RTZ and Intus. The Report also addresses confidential agreements between the parties, including non-public contractual terms, business arrangements, and communications concerning their commercial relationship. In addition, it discusses confidential business dealings and interactions between the parties that form the basis of the claims and defenses in this litigation. None of this information is publicly available, and the parties have consistently maintained it as confidential. Because the Creegan Declaration extensively cites to Ms. Creegan's Report, it relies on and discusses the same confidential information.

Public disclosure of the Creegan Declaration, and allowing unredacted citations to it within the Opposition, would reveal the same categories of confidential information contained in Ms. Creegan's Report, including RTZ's internal operations, business practices, contractual relationships, and other commercially sensitive matters. Because this confidential information is woven throughout the Creegan Declaration, targeted redactions would not adequately protect RTZ's confidentiality interests. Accordingly, sealing the Creegan Declaration in its entirety, and permitting all references to the contents of the Creegan Declaration and the Creegan Report to be redacted from the publicly filed version of RTZ's Opposition are necessary to protect RTZ's

ADMINISTRATIVE MOTION TO FILE UNDER SEAL IN SUPPORT OF OPPOSITION TO INTUS' MOTION TO EXCLUDE EXPERT TRACI CREEGAN

70515208.v2

legitimate confidentiality interests. The applicable standard is therefore satisfied, and the Creegan Declaration should be sealed in full.

In accordance with Civil Local Rule 7-11, Defendant delivered the Opposition and all attachments to all other parties on the same day the Motion to Seal was filed.

Dated: June 11, 2026

NOSSAMAN LLP
DAVID C. LEE
KASIA PENN


By: /s/ *David C. Lee*
　　　David C. Lee

Attorneys for Defendant and Counterclaimant
RTZ ASSOCIATES, INC.

ADMINISTRATIVE MOTION TO FILE UNDER SEAL IN SUPPORT OF OPPOSITION TO INTUS' MOTION TO EXCLUDE EXPERT TRACI CREEGAN

70515208.v2