NOSSAMAN LLP
DAVID C. LEE (SBN 193743)
dlee@nossaman.com
50 California Street, 34th Floor
San Francisco, CA 94111
Telephone:  415.398.3600
Facsimile:   415.398.2438

NOSSAMAN LLP
KASIA PENN (SBN 306056)
kpenn@nossaman.com
18101 Von Karman Avenue, Suite 1800
Irvine, CA 92612
Telephone:  949.833.7800
Facsimile:   949.833.7878

Attorneys for Defendant and Counter-claimant
RTZ ASSOCIATES, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTUS CARE, INC.,<br><br>        Plaintiff,<br><br>   vs.<br><br>RTZ ASSOCIATES, INC.; and DOES 1 through 10,<br><br>        Defendants, | Case No:    4:24-cv-01132-JST<br><br>Assigned to: Hon. Jon S. Tigar<br><br>**DEFENDANT AND COUNTER-CLAIMANT RTZ ASSOCIATES, INC.'S OPPOSITION TO INTUS CARE INC.'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** |
| RTZ ASSOCIATES, INC.,<br><br>        Counter-claimant,<br><br>   vs.<br><br>INTUS CARE, INC.,<br><br>        Counter-defendant. | Complaint Filed: February 23, 2024<br>Amended Complaint Filed: April 2, 2024<br>Counterclaims Filed: June 20, 2024 |

## I.    INTRODUCTION

Defendant/Counterclaimant RTZ Associates, Inc. ("RTZ") respectfully submits this response to Plaintiff/Counter-Defendant IntusCare, Inc.'s ("Intus") Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge (the "Motion"). (Dkt 157.)

Initially, RTZ respects Magistrate Judge Tse's orders prohibiting the deposition of Kevin Lathrop ("Lathrop deposition") and believes that they should not be disturbed. (Dkt. 141 and 153.) That said, to the extent the Court is inclined to permit the Lathrop deposition notwithstanding Magistrate Judge Tse's determinations to the contrary, RTZ reiterates its prior stated positions that any permitted deposition be limited in scope. (*See* Dkt. 130 and 144.)

First, Intus should not be allowed to use the Lathrop deposition as a forum to conduct discovery into the relationship between RTZ and Collabrios Health, LLC ("Collabrios"), including the transactional and corporate dealings between the companies, the current operations of each company, or how they interact operationally or financially. This Court has serially rejected Intus' attempts to add Collabrios as a defendant in the case (Dkt. 123 and 143) or conduct discovery on Collabrios (Dkt. 97).

Second, Intus should not be allowed to examine Mr. Lathrop using documents Intus untimely "produced" *for the first time* 7 weeks after discovery closed.  Not only are the documents irrelevant to this case (i.e., they concern a contract spat over whether a customer can obtain a "preliminary" data extract, and have nothing to do with the underlying litigation against RTZ), but allowance of their use by Intus greatly prejudices RTZ: specifically, Intus' tactical delay in producing such records after the close of discovery now prevents RTZ from questioning the customer in deposition on those same documents.

Finally, Intus' assertion that RTZ is blurring the lines on whether its claimed damages belong to RTZ or Collabrios is fiction. RTZ has been exceedingly clear that it remains an ongoing and separate entity from Collabrios. The fact that Collabrios is servicing RTZ's PACECare contracts does not impair RTZ's rights to claim damages arising from Intus' actions. Consequently, using the Lathrop deposition as a forum to discover the operational and/or corporate interrelatedness between RTZ and Collabrios concerning the receipt of revenues from

PACECare customers is again contrary to the express rulings by this Court that: (1) Collabrios is not a party to this action; and (2) no discovery can be directed to Collabrios. As such, Intus should be precluded from exploring the financial arrangements between RTZ and Collabrios at deposition. Again, Intus could have conducted such discovery had it been diligent. It should not be permitted to circumvent the consequences of that lack of diligence through an unlimited and unrestricted deposition of Mr. Lathrop.

## II.    FACTUAL BACKGROUND

On April 30, 2026, this Court issued an order denying Intus' motion to add Collabrios as a defendant, thus excluding Collabrios from this action. (Dkt. 123) The Court further denied Intus' motion to reconsider that ruling on May 22, 2026. (Dkt. 143.) Even prior to those orders, this Court had already determined that "Collabrios is a <u>non-party</u>" to this action and further ordered that, "Collabrios Health LLC needn't respond to Intus's [discovery requests]." (Dkt. 97.) As RTZ has explained in its opposition to Intus' Motion to add Collabrios as a defendant, RTZ and Collabrios are separate legal entities: "Collabrios acquired 100 percent of the equity of RTZ, but it did not take on any of RTZ's liabilities." (Dkt. 103 at 10 (citing Dkt. 95).)

