UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

INTUSCARE, INC.,

Plaintiff,

v.

RTZ ASSOCIATES, INC.,

Defendant.

Case No. 24-cv-01132-JST

**ORDER DENYING MOTIONS TO FILE UNDER SEAL**

Re: ECF Nos. 149, 150, 151, 152, 158, 159, 167, 168, 169

Before the Court are the parties' motions to file material under seal.  ECF Nos. 149, 150, 151, 152, 158, 159, 167, 168, 169.[1]  The Court denies the motions as both insufficiently supported and not narrowly tailored.

As the Court explained to the parties several weeks ago when it denied two prior sealing motions:

> As to one exhibit sought to be filed under seal, Intus states, "Compelling reasons exist to file under seal because these documents would otherwise injure Intus and its clients by exposing confidential communications between Intus and its clients."  ECF No. 109 1 ¶ 6.  Similarly, Defendant RTZ Associates, Inc. states that disclosure of other documents contains "sensitive business information," the disclosure of which "could cause significant harm to RTZ."  ECF No. 114 ¶ 3.  Both parties also rely on production of the documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the protective order for this case.  ECF No. 109 1 ¶¶ 3–5; ECF No. 114 ¶ 2.
>
> The parties' justifications for sealing are insufficient.  *E.g., Frasco v. Flo Health, Inc.*, No. 3:21-cv-00757-JD, 2023 WL 11983357, at

[1] ECF Nos. 158 and 159 are amended versions of ECF Nos. 149 and 150 that, in addition to seeking to seal exhibits, also seek to seal portions of briefs that reference those exhibits.  The unredacted briefs were available on the public docket at ECF Nos. 147 and 148 for nearly two weeks before the parties requested that access be restricted.

*1 (N.D. Cal. Aug. 8, 2023) ("General assertions of potential competitive or commercial harm are not enough to establish good cause for sealing court records, and the fact that the parties may have designated a document as confidential under a stipulated protective order is also not enough to justify sealing." (citation modified)); *Thrive Nat. Care, Inc. v. Thrive Causemetics, Inc.*, No. CV 20-9091 PA (ASx), 2021 WL 5279575, at *2 (C.D. Cal. Sept. 21, 2021) ("Defendant's wholly conclusory allegations of prospective competitive harm which may or could result from the public filing of the documents is not the type of particularized showing of harm necessary to support a finding that compelling reasons exist to justify sealing.").

In addition, the sealing requests are not narrowly tailored. For example, the parties have not explained why entire email chains warrant sealing. Parties must "avoid wherever possible sealing entire documents (as opposed to merely redacting the truly sensitive information in a document)." Civil L.R. 79-5(a).

ECF No. 120 at 1–2.

The parties' current sealing motions suffer from the same deficiencies. For example, they seek to file under seal entire expert reports, deposition transcripts, and email chains, among other documents. They also attempt to justify sealing on the same bases the Court previously found insufficient: their designation of documents as confidential under the stipulated protective order in this case and generic assertions of harm from the public disclosure of information that the parties have previously kept confidential. *See, e.g.*, ECF No. 169-1 ¶ 6 ("For example, there is highly detailed information throughout the report pulled from financial spreadsheets and worksheets that Intus designated 'CONFIDENTIAL' and 'HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.' The sensitive business information contained in Exhibit 1 to the Hult Motion could cause significant competitive harm to Intus if disclosed to the public."); ECF No. 168 at 3 ("Public disclosure of this information could place RTZ at a competitive disadvantage.").

Even where the parties have attempted to be more specific, their motions still fall short. For example, RTZ seeks to seal a document, in its entirety, that it describes as "a highly confidential Amendment to PaceCare license agreement between RTZ and Beacon Ventures, LLC, doing business as BoldAge PACE. It includes pricing information, service offerings, and other commercially sensitive contractual provisions." ECF No. 168 at 3. However, while pricing information may be sealable, that information has already been redacted from even the version of the document that RTZ filed under seal. ECF No. 168-3 at 2. RTZ has provided no explanation

United States District Court
Northern District of California

2

as to why other terms in the amended agreement—such as the period of time the amendment is to be in effect, warranty provisions, and provisions regarding accrual of late fees if payments are not timely made—require sealing.

Accordingly, the parties' motions to file material under seal are denied. The parties shall file the documents publicly within seven days of the date of this order or, in the alternative, may re-file their motions to file under seal if they believe they can provide more specific information to justify sealing. Any renewed motions must be narrowly tailored. *See* Civil L.R. 79-5(a) ("A party must explore all reasonable alternatives to filing documents under seal, minimize the number of documents filed under seal, and avoid wherever possible sealing entire documents (as opposed to merely redacting the truly sensitive information in a document).").

The parties shall also comply with the requirements of the Court's Standing Order Governing Administrative Motions to File Materials Under Seal. These include highlighting information sought to be filed under seal, including in different colors if a document contains information designated as sealable by different parties, and submitting electronic copies of any filing that includes more than one part that is filed under seal.

**IT IS SO ORDERED.**

Dated: June 15, 2026



JON S. TIGAR
United States District Judge

United States District Court
Northern District of California