UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTUSCARE, INC.,<br><br>   Plaintiff,<br><br>  v.<br><br>RTZ ASSOCIATES, INC.,<br><br>   Defendant. | Case No. 24-cv-01132-JST<br><br>**ORDER GRANTING IN PART MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER**<br><br>Re: ECF No. 157 |

Before the Court is Plaintiff IntusCare, Inc.'s motion for relief from a non-dispositive pretrial order of a magistrate judge. ECF No. 157. The Court will grant the motion in part and deny it in part.

Intus seeks relief from Magistrate Judge Alex Tse's order barring the deposition of Kevin Lathrop, President of Collabrios Health, LLC. Judge Tse concluded that Lathrop was a fact witness, and the fact-discovery cutoff had passed. ECF No. 141 at 2. The parties then asked Judge Tse to resolve questions regarding the scope of the Lathrop deposition, the taking of which both parties had agreed to, and Judge Tse "reaffirm[ed]" his prior ruling that Lathrop could not be deposed. ECF No. 153 at 2.

"A non-dispositive order entered by a magistrate must be deferred to unless it is 'clearly erroneous or contrary to law.'" *Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (quoting Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A)). The district court "may not simply substitute its judgment" for that of the magistrate judge. *Id.* "The 'clearly erroneous' standard applies to the magistrate judge's findings of fact; legal conclusions are freely reviewable de novo to determine whether they are contrary to law." *Wolpin v. Philip Morris Inc.*, 189 F.R.D. 418, 422 (C.D. Cal. 1999). Under the "clearly erroneous" standard, "the district court may only

United States District Court
Northern District of California

set aside [a magistrate judge's] factual determinations if it is left with a definite and firm conviction that a mistake has been committed." *EEOC v. Peters' Bakery*, 301 F.R.D. 482, 484 (N.D. Cal. 2014) (citation modified). "A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." *Ingram v. Pac. Gas & Elec. Co.*, No. 12-cv-02777-JST, 2013 WL 6174487, at *2 (N.D. Cal. Nov. 25, 2013) (quoting *Conant v. McCoffey*, No. C 97-0139-FMS, 1998 WL 164946, at *2 (N.D. Cal. Mar. 16, 1998)).

Having reviewed the record, the Court concludes that the magistrate judge's decision must be reversed. Intus noticed Lathrop's deposition prior to the fact-discovery cutoff, and the parties agreed to postpone the deposition in part because Collabrios was obtaining separate counsel. In the discovery letter brief giving rise to Judge Tse's June 1 ruling, RTZ states:

> *RTZ does not contest that Mr. Lathrop's deposition may proceed, nor does RTZ dispute that the deposition was timely noticed. RTZ's sole objection concerns the scope of Intus' proposed questioning*, and RTZ requests the Court to exclude questioning to the extent Intus seeks to elicit testimony regarding the relationship between RTZ and Collabrios, and Collabrios' conduct with its customers.

ECF No. 144 at 3 (emphasis added). By granting relief that neither party requested, the magistrate judge failed to adhere to "the principle of party presentation"—i.e., "that points not argued will not be considered." *Margolin v. Nat'l Ass'n of Immigr. Judges*, 146 S. Ct. 1285, 1288 (2026) (citation omitted). His reliance on *Squaregles LLC v. Laltitude LLC*, 2025 WL 3248687 (C.D. Cal. Aug. 27, 2025), is also misplaced. The deposition at issue in that case was not noticed until after the fact-discovery cutoff, *id.* at *3, whereas the timeliness of the deposition notice in this case is not disputed by the parties. Nor has RTZ claimed any prejudice from allowing the deposition to proceed and, to the contrary, has agreed to it. The magistrate judge ignored the fact of the parties' agreement, and the Court is left with a definite and firm conviction that a mistake has been committed. The Court will therefore allow the Lathrop deposition to proceed.

Intus argues that the deposition should proceed "without limitation." ECF No. 157 at 6. RTZ suggests four limitations:

> 1. The scope of any Lathrop deposition is limited to: (a) his percipient knowledge of the allegations alleged in Intus' First Amended Complaint (i.e., RTZ's alleged information blocking

United States District Court
Northern District of California

efforts by refusing Intus access to PACECare absent an NDA); and (b) any discussions Mr. Lathrop had with RTZ's disclosed expert witnesses.

2. Intus is barred from asking questions about the relationship between RTZ and Collabrios, including the transactional and corporate dealings between the companies, the current operations of each company, or how they interact operationally or financially.

3. Intus is barred using the HD documents in the Lathrop deposition.

4. Intus is barred from asking questions about any arrangements and/or operational decisions concerning the receipt of revenues from PACECare customers.

ECF No. 172 at 6.

The Court grants the first requested limitation. The remaining limitations are also granted, except that the topics may be addressed if they were part of Lathrop's discussions with RTZ's disclosed expert witnesses, an area of examination to which RTZ has agreed. Otherwise, Collabrios is not a party to this case, and the Court has already determined that Intus was not diligent in seeking to add it. ECF No. 123 at 2–3. Intus cannot use the Lathrop deposition to circumvent that ruling. Similarly, to allow questioning about the HD documents, which non-party High Desert PACE, Inc. shared with Intus, and Intus disclosed to RTZ, weeks after the close of fact discovery, would be unfair because, as RTZ correctly observes, "RTZ cannot likewise depose High Desert on the same communications" now that discovery is closed. ECF No. 172 at 5.

For the above reasons, Intus's motion for relief from Judge Tse's order is granted in part and denied in part. Lathrop's deposition may proceed, subject to the limitations imposed above.

Within three court days of the date of this order, the parties shall file a joint statement identifying either the date on which the Lathrop deposition has been scheduled or the deadline by which that deposition will be completed.

**IT IS SO ORDERED.**

Dated:  June 22, 2026



JON S. TIGAR
United States District Judge