Charles E. Weir (SBN 211091)
Andrew M. Beshai (SBN 308030)
EPSTEIN BECKER & GREEN, P.C.
1925 Century Park East, Suite 500
Los Angeles, California  90067-2506
Telephone:    310.556.8861
Facsimile:    310.553.2165
CWeir@ebglaw.com
abeshai@ebglaw.com

*Attorneys for Plaintiff*
INTUSCARE INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTUSCARE INC., | Case No. 4:24-cv-01132-JST |
| Plaintiff, | *Assigned to Hon. Jon S. Tigar, Dept.* |
| v. | **INTUSCARE INC'S OMNIBUS ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |
| RTZ ASSOCIATES, INC.; and DOES 1 through 10, | |
| Defendant. | Complaint Filed: February 23, 2024<br>Amended Complaint Filed: April 2, 2024<br>Counterclaims Filed: June 20, 2024 |

1

FIRM:70631062v1

Plaintiff IntusCare Inc. ("Intus" or "Plaintiff") hereby submits this Administrative Motion to File Under Seal ("Motion to Seal"). Intus has reviewed and complied with this Court's Standing Order Governing Administrative Motions To File Materials Under Seal. Intus has also reviewed and complied with Civil Local Rule 79-5, including the requirement to file separate motions if a party seeks to file under seal a document containing "portions that more than one party bears the burden of showing is sealable." Civil L.R. 79-5(f)(5).

By this Motion, Intus seeks to address the Court's order dated June 15, 2026 ("Order"), denying the parties' various motions to seal filed in connection with the parties' *Daubert* briefing. (Dkt. 173.) For the Court's convenience, Intus sets forth a table below summarizing the documents sought to be sealed in each of the motions the Court denied along with a list of which documents Intus is moving to seal and the narrow tailoring Intus has done to comply with the Court's order.

| Dkt No. | Party | Documents at Issue | Action Taken |
|---|---|---|---|
| 149 | Intus | Expert Report of Peter Schwechheimer<br><br>Pro Forma Cited in Schwechheimer Report | RTZ Associates, Inc. ("RTZ") will be filing a motion to seal narrowly tailored portions of the Schwechheimer report and the pro forma. |
| 150 | Intus | Expert Report of Traci Creegan | RTZ will be filing a motion to seal narrowly tailored portions of the Creegan report. |
| 151 | RTZ | Expert Rebuttal Report of Peter Schwechheimer | RTZ will be filing a motion to seal narrowly tailored portions of the Schwechheimer rebuttal report. |
| 152 | RTZ | Expert Report of Kristopher Hult<br><br>Rough Transcript of the Deposition of Kristopher Hult<br><br>Emails and letters designated "Confidential" by Intus<br><br>Expert Rebuttal Report of Shawn Fleury | By this motion, Intus seeks to seal narrowly tailored portions of the Hult report and deposition transcript.<br><br>Intus does not seek to seal any portion of the emails and letters filed under seal at Dkt. 152.<br><br>Intus does not seek to seal any portion of Fleury's rebuttal report. |
| 167 | RTZ | Supplemental Decalration of Traci Creegan | RTZ does not intend to keep Creegan's supplemental declaration under seal. |

2

ADMINISTRATIVE MOTION TO FILE UNDER SEAL

FIRM:70631062v1

| 168 | RTZ | Amendment to PACECare License Agreement | RTZ will be filing a motion to seal narrowly tailored portions of the Amendment to PACECare License Agreement. |
|---|---|---|---|

The parties have also moved to file under seal unredacted versions of the *Daubert* motions (Dkt. 152, 158, and 159), oppositions (167, 168, and 169), and replies (178, 179, and 180) insofar as those briefs reference the material in the table above. The parties have conferred and recognize that the redacted versions of the *Daubert* motions, oppositions, and replies will need to be changed to reflect the Court's ruling on the revised motions to seal the material in the table above. In the interests of judicial economy, the parties intend to re-file redacted versions of the *Daubert* briefs as well as motions to seal unredacted versions of the *Daubert* briefs within three days of the Court's order on the motions to seal filed today.

By this Administrative Motion, then, Intus moves for the Court to seal the following:

- Confidential portions of the expert report of Kristopher Hult—an unredacted version is filed under seal as Exhibit 1 and a redacted version is filed as Exhibit 2 to the Beshai Declaration accompanying this motion; and

- Confidential portions of the rough transcript of the deposition of Kristopher Hult—an unredacted version is filed under seal as Exhibit 3 and a redacted version is filed as Exhibit 4 to the Beshai Declaration accompanying this motion.

The standard for sealing is met here. Intus points to several "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006); *see also*, *Jones v. PGA Tour, Inc.*, No. 22-CV-04486-BLF, 2023 WL 7440303, at *3 (N.D. Cal. Nov. 8, 2023). The "compelling reasons" standard for sealing materials "is met for confidential business information that would harm a party's competitive standing." *Skillz Platform Inc. v. AviaGames Inc.*, No. 21-CV-02436-BLF, 2023 WL 7928746, at *3 (N.D. Cal. Nov. 16, 2023) (citing cases). The portions of the Hult report and deposition transcript that Intus seeks to seal are narrowly tailored to include only the following financial and revenue figures: Intus' win rate, Intus' renewal rate, Intus' profit margin, Intus' total revenues for certain products and services, the

3

FIRM:70631062v1

numbers and names of clients in Intus's salesforce pipeline that are potential targets for Intus' products, and the numbers and names of RTZ's clients. These figures each implicate Intus' and its clients' legitimate privacy interests (and in the case of RTZ's clients, RTZ's privacy interests are implicated). Compelling reasons exist to file under seal because these documents would otherwise injure Intus by exposing confidential financial, operational, and client-related information, which would cause significant competitive harm. A less restrictive alternative is not sufficient because the redacted portions of these exhibits implicate these privacy concerns.

Pursuant to Civil Local Rule 79-5(d), Intus has attached the exhibit to be filed under seal to this Administrative Motion.

Dated:  June 22, 2026                    EPSTEIN BECKER & GREEN, P.C.

By:   /s/ Charles E. Weir
      Charles E. Weir
      Andrew M. Beshai

      Attorneys for Plaintiff
      INTUS CARE, INC.

ADMINISTRATIVE MOTION TO FILE UNDER SEAL

FIRM:70631062v1