NOSSAMAN LLP
DAVID C. LEE (SBN 193743)
dlee@nossaman.com
50 California Street, 34th Floor
San Francisco, CA 94111
Telephone:  415.398.3600
Facsimile:  415.398.2438

NOSSAMAN LLP
KASIA PENN (SBN 306056)
kpenn@nossaman.com
18101 Von Karman Avenue, Suite 1800
Irvine, CA 92612
Telephone:  949.833.7800
Facsimile:  949.833.7878

Attorneys for Defendant and Counterclaimant
RTZ ASSOCIATES, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTUS CARE, INC.,<br><br>    Plaintiff,<br><br>  vs.<br><br>RTZ ASSOCIATES, INC.; and DOES 1 through 10,<br><br>    Defendants, | Case No.: 4:24-cv-01132-JST<br><br>Assigned to: Hon. Jon S. Tigar<br><br>**RENEWED MOTION TO FILE UNDER SEAL IN CONNECTION WITH DAUBERT MOTIONS**<br><br><br>[Filed concurrently with (1) Declaration of David C. Lee and (2) Proposed Order]<br><br>Date: July 2, 2026<br>Time: 2:00 p.m.<br>Courtroom: 6<br><br>Complaint Filed: February 23, 2024<br>Amended Complaint Filed: April 2, 2024<br>Counterclaims Filed: June 20, 2024 |

RENEWED ADMINISTRATIVE MOTION TO FILE UNDER SEAL IN CONNECTION WITH DAUBERT
MOTIONS

70542111.v3

Defendant RTZ Associates, Inc. ("RTZ" or "Defendant") hereby submits this Renewed Administrative Motion to File Under Seal in response to the Court's Order denying the parties' prior requests. (Dkt. No. 173). The documents at issue were previously submitted with their respective filings, Dkt. Nos. 149, 150, 151, 152, 158, 159, 167, 168, 169, 174. 175, 176, and 177. Through this renewed motion, RTZ seeks to maintain under seal only narrowly tailored portions of those materials that contain confidential and commercially sensitive information, and permit all references to those materials to be redacted from the publicly filed versions of the parties' Daubert motions.  The specific information RTZ requests to seal is identified below and is limited to those portions of the documents for which good cause exists to prevent public disclosure.

### Portions of Traci Creegan's Expert Report

RTZ seeks to seal only the limited portions of Paragraph 59 of Creegan's expert report that disclose RTZ's confidential pricing information. Specifically, the proposed redactions are narrowly tailored to pricing terms and pricing metrics reflecting RTZ's user-based pricing model. This information is not publicly available and derives independent economic value from remaining confidential. Public disclosure of RTZ's pricing structure would provide competitors and customer insight into RTZ's pricing practices and business strategy, potentially placing RTZ at a competitive disadvantage in future negotiations and in the marketplace.

The requested redactions are narrowly tailored to specific pricing figures and related pricing information contained in Creegan's Report. RTZ does not seek to seal Creegan's opinions or analysis. The proposed redactions therefore represent the minimum sealing necessary to protect RTZ's commercially sensitive pricing data.

### Portions of Peter Schwechheimer's Expert Report

RTZ seeks to seal only the limited portions of Schwechheimer's Expert Report that disclose the expert's calculations of total damages and lost profit damages. The proposed redactions are narrowly tailored and are limited to the specific damages figures themselves. RTZ does not seek to seal the expert's methodology, assumptions, analysis, or opinions, all of which

RENEWED ADMINISTRATIVE MOTION TO FILE UNDER SEAL IN CONNECTION WITH DAUBERT MOTIONS

70542111.v3

will remain available in the public record. The damages figures are derived from RTZ's confidential financial and business information, including non-public revenue and profitability data. Public disclosure of those figures would reveal commercially sensitive information concerning RTZ's financial performance and business operations. Because the proposed redactions are limited to the specific monetary amounts at issue, RTZ's request is narrowly tailored to protect confidential information while preserving public access to the substance of the expert's analysis.

### Pro Forma

RTZ seeks to seal the pro forma adjusted income statement in its entirety because the document consists exclusively of RTZ's confidential, non-public financial information. The pro forma was relied on by RTZ's expert Peter Schwechheimer to draft his expert report. The document contains detailed financial metrics, including recurring revenue, non-recurring revenue, total revenue, gross profit, and operational expense information, which collectively reflect RTZ's financial performance, business operations, and profitability. RTZ does not publicly disclose this information.

