NOSSAMAN LLP
DAVID C. LEE (SBN 193743)
dlee@nossaman.com
50 California Street, 34th Floor
San Francisco, CA 94111
Telephone:  415.398.3600
Facsimile:   415.398.2438

NOSSAMAN LLP
KASIA PENN (SBN 306056)
kpenn@nossaman.com
18101 Von Karman Avenue, Suite 1800
Irvine, CA 92612
Telephone:  949.833.7800
Facsimile:   949.833.7878

Attorneys for Defendant and Counterclaimant
RTZ ASSOCIATES, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTUS CARE, INC.,<br><br>             Plaintiff,<br><br>        vs.<br><br>RTZ ASSOCIATES, INC.; and DOES 1 through 10,<br><br>             Defendants, | Case No.:    4:24-cv-01132-JST<br><br>Assigned to: Hon. Jon S. Tigar<br><br>**RTZ ASSOCIATES, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL IN CONNECTION WITH MOTION TO BIFURCATE**<br><br>[Filed concurrently with (1) Declaration of David C. Lee and (2) Proposed Order]<br><br>Date: July 31, 2026<br>Time: 2:00 p.m.<br>Courtroom: 6<br><br>Complaint Filed: February 23, 2024<br>Amended Complaint Filed: April 2, 2024<br>Counterclaims Filed: June 20, 2024 |

- 1 -                                    Case No. 4:24-cv-01132-JST

ADMINISTRATIVE MOTION TO FILE UNDER SEAL IN CONNECTION WITH MOTION TO BIFURCATE
70547786.v1

Defendant RTZ Associates, Inc. ("RTZ" or "Defendant") hereby submits this Administrative Motion to File Under Seal in connection with its Motion to Bifurcate ("Motion"). Through this Motion, RTZ seeks to maintain under seal a narrowly tailored portion of RTZ's expert Traci Creegan's Expert report ("Creegan's Report"). The same content of Creegan's Report is the subject of RTZ's pending Renewed Administrative Motion to Seal filed in connection with Daubert Motions (Dkt. No. 183). The specific information RTZ requests to seal is identified below and is limited to the portion of Creegan's Report for which good cause exists to prevent public disclosure.

### **Portions of Traci Creegan's Expert Report**

RTZ seeks to seal only the limited portions of Paragraph 59 of Creegan's expert report that disclose RTZ's confidential pricing information. Specifically, the proposed redactions are narrowly tailored to pricing terms and pricing metrics reflecting RTZ's user-based pricing model. This information is not publicly available and derives independent economic value from remaining confidential. Public disclosure of RTZ's pricing structure would provide competitors and customers insight into RTZ's pricing practices and business strategy, potentially placing RTZ at a competitive disadvantage in future negotiations and in the marketplace.

The requested redactions are narrowly tailored to specific pricing figures and related pricing information contained in Creegan's Report. RTZ does not seek to seal Creegan's opinions or analysis. The proposed redactions therefore represent the minimum sealing necessary to protect RTZ's commercially sensitive pricing data.

The standard for sealing is met here. The Supreme Court in *Nixon* recognized a common law right of access to judicial records, while emphasizing that the right "is not absolute" and depends on the circumstances of the particular case. *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 598 (1978). Consistent with that principle, federal courts have developed a two-tiered framework governing motions to seal. When an expert report is filed in connection with a dispositive motion, the "compelling reasons" standard applies. In re *Avandia Mktg., Sales Pracs. & Prods. Liab. Litig*., 484 F. Supp. 3d 249, 257 (E.D. Pa. 2020). By contrast, when the material sought to be sealed is not filed as part of a dispositive motion, the "good cause" standard under

Rule 26(c) governs. *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002); *In re Avandia Mktg.*, 484 F. Supp. 3d at 261 (applying the "good cause" standard to a supplemental expert report that was not part of the summary judgment record). Because a motion to bifurcate is not dispositive, the good cause standard applies here.

Courts permit expert reports to be filed under seal where, as here, the reports contain confidential business information. In *Spriestersbach v. Hawaii*, No. CV 21-00456 LEK-RT, 2024 WL 3164698, at *2 (D. Haw. June 24, 2024), the district court granted a motion to seal an entire expert report. Likewise, in *Remtech, Inc. v. Fireman's Fund Ins. Co.*, No. CV-05-0087-LRS, 2006 WL 6862013, at *1 (E.D. Wash. June 30, 2006), the court sealed an expert report "for purpose of this litigation." And in *Melnick v. Tamko Bldg. Prods. LLC*, No. 19-CV-2630-JAR-BGS, 2023 WL 5574188, at *3 (D. Kan. Aug. 29, 2023), the court granted a motion to seal a 371-page expert report containing confidential sales and trade secret information, finding it to be "more efficient to seal the document rather than send the matter back to the parties to agree upon redactions." *Id.*

Courts have also recognized that financial information can warrant complete sealing. In *DNC Parks & Resorts at Yosemite, Inc. v. United States*, 127 Fed. Cl. 435, 440 (2016), the court granted a protective order sealing the entire valuation report because it contained operating margins, listings of revenues by location and operational category, and trade secrets embedded throughout, including the breakdown of revenues by operational category, which "could be used to the advantage of DNCY's competitors."

For these reasons, RTZ respectfully requests that the Court grant this Administrative Motion to File Under Seal and permit the filing under seal of the information identified herein.

Dated:  June 26, 2026

NOSSAMAN LLP
DAVID C. LEE
KASIA PENN


By:  /s/ *David C. Lee*
     David C. Lee

Attorneys for Defendant and Counterclaimant
RTZ ASSOCIATES, INC.

Case No. 4:24-cv-01132-JST
ADMINISTRATIVE MOTION TO FILE UNDER SEAL IN CONNECTION WITH MOTION TO BIFURCATE
70547786.v1