UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTUSCARE, INC.,<br><br>            Plaintiff,<br><br>      v.<br><br>RTZ ASSOCIATES, INC.,<br><br>            Defendant. | Case No. 24-cv-01132-JST<br><br>**ORDER RE: MOTIONS TO FILE UNDER SEAL**<br><br>Re: ECF Nos. 178, 179, 180, 182, 183, 187, 188 |

Before the Court are several motions to file material under seal. Three motions relate to papers filed in connection with the parties' replies to their motions to exclude expert testimony. ECF Nos. 178, 179, 180. Two motions are omnibus motions to seal material after the Court previously rejected earlier motions to seal as both improperly supported and not narrowly tailored. ECF Nos. 182, 183; *see* ECF No. 173 (order denying prior motions to seal). Two motions relate to Defendant RTZ Associates, Inc.'s motion to bifurcate. ECF Nos. 187, 188.

The "compelling reasons" standard applies to requests to seal information in connection with a motion to exclude expert testimony at trial. *Fujifilm Corp. v. Motorola Mobility LLC*, No. 12-cv-03587-WHO, 2015 WL 1737951, at *17 (N.D. Cal. Apr. 8, 2015). Having reviewed the parties' renewed omnibus motions, the Court grants the very limited amount of sealing the parties now request.

As requested by Plaintiff IntusCare, Inc., the Court will seal information in the expert report and rough transcript of the deposition of Kristopher Hult that reveal "[Intus's] win rate, [Intus's] renewal rate, [Intus's] total revenues for certain products and services, the numbers and names of clients in Intus's salesforce pipeline that are potential targets for [Intus's] products, and the numbers and names of RTZ's clients." ECF No. 182 at 3–4.

As requested by RTZ, the Court will seal RTZ's "pro forma adjusted income statement in its entirety" and portions of the expert reports of Traci Creegan and Peter Schwechheimer that refer to "pricing terms and pricing metrics" and "non-public revenue and profitability data." ECF No. 183 at 2–3.

"RTZ also seeks to seal limited portions of Peter Schwechheimer's Rebuttal Expert Report that reference information designated confidential by Intus and for which Intus has requested sealing." *Id.* at 3. Because RTZ seeks to seal information for which Intus requests sealing, Intus was required to file a statement or declaration in support of sealing within seven days of the filing of the motion to seal. Civil L.R. 79-5(f)(3). Intus failed to file the required statement or declaration. Civil Local Rule 79-5(f)(3) provides that this failure "may result in the unsealing of the provisionally sealed document without further notice to" Intus, but the Court will nonetheless grant RTZ's motion. The motion seeks to seal the same types of information sought to be redacted from the Hult report, and the Court finds compelling reasons to maintain that information under seal.

As to the motions filed by RTZ in connection with its motion to bifurcate, the Court grants the motion to seal limited portions of paragraph 59 of Creegan's expert report. However, the motion to seal the entire Hult expert report and deposition transcript is again denied. *See* ECF No. 173 (denying prior motion to seal these documents in their entirety). For efficiency, the Court will not require RTZ to file a renewed motion. Instead, the Court grants the motion to seal in part, with the same redactions identified in ECF Nos. 182-4 and 182-6.[1]

In sum, the omnibus motions to seal, ECF Nos. 182 and 183, are granted. The motions to seal filed in connection with reply briefing, ECF Nos. 178, 179, and 180, are denied as moot. RTZ's motion to seal portions of the Creegan expert report in connection with its motion to bifurcate, ECF No. 188, is granted. Its motion to seal the Hult expert report and deposition transcript, ECF No. 187, is granted in part. The same portions of those documents approved for

---

[1] The Court cites to the redacted version of the Hult expert report, ECF No. 182-4, and deposition transcript, ECF No. 182-6, because Intus failed to comply with the Court's order to highlight information sought to be filed under seal in the unredacted versions, ECF No. 182-3 and ECF No. 182-5, respectively.

2

United States District Court
Northern District of California

United States District Court
Northern District of California

sealing as to the motion to exclude Hult's testimony may also be sealed as to RTZ's motion to bifurcate.

By July 8, 2026, the parties shall file revised documents consistent with this order.[2] Each motion, opposition, and reply shall be filed as a separate docket entry, with all redacted and unredacted exhibits attached and clearly labeled. If the motion, opposition, or reply brief contains redactions, then the redacted version should be filed as the main document, with attachment 1 being the unredacted version of the brief. Each document shall be filed as a separate exhibit. For example, if attachment 2 is "Declaration of David C. Lee ISO Motion to Exclude Expert Opinions of Kristopher Hult," then attachment 3 should be "Exhibit 1 to Lee Declaration – Expert Report of Kristopher Hult (UNREDACTED)," attachment 4 should be "Exhibit 1 to Lee Declaration – Expert Report of Kristopher Hult (REDACTED)," and so on. The unredacted versions shall highlight all portions that have been redacted.

**IT IS SO ORDERED.**

Dated: July 1, 2026

_____
JON S. TIGAR
United States District Judge

---

[2] The parties requested three days to file updated documents. ECF No. 182 at 3; ECF No. 183 at 5. The Court grants a few additional days because of the upcoming holiday weekend.