United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

INTUSCARE, INC.,

        Plaintiff,

    v.

RTZ ASSOCIATES, INC.,

        Defendant.

Case No. 24-cv-01132-JST

**ORDER DENYING MOTION TO BIFURCATE**

Re: ECF No. 186

Defendant RTZ Associates, Inc. moves to bifurcate—or, more accurately, to trifurcate—the trial into three phases: (1) whether RTZ is an "actor" subject to the 21st Century Cures Act; (2) the remaining liability issues on Plaintiff IntusCare, Inc.'s claims, if necessary, and liability on RTZ's counterclaims; (3) damages, if necessary. ECF No. 186. The Court has "broad discretion" to bifurcate a trial under Rule 42(b) of the Federal Rules of Civil Procedure, *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002), and RTZ acknowledges that whether to try this case in phases "is completely within the Court's discretion," ECF No. 186 at 15. "Rule 42(b) merely *allows*, but does not require, a trial court to bifurcate cases 'in furtherance of convenience or to avoid prejudice.'" *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004) (emphasis in original) (quoting Fed. R. Civ. P. 42(b)).

Having considered the parties' arguments and the facts of this case, the Court declines to separate the trial into phases. RTZ argues that portions of the trial might become unnecessary if the jury were to find that it is not an "actor" or that neither party is liable to the other for damages. But that argument could be made as to any trial, and "a moving party's mere contention that judicial economy would be promoted by bifurcation, insofar as a second phase of a bifurcated trial would be rendered unnecessary *if* the moving party prevails at the first phase, is not sufficient to

meet that party's burden of showing that bifurcation is appropriate." *Mformation Techs., Inc. v. Rsch. in Motion Ltd.*, No. C 08-04990 JW, 2012 WL 1142537, at *7 n.32 (N.D. Cal. Mar. 29, 2012) (emphasis in original).  The Court does not find this case to be so complex as to warrant separate phases.  Nor does the Court find any great convenience or efficiency gains from bifurcating a trial that is estimated to last only eight days.  ECF No. 127 at 2.  The Court also finds no prejudice to trying the case in a single phase.  Accordingly, RTZ's motion to bifurcate is denied.

**IT IS SO ORDERED.**

Dated:  July 17, 2026



JON S. TIGAR
United States District Judge

United States District Court
Northern District of California