Prior to the close of discovery, Intus noticed the deposition of Kevin Lathrop. As detailed in Intus' Motion, RTZ agreed to allow Intus to take the Lathrop deposition post-discovery as an accommodation. In the wake of Intus' 11th-hour attempt to add Collabrios as a defendant, Collabrios engaged separate counsel, including for the purpose of representing Mr. Lathrop at deposition. (Motion, at 3:24.) Intus worked directly with Collabrios' counsel (not RTZ's counsel) to reschedule that deposition to April 30, 2026. However, on April 28, 2026, Intus' counsel transmitted – for the first time and conspicuously *7 weeks after the close of discovery* – a dubbed "third party production" consisting of twelve email communications between Mr. Lathrop (President of Collabrios) and an RTZ customer, High Desert (the "HD production"). Intus' counsel claimed that the production was "voluntarily provided" and that Intus "intend[ed] to use them in the case." (*See* Dkt. 130, Exhibit A.) The HD production was tactically produced just over a day before the April 30th deposition of Mr. Lathrop. It is indisputable that the HD production documents a dispute that has zero bearing on the information blocking allegations that

-2 -

Intus has leveled against RTZ – the only named defendant in this case. (*See* Dkt. 130, Exhibit B (the 12 HD production communications).) Following that tactically-timed production, the April 30th Lathrop deposition was taken off-calendar pending Magistrate Judge Tse's determination of: (i) whether use of the HD production was appropriate; and (ii) whether his prior order barring discovery against Collabrios (Dkt. 97) similarly barred discovery of Collabrios' interactions with PACECare customers. (Dkt. 130.)

On May 13, 2026, Magistrate Judge Tse issued an order stating that "Intus may not depose Kevin Lathrop, President of Collabrios Health, LLC, at this time." (Dkt. 141.)  On May 28, 2026, Intus sought reconsideration of that order. (Dkt. 144.) In that briefing, RTZ again reiterated that any deposition, if allowed, required limitations. Specifically, RTZ emphasized that any Lathrop deposition should be limited to: "(a) his percipient knowledge of the allegations alleged in Intus' First Amended Complaint (i.e., RTZ's alleged information blocking efforts by refusing Intus access to PACECare absent an NDA); and (b) any discussions Mr. Lathrop had with RTZ's disclosed expert witnesses." (Dkt. 144.) On June 1, 2026, Magistrate Judge Tse again rejected Intus' motion. (Dkt. 153.) Intus now seeks to challenge Magistrate Judge Tse's multiple rulings barring the deposition of Kevin Lathrop.

## III.    ARGUMENT

RTZ respects Magistrate Judge Tse's determination that the Lathrop deposition is barred. That said, if the Court is at all inclined to overrule Magistrate Judge Tse's prior two orders (Dkt. 141 and 153) and permit the Lathrop deposition to go forward, it should be subject to significant limitations. First, Intus clearly intends to use the Lathrop deposition as yet another opportunity to mine information about the corporate relationship between RTZ and Collabrios (which acquired RTZ's assets, but not its liabilities). Such exploration should clearly be barred. Magistrate Judge Tse has already ruled that "Collabrios is a <u>non-party</u>" to this action and further ordered that, "Collabrios Health LLC needn't respond to Intus's [discovery requests]." (Dkt. 97.) Moreover, this Court has already denied Intus' motion to add Collabrios as a defendant – twice. (Dkt. 123 and 143.) Therefore, any examination concerning: (i) the transactional history between RTZ and Collabrios; (ii) the operations of RTZ vis-à-vis Collabrios (post acquisition of RTZ's assets); or

- 3 -

(iii) the financial arrangements between RTZ and Collabrios post-transaction, including the booking of PACECare revenues and other operational details, should be barred. All such subjects could have been the subject of discovery had Intus been diligent in timely naming Collabrios as a defendant. It failed to do so and should not be permitted to now conduct such discovery through the Lathrop deposition contrary to this Court's prior determinations. (Dkt. 97, 123, 143.)