Public disclosure would provide competitors, customers, and other market participants with insight into RTZ's revenues, cost structure, profitability, and business strategy, thereby placing RTZ at a competitive disadvantage. Sealing the entire document is narrowly tailored because confidential financial information appears throughout the pro forma document. RTZ requests that the pro forma document remain under seal in its entirety.

### Portions of Peter Schwechheimer's Rebuttal Expert Report

RTZ also seeks to seal limited portions of Peter Schwechheimer's Rebuttal Expert Report that reference information designated confidential by Intus and for which Intus has requested sealing. RTZ does not seek to seal Schwechheimer's analysis or opinions except to the extent necessary to prevent disclosure of Intus' confidential information.

The standard for sealing is met here. The Supreme Court in Nixon recognized a common law right of access to judicial records, while emphasizing that the right "is not absolute" and

RENEWED ADMINISTRATIVE MOTION TO FILE UNDER SEAL IN CONNECTION WITH DAUBERT MOTIONS

70542111.v3

depends on the circumstances of the particular case. *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 598 (1978). Consistent with that principle, federal courts have developed a two-tiered framework governing motions to seal. When an expert report is filed in connection with a dispositive motion, the "compelling reasons" standard applies. In re *Avandia Mktg., Sales Pracs. & Prods. Liab. Litig*., 484 F. Supp. 3d 249, 257 (E.D. Pa. 2020). By contrast, when the material sought to be sealed is not filed as part of a dispositive motion, the "good cause" standard under Rule 26(c) governs. *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp*., 307 F.3d 1206, 1210 (9th Cir. 2002); *In re Avandia Mktg*., 484 F. Supp. 3d at 261 (applying the "good cause" standard to a supplemental expert report that was not part of the summary judgment record). Because Daubert motions are not dispositive, the good cause standard applies here.

Courts permit expert reports to be filed under seal where, as here, the reports contain confidential business information. In *Spriestersbach v. Hawaii*, No. CV 21-00456 LEK-RT, 2024 WL 3164698, at *2 (D. Haw. June 24, 2024), the district court granted a motion to seal an entire expert report. Likewise, in *Remtech, Inc. v. Fireman's Fund Ins. Co*., No. CV-05-0087-LRS, 2006 WL 6862013, at *1 (E.D. Wash. June 30, 2006), the court sealed an expert report "for purpose of this litigation." And in *Melnick v. Tamko Bldg. Prods. LLC*, No. 19-CV-2630-JAR-BGS, 2023 WL 5574188, at *3 (D. Kan. Aug. 29, 2023), the court granted a motion to seal a 371-page expert report containing confidential sales and trade secret information, finding it to be "more efficient to seal the document rather than send the matter back to the parties to agree upon redactions." *Id*.

Courts have also recognized that financial information can warrant complete sealing. In *DNC Parks & Resorts at Yosemite, Inc. v. United States*, 127 Fed. Cl. 435, 440 (2016), the court granted a protective order sealing the entire valuation report because it contained operating margins, listings of revenues by location and operational category, and trade secrets embedded throughout, including the breakdown of revenues by operational category, which "could be used to the advantage of DNCY's competitors."

RENEWED ADMINISTRATIVE MOTION TO FILE UNDER SEAL IN CONNECTION WITH DAUBERT MOTIONS

70542111.v3

For these reasons, RTZ respectfully requests that the Court grant this Renewed Administrative Motion to File Under Seal and permit the filing under seal of the documents and information identified herein, including the limited references to such information contained in the Parties' Daubert motions, oppositions, replies, and supporting papers. The Parties intend to also refile within three days redacted versions of the Daubert motions, oppositions, and replies to conform to the Court's order on this more narrowly tailored request to seal."

Dated:  June 22, 2026                              NOSSAMAN LLP
                                                   DAVID C. LEE
                                                   KASIA PENN


                                                   By:  /s/ *David C. Lee*
                                                        David C. Lee

                                                   Attorneys for Defendant and Counterclaimant
                                                   RTZ ASSOCIATES, INC.

RENEWED ADMINISTRATIVE MOTION TO FILE UNDER SEAL IN CONNECTION WITH DAUBERT MOTIONS

70542111.v3