Second, on April 28, 2026, Intus' counsel transmitted – for the first time and conspicuously 7 weeks after the close of discovery a "third party production" consisting of twelve email communications between Mr. Lathrop and an RTZ customer, High Desert (the "HD production"). (See Dkt. 130.) That production documents a dispute in which High Desert is demanding that Collabrios (who is servicing the RTZ contract with High Desert) produce a "data extract." (See Dkt. 130 – attaching the 12 communications.) That contract spat has zero bearing on whether *RTZ* blocked *Intus* from access to data. Rather, it is a contract spat between RTZ and its customer communicated through Collabrios (who is servicing the RTZ contract).

More to the point, it is fundamentally prejudicial to RTZ to allow Intus to use documents produced only after the close of discovery in deposition. In that circumstance, Intus can question Mr. Lathrop about the contents of the HD production, while RTZ is denied the same opportunity to question High Desert about those same communications given the discovery cutoff. Intus would therefore benefit from its tactical delay in producing the HD documents seven weeks after the close of discovery. Intus could have and should have timely produced the HD documents before the close of discovery. But by holding that production until the day before Mr. Lathrop's April 28th deposition knowing that RTZ cannot likewise depose High Desert on the same communications is gamesmanship of the first order. RTZ would never have agreed to a post-discovery cutoff deposition of Mr. Lathrop if it knew about Intus' holdback of the HD production.

Finally, Intus asserts that the Lathrop deposition should be permitted without limitation because, "[t]he contract terminations on which RTZ bases its damages all took place after Collabrios acquired RTZ in October 2024." Such a statement begs the proverbial "so what?" response. RTZ has consistently demonstrated that it is a separate legal entity from Collabrios and remains a going concern – facts which this Court has already acknowledged. (Dkt. 95 and 97.)

-4 -

Nor has RTZ made it a secret that Collabrios acquired its assets or that Collabrios is servicing the RTZ PACECare contracts implicated by RTZ's damages claim – contracts that have never been assigned to Collabrios. As such, the fact that three PACECare customers migrated to Intus' competing CareHub product after October 2024 has no bearing on whether the claimed damages "belong to Collabrios or RTZ" (as asserted by Intus at Motion, 6:1-2). Contrary to Intus' assertions, RTZ has been very clear that the PACECare contracts for those three PACE customers are and remain between those entities and RTZ. Again, Intus could have explored these areas in discovery had it timely and diligently named Collabrios as a defendant. But it failed to do so. It cannot and should not be allowed to conduct discovery now about the operational and/or corporate interrelatedness between RTZ and Collabrios regarding revenues from PACECare customers or the financial arrangements between RTZ and Collabrios. RTZ is the only named defendant in this action and has asserted damages for lost customers migrating to Intus' CareHub platform.

Rather, the only appropriate areas for examination at any Lathrop deposition are: (a) his percipient knowledge of the allegations alleged in Intus' First Amended Complaint (i.e., RTZ's alleged information blocking efforts by refusing Intus access to PACECare absent an NDA); and (b) any discussions Mr. Lathrop had with RTZ's disclosed expert witnesses. (See Dkt. 144.)

**IV.    CONCLUSION**

For the foregoing reasons, RTZ respectfully requests that the Court deny Intus' Motion. To the extent the Court is inclined to overrule Magistrate Judge Tse's prior orders and permit the Lathrop deposition to proceed, RTZ requests that any such deposition be limited as follows:

1. The scope of any Lathrop deposition is limited to: (a) his percipient knowledge of the allegations alleged in Intus' First Amended Complaint (i.e., RTZ's alleged information blocking efforts by refusing Intus access to PACECare absent an NDA); and (b) any discussions Mr. Lathrop had with RTZ's disclosed expert witnesses.

2. Intus is barred from asking questions about the relationship between RTZ and Collabrios, including the transactional and corporate dealings between the companies, the current operations of each company, or how they interact operationally or financially.

3. Intus is barred using the HD documents in the Lathrop deposition.

4. Intus is barred from asking questions about any arrangements and/or operational decisions concerning the receipt of revenues from PACECare customers.

-5 -

Dated:  June 15, 2026

NOSSAMAN LLP
DAVID C. LEE
KASIA PENN

By:_____
                    David C. Lee

Attorneys for Defendant and Counterclaimant
RTZ ASSOCIATES, INC.

RTZ OPPOSITION TO MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER
70498832.v1